1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SELVIN O. CARRANZA, CDCR #T-67280, <br><br>               Plaintiff, <br><br> vs. <br><br> UNNAMED, <br><br>             Defendants. | Civil No.     14cv0773 GPC (BLM) <br><br> **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) AND GRANTING EXTENSION OF TIME TO AMEND** <br><br> **(ECF Doc. No. 5)** |

On March 28, 2014, Selvin O. Carranza ("Plaintiff"), currently incarcerated at Kern Valley State Prison ("KVSP") and proceeding pro se, filed a letter with the Clerk of Court containing allegations that unidentified correctional officials at Richard J. Donovan Correctional Facility ("RJD") staged a "gladiator-style fight" between him an another inmate on June 22, 2012, while he was incarcerated there. *See* ECF Doc. No. 1 at 1.

After the Court construed Plaintiff's letter as an attempt to initiate a civil action pursuant to 42 U.S.C. § 1983 and assigned it Civil Case No. 14-cv-0773 GPC (BLM), Plaintiff also filed a "Motion for Extension of Time" in which he claimed to be preparing

1  a proper complaint, but asked for a court deadline so that he may "obtain PLU status" and

2  access the law library at KVSP in order to complete it (ECF Doc. No. 3).

3      On August 18, 2014, the Court dismissed the case based on Plaintiff's failure to

4  either prepay the civil filing fees required by 28 U.S.C. § 1914(a), or to file a Motion to

5  Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Aug. 18, 2014

6  Order (ECF Doc. No. 4).

7      Because Plaintiff indicated he was in the process of preparing a proper Complaint,

8  the Court also granted his Motion for Extension of Time, giving him forty-five (45) days

9  leave in which to either pay the filing fee *or* move IFP *and* to file a Complaint that

10  conformed with FED.R.CIV.P. 8. *Id.* at 4-5. Plaintiff was further provided a blank copy

11  of the Court's form § 1983 Complaint for his use and convenience, and advised that in

12  order to proceed pursuant to 42 U.S.C. § 1983, he must submit a Complaint alleging the

13  violation of a constitutional right by a person acting under color of state law, and naming

14  the parties he wishes to sue in its caption. *Id.* at 3-4.

15      On September 22, 2014, Plaintiff partially complied with the Court's Order by

16  filing a Motion to Proceed IFP (ECF Doc. No. 5). He has failed to comply with that

17  portion of the Court's August 18, 2014 Order requiring that he file a proper Complaint

18  however; and the time for doing so has now passed.

19  ## I.

20  ## MOTION TO PROCEED IFP

21      All parties instituting any civil action, suit or proceeding in a district court of the

22  United States, except an application for writ of habeas corpus, must pay a filing fee. *See*

23  28 U.S.C. § 1914(a).[1]  An action may proceed despite the plaintiff's failure to prepay the

24  entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*

25  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a

---

27  [1] In addition to the $350 statutory fee, all parties filing civil actions on or after
May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a),
28  (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May
1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is
granted leave to proceed IFP. *Id.*

1  prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the

2  entire fee in installments, regardless of whether his action is ultimately dismissed.  *See*

3  28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

4  Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

5  ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of

6  the trust fund account statement (or institutional equivalent) for . . . the six-month period

7  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*

8  *King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement,

9  the Court must assess an initial payment of 20% of (a) the average monthly deposits in

10 the account for the past six months, or (b) the average monthly balance in the account for

11 the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C.

12 § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner

13 must collect subsequent payments, assessed at 20% of the preceding month's income, in

14 any month in which his account exceeds $10, and forward them to the Court until the

15 entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

16 In support of his IFP Motion, Plaintiff has now submitted a certified copy of his

17 trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2.

18 *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statement

19 and has determined that Plaintiff has no available funds from which to pay filing fees at

20 this time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

21 prohibited from bringing a civil action or appealing a civil action or criminal judgment

22 for the reason that the prisoner has no assets and no means by which to pay the initial

23 partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as

24 a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure

25 to pay . . . due to the lack of funds available to him when payment is ordered.").

26 Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No.

27 5) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the

28 entire $350 balance of the filing fees due shall be collected and forwarded to the Clerk

1  of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. §
2  1915(b)(1).

3  **II.**

4  **PLAINTIFF'S FAILURE TO AMEND**

5       As noted above, while the Court has liberally construed Plaintiff's letter as an
6  attempt to initiate a civil action pursuant to 42 U.S.C. § 1983, *see United States v. Ten*
7  *Thousand Dollars ($10,000.00) in U.S. Currency*, 860 F.2d 1511, 1513 (9th Cir. 1988)
8  ("We have consistently held in this circuit that courts should liberally construe the
9  pleadings and efforts of pro se litigants..."), he has still failed to submit a proper
10  Complaint.

11       Because he has filed a Motion to Proceed IFP, however, the Court will presume
12  Plaintiff still intends to proceed with this civil action under 42 U.S.C. § 1983. Therefore,
13  he is again advised that "[a] civil action is commenced by filing a complaint with the
14  court." FED.R.CIV.P. (3). Under the Federal Rules of Civil Procedure, Plaintiff's
15  complaint must include a "short and plain statement of the grounds for the court's
16  jurisdiction," "a short and plain statement of the claim showing [he] is entitled to relief,"
17  and a "demand for the relief sought." FED.R.CIV.P. 8(a)(1), (2), (3). "Each allegation
18  [in a pleading] must be simple, concise, and direct. No technical form is required."
19  FED.R.CIV.P. 8(d)(1).

20       Plaintiff is again cautioned that any complaint he files will be subject to an initial
21  sua sponte screening and that it will be dismissed pursuant to 28 U.S.C. § 1915A(b)
22  (because he is a prisoner) or 28 U.S.C. § 1915(e)(2) (because he is now proceeding IFP)
23  for failing to state a claim unless his pleading contains sufficient factual matter to show
24  that: (1) a right secured by the Constitution or laws of the United States was violated;
25  and (2) the alleged violation was committed by a person acting under color of state law.
26  *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011).
27  "Because vicarious liability is inapplicable to . . . § 1983 suits," he must also plead that
28  each Government-official defendant he wishes to sue, "through the official's own

*individual* actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (2009). "Under this rule, a claim must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of the cause of action.'" *Sheppard v. Evans & Assoc.,* 694 F.3d 1045, 1048 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**III**.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court hereby:

1.      GRANTS Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 5).

2.      DIRECTS the Secretary of the California Department of Corrections and Rehabilitation, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      DIRECTS the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4.      GRANTS Plaintiff forty-five (45) additional days from the date of this Order in which to file a Complaint that conforms with Rule 8.  Plaintiff is again reminded that his Complaint must identify itself under Civil Case No. 14cv0773 GPC (BLM), and otherwise comply with FED.R.CIV.P. 10(a), by naming the parties he wishes to sue in its caption.  If Plaintiff again fails to comply with this Order within the additional time provided, the Court will enter a final Order dismissing his case based on his failure to

state claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1), and for failing to comply with the Court's Orders.[2]  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

IT IS SO ORDERED.


DATED:  November 14, 2014


HON. GONZALO P. CURIEL
United States District Judge

---

[2]  Plaintiff is further reminded that because he is a prisoner proceeding IFP, he is "required to pay the full amount of a filing fee" pursuant to 28 U.S.C. § 1915(b)(1) regardless of whether his case is dismissed.