Selvin Orlando Carranza
(Name)

Kern Valley State Prison-D-2-221
(Address)

P.O. Box 5104, Delano, CA. 93216
(City, State, Zip)

T67780
(CDC Inmate No.)

```
┌─────────────────────────────┐
│         FILED               │
│                             │
│       MAR 1 3 2015          │
│                             │
│   CLERK US DISTRICT COURT   │
│ SOUTHERN DISTRICT OF CALIFORNIA │
│ BY                 DEPUTY   │
└─────────────────────────────┘
```

# United States District Court
## Southern District of California

Selvin Orlando Carranza
(Enter full name of plaintiff in this action.)

                Plaintiff(s)

v.

Edmund G. Brown, Jr.,
Governor Of California, et al,
Defendants
(Enter full name of each defendant in this action.)

              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 3:14-cv-773-GPC-BLM.
(To be supplied by Court Clerk)

REQUESTING CERTIFICATION AS A CLASS
ACTION FOR STATE WIDE INJUNCTION(S)
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

### A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below. 28 U.S.C. § 1331 (a); 18 U.S.C. § 242; Rule 18 (a), Fed.R.Civ.P.; Rule 20(a)(2)   Fed.R.Civ.P.; Rule 23(b)(3)(2)Fed.R.Civ.P.; Requesting [G]RAND JURY INDICTMENT OF DEFENDANTS, for claims arising from same series of occurrences. And questions of law or fact common to all defendants arise by State Wide Policy. Giving this Court Jurisdiction over all defendants in all 6 Counts.

### B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Selvin Orlando Carranza
(print Plaintiff's name)
, who presently resides at Kern Valley State Prison, D-2-221
(mailing address or place of confinement)
P.O. Box 5104, Delano, CA. 93216
, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at: Richard J. Donovan

and Kern Valley State Prison for Count 6, on (dates) 6-22-12, 8-10-12, and 8-15-12.
(institution/place where violation occurred)    (Count 1)   (Count 2)   (Count 3)

                11-24-12, 5-18-13, and 2-25-14.
                (Count 4)   (Count 5)   (Count 6)

§ 1983 SD Form
(Rev 4/06)

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant  EDMUND G. BROWN JR.,                resides in   SACRAMENTO
        (name)                                                            (County of residence)
and is employed as a GOVERNOR OF THE STATE OF CALIFORNIA.. This defendant is sued in
        (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both)  Explain how this defendant was acting
under color of law: AS GOVERNOR HE HIRED INADEQUATE STAFF, LACKING TRAINING AND MADE
POLICIES FOR CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS (CDCR). INCLUDING
RICHARD J. DONOVAN (RJD), AND KERN VALLEY STATE PRISON (KVSP). WHERE PLAINTIFF WAS
HOUSED AT ALL TIMES DURING THE EVENTS HEREIN. AND HIS U.S.1st.,8th.,AND 14th. AMENDMENTS
CONSTITUTIONAL RIGHTS WERE VIOLATED BY GOVERNOR'S EMPLOYEES & UNCONSTITUTIONAL POLICIES.

Defendant  MATTHEW CATE                       resides in   SACRAMENTO
        (name)                                                            (County of residence)
and is employed as a  SECRETARY FOR CDCR                 . This defendant is sued in
        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity.  (Check one or both)  Explain how this defendant was acting
under color of law: WHEN HE WAS SECRETARY FOR CDCR HE HIRED INADEQUATE STAFF, LACKING
TRAINING AND MADE POLICIES FOR CDCR. INCLUDING RJD AND KVSP. WHERE PLAINTIFF WAS
HOUSED AT ALL TIMES DURING THE EVENTS HEREIN. AND HIS U.S.1st.,8th., AND 14th., AMENDS.
CONSTITUTIONAL RIGHTS WERE VIOLATED BY CORRECTIONAL OFFICERS (C/Os). AND SECRETARY'S
UNCONSTITUTIONAL POLICIES.

Defendant  DR. JEFFREY A. BEARD               resides in   SACRAMENTO
        (name)                                                            (County of residence)
and is employed as a  SECRETARY FOR CDCR.               . This defendant is sued in
        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity.  (Check one or both)  Explain how this defendant was acting
under color of law: AS SECRETARY FOR CDCR, HE HIRED INADEQUATE STAFF, LACKING TRAINING
AND MADE POLICIES FOR CDCR. INCLUDING RJD AND KVSP. WHERE PLAINTIFF WAS CONFINED AT
ALL TIMES RELEVANT HEREIN. AND HIS U.S.1st.,8th., AND 14th., AMENDS. CONSTITUTIONAL
RIGHTS WERE VIOLATED BY C/Os. AND SECRETARIES UNCONSTITUTIONAL POLICIES.

Defendant  D. HOFFMAN                         resides in   SACRAMENTO
        (name)                                                            (County of residence)
and is employed as a ASSISTANT SECRETARY FOR CDCR       . This defendant is sued in
        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity.  (Check one or both)  Explain how this defendant was acting
under color of law: AS ASSISTANT SECRETARY OF COMMUNICATIONS FOR CDCR. SHE MADE POLIC-
TIES FOR CDCR, MISREPRESENTING THE TRUTH, FALSE ADVERTISEMENT TO THE PUBLIC REGARDING
VIOLENCE AGAINST PLAINTIFF AND OTHER PRISONERS OCCURRING IN CDCR. VIOLATING PLAINTIFF'S
U.S.1st.,8th., AND 14th., AMENDS. CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW.
UNCONSTITUTIONAL POLICIES.

Defendant MIKE JIMENEZ                    resides in SACRAMENTO
        (name) PRESIDENT TO CALIFORNIA CORRECTIONAL(County of residence)
and is employed as a PEACE OFFICERS ASSOCIATION (CCPOA) . This defendant is sued in
                  (defendant's position/title (if any))
his/her ☑individual ☑official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS PRESIDENT FOR CCPOA, HE HIRED INADEQUATE STAFF LACKING TRAINING
AND MADE POLICIES FOR CCPOA AND CDCR PURSUANT TO CCR TITLE 15 §3268.1 (g)(4). THUS,
HE'S LIABLE FOR ALL CCPOA REPRESENTATIVES/CORRECTIONAL OFFICERS MISUSE OF FORCE/UNN
-ECESSARY FORCE/EXCESSIVE FORCE AGAINST PLAINTIFF AT RJD AND KVSP WHILE CONFINED THERE.
VIOLATING HIS U.S.1st.,8th., 14th., AMENDS. CONSTITU. RIGHTS. UNCONSTITUTIONAL POLICIES.

Defendant JOHN DOE                        resides in SACRAMENTO
      (name)                                   (County of residence)
and is employed as a VICE PRESIDENT FOR CCPOA.      . This defendant is sued in
               (defendant's position/title (if any))
his/her ☑individual ☑official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS VICE PRESIDENT FOR CCPOA, HE HIRED INADEQUATE STAFF LACKING TRAIN-
-ING AND MADE POLICIES FOR CCPOA AND CDCR PURSUANT TO CCR TITLE 15 §3268.1(g)(4). THUS,
HE'S LIABLE FOR ALL CCPOA REPRESENTATIVES/CORRECTIONAL OFFICERS MISUSE OF FORCE/UNN-
-ECESSARY FORCE/EXCESSIVE FORCE AGAINST PLAINTIFF AT RJD AND KVSP WHILE CONFINED THERE.
VIOLATING HIS U.S.1st.,8th.,14th., AMENDS. CONSTITU. RIGHTS. UNCONSTITUTIONAL POLICIES.

Defendant UNKNOWN DEFENDANTS              resides in SACRAMENTO
      (name)                                   (County of residence)
and is employed as a  ALL POLICY MAKERS FOR CCPOA      . This defendant is sued in
              (defendant's position/title (if any))
his/her ☑individual ☑official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS POLICY MAKERS FOR CCPOA, HE/SHE HIRED INADEQUATE STAFF LACKING
TRAINING AND MADE POLICIES FOR CCPOA AND CDCR PURSUANT TO CCR TITLE 15 §3268.1(g)(4).
THUS, HE/SHE IS LIABLE FOR ALL CCPOA REPRESENTATIVES/CORRECTIONAL OFFICERS MISUSE OF
FORCE/UNNECESSARY FORCE/EXCESSIVE FORCE AGAINST PLAINTIFF AT RJD/KVSP WHILE CONFINED
THERE. VIOLATING HIS U.S.1st.8th.14th. CONSTITU. RIGHTS. UNCONSTITUTIONAL POLICIES.

Defendant UNKNOWN DEFENDANTS              resides in SACRAMENTO
      (name)                                   (County of residence)
and is employed as a STATE WIDE POLICY MAKERS FOR CDCR.  . This defendant is sued in
              (defendant's position/title (if any))
his/her ☑individual ☑official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS STATE WIDE POLICY MAKERS FOR CDCR, HE/SHE HIRED INADEQUATE STAFF
LACKING TRAINING AND MADE POLICIES FOR CDCR. INCLUDING RJD AND KVSP. WHERE PLAINTIFF
WAS CONFINED AT ALL RELEVANT TIMES HEREIN. AND HIS U.S.1st., 8th., AND 14th .AMENDMENTS
CONSTITUTIONAL RIGHTS WERE VIOLATED BY C/Os. AND UNCONSTITUTIONAL POLICIES.

Defendant  DANIEL PARAMO                          resides in SAN DIEGO                          ,
        (name)                                                    (County of residence)
and is employed as a  WARDEN FOR RICHARD J. DONOVAN (RJD). This defendant is sued in
                                (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS WARDEN, HE HIRED INADEQUATE STAFF, LACKING TRAINING AND MADE
POLICIES FOR RJD. WHERE PLAINTIFF WAS CONFINED AT DURING THE FIRST FIVE CLAIMS RELEV-
-ANT IN THIS SUIT. AND HIS U.S.1st.,8th., AND 14th AMENDS. CONSTITUTIONAL RIGHTS WERE
VIOLATED BY THE WARDEN'S EMPLOYEES (C/Os); AND UNCONSTITUTIONAL POLICIES. HE ACTED
UNDER COLOR OF LAW AT ALL TIMES.

Defendant  M.D. BITER                             resides in KERN COUNTY                        ,
        (name)            (KVSP)                                 (County of residence)
and is employed as a WARDEN FOR KERN VALLEY STATE PRISON. This defendant is sued in
                                (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS WARDEN, HE HIRED INADEQUATE STAFF, LACKING TRAINING AND MADE
POLICIES FOR KVSP. WHERE PLAINTIFF WAS CONFINED DURING THE CLAIMS OF COUNT SIX (6)
HEREIN. AND HIS U.S.1st.,8th., AND 14th AMENDS. CONSTITUTIONAL RIGHTS WERE VIOLATED
BY THE WARDEN'S EMPLOYEES (C/Os); AND UNCONSTITUTIONAL POLICIES. HE ACTED UNDER
COLOR OF LAW AT ALL TIMES.

Defendant  W. SUGLICH                             resides in SAN DIEGO                          ,
        (name)      CHAIRPERSON CHIEF DEPUTY                     (County of residence)
and is employed as a WARDEN (A) FOR RICHARD J. DONOVAN (RJD). This defendant is sued in
                                (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CHIEF DEPUTY WARDEN HE HIRED INADEQUATE STAFF, LACKING TRAINING
AND MADE POLICIES FOR RJD. WHERE PLAINTIFF WAS CONFINED AT DURING THE FIRST FIVE
COUNTS RELEVANT IN THIS SUIT. AND HIS U.S.1st.,8th., AND 14th AMENDS. CONSTITUTIONAL
RIGHTS WERE VIOLATED BY SUGLICH HIMSELF, HIS EMPLOYEES (C/Os); AND UNCONSTITUTIONAL
POLICIES. SUGLICH ACTED UNDER COLOR OF LAW AT ALL TIMES.

Defendant  G. STRATTON                            resides in SAN DIEGO                          ,
        (name)      ASSOCIATE WARDEN (AW)                        (County of residence)
and is employed as a FOR RICHARD J. DONOVAN (RJD).          . This defendant is sued in
                                (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS ASSOCIATE WARDEN HE HIRED INADEQUATE STAFF, LACKING TRAINING
AND MADE POLICIES FOR RJD. WHERE PLAINTIFF WAS CONFINED AT DURING THE FIRST FIVE
COUNTS RELEVANT HEREIN. AND HIS U.S.1st.,8th., AND 14th., AMENDS. CONSTITUTIONAL
RIGHTS WERE VIOLATED BY STRATTON HIMSELF, HIS EMPLOYEES (C/Os); AND UNCONSTITUTIONAL
POLICIES.        HE ACTED UNDER COLOR OF LAW AT ALL TIMES.

Defendant **ALAN HERNANDEZ** resides in SAN DIEGO
(name)      **ASSOCIATE WARDEN (AW)**     (County of residence)
and is employed as a FOR RICHARD J. DONOVAN (RJD).    . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS ASSICIATE WARDEN HE HIRED INADEQUATE STAFF, LACKING TRAINING AND MADE POLICIES FOR RJD. WHERE PLAINTIFF WAS CONFINED AT DURING THE FIRST FIVE COUNTS RELEVANT HEREIN. AND HIS U.S.1st.,8th., AND 14th., AMENDS. CONSTITUTIONAL RIGHTS WERE VIOLATED BY HERNANDEZ, HIS EMPLOYEES (C/Os), AND UNCONSTITUTIONAL POLICIES HE ACTED UNDER COLOR OF LAW AT ALL TIMES.

Defendant K. POOL resides in SACRAMENTO
(name)     **APPEALS EXAMINER (CAPTAIN)**    (County of residence)
and is employed as a FOR CHIEF OFFICE OF APPEALS    . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CAPTAIN, APPEALS EXAMINER, FOR THE CHIEF OFFICE OF APPEALS, HE REVIEWED MY 602 STAFF COMPLAINTS REGARDING MY STAGED SHOOTING OF 6/22/12. AND THE ONGOING RETALIATION INCIDENTS THAT FOLLOWED ON 8/10/12, 8/15/12, AND 11/24/12. ON BE-HALF OF THE SECRETARY/DIRECTOR OF CDCR REGARDING MY U.S.1st.8th.14th. AMENDS. CONSTI-TUTIONAL VIOLATIONS OCCURRED AT RJD. HE MADE POLICIES OF BIASED INVESTIGATIONS.

Defendant J.D.LOZANO resides in SACRAMENTO
(name)              (County of residence)
and is employed as a CHIEF FOR CHIEF OFFICE OF APPEALS   . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CHIEF FOR CHIEF OFFICE OF APPEALS, HE REVIEWED MY 602 STAFF COMPLAINTS REGARDING MY STAGED SHOOTING OF 6/22/12. AND THE ONGOING RETALIATION THAT FOLLOWED ON 8/10/12, 8/15/12, AND 11/24/12. ON BEHALF OF THE SECRETARY/DIRECTOR FOR CDCR REGARDING MY U.S.1st., 8th., AND 14th. AMENDS. CONSTITUTIONAL RIGHTS VIOLATIONS THAT OCCURRED AT RJD. WHILE CONFINED THERE. HE MADE POLICIES OF BIASED INVESTIGATIONS.

Defendant R. OLSON resides in SAN DIEGO
(name)     **APPEALS COORDINATOR CC 2**    (County of residence)
and is employed as a FOR RICHARD J. DONOVAN (RJD).    . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CC2 APPEALS COORDINATOR FOR RJD., CDCR., HE FAILED TO PROCESS MY 602 STAFF COMPLAINT REGARDING MY STAGED SHOOTING OF 6/22/12, WITHIN THE TIME FRAME SPECIFIED BY CCR TITLE 15 §3084.9 (a)(4); 3084.8 (c)(1)(2). FAILING TO PROCESS IT TILL FIVE TO SIX MONTHS LATER CLAIMING BACK LOGGED. MADE UNWRITTEN UNCONSTITUTIONAL POLICIES; BIASED INVESTIGATIONS; FAILING TO ADJUDICATE MY COMPLAINTS OF U.S.1,8th.14th., AMENDS. CONSTITUTIONAL VIOLATIONS, STAFF COMPLAINTS. HE ACTED UNDER COLOR OF LAW.

Defendant **J. RAMIREZ**                          resides in    SAN DIEGO
(name) APPEALS COORDINATOR CC 2                               (County of residence)
and is employed as a FOR RICHARD J. DONOVAN (RJD).          . This defendant is sued in
(defendant's position/title (if any))

his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CC2 APPEALS COORDINATOR FOR RJD CDCR, HE FAILED TO PROCESS MY
602 STAFF COMPLAINT REGARDING MY STAGED SHOOTING OF 6/22/12, WITHIN THE TIME FRAME
SPECIFIED BY CCR TITLE 15 §3084.9(a)(4); 3084.8(c)(1)(2). FAILING TO PROCESS IT TILL
FIVE TO SIX MONTHS LATER CLAIMING BACK LOGGED. MADE UNWRITTEN UNCONSTITUTIONAL POLI-
-CIES; BIASED INVESTIGATIONS; FAILING TO ADJUDICATE MY COMPLAINTS OF U.S.1st,8th,14th
AMENDMENTS CONSTITUTIONAL RIGHTS VIOLATIONS AGAAINST STAFF. HE ACTED UNDER COLOR OF LAW.

Defendant    **E. GARCIA**                          resides in   SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL            (County of residence)
and is employed as a CAPTAIN AT RJDONOVAN.          . This defendant is sued in
(defendant's position/title (if any))

his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL CAPTAIN AT RJD, HE HAD CUSTODY
OF PLAINTIFF AT ALL TIMES RELEVANT IN COUNTS ONE THROUGH FIVE (1-5), WHEN PLAINTIFF
WAS CONFINED THERE.

Defendant   **MICHAEL STOUT**                       resides in   SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL            (County of residence)
and is employed as a OFFICER AT RJDONOVAN.          . This defendant is sued in
(defendant's position/title (if any))

his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL CAPTAIN AT RJD, HE HAD CUSTO-
-DY OF PLAINTIFF WHILE CONFINED THERE AT ALL TIMES RELEVANT IN COUNTS ONE THROUGH
FIVE (1-5).

Defendant   **K. HIXON**                            resides in   KERN COUNTY
(name) CCPOA REPRESENTATIVE/CORRECTIONAL            (County of residence)
and is employed as a CAPTAIN AT KERN VALLEY STATE PRISON.. This defendant is sued in
(defendant's position/title (if any))

his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL CAPTAIN AT KERN VALLEY STATE
PRISON (KVSP), HE HAD CUSTODY OF PLAINTIFF (AND STILL HAS CUSTODY OF PLAINTIFF) ST
WHILE CONFINED THERE AT ALL TIMES RELEVANT IN COUNT SIX (6).

Defendant G. HERNANDEZ                resides in    SAN DIEGO                    ,
         (name) CCPOA REPRESENTATIVE/CORRECTIONAL            (County of residence)
and is employed as a LT. INVESTIGATIVE SERVICES UNIT AT RJD. This defendant is sued in
                              (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL LIEUTENANT, INVESTIGATIVE
SERVICES UNIT AT RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE AT ALL
TIMES RELEVANT IN COUNTS ONE THROUGH FIVE (1-5).


Defendant  R. DAVIS                   resides in    SAN DIEGO                    ,
         (name) CCPOA REPRESENTATIVE/CORRECTIONAL            (County of residence)
and is employed as a LIEUTENANT FOR RJDONOVAN.          . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL LIEUTENANT, AT RJDONOVAN. HE
HAD CUSTODY OF PLAINTIFF AT ALL TIMES RELEVANT IN COUNTS ONE THROUGH FIVE (1-5).
WHILE PLAINTIFF WAS CONFINED THERE.


Defendant  C. P. FRANCO               resides in    SAN DIEGO                    ,
         (name) CCPOA REPRESENTATIVE/CORRECTIONAL            (County of residence)
and is employed as a LIEUTENANT FOR RJDONOVAN.          . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL LIEUTENANT AT RJDONOVAN. HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE AT ALL TIMES RELEVANT IN COUNTS ONE
THROUGH FIVE (1-5).


Defendant  S. RINK                    resides in    SAN DIEGO                    ,
         (name) CCPOA REPRESENTATIVE/CORRECTIONAL            (County of residence)
and is employed as a LIEUTENANT FOR RJDONOVAN.          . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL LIEUTENANT AT RJDONOVAN. HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE AT ALL TIMES RELEVANT IN COUNTS ONE
THROUGH FIVE (1-5).

Defendant    G. SAVALA                    resides in  SAN DIEGO                    ,
                (name)  CCPOA REPRESENTATIVE/CORRECTIONAL   (County of residence)
and is employed as a LIEUTENANT FOR RJDONOVAN.              . This defendant is sued in
                     (defendant's position/title (if any))
his/her ✓ individual ☐ official capacity.  (Check one or both)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL LIEUTENANT FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant  DION ARQUILLEZ                  resides in  SAN DIEGO                    ,
                (name)  CCPOA REPRESENTATIVE/CORRECTIONAL   (County of residence)
and is employed as a  LIEUTENANT FOR RJDONOVAN.            . This defendant is sued in
                      (defendant's position/title (if any))
his/her ✓ individual ☐ official capacity.  (Check one or both)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL LIEUTENANT FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant  J. JOHNS                        resides in  KERN COUNTY                 ,
                (name)  CCPOA REPRESENTATIVE/CORRECTIONAL   (County of residence)
and is employed as a LIEUTENANT AT KERN VALLEY STATE PRISON This defendant is sued in
                      (defendant's position/title (if any))
his/her ✓ individual ☐ official capacity.  (Check one or both)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL LIEUTENANT FOR KERN VALLEY
STATE PRISON, HE HAD , AND STILL HAS, CUSTODY OF PLAINTIFF WHILE CONFINED THERE. AND
AT ALL TIMES RELEVANT IN COUNT SIX HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant  L. TILLMAN                      resides in  SAN DIEGO                   ,
                (name)  CCPOA REPRESENTATIVE/CORRECTIONAL   (County of residence)
and is employed as a  SERGEANT FOR RJDONOVAN.             . This defendant is sued in
                      (defendant's position/title (if any))
his/her ✓ individual ☐ official capacity.  (Check one or both)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL SERGEANT FOR RJDONOVAN, SHE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. SHE ACTED UNDER COLOR OF LAW.

Defendant **J. OJEDA** resides in  SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL[ (County of residence)
and is employed as a  **SERGEANT FOR RJDONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL SERGEANT FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant **N. MONTANEZ** resides in  KERN COUNTY
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a  **SERGEANT AT KERN VALLEY STATE PRISON.** This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL SERGEANT FOR KERN VALLEY
STATE PRISON, HE HAD, AND STILL HAS, CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT
ALL TIMES RELEVANT IN COUNT SIX. HE ACTED UNDER COLOR OF LAW.

Defendant  **J. CUSTER** resides in  KERN COUNTY
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **SERGEANT AT KERN VALLEY STATE PRISON.** This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL SERGEANT FOR KERN VALLEY
STATE PRISON, HE HAD, AND STILL HAS, CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT
ALL TIMES RELEVANT IN COUNT SIX. HE ACTED UNDER COLOR OF LAW.

Defendant **L. BROWN** resides in  SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RJDONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, SHE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. SHE ACTED UNDER COLOR OF LAW.

Defendant **J. BROWN** resides in SAN DIEGO ,
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RJDONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ✓ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER, FOR RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant **A. BUENROSTRO** resides in SAN DIEGO ,
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RICHARD J. DONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ✓ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RICHARD J. DONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant **R. DAVIS** resides in SAN DIEGO ,
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RJDONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ✓ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant **R. DEMESAS** resides in SAN DIEGO ,
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RJDONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ✓ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant **J. GOMEZ** resides in **SAN DIEGO**
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RJDONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ✓ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, SHE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. SHE ACTED UNDER COLOR OF LAW.

Defendant **C. HERNANDEZ** resides in **SAN DIEGO**
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RJDONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ✓ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant **(FIRST NAME UNKNOWN) JACKSON** resides in **SAN DIEGO**
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RJDONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ✓ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant **R. LACOSTA** resides in **SAN DIEGO**
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a **OFFICER FOR RICHARD J.DONOVAN.** . This defendant is sued in
(defendant's position/title (if any))
his/her ✓ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant R. LEMON resides in SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a OFFICER FOR RJDONOVAN. . This defendant is sued in
(defendant's position/title (if any))
his/her ☑individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5. HE ACTED UNDER COLOR OF LAW.

Defendant RICHARD LOPEZ resides in SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a OFFICER FOR RJDONOVAN. . This defendant is sued in
(defendant's position/title (if any))
his/her ☑individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5. HE ACTED UNDER COLOR OF LAW.

Defendant ISAAC MARQUEZ resides in SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a OFFICER FOR RICHARD J. DONOVAN. . This defendant is sued in
(defendant's position/title (if any))
his/her ☑individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5. HE ACTED UNDER COLOR OF LAW.

Defendant C. MEZA resides in SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a OFFICER FOR RICHARD J. DONOVAN. . This defendant is sued in
(defendant's position/title (if any))
his/her ☑individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5. HE ACTED UNDER COLOR OF LAW.

Defendant (FIRST NAME UNKNOWN) MORALES    resides in    SAN DIEGO
           (name)  CCPOA REPRESENTATIVE/CORRECTIONAL    (County of residence)
and is employed as a    OFFICER FOR RICHARD J. DONOVAN.    . This defendant is sued in
              (defendant's position/title (if any))
his/her ✔ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant E. PIMENTEL    resides in    SAN DIEGO
           (name) CCPOA REPRESENTATIVE/CORRECTIONAL    (County of residence)
and is employed as a OFFICER FOR RJDONOVAN.    . This defendant is sued in
              (defendant's position/title (if any))
his/her ✔ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant J. REYES    resides in    SAN DIEGO
           (name) CCPOA REPRESENTATIVE/CORRECTIONAL    (County of residence)
and is employed as a OFFICER FOR RJDONOVAN.    . This defendant is sued in
              (defendant's position/title (if any))
his/her ✔ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant J. RODRIGUEZ    resides in    SAN DIEGO
           (name) CCPOA REPRESENTATIVE/CORRECTIONAL    (County of residence)
and is employed as a OFFICER FOR RJDONOVAN.    . This defendant is sued in
              (defendant's position/title (if any))
his/her ✔ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant  L. ROMERO                         resides in    SAN DIEGO                    ,
                (name)  CCPOA REPRESENTATIVE/CORRECTIONAL   (County of residence)
and is employed as a  OFFICER FOR RJDONOVAN.                . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant  N. SCHARR                         resides in    SAN DIEGO                    ,
                (name)  CCPOA REPRESENTATIVE/CORRECTIONAL   (County of residence)
and is employed as a  OFFICER FOR RJDONOVAN.                . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant  W. SHIMKO                         resides in    SAN DIEGO                    ,
                (name)  CCPOA REPRESENTATIVE/CORRECTIONAL   (County of residence)
and is employed as a  OFFICER FOR RJDONOVAN.                . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant  A. SILVA                          resides in    SAN DIEGO                    ,
                (name)  CCPOA REPRESENTATIVE/CORRECTIONAL   (County of residence)
and is employed as a OFFICER FOR RJDONOVAN.                . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE
HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1
THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant K. THAXTON resides in SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a OFFICER FOR RJDONOVAN. . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant (FIRST NAME UNKNOWN) TAYLOR resides in SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a OFFICER FOR RJDONOVAN. . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, SHE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. SHE ACTED UNDER COLOR OF LAW.

Defendant J. L. VANDERWEIDE resides in SAN DIEGO
(name) CCPOA REPRESENTATIVE/CORRECTIONAL (County of residence)
and is employed as a OFFICER FOR RJDONOVAN. . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR RJDONOVAN, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE ACTED UNDER COLOR OF LAW.

Defendant ALL OTHER UNKNOWN DEFENDANTS resides in SAN DIEGO
(name) CCPOA REPRESENTATIVES/CORRECTIONAL (County of residence)
and is employed as a OFFICERS BYSTANDERS AT RJDONOVAN. . This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS CCPOA REPRESENTATIVES/CORRECTIONAL OFFICERS [BYSTANDERS] AT RJDONOVAN, HE/SHE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. HE/SHE ACTED UNDER COLOR OF LAW.

Defendant **S. M. BUCK**                              resides in   **KERN COUNTY STATE PRISON**                ,
                      (name)  **CCPOA REPRESENTATIVE/CORRECTIONAL**   (County of residence)
and is employed as a**OFFICER AT KERN VALLEY STATE PRISON** .  This defendant is sued in
                                          (defendant's position/title (if any))
his/her ☑individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR KERN VALLEY STATE PRISON HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELEVANT IN COUNT 6 HEREIN. HE ACTED UNDER COLOR OF LAW.**

Defendant **R. DAVIDSON**                            resides in    **KERN COUNTY**                          ,
                      (name)  **CCPOA REPRESENTATIVE/CORRECTIONAL**    (County of residence)
and is employed as a**OFFICER AT KERN VALLEY STATE PRISON.**  This defendant is sued in
                                          (defendant's position/title (if any))
his/her ☑individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR KERN VALLEY STATE PRISON, SHE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELE- -VANT IN COUNT SIX HEREIN. SHE ACTED UNDER COLOR OF LAW.**

Defendant**(FIRST NAME UNKNOWN) MEDRANO**  resides in    **KERN COUNTY**                    ,
                      (name)  **CCPOA REPRESENTATIVE/CORRECTIONAL**   (County of residence)
and is employed as a**OFFICER AT KERN VALLEY STATE PRISON..**  This defendant is sued in
                                          (defendant's position/title (if any))
his/her ☑individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **AS CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER FOR KERN VALLEY STATE PRISON, HE HAD CUSTODY OF PLAINTIFF WHILE CONFINED THERE, AT ALL TIMES RELE- -VANT IN COUNT SIX HEREIN. HE ACTED UNDER COLOR OF LAW.**

Defendant **ALL OTHER UNKNOWN DEFENDANTS** resides in   **KERN COUNTY**                      ,
                      (name)  **CCPOA REPRESENTATIVE/CORRECTIONAL**   (County of residence)
and is employed as a**OFFICER (BYSTANDER) AT KVSP.**              .  This defendant is sued in
                                          (defendant's position/title (if any))
his/her ☑individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **AS CCPOA REPRESENTATIVES/CORRECTIONAL OFFICERS (BYSTANDERS) AT KERN VALLEY STATE PRISON, HE/SHE HAD CUSTODY OF PLAINTIFF AT ALL TIMES RELEVANT IN COUNT SIX HEREIN. HE/SHE ACTED UNDER COLOR OF LAW.**

Defendant R. CASPER     resides in   SAN DIEGO         ,
                 (name) LICENSED PSYCH TECHNICIAN (LPT)    (County of residence)
and is employed as a FOR RICHARD J. DONOVN.    . This defendant is sued in
                      (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS AN LPT AT RJDONOVAN, HE WAS INCHARGED OF PROVIDING PLAINTIFF MEDICAL ATTENTION AT ALL TIMES RELEVANT IN COUNT 3 HEREIN. HE ACTED UNDER COLOR OR LAW. HE WAS ALSO INCHARGED OF PROVIDING PLAINTIFF MENTAL HEALTH ATTENTION.

Defendant (FIRST NAME UNKNOWN) MOLINA    resides in   SAN DIEGO      ,
                 (name) LICENSED PSYCH TECHNICIAN (LPT)    (County of residence)
and is employed as a FOR RJDONOVAN.    . This defendant is sued in
                      (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS AN LPT AT RJDONOVAN, SHE WAS INCHARGED OF PROVIDING PLAINTIFF MEDICAL ATTENTION AT ALL TIMES, INCLUDING MENTAL HEALTH ATTENTION, RELEVANT IN COUNT 3 HEREIN. SHE ACTED UNDER COLOR OF LAW.

Defendant (FIRST NAME UNKNOWN) SANCHEZ    resides in   SAN DIEGO      ,
                 (name) REGISTERED NURSE (RN)    (County of residence)
and is employed as a AT RJDONOVAN    . This defendant is sued in
                      (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: AS A REGISTERED NURSE,,SHE WAS INCHARGED OF PROVIDING PLAINTIFF MEDICAL ATTENTION AT ALL TIMES RELEVANT IN COUNTS 1 THROUGH 5 HEREIN. SHE ACTED UNDER COLOR OF LAW..

Defendant              resides in             ,
                 (name)            (County of residence)
and is employed as a            . This defendant is sued in
                      (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:

C. Causes of Action (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count: 1. The following civil right has been violated: Freedom from Cruel and Unusual Punishment

(E.g. right to medical care, access to courts,

[A STAGED GLADIATOR STYLE SHOOTING ON ME], U.S. 8th Amendment Constitutional Right.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count: 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count: 1].

1. CCPOA (California Correctional Peace Officers Association) REPRESENTATIVES/CORRECTIONAL OFFICERS (C/Os), are "[D]EFRAUDING THE STATE OF CALIFORNIA BY PROVOKING AND CREATING INCIDENTS OF [V]IOLENCE WITH US PRISONERS FOR [J]OB SECURITY. . . FINANCIAL PROFIT."

2. On June 22, 2012, CCPOA REPRESENTATIVES/CORRECTIONAL OFFICERS Sgt.L.Tillman, Lt.S.Rink, K.Thaxton, E.Pimentel, N.SCHARR, J. RODRIGUEZ, AND J. REYES, [C]ONSPIRED AGAINST ME STAGING A GLADIATOR STYLE [S]HOOTING ON ME, BY [S]TAGING A GLADIATOR STYLE FIGHT, I desperately tried to avoid. Maliciously and Sadistically [S]HOOTING ME 6 TIMES, BLOWING MY RIGHT KNEE APART! With the MOTIVE TO [D]EFRAUD THE STATE OF CALIFORNIA, AND THEIR UNION, FINANCIAL PROFIT. Cruel and Unusual Punishment, Deliberate Indifference violating my U.S. 8th Constitutional Right."

3. On June 20, 12, I asked my Psychologist Dr.McKnight to inform Sgt.Tillman that I was having problems with a transgender inmate R.Davis, AE-3899, in AdSeg Unit 6 Group Yard at RJDonovan. I had told inmate Davis that I'm Christian, and don't mess with homosexuals. And asked him to keep his distance from me.

4. But on June 19, 12, he had even been trying to shoulder bump me, or rub his chest on me. While wearing only a bra and panties made from a thin T-shirt, picking a FIGHT. To the point where CCPOA REPRESENTITIVE/CORRECTIONAL OFFICER J.REYES (Yard Gunner of the day) noticed the tension on the yard & said,"I'm just waiting for you guys to FIGHT. SO I CAN SHOOT YOU GUYS."

5. Indeed, I informed Reyes that I had [s]afety concerns on the RM-A Group Yard. And wasn't even suppose to be there. For as of June 1, 12, per Lt.Rink, I was to be escorted to the walk [a]lone yard cages. . . "Yeah, I know." Replied Reyes. "But on June 7, 12, Committee screwed up. And assigned you back onto the RM-A Group Yard. So just [F]IGHT DAVIS AND GET IT OVER WITH. I'll even give you guys time to FIGHT before I start [S]HOOTING." He kept pressuring me.

6. Thus, on June 20, 12, I asked Dr.McKnight to inform Sgt.Tillman that I was trained in self defense as a child. But that I didn't want to FIGHT. But it was already to the point that if I stayed on the Group Yard I would have to FIGHT. So to prevent a FIGHT ALTOGETHER, I was asking to be assigned back to WALK [A]LONE YARD? Like Lt.Rink had done before on 6/1/12.

7. But Sgt.Tillman blantly replied to my Psychologist Dr.R.McKnight: "Tell Carranza to refuse yard. Or to go to the Yard, and [H]ANDLE HIS BUSINESS (FIGHT)!"

8. But as this court will learn herein: This was not about the [F]IGHT. But it was ENTIRELY ABOUT: CREATING AN INCIDENT OF [V]IOLENCE TO DEFRAUD THE STATE OF CALIFORNIA FOR JOB SECURITY. BY [S]TAGING A GLADIATOR STYLE [S]HOOTING ON ME, DURING A [S]TAGED GLADIATOR STYLE FIGHT

9. Dr.McKnight documented what Sgt.Tillman said. And complained to Tillman's Supervisor Lt.

Count _2_ The following civil right has been violated: _____

(E.g. right to medical care  access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count _2_. State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count _2_].

§ 1983 SD Form
(Rev 4/06)

4

Count 3. The following civil right has been violated: _____

_____
(E.g. right to medical care access to courts.)

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

### D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

_____

(e) Approximate date case was filed: _____.

(f) Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

"YES!" I TIMELY FILED A 602 STAFF COMPLAINT REGARDING COUNT 1, MY STAGED SHOOTING OF 6/22/12, TO APPEALS COORDINATORS (DEFENDANTS) AT RJDONOVAN. THEY RECEIVED IT, CON -SIDERED IT AN EMERGENCY APPEAL. BUT FAILED TO PROCESS IT WITHIN THE TIME FRAMES SPECIFIED BY CCR TITLE 15 §3084.9(a)(4); 3084.8(c)(1)(2). FAILING TO PROCESS IT TILL FIVE TO SIX (5-6) MONTHS LATER CLAIMING THEY WERE BACK LOGGED.
COUNTS 2, 3, AND 4 (DATED: 8/10/12; 8/15/12; AND 11/24/12), WERE ONGOING RETALIATION OFFENSES, THAT I TIMELY AND INDIVIDUALLY FILED TO APPEALS COORDINATORS AT RJD. BUT WITH CLAIMS OF BEING BACK LOGGED, THEY CONTINUOUSLY FAILED TO GIVE ME A LOG NUMBER AND/OR INFORM ME WHETHER THEY RECEIVED THEM. AND WERE SIMPLY FAILING TO PROCESS THEM. THEREFORE, I PROCEEDED AND EXHAUSTED COUNT 1, MY SHOOTING INCIDENT OF 6/22/12, TO THE THIRD (HIGHEST) LEVEL IN SACRAMENTO. BUT BECAUSE COUNTS 2, 3, AND 4, WERE ONGOING OFFENSES IN RETALIATION FOR MY 602 STAFF COMPLAINTS, REGARDING MY SHOOTING COUNT 1, I MADE SURE TO MENTION AND EXHAUSTED COUNTS 2, 3, AND 4, TO THE THIRD (HIGHEST) LEVEL IN THIS SAME 602 STAFF COMPLAINT FROM COUNT 1. FOR IT WAS THE ONLY ADMINISTRATIVE APPEALS PROCESS AVAILABLE TO ME AT THAT TIME. SINCE RJD APPEALS COORDINATOR WAS TO BACK LOGGED TO HELP, OR EVEN PROCESS MY 602s IN A TIMELY MANNER.

<u>CONTINUE ON ATTACHED PAGE 6a, ADMINISTRATIVE RELIEF:</u>

<u>CONTINUED FROM: "ADMINISTRATIVE RELIEF--PAGE 6."</u>

THIRD LEVEL DECISION: DENIED MY APPEAL. AGREEING WITH THE SECOND LEVEL REVIEWER, WHO PROCESSED MY 602 AS A STAFF COMPLAINT APPEAL INQUIRY (WHICH IS CONFIDENTIAL. AND PRISON--ERS ARE ONLY TOLD WHETHER STAFF VIOLATED CDCR POLICY.). AND WAS REVIEWED AT THE THIRD LEVEL ON MAY 10, 2013, BY AN [U]NIDENTIFIED SOURCE. WHO DETERMINED THAT STAFF COMPLIED WITH THE REQUIREMENTS OF CDCR POLICY.

BUT THE THIRD LEVEL: FAILED TO ADDRESS AND TERMINATE THE [O]NGOING RETALIATION OFFENSES FROM COUNTS 2, 3, AND 4. CAUSING OTHERS TO INFLICT CONSTITUTIONAL INJURIES COUNT 5, CONTINUOUS RETALIATION.

FYI.: THERE WERE NUMEROUS COMPLAINTS THAT PRISONERS 602s STAFF COMPLAINTS WERE BEING LOST IN THE MAIL/TRASHED BY C/Os. THUS, IN ADSEG, SGT. TILLMAN EVEN ASSIGNED C/O L. BROWN TO ESCORT PRISONERS 602s TO THE APPEALS COORDINATOR'S OFFICE. SEVERAL MONTHS AFTER MY CONTINUAL REQUESTS FOR LOG NUMBERS REGARDING MY 602 STAFF COMPLAINTS FOR COUNTS 2, 3, A AND 4, THE APPEALS COORDINATORS ULTIMATELY SAID THEY HADN'T RECEIVED THEM.

AND BECAUSE SGT. TILLMAN WAS THE PRIMARY SUSPECT IN MY 602 STAFF COMPLAINTS FOR COUNTS 1, 2, AND 3, I DIDN'T GET ANY ESCORT PRIVILEGES FOR MY 602s FROM HER. THUS, AFTER CONTINUOUSLY COMPLAINING TO WARDEN PARAMO AT RJDONOVAN, HE INSTRUCTED ME TO HAND DELIVER MY 602 STAFF COMPLAINTS TO HIM FOR COUNTS 2, 3, AND 4, WHICH I DID. HE THEN GAVE THEM TO ASSOCIATE WARDEN A. HERNANDEZ, IN MY PRESENCE, ORDERING HIM TO ESCORT THEM TO THE APPEALS COORDINATOR'S OFFICE. WHICH HE DID. BUT WERE IMMEDIATELY CANCELLED AS "[U]NTIMELY."

COUNT 5: I TIMELY FILED A 602 STAFF COMPLAINT. BUT THE APPEALS COORDINATORS REJECTED IT CLAIMING IT WAS MISSING THE INCIDENT PACKAGE; SENDING ME ON A GOOSE CHASE FOR IT. SAY--ING I SHOULD GET IT FROM THE COUNSELOR AT THE NEW PRISON KVSP I WAS IN. THE COUNSELOR AT KVSP INFORMED ME SEVERAL WEELKS LATER THAT RJDONOVAN'S APPEALS COORDINATORS HAD SENT ME ON A GOOSE CHASE FOR AN INCIDENT PACKAGE THAT DIDN'T EVEN EXIST.

UPON ME RESUBMITTING MY SAME 602 STAFF COMPLAINT FOR COUNT 5, THE APPEALS COORDINAT--ORS AT RJDONOVAN, CANCELLED IT AS "[U]NTIMELY. FAILURE TO CORRECT AND RETURN A REJECTED APPEAL WITHIN 30 CALENDAR DAYS OF THE REJECTION (I RESUBMITTED 35 DAYS LATER)." BUT MY 602 HAD INITIALLY BEEN TIMELY FILED. AND SHOULDN'T HAVE BEEN REJECTED FOR AN INCIDENT PACKAGE THAT DIDN'T EXIST.

INDEED, I EXHAUSTED ALL ADMINISTRATIVE REMEDIES AVAILABLE TO ME FOR COUNTS 1, 2, 3, 4, AND 5, OCCURRING AT RJDONOVAN.

COUNT 6: I ALSO EXHAUSTED TO THE THIRD LEVEL (SACRAMENTO) ON A 602 STAFF COMPLAINT. THIRD LEVEL DECISION: APPEALS EXAMINER CONCURRED WITH KVSP THAT THERE WAS NO EVIDENCE OF STAFF MISCONDUCT. OR A VIOLATION OF EXISTING POLICY OR REGULATIONS BY THE INSTITUTION. AND STAFF'S ACTION WERE CONSISTENT WITH CDCR APPEAL RULES AND REGULATIONS.

E. **Request for Relief**

Plaintiff requests that this Court grant the following relief:

**1.A STATE WIDE** injunction preventing defendant(s): FROM SHOOTING AT US PRISONERS BEFORE USING LESS VIOLENT METHODS, INCLUDING OC PEPPER SPRAY, IN SITUATIONS WHERE THERE'S NO SERIOUS THREAT. FOR CCR TITLE 15 §3268 (c)(1) THROUGH (5), USE OF FORCE OPTIONS POLICY, AUTHORIZING C/Os TO SHOOT OR PEPPER SPRAY US PRISONERS, "IN NO PARTICULAR SEQUENCE," IS TO [O]VERBROAD! 2. Damages in the sum of $ COMPENSATORY FOR MY PHYSICAL, MENTAL, AND EMOTIONAL INJURIES; AND 3. Punitive damages in the sum of $ AGAINST EACH DEFENDANT.

4. Other DECLARE THAT EACH DEFENDANT VIOLATED PLAINTIFF'S U.S.1st, 8th, 14th AMENDS. CONSTITUTIONAL RIGHTS AS STATED IN THE COMPLAINT PARAGRAPHS 1 THROUGH 91.

F. **Demand for Jury Trial**

CONTINUED ON ATTACHED PAGE 13 "REQUEST FOR RELIEF:"

Plaintiff demands a trial by ☑ Jury ☐ Court.  (Choose one.)

G.  **Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

*March 2, 2015*
Date

_____
Signature of Plaintiff

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

I, _Selvin Orlando Carranza_ , declare:

I am over 18 years of age and a party to this action.  I am a resident of _Kern Valley State_
_____ Prison,

in the county of _Kern County_ ,

State of California.  My prison address is: _Kern Valley State Prison, D-2-221,_

_P.O. Box 5104, Delano, CA, 93216_ .

On _March 2, 2015_ ,
   (DATE)

I served the attached: _"42 U.S.C. § 1983 - Civil Case No.: 3:14-cv-773-GPC-_

_BLM; And "Exhibits A-Through-E""_
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined.  The envelope was addressed as follows:

_U.S. District Court, Southern District Of California_
_Office Of The Clerk_
_333 West Broadway, Suite 420_
_San Diego, CA., 92161_

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _March 2, 2015_
           (DATE)

_____
(DECLARANT'S SIGNATURE)

CONTINUED FROM:"COUNT 1, CAUSES OF ACTION-SUPPORTING FACTS."

S. RINK. (SEE ATTACHED EXHIBIT A, CDC-128 C CHRONO BY DR.MCKNIGHT, DATED:6/21/12, RECOM-
-MENDING TO ADSEG SERGEANT/LIEUTENANT I BE ASSIGNED WALK ALONE YARD TO AVOID A FIGHT.)

10. RINK PROMISED HER HE'D HELP ME. BUT SAID;"IF I CHOSE TO GO TO THE YARD TO FIGHT,
THEN THAT WOULD BE MY CHOICE." VIOLATING MY U.S.8th CONSTITU. RIGHT MALICIOUS & SADISTIC

11. FOR I/PRISONERS SHOULD NOT BE FORCED TO CHOOSE: WHETHER WE WANT TO FIGHT ON THE
GROUP YARD; INORDER TO GET OUR TEN HOURS OF CONSTITUTIONALLY ENTITLED YARD; OR ISOLATE
OURSELVES IN OUR CELLS REFUSING YARD, OFTENLY LEADING TO SUICIDES. RATHER THAN TO PROVI
-DE US WALKALONE YARD. THIS POLICY VIOLATED MY U.S.8th CONSTITU. RIGHT MALICIOUS/SADISTI

12. BUT I HAD DONE EVERYTHING I COULD TO INFORM CUSTODY, EVEN AS HIGH AS ADMINISTRA-
-TION, THAT I DID NOT WANT TO FIGHT. BUT WAS BEING DRIVEN TO THE POINT OF FIGHTING.
THEREFORE, I WAS REQUESTING WALK ALONE YARD TO PREVENT A FIGHT ALTOGETHER, INSISTINGLY.

13. INFACT, ON 6/1/2012, I REFUSED TO EXIT THE RM-A ADSEG GROUP YARD, REQUESTING TO
SPEAK TO LIEUTENANT RINK? REFUSING TO STRIP OUT INFRONT OF INMATE DAVIS AND HIS HOMO-
-SEXUAL LOVERS (HIS CELLIE AND OTHER AFRICAN AMERICAN HOMOSEXUALS).

14. SCHARR TOLD ME TO EITHER STRIP OUT OR HE'LL TAKE MY GROUP YARD. AND PUT ME ON
WALK ALONE YARD! AND IF THEY HAD TO THEY'D FORCIBLY EXTRACT ME OFF THE GROUP YARD.

15. I INFORMED SCHARR I WAS REQUESTING TO SPEAK TO RINK BECAUSE I DIDN'T WANT TO BE
ON THE GROUP YARD. BUT WAS REQUESTING TO BE PUT ON WALK ALONE YARD TO PREVENT A FIGHT
WITH THESE BUNCH OF HOMOSEXUALS/TRANSGENDERS. FOR I WAS ON THE VERGE OF FIGHTING.

16. SCHARR ESCORTED ME TO SPEAK TO LT. RINK. PLACING ME IN A HOLDING CAGE INFRONT OF
HIS OFFICE. SCHARR AND YARD GUNNER L. BROWN, TOLD RINK I REFUSED TO EXIT THE YARD RISK-
-ING AN EXTRACTION, SIMPLY TO INFORM RINK I DIDN'T WANT TO BE ON GROUP YARD. BUT WAS
REQUESTING WALK ALONE YARD. BECAUSE I DIDN'T WANT TO FIGHT DAVIS AND HIS LOVERS.

17. L. BROWN INFORMED SCHARR AND LT. RINK THAT SHE OVERHEARD INMATE DAVIS AND HIS
LOVERS TALKING ABOUT JUMPING ME. CORROBORATING THAT I WAS HAVING PROBLEMS ON THE YARD.

18. ON 6/1/2012, SCHARR THEREFORE WROTE THE ATTACHED CHRONO CDC-128-B, PLACING ME ON
YARD HOLD FOR TEN DAYS. OR UNTIL MY NEXT CLASSIFICATION COMMITTEE (see att. EXHIBIT B)
BUT LT. S. RINK ORDERED I BE ESCORTED TO THE WALK ALONE YARD CAGES AS OF 6/1/12.

1

19. ON 6/7/12, I WENT BACK TO CLASSIFICATION COMMITTE. ACTING CAPTAIN E. GARZA INFORMED COMMITTEE:

"CARRANZA HERE, ALTHOUGH HE DOESN'T LOOK LIKE IT, HE'S A REAL GOOD FIGHTER. HE'S IN ADSEG BECAUSE HIS CELLIE ON C-YARD, INMATE SOLACHE, MOVED HIM OUT OF THE CELL WITHOUT HIS KNOWLEDGE. TRASHING CARRANZA'S PROPERTY OUT INTO THE DAYROOM. AND SOLACHE MOVED HIS FRIEND INTO THE CELL, INMATE AYALA. UPON CARRANZA RETURNING TO HIS CELL HE REALIZED HE HAD BEEN EVICTED. AN ARGUMENT ENSUED, SOLACHE THEN ATTACKED CARRANZA STRIKING HIM WITH A CLOSED FIST AS REPORTED BY THE GUN TOWER OFFICER. AYALA JUMPED IN. BUT CARRANZA TURNED AROUND AND BEAT THEM BOTH UP. AND ENDED UP IN ADSEG FOR BATTERY ON BOTH INMATES. . . I LOCKED HIM UP IN ADSEG." SAID GARZA.

(SEE ATTACHED **EXHIBIT C**-REPORTS OF THIS FIGHT GARZA SPOKE TO COMMITTEE ABOUT.).

20. CLASSIFICATION COMMITTEE MEMBERS E. GARCIA, AND CHAIRPERSON W. SUGLICH, CHIEF DEPUTY WARDEN (A), THEN DISREGARDED MY SAFETY CONCERNS, IGNORING DEFENDANT SCHARR'S CHRONO TO PUT ME ON WALK ALONE YARD TO PREVENT A FIGHT DATED: 6/1/12. AND ASSIGNED ME BACK ONTO THE RM-A GROUP YARD WITH MY ENEMIES. DESPITE ME HAVING INFORMED COMMITTEE, "I WAS NOT IN AGREEMENT WITH THEIR DECISION," AS STIPULATED IN ATTACHED **EXHIBIT-D**.

21. INDEED, DEFENDANTS GARCIA AND SUGLICH, DIRECTLY PARTICIPATED IN STAGING A GLADIATOR STYLE SHOOTING ON ME, BY STAGING A GLADIATOR STYLE FIGHT. MALICIOUSLY AND SADISTICALLY ASSIGNING ME BACK ONTO THE RM-A GROUP YARD WITH MY ENEMIES. DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT VIOLATING MY U.S.8th AMEND. CONSTITUTIONAL RIGHT.

22. BUT EVEN AFTER COMMITTEE OFFICIALLY ASSIGNED ME BACK ONTO THE GROUP YARD. I WAS STILL BEING ESCORTED TO THE WALK ALONE YARD CAGES FROM 6/1/12 TILL 6/18/12.

23. ON 6/19/12, REYES CHANGED MY YARD STATUS, SUDDENLY ENFORCING COMMITTEE'S DECISION TO ASSIGN ME BACK INTO THE GROUP YARD WITH MY ENEMIES. DESPITE ME HAVING CONTINUOUSLY INFORMED HIM I HAD SAFETY CONCERNS. EYEWITNESSING ME HAVING PROBLEMS ON THE YARD REYES, FAILED TO ACT, FAILING TO HAVE ME REMOVED OFF THE GROUP YARD, INSTIGATING VIOLENCE.

24. REYES THROUGH THE FIVE (5) HOURS OF YARD CONTINUOUSLY PRESSURED ME SAYING: "JUST FIGHT DAVIS AND GET IT OVER WITH. I'LL EVEN GIVE YOU GUYS TIME TO FIGHT BEFORE I START SHOOTING." SURVEILLANCE VIDEOS OF THE GROUP YARD DATED 6/19/12 WILL SHOW DAVIS PICKING A FIGHT TRYING TO SHOULDER BUMP ME WEARING ONLY A BRA AND PRISON MADE PANTIES.

25. INDEED, REYES FAILURE TO HAVE ME REMOVED OFF GROUP YARD ON 6/19/12, WAS A DIRECT PARTICIPATION IN STAGING THE GLADIATOR STYLE SHOOTING ON ME OF 6/22/12, BY STAGING A

GLADIATOR STYLE FIGHT BETWEEN INMATE DAVIS AND ME ON THE GROUP YARD. REYES ACTIONS WERE MALICIOUS AND SADISTIC, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF MY U.S.8th AMENDMENT CONSTITUTIONAL RIGHT.

26.ON 6/21/12, DURING GROUP THERAPY WITH DR. MCKNIGHT, DAVIS AND ME HAD WORDS WHILE WE WERE IN HOLDING CAGES, CHALLENGING ME TO A FIGHT ON OUR NEXT GROUP YARD, LOUD?!

27.DR. MCKNIGHT BECAME STRESSED, REALIZING THAT A FIGHT WAS IMMINENT. SO SHE INFORM--ED OFFICERS [WHO WERE ABOUT FIVE (5) YARDS AWAY HEARING THE VERBAL EXCHANGE] THAT INMATE DAVIS AND ME WERE ARGUING IN HER GROUP, TALKING ABOUT FIGHTING DURING OUR NEXT GROUP YARD. AND IF CUSTODY WAS GOING TO ALLOW US TO FIGHT ON THE YARD, AND NOT SEPARATE US. SHE SURELY WASN'T GOING TO ALLOW FOR US TO FIGHT IN HER GROUP.

28.THUS, SHE ASKED DEFENDANT J. RODRIGUEZ TO REMOVE ME FROM HER GROUP AND ESCORT ME BACK TO MY CELL IN "B-6-208".

29.WHILE BEING ESCORTED BACK TO MY CELL RODRIGUEZ SAID,"DON'T EVEN WORRY ABOUT THAT GUY. YOU KNOW HE'S ALL TALK, HE AIN'T GOING TO DO NOTHING."

30."I'M NOT WORRIED ABOUT HIM. I DON'T DOUBT ONE BIT THAT I CAN BEAT HIM IN A FIGHT." I REPLIED. "BUT HE OPENLY TALKS ABOUT HAVING AIDS/HIV. THUS, I RATHER SIMPLY ASK YOU OFFICERS FOR WALK ALONE YARD TO [A]VOID THE FIGHT ALTOGETHER?" I REQUESTED.

31.INDEED, BY 6/22/12, MORNING, EVERY CCPOA REPRESENTATIVE/CORRECTIONAL OFFICER ASSIGNED TO WORK IN ADSEG UNIT 6,EVEN AS HIGH AS ADMINISTRATION, KNEW OR SHOULD HAVE KNOWN THAT IF I WAS PLACED IN THE GROUP YARD TOGETHER WITH INMATE DAVIS AND HIS LOVERS THERE WOULD BE A FIGHT, AN INCIDENT OF VIOLENCE. IT WAS [I]NEVITABLE!

32.THEREFORE, EACH DEFENDANT HAD A SWORN DUTY TO PREVENT MY [S]HOOTING OF 6/22/12. BY EITHER PUTTING INMATE DAVIS OR ME ON YARD HOLD, DUE TO THE SAFETY AND SECURITY OF THE INSTITUTION, OUR OWN SAFETY, AND THE PUBLIC'S SAFETY AND BEST INTEREST. . . OR TO SIMPLY ESCORT ME TO THE WALK ALONE YARD CAGES AS I'M CONSTITUTIONALLY ENTITLED TO. AND AS MY SOLUTION AND CONTINUOUS REQUEST TO AVOID THE FIGHT ALTOGETHER.

33.MAY THIS COURT BE INFORMED: DR. MCKNIGHT EVEN COMPLAINED TO HER SUPERVISING PSYCHOLOGISTS WHO THEN COMPLAINED TO CUSTODY REQUESTING TO PUT ME ON WALK ALONE YARD

3

34. ON 6/22/12, AT ABOUT 11:30 AM, CAPTAIN E. GARCIA SUDDENLY MADE HIS ROUNDS IN AD-SEG UNIT 6, AND STOPPED BY MY DOOR. I INQUIRED ABOUT YARD? HE SAID YARD HAD BEEN CAN-CELLED FOR HE HAD ORDERED OFFICERS TO PASS OUT OUR COMMISSARY TO US PRISONERS, INCLUD-ING MY BOX OF COMMISSARY INFRONT OF MY DOOR.

35. DISCOVERY/EYEWITNESSES WILL REVEAL: IN THE TWO YEARS PRIOR TO MY SHOOTING OF 6/22/12, GROUP YARD HAD NEVER BEEN RAN LATER THAN 11:15-11:30 AM. FOR ALTHOUGH GROUP YARD WAS FROM 10:30 AM TILL 3:30 PM. IF OFFICERS HAD NOT ESCORTED US OUT BY 11:30 AM THEY WOULD SIMPLY CANCEL YARD FOR ANY LAME EXCUSE. INCLUDING COMMISSARY.

36. BUT ON 6/22/12, AT ABOUT 12:30 PM, LT. RINK HAD DEFENDANT PIMENTEL ESCORT ME OUT OF MY CELL IN HANDCUFFS TO SPEAK TO HIM.

37. RINK SAID HE KNEW I WAS REQUESTING WALK ALONE YARD, DUE TO ME HAVING PROBLEMS ON THE GROUP YARD WHERE A FIGHT WAS IMMINENT. HE CONTINUOUSLY BLAMED COMMITTEE FOR ASSIGN-ING ME BACK TO GROUP YARD WITH MY ENEMIES. BUT PROMISED HE WOULD HELP ME GET WALK ALONE YARD. BUT SAID HE FIRST NEEDED FOR ME TO GO TO THE GROUP YARD AND BE COOL.

38. I FELT TRAPPED, PRESSURED AND BULLIED, REALIZING HE WANTED ME TO FIGHT.

39. RINK THEN ORDERED PIMENTEL TO ESCORT ME OUT INTO THE GROUP YARD. RATHER THAN TO THE WALK ALONE YARD CAGES AS I HAD CONTINUOUSLY BEEN REQUESTING TO AVOID THE FIGHT.

40. UPON ME BEING ESCORTED INTO THE PATHWAY OF THE GROUP YARD, I SEEN DEFENDANTS RODRIGUEZ AND SCHARR WERE ALREADY WAITING ON THE SIDELINES OF THE GROUP YARD, WAITING TO SEE MY STAGED FIGHT AND SHOOTING, WITH ANTICIPATION.

41. WITHIN SECONDS OF THE GUNNER OFFICER THAXTON OPENING THE GATE LETTING ME INTO THE GROUP YARD, MY ENEMY DAVIS ATTACKED ME SWINGING PUNCHES AT ME. SO I DEFENDED MYSELF

42. GUNNER THAXTON IMMEDIATELY BEGAN SHOOTING AT ME, FROM A CLOSE RANGE OF ABOUT TEN (10) FEET AWAY HOVERING OVER US. HE SHOT ME THREE (3) TIMES ON MY BACK WITH THE 40 MM MULTI LAUNCHER FOAM ROUNDS; ONE DIRECT SHOT TO MY BUTT AND TWO (2) DIRECT SHOTS TO MY RIGHT KNEE WITH THE 37 MM-WOOD MULTI BATON ROUNDS, DIRECTLY SHOOTING MY KNEE/ASS. RATHER THAN SKIPPING THE WOODEN ROUNDS AS REQUIRED BY POLICY. BLOWING MY RIGHT KNEE APART. VIOLATING MY U.S.8th AMENDMENT CONSTITUTIONAL RIGHT, MALICIOUSLY AND SADISTICALLY.

4

43. ONLY AFTER THAXTON HAD ALREADY SHOT ME MULTIPLE TIMES, SCHARR FINALLY CHOSE TO USE HIS OC PEPPER SPRAY TO STOP THE FIGHT. SPRAYING ME TO MY FACE, MAKING DAVIS RUN OFF.

44. ALL FOUR DEFENDANTS SCHARR, RODRIGUEZ, PIMENTEL, AND THAXTON KNEW OR SHOULD HAVE KNOWN TO STOP ME FROM BEING ESCORTED INTO THE GROUP YARD WHERE THEY KNEW A FIGHT WAS IMMINENT WITH MY ENEMY DAVIS; EVEN WHEN LT. RINK HAD CORRUPTEDLY ORDERED PIMENTEL TO DO SO. FAILING TO INTERVENE AND ESCORT ME TO THE WALK ALONE YARD CAGES TO PREVENT VIO-LENCE WAS MALICIOUS AND SADISTIC. VIOLATING MY U.S.8th AMEND. CONSTITUTIONAL RIGHT.

45. THAXTON'S FAILURE TO USE THE HYDROFORCE WATER RESTRAINT SYSTEM (HFWRS) AS A FIRST AND LESS VIOLENT METHOD TO STOP THE FIGHT, WHEN NO WEAPONS WERE INVOLVED, AND NO SERIOUS INJURIOUS WERE OCCURRING FROM THE MERE FIST FIGHT WAS MALICIOUS AND SADISTIC, DELIBERATE INDIFFERENCE, CRUEL/UNUSUAL PUNISHMENT VIOLATING MY U.S.8th CONSTITU. RIGHT.

46. DISCOVERY WILL REVEAL: THAXTON THEN [D]EFRAUDED THE STATE COLLECTING WORKERS COMPENSATION, CLAIMING "POST TRAUMATIC STRESS DISORDER (PTSD) FROM SHOOTING ME MULTIPLE TIMES, LEAVING ME MAIMED. AND DEFRAUDING HIS UNION FOR BENEFITS. MALICIOUS AND SADISTIC, DELIBERATE INDIFFERENCE, CRUEL/UNUSUAL PUNISHMENT VIOLATING MY U.S.8th CONSTITU. RIGHT."

47. EDMUND G. BROWN JR., GOVERNOR OF THE STATE OF CALIFORNIA; MATTHEW CATE, FORMER SEC-RETARY FOR CDCR; DR. JEFFREY A. BEARD, SECRETARY FOR CDCR; D. HOFFMAN, ASSISTANT SECRETA-RY OF COMMUNICATIONS FOR CDCR; AND ALL UNKNOWN DEFENDANTS POLICY MAKERS FOR CDCR; AND MIKE JIMENEZ, PRESIDENT FOR CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION (CCPOA); JOHN DOE, VICE PRESIDENT FOR CCPOA; AND ALL OTHER POLICY MAKERS FOR CCPOA UNKNOWN DEFE-NDANTS, INCLUDING THE JOINT USE COMMITTEE (JUC) PER CCR TITLE 15 §3268.1 (g)(4); FOR ALL VIOLATING MY U.S.8th AMEND. CONSTITUTIONAL RIGHT, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT BY MAKING THE STATE WIDE POLICY: "CCR TITLE 15 §3268 (c)(1) THROUGH (5), USE OF FORCE OPTIONS; TO [O]VERBROAD!  AUTHORIZING C/Os TO USE CHEMICAL AGENTS, OR LESS LETHAL WEAPONS 37MM OR 40MM LAUNCHERS TO [S]HOOT AT US PRISONERS, AMONG OTHER OPTIONS, "IN NO PARTICULAR SEQUENCE." "

48. DANIEL PARAMO, WARDEN FOR RJDONOVAN; ASSOCIATE WARDEN(S) ALAN HERNANDEZ/W.SUGLICH AND G. STRATTON; E. GARCIA, CAPTAIN; LIEUTENANTS G. SAVALA/S. RINK; AND SERGEANT L. TILLMAN

5

VIOLATED MY U.S.8th CONSTITU. RIGHT, DELIBERATE INDIFFERENCE, CRUEL/UNUSUAL PUNISHMENT
BY MAKING THE POLICY FOR RJD WRITTEN/UNWRITTEN, BY CUSTOM, OR LACK THEREOF: AUTHORIZING
C/Os TO USE CHEMICAL AGENTS, OR LESS LETHAL WEAPONS 37MM OR 40MM LAUNCHERS TO [S]HOOT
AT US PRISONERS, AMONG OTHER OPTIONS, "IN NO PARTICULAR SEQUENCE." IT'S TO OVER BROAD!

49.IN SHOWING UNCONSTITUTIONAL ABUSE PATTERN OF THIS STATE WIDE POLICY, PLAINTIFF
SUBMITS A SEPARATE, BUT SIMILAR INCIDENT: ON 6/24/2010, AT CORCORAN SHU, PLAINTIFF WAS
JUMPED BY TWO (2) INMATES, NO WEAPONS INVOLVED. TRIUPHED UNSCATHED FROM THE FIGHT. BUT
C/Os SHOT AT US "19 TIMES, EVEN REQUESTING ADDITIONAL 40MM ROUNDS FROM THE ADJACENT
BUILDING; BEFORE CHOOSING TO USE THE HYDRO FORCE WATER RESTRAINT SYSTEM TO STOP THE
FIGHT (SEE ATT. EXHIBIT E, INCIDENT PACKAGE DATED 6/24/10, AT CATHEY'S REPORT PAGE 2.)."

50.DISCOVERY WILL REVEAL: SCHARR DIRECTLY PROFITED, GETTING PROMOTED BACK TO SERGEANT
EARNING A HIGHER SALARY, FROM STAGING MY SHOOTING. ALLOWING PIMENTEL TO ESCORT ME INTO
THE GROUP YARD FOR MY STAGED FIGHT ON 6/22/12. MALICIOUS AND SADISTIC, DELIBERATE INDI-
-FFERENCE, CRUEL AND UNUSUAL PUNISHMENT; VIOLATING MY U.S.8th AMEND. CONSTITU. RIGHT.

51.PARAMO, HERNANDEZ, SUGLICH, STRATTON, GARCIA, SAVALA, RINK, TILLMAN, ALL POLICY MAKER-
-S FOR RJD. EDMUND G. BROWN JR., CATE, BEARD, HOFFMAN, AND UNKNOWN DEFENDANTS STATE WIDE
POLICY MAKERS FOR CDCR. JIMENEZ, DOE, UNKNOWN DEFENDANTS, ALL POLICY MAKERS FOR CCPOA.
ALL VIOLATED MY U.S.8th CONSTITU. RIGHT, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUN-
-ISHMENT. BY MAKING THE POLICY AT RJDONOVAN/STATE WIDE, WHETHER WRITTEN/UNWRITTEN, BY
CUSTOM, OR LACK THEREOF:"TO [R]EDUCE C/Os JOBS/POSITIONS [AS PRISONER'S POPULATION WAS
BEING REDUGED FROM JANUARY 2012 TO PRESENT], AS A TRIAL BASIS. . .DEPENDING,"IF THERE
WAS A [R]ISE IN VIOLENCE.". . RATHER THAN TO MAKE IT A PERMANENTLY ESTABLISHED POLICY!"

52.FOR IT INVITED C/Os [DEFENDANTS] TO STAGE MY FIGHT AND SHOOTING OF 6/22/12. AND
CREATE MULTIPLE INCIDENTS OF VIOLENCE AGAINST ME AND OTHER PRISONERS, INFLICTING CONS-
-TITUTIONAL INJURIES, FOR JOB SECURITY; AND TO DEFRAUD THE STATE AND THEIR UNION.

53.THESE SAME DEFENDANTS POLICY MAKERS FOR RJDONOVAN, AND DEFENDANTS STATE WIDE
POLICY MAKERS FOR CDCR, AND DEFENDANTS STATE WIDE POLICY MAKERS FOR CCPOA, THEN MADE
POLICY, WHETHER WRITTEN/UNWRITTEN, BY CUSTOM, OR LACK THEREOF: "TO [R]EHIRE CORRECTIONAL

OFFICERS AND REESTABLISH SEVERAL OF THEIR JOB POSITIONS AFTER SHOWING A RISE IN VIO-
-LENCE OCCURRING AT RJDONOVAN CDCR FROM JANUARY 2012 TO THE PRESENT. VIOLATING MY U.S.
8th AMENDMENT CONSTITUTIONAL RIGHT, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISH-
-MENT. CAUSING C/Os TO CREATE VIOLENCE WITH ME AND OTHER PRISONERS FOR JOB SECURITY.

54.DISCOVERY WILL REVEAL: DEFENDANTS SCHARR, THAXTON, PIMENTEL, RODRIGUEZ, REYES, RINK,
TILLMAN, GARCIA, SUGLICH, HERNANDEZ, STRATTON, AND PARAMO, DIRECTLY BENEFITED FROM CREAT-
-ING AN INCIDENT OF VIOLENCE AGAINST ME, STAGING MY SHOOTING ON 6/22/12. FOLLOWED WITH
MORE VIOLENCE. BY GETTING THE "FOURTH FLOOR OFFICER'S JOB POSITIONS IN ADSEG UNITS, AND
THE SECOND FLOOR OFFICER'S JOB POSITIONS IN EACH OF THE 20 BUILDINGS AT RJDONOVAN, ALL
[R]EHIRED! FOR BOTH SECOND AND THIRD WATCHES."MALICIOUS AND SADISTIC, DELIBERATE INDI-
-FFERENCE, CRUEL AND UNUSUAL PUNISHMENT, VIOLATING MY U.S.8th AMEND. CONSTITU. RIGHT.

55.EDMUND G. BROWN JR., CATE, BEARD, HOFFMAN, AND ALL UNKNOWN DEFENDANTS POLICY MAKERS
FOR CDCR: "FAILURE TO HAVE AN OUTSIDE AGENCY, ADEQUATELY TRAINED STAFF, TO INVESTIGATE
[E]ACH CORRECTIONAL OFFICER'S CLAIMS OF INJURY TO COLLECT WORKER'S COMPENSATION; MAKING
IT SO EASILY OBTAINABLE TO THEM."VIOLATED MY U.S.8th CONSTITU. RIGHT, DELIBERATE INDIF-
-FERENCE, CRUEL AND UNUSUAL PUNISHMENT. CAUSING THAXTON TO INFLICT CONSTITUTIONAL INJUR-
-IES SHOOTING ME SIX (6) TIMES TO DEFRAUD THE STATE CLAIMING PTSD FROM LEAVING ME MAIMED.

56.MIKE JIMENEZ, JOHN DOE, AND ALL UNKNOWN DEFENDANTS, POLICY MAKERS FOR CCPOA:
"FAILURE TO HAVE ADEQUATELY TRAINED STAFF TO INVESTIGATE [E]ACH CCPOA MEMBERS/CORREC-
-TIONAL OFFICER'S CLAIMS OF INJURIES ON THE JOB TO COLLECT BENEFITS FROM THEIR OWN
UNION; MAKING IT SO EASILY OBTAINABLE TO THEM"VIOLATED MY U.S.8th CONSTITU. RIGHT, DELI-
-BERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT. CAUSING CCPOA MEMBERS/DEFENDANTS
TO CREATE VIOLENCE WITH ME AND OTHER PRISONERS TO DEFRAUD THEIR OWN UNION.

57.JIMENEZ, DOE, UNKNOWN DEFENDANTS, ALL POLICY MAKERS FOR CCPOA, HIRED INADEQUATE
STAFF, CCPOA REPRESENTATIVES/CORRECTIONAL OFFICERS/DEFENDANTS, LACKING TRAINING, INCLUD-
-ING: "USE OF FORCE JOINT USE COMMITTEE (JUC). ASSIGNED TO REVIEW AND EVALUATE RECOMM-
-ENDED REVISIONS TO THE CDCR'S USE OF FORCE REGULATIONS AND PROCEDURES. PER CCR TITLE
15 §3268.1 (g)(4)." THUS MAKING CCPOA POLICY MAKERS LIABLE FOR ALL DEFENDANT'S MISUSE

OF FORCE/UNNECESSARY FORCE/EXCESSIVE FORCE AGAINST ME, INCLUDING MY SHOOTING 6/22/12.
VIOLATING MY U.S.8th CONSTITU. RIGHT DELIBERATE INDIFFERENCE, CRUEL/UNUSUAL PUNISHMENT.

58.R. OLSON AND J. RAMIREZ, ARE BOTH APPEALS COORDINATORS CC-2 FOR RJDONOVAN, MADE
THE POLICY, WHETHER WRITTEN/UNWRITTEN, BY CUSTOM, OR LACK THEREOF:"FAILURE TO PROCESS
MY TIMELY FILED 602 STAFF COMPLAINT (REGARDING MY STAGED SHOOTING), WITHIN THE TIME
FRAME SPECIFIED IN CCR TITLE 15 §3084.9 (a)(4); 3084.8 (c)(1)(2). FAILING TO PROCESS
IT TILL FIVE TO SIX (5 TO 6) MONTHS LATER. DUE TO CLAIMS OF BEING BACK LOGGED. KNOWING-
-LY FAILING TO TERMINATE A SERIES OF ACTS BY OTHERS THEY KNEW WOULD CAUSE OTHERS TO
INFLICT CONSTITUTIONAL INJURIES. VIOLATED MY U.S.8th AMENDMENT CONSTITUTIONAL RIGHT,
DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT."

59.PARAMO, HERNANDEZ, SUGLICH, STRATTON, AND RESPONDEAT SUPERIORS FOR CDCR EDMUND G.
BROWN JR., CATE, BEARD, HOFFMAN, AND UNKNOWN DEFENDANTS, HIRED INADEQUATE STAFF FOR RJ
DONOVAN, LACKING TRAINING AS APPEALS COORDINATORS:"FAILING TO PROCESS MY 602 STAFF
COMPLAINT REGARDING MY SHOOTING (AND OTHER COMPLAINTS TOO) WITHIN THE TIME FRAME SPE-
-CIFIED IN CCR TITLE 15 §3084.9 (a)(4); 3084.8 (c)(1)(2). DUE TO CLAIMS OF BACK LOGGED.
KNOWINGLY FAILING TO TERMINATE SERIES OF ACTS BY OTHERS THEY KNEW WOULD CAUSE OTHERS
TO INFLICT CONSTITUTIONAL INJURIES. VIOLATING MY U.S.8th AMENDMENT CONSTITUTIONAL
RIGHT, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT.

60.ON 9/20/12, DURING CLASSIFICATION COMMITTEE, I COMPLAINED TO WARDEN PARAMO ABOUT
HIS OFFICERS STAGING MY FIGHT AND SHOOTING ON 6/22/12. AND ABOUT THEIR RETALIATION
SGT. TILLMAN ASSAULTING ME WITH A DEADLY WEAPON, SWINGING AN ICE PICK TO MY CHEST ON
8/10/12; AND TILLMAN AND OFFICERS THEN ATTEMPTING TO MURDER ME BY STRANGULATION 8/15/
12. I ASKED PARAMO TO ORDER AN INVESTIGATION BY AN OUTSIDE AGENCY, SPECIFICALLY F.B.I.,
OR SAN DIEGO DISTRICT ATTORNEY'S OFFICE AS PRISONERS ARE ENTITLED TO HAVE PER POLICY?!

61.AFTER CONFIRMING WITH MY PSYCHOLOGIST IN COMMITTEE THAT THESE THINGS WERE ACTUAL-
-LY HAPPENING, PARAMO INFRONT OF ALL COMMITTEE MEMBERS SAID HE WOULD GRANT MY REQUEST
TO HAVE THE F.B.I., COME TO RJDONOVAN TO INVESTIGATE MY COMPLAINTS OF STAFF MISCONDUCT.

62.BUT PARAMO FIRST HAD G. SAVALA, STRATTON, AND A. HERNANDEZ, ASSIGNED TO CONDUCT AN

INTERNAL INVESTIGATION AT RJDONOVAN.

63. ON 10/30/12, SAVALA CONDUCTED A VIDEOED INTERVIEW OF ME COMPLAINING OF DEFENDANTS STAGING MY FIGHT AND SHOOTING ON 6/22/12. TO CREATE AN INCIDENT OF VIOLENCE AGAINST ME FOR JOB SECURITY, DEFRAUDING THE STATE AND THEIR UNION. SAVALA IMMEDIATELY OPPOSED ME.

64. A CAPTAIN LATER CAME TO SEE ME, INFORMING ME WARDEN PARAMO HAD INFORMED HIM THAT HE WAS GRANTING MY REQUEST TO HAVE THE F.B.I., COME TO INVESTIGATE MY STAFF COMPLAINTS, MY SHOOTING INCIDENT AND THE RETALIATION THAT FOLLOWED. WHEN I TRIED TO TELL THE CAPTA--IN THE MERITS OF MY COMPLAINTS, HE WARNED ME: "NOT TO TELL HIM TO MUCH. HE'D RATHER NOT KNOW. FOR THE F.B.I. WOULD BE COMING TO SEE ME, TO TELL THEM EVERYTHING."

65. I IMMEDIATELY REALIZED I HAD SAID TO MUCH TO SAVALA DURING MY VIDEOED INTERVIEW.

66. INDEED, ON 11/24/12, SAVALA, STRATTON, A. HERNANDEZ, J. GOMEZ, R. DAVIS, R. LOPEZ, C. MEZA, UNKNOWN FIRST NAMES OF DEFENDANTS MORALES AND JACKSON, D. ARQUILEZ, M. STOUT, J. BROWN, AND G. HERNANDEZ, RETALIATED AND CONSPIRED AGAINST ME: FALSELY ACCUSING ME OF A SEX CRIME (INDECENT EXPOSURE) AGAINST FEMALE OFFICER J. GOMEZ. MALICIOUS AND SADISTIC, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT. VIOLATING MY U.S.1st. 8th. AND 14th AMENDS. CONSTITUTIONAL RIGHTS. CAUSING PARAMO TO STOP THE F.B.I. INVESTIGATION HE HAD SAID HE WAS GRANTING ME.

67. DEFENDANTS R. DAVIS, MEZA, MORALES, AND JACKSON, MOVED ME OUT OF MY CELL 116, IN ADSEG UNIT 6. AND PUT ME IN THE SEX OFFENDER ROW CELL 101 IN THE SAME UNIT. COVERING THE ONLY WINDOW IN MY CELL WITH A BIG YELLOW "I.E.X. (INDECENT EXPOSURE)" SIGN, FALSE-LY LABLING ME AS A SEX OFFENDER. GREATLY DAMAGING MY REPUTATION PERMANENTLY. MALICIOUS AND SADISTIC, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT. VIOLATING MY U.S. 1st. 8th. AND 14th. AMENDMENTS CONSTITUTIONAL RIGHTS.

68. ON 11/24/12, WHEN MOVING ME TO CELL 101, DEFENDANTS DAVIS, MEZA, MORALES, AND JACK-SON, USED THE RETENTION LANYARD ON MY HANDCUFFED WRISTS BEHIND MY BACK. ONCE INSIDE THE CELL DEFENDANTS YANKED ME TO THE FRONT OF THE CELL. TRAPPING MY RIGHT THUMB TWIST-ED ON THE TRAYSLOT. MUTILATING ME BREAKING MY RIGHT THUMB, AND CUTTING IT SEVERELY. MALICIOUS AND SADISTIC, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT. VIOLATING

MY U.S.1st.,8th., AND 14th., AMENDMENTS CONSTITUTIONAL RIGHTS.

69. INDEED, PARAMO, SAVALA, STRATTON, A. HERNANDEZ, SUGLICH, GARCIA, STOUT, ARQUILEZ, G. HERNANDEZ, OJEDA, RINK, FRANCO, TILLMAN, AND. ALL RESPONDEAT SUPERIORS FOR RJDONOVAN MADE THE POLICY, WHETHER WRITTEN/UNWRITTEN, BY CUSTOM, OR LACK THEREOF, OF: "BIASED INVESTI--GATIONS, FAILURE TO DISCIPLINE, PROSECUTE, OR DEAL WITH KNOWN MISUSE OF FORCE/UNNECES--SARY FORCE/EXCESSIVE FORCE, REFUSAL TO INVESTIGATE/TERMINATE A SERIES OF ACTS BY OTHERS THEY KNEW WOULD CAUSE OTHERS TO INFLICT CONSTITUTIONAL INJURIES, ENCOURAGEMENT OF EXCESSIVE FORCE BY INACTIONS, COVER UP, ETC.. VIOLATED MY U.S.1st.8th. AND 14th AMENDS. CONSTITUTIONAL RIGHTS, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT,"

70. EDMUND G. BROWN JR., CATE, BEARD, HOFFMAN, AND ALL UNKNOWN POLICY MAKERS FOR CDCR HIRED INADEQUATE STAFF LACKING TRAINING FOR RJDONOVAN AND KERN VALLEY STATE PRISON. MAKING THEM LIABLE FOR THEIR EMPLOYEES, CORRECTIONAL OFFICERS, MISUSE OF FORCE/UNNECES--SARY FORCE/EXCESSIVE FORCE AGAINST ME; INCLUDING MY STAGED SHOOTING OF 6/22/12. VIOLA--TING MY U.S.1st.8th. AND 14th. CONSTITU. RIGHTS. DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT.

71. MAY THIS COURT BE INFORMED: ON 6/22/12, ONLY AFTER MY STAGED FIGHT AND SHOOTING HAD ALREADY TAKEN PLACE, RINK IMMEDIATELY CHOSE TO USE HIS AUTHORITY AS A LIEUTENANT AND PUT ME ON YARD HOLD PENDING COMMITTEE.

72. INDEED, RINK HAD THE AUTHORITY EVEN THE DUTY AS A SWORN LIEUTENANT, PEACE OFFICER, TO PUT ME ON YARD HOLD, OR PROVIDE ME WALK ALONE YARD, PRIOR TO MY SHOOTING. HAVING PER--SONAL KNOWLEDGE FROM ME, DR. MCKNIGHT, AND OTHERS, THAT A FIGHT WAS IMMINENT ON THE GROUP YARD BETWEEN INMATE DAVIS AND ME. FAILING TO PREVENT MY FIGHT AND SHOOTING VIO--LATED MY U.S.8th AMENDMENT CONSTITUTIONAL RIGHT, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT, MALICIOUS AND SADISTIC. INTENTIONS.

73. ON JANUARY 12,2013, I GOT A SCHEDULED ONE HOUR GLASS VISIT FROM MY BROTHER AND COUSIN. UPON LEAVING MY CELL, DEFENDANT R. DAVIS THREATEN ME,"YOU'RE ONLY GETTING HALF A VISIT." UPON ENTERING THE VISITING ROOM DEFENDANT REYES GREETED DAVIS,"WHAT'S UP DOG

74. "HIS FAMILY'S LATE, HE'S ONLY GETTING HALF A VISIT!" REPLIED DAVIS, INSTRUCTINGLY.

75. INDEED, ON JAN. 12, 2013, DEFENDANTS DAVIS AND REYES, RETALIATED AGAINST ME, CONS-PIRING, LITERALLY ONLY GIVING ME A FIVE MINUTE VISIT WITH MY BROTHER DAVID AND COUSIN MANNY, WHO I HADN'T SEEN IN OVER A DECADE. GREATLY DAMAGING MY FAMILY RELATIONS. I'VE NEVER GOTTEN A VISIT FROM MY COUSIN AGAIN. AFTER DRIVING FROM L.A. FOR A FIVE MINUTE VISIT. MALICIOUS AND SADISTIC, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT VIOLATING MY U.S.1st., 8th., AND 14th AMENDS. CONSTITUTIONAL RIGHTS. FREEDOM OF SPEECH.

76. IN MARCH 2013, (FIRST NAME UNKNOWN) TAYLOR, SHE WAS INCHARGE OF DELIVERING ANNUAL PACKAGES TO US PRISONERS IN ADSEG UNITS 6 AND 7 AT RJDONOVAN.

77. FROM MARCH 2013, TO APRIL 18, 2013, TAYLOR RETALIATED AGAINST ME REFUSING TO DELIVER ME MY ANNUAL FOOD PACKAGE SENT BY MY FAMILY. VIOLATING MY U.S.1st., 8th. AND 14th AMENDS. CONSTITUTIONAL RIGHTS, DELIBERATE INDIFFERENCE, CRUEL/UNUSUAL PUNISHMENT.

78. EDMUND G. BROWN JR., CATE, BEARD, HOFFMAN, AND ALL UNKNOWN DEFENDANTS POLICY MAKERS FOR CDCR, HIRED INADEQUATE STAFF LACKING TRAINING FOR RJDONOVAN AND KERN VALLEY STATE PRISON: FAILURE TO TRAIN CORRECTIONAL OFFICERS TO NOT RETALIATE AGAINST PRISONERS FOR PETITIONING GOVERNMENT FOR REDRESS OF GRIEVANCES, INCLUDING THIS CIVIL ACTION, VIOLAT-ED MY U.S.1st., 8th., AND 14th., AMENDS. CONSTITUTIONAL RIGHTS. FREEDOM OF SPEECH.

79. ON 6/12/2013, K. POOL, AND J. D. LOZANO, REVIEWED MY 602 STAFF COMPLAINT REGARDING MY STAGED FIGHT AND SHOOTING OF 6/22/12, AND THE ONGOING RETALIATION OFFENSES THAT FOLLOWED ON 8/10/12, 8/15/12, AND 11/24/12. ON BEHALF OF THE SECRETARY/DIRECTOR OF CDCR.

80. POOL AND LOZANO, AGREED WITH THE SECOND LEVEL REVIEWER, WHO PROCESSED MY 602 AS A STAFF COMPLAINT APPEAL INQUIRY (WHICH IS CONFIDENTIAL. AND PRISONERS ARE ONLY TOLD WHETHER STAFF VIOLATED CDCR POLICY.). AND WAS REVIEWED AT THE THIRD LEVEL ON MAY 10, 2013, BY AN [U]NIDENTIFIED SOURCE. WHO DETERMINED THAT STAFF COMPLIED WITH THE REQUIRE-MENTS OF CDCR POLICY.

81. POOL AND LOZANO ALSO FAILED TO ADRESS AND TERMINATE THE [O]NGOING RETALIATION OFFENSES FROM COUNTS 2, 3, AND 4. CAUSING OTHERS TO INFLICT CONSTITUTIONAL INJURIES COUNT 5, CONTINUOUS RETALIATION. INDEED, POOL AND LOZANO VIOLATED MY U.S.8th, AND 14th AMENDMENTS CONSTITUTIONAL RIGHT, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT.

82. ON 6/22/12, I WAS DENIED ADEQUATE MEDICAL TREATMENT FOR MY GUN SHOT WOUNDS. I WAS SIMPLY PROVIDED FIRST AID TREATMENT BY AN UNKNOWN NURSE PRACTITIONER. WHO SAID SHE NEEDED TO SUTURE MY WOUND TO MY RIGHT KNEE. BUT BECAUSE I WAS MOVING TO MUCH FROM THE PAIN AS SHE FAIL TO PROPERLY NUMB MY WOUND. AND GIVE ME ADEQUATE PAIN MEDICATION, SHE SIMPLY GLUED MY GUNSHOT WOUNDS TO MY RIGHT KNEE. AND PATCHED UP THE OTHER

83. SHE PATCHED UP THE OTHER THREE WOUND TO MY BACK AND STOPPED THE BLEEDING. BUT FAILED TO NOTICE OR TREAT THE GUNSHOT WOUND TO MY BUTT.

84. INDEED, BY 7/3/12, THE GUN SHOT WOUNDS TO MY RIGHT KNEE HAD BECOME INFECTED. SO I WAS RUSHED TO ALVARADO HOSPITAL IN SAN DIEGO. WHERE I WAS TREATED BY A TEAM OF DOCTORS.

85. AN MRI REVEALED: "MARROW EDEMA AND CONTUSION IN POSTERIOR LATERAL FEMORAL CONDYLE. NO PATELLAR FRACTURE, BUT THERE IS MODERATE TO LARGE JOINT EFFU-SION. LOW SIGNAL INTENSITY WITHIN THE FLUID COLLECTION THAT MAY REPRESENT AIR LOCULES OR DEBRIS. FLUID INTENSITY TRACK EXTENDS FROM THE SKIN SURFACE INTO THE VASTUS MEDIALIS MUSCLE BELLY. PARTIAL TEAR OF THE QUADRICEPS TENDON PRESENT. DIFFUSE INTERSTITIAL HEMORRHAGE AND EDEMA WITHOUT FOCAL HEMATOMA, JOINT EFFUSION, AND BONE CONTUSION OF THE FEMUR AS DESCRIBED."

86. HENCE, I WAS PUT ON AN IV, AND PROVIDED ADEQUATE AND STRONG PAIN MEDICATION, AND ANTIBIOTICS TILL THE SWELLING (INFECTION) LEFT ME.

87. I WAS ALSO TREATED BY A PHYSICAL THERAPIST. WHO INFORMED ME THAT WITH ANY INJURY TO THE KNEE, THERE WILL ALWAYS BE PERMANENT STIFFNESS, PERMANENT DAMAGE.

88. POST DISCHARGED FROM ALVARADO, I WAS CONTINUED ON PAIN MEDICATION TYLENOL#3 WITH CODEINE. AND PHYSICAL THERAPY FOR SEVERAL MONTHS.

89. I WAS ALSO IN NEED OF CRUTCHES, A WALKER, AND A CANE, AS SUPPORT TO WALK FOR SEVER-AL MONTHS.

90. INDEED, I'M SUFFERING PERMANENT DAMAGE AND SCARRING, PHYSICAL, MENTAL (PTSD), AND EMOTIONAL DAMAGE FROM ALL SIX GUN SHOTS DEFENDANTS STAGED ON ME. MALICIOUS AND SADIST-IC, DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL PUNISHMENT. VIOLATING MY U.S.8th AMEND. CONSTITUTIONAL RIGHT.

91. I, SELVIN ORLANDO CARRANZA, PURSUANT TO 28U.S.C.1746, DECLARE UNDER PENALTY OF PER-JURY THE FACTS IN THIS COMPLAINT ARE TRUE TO MY KNOWLEDGE. AND FACTS STATED ON INFORMA-TION AND BELIEF, ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated: March 2, 2015,

Plaintiff, Selvin O. Carranza

CONTINUED FROM: "REQUEST FOR RELIEF" (I INCORPORATE BY REFERENCE PARAGRAPHS 1-91.).

5. NOMINAL DAMAGES FROM EACH DEFENDANT APPLICABLE.

6. GRAND JURY INVESTIGATION AND INDICTMENT OF DEFENDANTS FOR THE CRIMES COMMITTED AGAINST ME PURSUANT TO 18 U.S.C. §242 DEPRIVING ME OF FEDERAL CIVIL RIGHTS.

7. STATE WIDE INJUNCTION TO HAVE AN AGENCY, WITH ADEQUATELY TRAINED STAFF, INVESTIGA-TE [E]ACH CORRECTIONAL OFFICER'S CLAIMS OF INJURY, BEFORE COLLECTING WORKER.'S COMPEN-SATION. TO STOP THEM FROM CREATING VIOLENCE AGAINST US PRISONERS DEFRAUDING THE STATE.

8. INJUNCTION TO STOP MIKE JIMENEZ, AND CCPOA POLICY MAKERS FROM MAKING IT SO EASY FOR CORRECTIONAL OFFICERS/CCPOA MEMBERS AND TO COLLECT BENEFITS FROM CLAIMING INJURIES ON THE JOB. TO STOP THEM FROM CREATING VIOLENCE AGAINST US PRISONERS TO DEFRAUD THEIR OWN UNION FOR BENEFITS.

9. STATE WIDE INJUNCTION TO STOP THE HIRING OF CORRECTIONAL OFFICERS BASED ON VIO-LENCE. BUT TO [R]EDUCE CORRECTIONAL OFFICER.'S JOBS TO MEET THE 137.5% PRISONER.'S POPULATION.

10. STATE WIDE INJUNCTION TO STOP THE BUILDING OF MORE CORRECTIONAL FACILITIES. BUT TO INSTEAD, CLOSE DOWN PELICAN BAY SHU, CORCORAN SHU, TEHACHAPPI SHU, AND HIGH DESERT. AND REHABILITATE US PRISONERS BY ELIMINATING THE VIOLENCE BEING BROUGHT UPON US PRISON-ERS BY CORRECTIONAL OFFICERS THEMSELVES.

11. REFER MY CASE TO THE UNITED STATES ATTORNEY GENERAL'S OFFICE, THE DEPARTMENT OF JUSTICE, AND F.B.I., FOR THE PROSECUTION OF DEFENDANTS FOR THE CRIMES AND FEDERAL CIVIL RIGHTS, AND U.S. CONSTITUTIONAL RIGHTS VIOLATIONS AGAINST ME.

12. REFER MY CASE TO CONGRESS FOR A CONGRESSIONAL HEARING AND INVESTIGATION.

13. STATE WIDE INJUNCTION PREVENTING CCPOA REPRESENTATIVES/CORRECTIONAL OFFICERS FROM RETALIATING AGAINST ME ANY MORE, FOR PETITIONING THE GOVERNMENT FOR REDRESS OF GRIEVANCES, INCLUDING FILING THIS LAW SUIT.

14. APPOINT ME COUNSEL.

15. GRANT PLAINTIFF SUCH OTHER RELIEF AS IT MAY APPEAR PLAINTIFF IS ENTITLED TO.

SELVIN ORLANDO CARRANZA
CDCR# T-67780
KERN VALLEY STATE PRISON (KVSP)
P.O. BOX 5104
DELANO, CA., 93216

IN PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OD CALIFORNIA

SELVIN ORLANDO CARRANZA,
CDCR #T-67780,              Plaintiff,

          vs.

EDMUND G. BROWN JR., GOVERNOR OF THE
STATESOF CALIFORNIA, et al., DEFENDANTS
                              DEFENDANTS.

CIVIL NO.14cv 0773 GPV (BLM)

COMPLAINT UNDER THE CIVIL RIGHTS ACT
42 U.S.C. § 1983

EXHIBITS A-THROUGH-E.

"EXHIBITS A-THROUGH-E"

I:/CHAMBERS CURIEL/CIVIL-Odd/14cv0773

14cv0773 GPC (BLM)

# EXHIBIT-A

Referred
On Attached
Page #1

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC-128 C (8-87)

NAME and NUMBER          CARRANZA, SELVIN   T67780          CELL:   B6-208L

IP Carranza T67780 was evaluated on 6/20/12. He reported that he is feeling increasingly agitated by the presence of another inmate on the Group yard. He stated, "I asked him to keep his distance but he won't. I'm worried I might do something and I don't want to hurt anyone. I don't want to catch another case and get another SHU term. I just want to stay out of trouble." It is recommended that IP Carranza be considered for Walk Alone yard.

*R. McKnight Psy.D.*

R. McKnight, Psy.D.
Facility B MHSDS ASU / Bldg 6
RJDCF

ORIG. :  C-File
Cc    :  CC1
         ASU Sgt / Lt
         UHR
         Writer

DATE      6/21/12

# EXHIBIT-B

Referred
On Attached
Page #1

CDC 128 B (4/74)

NAME AND NUMBER ·        Ir  _  _ CARRANZA, S. T-67780, FB-06-  _ _L

On Friday, June 01, 2012, while performing my duties as Administrative Segregation Floor Officer. I was approached by Inmate CARRANZA, S. T-67780, FB-06-108L, that there were issues with other races on the Group Yard he was assigned to. Inmate CARRANZA also stated that he was ready to harm the other Inmates assigned to his yard, if their Homosexual activities continued in front of him on the Group Yard. There were also other comments made by other inmates on the group yard, overheard by the yard gunner, which supported the statements made to me by Inmate CARRANZA. I notified Inmate CARRANZA that he was to be placed on Yard Hold for TEN day or until his next Classification Committee meeting.

C/O N. Scherr
ASU Floor #2
RJDCF

DATE: 06/01/12

GENERAL CHRONO

# EXHIBIT-C

Referred
On Attached
Page # 2

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

CDC-804  SENT TO RECORDS BY:          DATE:

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-67780 | CARRANZA | | | R.J.D.C.P. | FC-14-139 | FC-12-048 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(d)(1) | BATTERY ON AN INMATE RESULTING IN THE USE OF FORCE | FC-14-106 | 02/17/12 | 1100 Hours |

CIRCUMSTANCES     On February 17, 2012 at approximately 1100 hours, while performing my duties as Housing Unit 14 Floor Officer, I heard the Housing Unit 14 alarm activated, and Correctional Officer Thong Housing Unit Control Booth Officer yell "get-down." I looked towards cell 106, and saw Inmate CARRANZA (T-67780, FC-14-139U), in the cell entrance of cell 106, kicking and punching Inmate AYALA (AB-2810, FC-14-106U), with great force and violence. I responded to the cell giving orders for Inmate CARRANZA to "get-down," and "stop fighting." I saw Inmate AYALA was holding onto the cell bunk attempting to deflect the kicking and punching hitting his body, not fighting back. Towards the back of the cell, I saw Inmate SOLACHE (P-54161, FC-14-106L), appearing dazed, attempting to stand up. Correctional Officer Lucero began spraying O.C. pepper spray towards Inmate CARRANZA. Inmate CARRANZA refused his orders to stop fighting, instead increased his intensity of punches towards Inmate AYALA who remained defensive, attempting to cover with his arms. I gave Inmate CARRANZA orders to "get-down, stop fighting," and struck CARRANZA with 3 forward strikes to the upper right back with my expendable baton. Inmate CARRANZA moved forward continued hitting and kicking Inmate AYALA with ever greater force to AYALA's entire body refusing to stop. I moved closer and struck Inmate CARRANZA with two reverse strikes with my expendable baton to his upper inner thigh on his right leg. Gaining compliance from Inmate

MHSDS: CCCMS     TABE: NTR          (CONTINUED ON PART C)

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. Dorn Correctional Officer | 2.22.12 | FC-14-Floor | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| J. Payne Correctional Sergeant | | DATE  N/A | LOC.  N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☐ SERIOUS | | | K. Reid, Facility C Captain | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT  CDC 115 A FORM |
|---|---|---|---|---|
| | C/O | 2.2.12 | | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| 0049 | | | | C/O | 2.2.12 | |

HEARING

REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| | | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|
| ▶ K. Reid, Facility C Captain | | ▶ E. Marrero, Associate Warden | | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
PAGE __2__ OF __2__

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-67780 | CARRANZA | FC-12-048 | R.J.D.C.F. | 02/17/12 |

| SUPPLEMENTAL | CONTINUATION OF: | [X] 115 CIRCUMSTANCES | HEARING | IE REPORT | OTHER _____ |
|---|---|---|---|---|---|

CARRANZA. CARRANZA knelt down on his knees, and with my orders backed out of the cell and laid on the dayroom floor as responding Staff arrived. Inmates AYALA, CARRANZA, and SOLACHE were then handcuffed and escorted to Facility "C" Program for interviews and medical evaluation. Inmate CARRANZA is aware of this report.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| D. Doxen Correctional Officer | 2-22-12 |

| [✓] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) C/O | DATE SIGNED 2-23-12 | TIME SIGNED 1000 |
|---|---|---|---|

CDC 115-C (5/95)

OSP 07 101947

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART C - STAFF REPORT

CDCR 837-C (REV. 10/06)

Page _1_ of _1_

INCIDENT LOG NUMBER: RJD C14-12-02-0049

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| THONG | DANNY | V | 02/17/2012 | 1100 |

| POST # 231782 ~~#20-6372~~ | POSITION H/N 14 control | YEARS OF SERVICE 5 YR. 0 MO. | DATE OF REPORT 02/17/2012 | LOCATION OF INCIDENT H/N 14 CELL 106 |
|---|---|---|---|---|

| RDO's M/T | DUTY HOURS 06-1400 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON INMATE ~~FOR~~ RESULTING USE OF FORCE | CCR SECTION / RULE 3005(d)(1) |
|---|---|---|---|

**YOUR ROLE**
- [x] PRIMARY
- [ ] RESPONDER
- [ ] WITNESS
- [ ] VICTIM
- [ ] CAMERA
- [ ] SCRIBE

WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)
LUCERO, J.      (S)
DOREN, D.      (S)

INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES)
CARRANZA T87780   (S)
SOLACHE P54161   (S)
AYALA  AB0810   (S)

- [x] N/A
- [ ] PHYSICAL
- [ ] CHEMICAL
- [ ] WEAPON
- [x] NONE

**FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE**

| PHYSICAL: | WEAPON | WARNING  EFFECT: | LAUNCHER: | EFFECT#: | CHEMICAL/ TYPE: |
|---|---|---|---|---|---|
| [ ] EXPANDABLE BATON | [ ] MINI 14 | | [ ] 37MM | | [ ] OC |
| [ ] RESTRAINT TECHNIQUES | [ ] .38 CAL | | [ ] L8 | | [ ] CN |
| [ ] HANDS | [ ] 9MM | | [ ] 40MM | | [ ] CS |
| [ ] FEET | [x] SHOTGUN | | [ ] 40 MM MULTI | | [ ] OTHER |
| | | | [ ] HFWRS | | |

**FORCE OBSERVED BY YOU**
- [x] PHYSICAL
- [x] CHEMICAL
- [ ] WEAPON
- [ ] NONE

- [ ] OTHER FORCE NOT LISTED ABOVE: _____

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|
| [x] N/A | [x] N/A | [x] Yes [ ] No | [x] Yes [ ] No |

**EVIDENCE COLLECTED BY**
- [ ] Yes
- [x] No

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|
| [x] N/A | [x] N/A | [ ] BODILY  [x] N/A<br>[ ] UNKNOWN<br>[ ] OTHER | [ ] Yes<br>[x] No |

**REPORTING STAFF INJURED**
- [ ] Yes
- [x] No

**NARRATIVE:**

ON FRIDAY, FEBRUARY 17, 2012, AT APPROXIMATELY 1100 HOURS, WHILE PERFORMING MY DUTY AS HOUSING UNIT 14 CONTROL BOOTH OFFICER, I OBSERVED INMATE CARRANZA CONVERSING WITH INMATE SOLACHE IN CELL 106. ALL OF A SUDDEN, INMATE SOLACHE ASSAULTED INMATE CARRANZA ON THE FACIAL AREA WITH CLINCHED FISTS. I TRIGGERRED THE PERSONAL ALARM DEVICE AND GAVE VERBAL ORDERS ON THE PA TO HAVE ALL INMATES GET DOWN. I THEN OPEN BOTH THE FRONT AND GRILL GATES FOR RESPONDING STAFFS AND I RESPONDED TO THE A SIDE WINDOW OF THE CONTROL BOOTH AREA WITH THE 40MM SINGLE LAUNCHER. I OBSERVED OFFICER LUCERO SPRAYED OC PEPPER SPRAY INSIDE CELL 106 AND OBSERVED OFFICER DOREN USING HIS STATE-ISSUED EXPANDABLE BATON WITH A FORWARD AND REVERSE STRICKE ON INMATE CARRANZA LOWER EXTREMITY. INMATE CARRANZA GOT DOWN IN A PRONE POSITION. WHEN RESPONDING STAFFS ARRIVED, INMATE SOLACHE, INMATE CARRANZA, AND INMATE AYALA WERE BEING HANDCUFFED AND WERE ESORTED OUT OF THE BUILDING.

- [x] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE CORRECTIONAL OFFICER | BADGE # 74048 | ID# 1414131 | DATE 02/17/2012 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT SIGNATURE) SGT. Bxxx | DATE RECEIVED 2/17/12 | APPROVED [ ] Yes [ ] No | CLARIFICATION NEEDED [ ] Yes [ ] No | DATE 2/17/12 |

# EXHIBIT-D

Referred On

Attached Page # 2

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS & REHABILITATION
CLASSIFICATION CHRONO, CDC-128G

| NAME: CARRANZA, S. | CDCR#: T67780 | HOUSING: 6-208L |
|---|---|---|

| RELEASE DATE | CUSTODY | CS | WG | PG | ANN REV | MHSDS | DDP/DPP |
|---|---|---|---|---|---|---|---|
| MEPD 02-08-2067 | MAX | 280 | D1 | D | 03-13 | CCCMS | NCF/N/A |

### COMMITTEE SUMMARY

ASU REVIEW/FOUND GUILTY RVR DATED 2-17-12, LOG# FC-12-048, BATTERY ON AN INMATE, 0 DAYS LOC/*ASSESS & IMPOSE 6 MONTH AGGRAVATED SHU TERM, MERD: 7-2-12/REVIEW FOR POSSIBLE INDETERMINATE SHU PLACEMENT—INDETERMINATE SHU TERM NOT ASSESSED/RETAIN ASU DUE TO ENEMY CONCERNS/REFER CSR FOR SHU AUDIT & TX, RX: LAC-IV (270/SNY), ALT: SVSP-IV (270/SNY)/APPROVE DOUBLE CELL HOUSING.*

### COMMITTEE DISCUSSION

Inmate CARRANZA (I/M) made a personal appearance before the Institution Classification Committee (ICC) for an ASU Review. I/M stated he was in good health and prepared to proceed with committee. 72 hours notice was provided. Inmate is a participant of the MHSDS Program.

**Level of care:** CCCMS. **DDP:** NCF. **Reading GPL:** 10.7. **DPP:** N/A. **BPH:** IPCH 01-2066. **CSRA:** Low (1). **PC2933:** No. **PC2933.05:** No. **IHC:** RE.

### ASU REASON:

I/M was placed in ASU on 02-17-12, after he entered cell 14-106 and Battered Inmate Ayala, AB2810 and Inmate Solache, P54161. On 4/30/12, I/M was issued a new 114D retaining him in ASU due to enemy concerns.

### STAFF ASSISTANT:

Mental Health (MH) staff described the I/M's treatment needs and likelihood of decompensation if retained in ASU. Refer to CDC 128-MH10 dated 6-7-12. MH staff noted that I/M is able to comprehend the issues at hand. The previous SA, J. ORTIZ, CC-I was not present at committee. CCII J. Heatherton was assigned as SA. I/M verbally waived 24 hours prior meet and confer with the SA and requested the hearing proceed. I/M has a reading score of 10.7 and indicated he does not need an SA. ICC unassigned the SA for future committees. Effective communication was achieved by speaking clearly and concisely, using simple language, with continuous prompts to the inmate to repeat, in his own words, his understanding of the issues presented.

### ICC DELIBERATION & ACTION:

I/M was charged with RVR, dated 2-17-12, Log # FC-12-048, for Battery on an Inmate. No serious injury resulted from the incident. This RVR has been adjudicated. I/M was found guilty, but no credit forfeiture due to a due procss error. This incident will not be referred to the District Attorney for possible criminal prosecution. The Senior Hearing Officer reviewed and considered the CDC 115-MH during the hearing. ICC also reviewed and considered the CDC 115-MH prior to taking an action in this case. It indicates I/M'S mental disorder does appear to have contributed to the behavior alleged in the RVR, and there are mental health factors the hearing officer should consider in assessing the penalty. Refer to CDC 115-MH for details. This RVR carries an expected 3 month SHU Term. ICC reviewed for aggravating and mitigating factors and noted a prior RVR dated 2-19-07 for Battery on a Peace Officer, which was within the last 5 years. No mitigating factors noted. *ICC acts to assess and impose a 6 month aggravated SHU Term with a MERD of 7-2-12.*

I/M is designated for SNY housing. As a result of the present RVR, I/M'S Placement Score increased from 270 to 280, Level IV. I/M meets criteria for iIndeterminate SHU Term due to more than 3 SHU Terms on his present CDCR number. Also, I/M meets criteria for 180 degree design housing due to SHU placement and RVR for assaultive behavior in an SNY facility within the last 3 years, Code Factors A-1 and B-1. ICC reviewed for possible Indeterminate SHU Term and also reviewed for possible 270 housing override. ICC notes I/M was received at RJD-IV (270/SNY) on a 270 override despite meeting 180 criteria, after having been released from Indeterminate SHU placement on 3-9-11. ICC notes there is only one 180 SNY institution, KVSP. I/M has enemies at both 180 SNY facilities at KVSP-IV. Further, I/M successfully programmed on a 270 facility at RJDCF since his arrival with no problems, except for the instant RVR. This offense appears to have been precipitated by the other inmates involved and was not necessarily indicative of a propensity for violence by I/M Carranza. This RVR indicated the reporting employee was interviewed during the hearing and stated he saw I/M Solache punch I/M Carranza first. Also, the incident may also have been precipitated in part by I/M Carranza having been given a bed move allegedly against his will at the behest of his former cellie, I/M Solache. I/M'S property had reportedly been removed from his cell and placed in the dayroom without I/M'S knowledge. ICC notes I/M Carranza was formerly assessed an Indeterminate SHU Term for excessive violence/disruptive behavior, but was eventually released from COR-SHU on 3-9-11, when ICC determined I/M'S propensity for violence had de-escalated and therefore I/M would be more suitably housed in an appropriate Level IV institution. ICC believes I/M would be able to successfully program in a 270 SNY facility. *ICC acts to not assess an Indeterminate SHU Term and approves I/M for 270 housing.*

Enemy concerns are noted as a result of the instant RVR. Those enemies are housed on Facility C, Level IV (270/SNY), and there are no other housing options available for I/M at RJDCF. I/M requires a gluten free diet per CDC 7410 dated 1-17-12, and is medium Risk Medical Risk. Previous placement options were limited by the dietary needs. However, gluten free diets are now available at many institutions. *Therefore, ICC acts to retain I/M in ASU pending endorsement and transfer. Case referred to the CSR for SHU audit and transfer, RX: LAC-IV (270/SNY), alternate: SVSP-IV (270/SNY). Transfer upon expiration of the MERD.* I/M continued on MAX Custody. WG/PD D1/D (no credit loss) efective 2-17-12. Transfer is adverse. Upon transfer, I/M will be CLO-B Custody and WG/PG A2/B.

### CASE FACTORS:

CDC forms 127, 840, 812 and 812-C have been updated. Confidential file noted and reviewed. Case Factors are noted on CDC 128-G dated 02-03-12, and remain appropriate with the exception of the following: Inmate is 30 years old, TB Code 32 per SOMS, as well as any actions noted in this committee.

### CELL STATUS:

ICC noted RVRs dated 1/5/03, 4/22/05, 3/2/06 and 11/14/08 for in-cell fighting. I/M was placed in ASU on 2/17/12 after he entered his formerly assigned cell and battered the two occupants. ICC elected to assign single cell status pending completion of the disciplinary action. The disciplinary process has now been completed and ICC notes that although this offense took place inside I/M'S former cell, it does not warrant single cell, based on the circumstances of the offense, as described above. The victim apparently started the violence, although I/M did Batter the victim after the victim had discontinued fighting. ICC also notes prior single cell housing due to pending psychiatric evaluation, threatening to assault cellies, and more recently, due to being the victim of an in-cell Battery, on 9-15-10. I/M does not have any current need for single cell housing. ICC acts to approve for double cell housing at this time. I/M was assigned RM-A yard.

**PARTICIPATION:**

The Use of Force policy was explained to I/M.  MHSDS staff did concur with the committee's decision.  Inmate CARRANZA
actively participated in today's hearing and stated he did understand the Committee's actions and was not in agreement.  RJD'
behavioral expectations and the inmate's right to appeal have been explained.  There are no other case concerns at this time.

**COMMITTEE MEMBERS**

E. Garcia, FC; E. Garza, FC (A); L. Munoz, CCIII (A); D. Saltzman,  Psychologist

Chairperson:  W. Suglich, CDW (A)                    Recorder:  R. Olson, CCII

DATE: 6-7-12                 (ro)              CLASSIFICATION:  ICC/CSR/ASU                    INSTITUTION:  RJDCF

# EXHIBIT- E

Referred On

Attached Page# 6

I/M

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDCR 837-A (REV. 10/06)

Page 1 of 10

| INCIDENT LOG NUMBER | INCIDENT DATE | INCIDENT TIME |
|---|---|---|
| COR-04A-10-06-0353 | 06/24/2010 | 11:58 |

| INSTITUTION | FACILITY | FACILITY LEVEL | INCIDENT SITE | LOCATION | PROGRAM | AD/SEG YARD | USE OF FORCE: |
|---|---|---|---|---|---|---|---|
| COR | 04A - Security Housing Unit | ☐ I  ☐ II ☐ RC  ☐ III ☑ IV | BUILDING 4A3R | EXERCISE YARD #1 | SHU | RM | Yes |

SPECIFIC CRIME / INCIDENT
Battery on an Inmate Resulting in Use of Force

☑ CCR  ☐ PC  ☐ N/A  NUMBER / SUBSECTION
3005-d1 Force or Violence

| D.A. REFERRAL ELIGIBLE | CRISIS RESPONSE TEAM ACTIVATED | MUTUAL AID | PIO/AA NOTIFIED |
|---|---|---|---|
| ☑ Yes  ☐ No | ☐ Yes  ☑ No | ☐ Yes  ☑ No | ☐ Yes  ☑ No |

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☐ N/A  1. INMATE | ☐ N/A  1. BATTERY ON INMATE    Other Desc: |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☑ N/A | ☑ N/A | ☐ N/A  1. 40 MM - XM 1006 SPONGE ROUND  #Warning: 0 #Effect: 19 #Chemical: 0  2. HFWRS -  #Warning: 0 #Effect: 0 #Chemical: 1 |

ESCAPES
☑ N/A

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A |

EXTRACTION:
☑ N/A

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)
On Thursday, June 24, 2010, at approximately 1158 hours, Inmates Barkacs, V-75306, 4A3R-56L and Covell, T-80430, 4A3R-54R committed and act of Battery on an Inmate resulting in the Use of Force when they battered inmate Carranza, T-67780, 4A3R-53L while on the Reintegrated Mixed Group Yard.  The 40mm and Hydroforce Water Restraint System was used to stop the fight.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID# | BADGE # |
|---|---|---|---|
| J. CALLOW | CORRECTIONAL LIEUTENANT | | |
| | PHONE EXT. INCIDENT SITE | | DATE |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

| | Page 2 of 10 | INCIDENT LOG NUMBER<br>COR-04A-10-06-0353 |
|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | 06/24/2010 | 11:58 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT ☐ SUPPLEMENTAL INFORMATION ☐ AMENDED INFORMATION ☐ CLOSURE REPORT

THIS WAS AN EMERGENCY USE OF FORCE

On Thursday, June 24, 2010, at approximately 1158 hours, Inmate Barkacs, V-75306, 4A3R-56L, Covell, T-80403, 4A4L-54R, and Inmate Carranza, T-67780, 4A3R-53L were involved in a Battery on a Inmate while on the exercise yard in 4A4L Yard #1. Specifically, Officer R. Hernandez; the assigned Yard Observation Officer, observed Inmates Barkacs and Covell approach Inmate Carranza and begin to strike Carranza with closed fists to the upper torso and head area. Inmate Carranza began to defend himself and eventually became the aggressor in the incident using his feet, kicking both inmates Barkacs and Covell in the head several times throughout the incident. Officer Hernandez utilized his state issued 40mm, shooting 19 times while aiming at Zone 1, attempting to gain compliance from the combatants to stop the incident. Each time he fired he ordered all the inmates to stop fighting with negative results. Officer Hernandez was aided by the Control Booth Officer V. Cathey who used the Hydro-force Water Restraint System (Water Cannon) discharging one burst from the Water Cannon striking the combatants with water mixed with Oleoresin Capsicum Pepper Spray. At this time the combatants stopped fighting, separated, and assumed a prone position on the yard until removed from the yard by responding staff without incident. The three combatants were removed from the yard by responding staff placing them in the B and C section showers for decontamination with cool running water. Inmate Carranza was placed in 'B' section lower shower. Inmates Barkacs was placed in 'C' section upper shower and inmate Covell was placed in 'C' section lower shower for decontamination. Following decontamination all three inmates were medically examined by LVN's T. Lack and T. Davis noting several injuries on all inmates involved resulting from the fight and the use of the 40mm. A subsequent search of the exercise yard proved negative for any weapon.

The crime scene was processed by Investigative Services Unit Officers O. Magallanes who photographed the injuries of the inmates and D Grimsley who collected and processed the video evidence of the exercise yard. All three inmates were referred to the John D. Klarich Memorial Hospital for additional medical treatment where they were treated and released back to their assigned housing without incident.

This report is a compilation of the involved staff members' written and verbal accounts of this incident.

SUSPECTS:
Inmate Barkacs, V-75306, 4A3R-56L, is a White inmate with no documented association to any known disruptive group. Inmate Barkacs is a patient in the Mental Health Delivery Services System at the CCCMS level of care.

Inmate Covell, T-80403, 4A3R -54R, is a White inmate with no documented association to any known disruptive group. Inmate Covell is a patient in the Mental Health Delivery Services System at the CCCMS level of care.

Inmate Carranza T-67780, 4A3R -53L, is a Hispanic inmate with no documented association to any known disruptive group. Inmate Carranza is a patient in the Mental Health Delivery Services System at the CCCMS level of care.

USE OF FORCE:
Officer R. Hernandez utilized his state issued 40mm launcher; serial number 22997, aiming at Zone 1, striking Barkacs, Covell, and Carranza multiple times in various positions on the body as noted on the 7219 Medical Report of Injury or Unusual Occurrence form 7219.

ESCORTS:
Officers J. Gonsalves and M. Jackson provided all escorts for the combatants as described in their individual reports.

CRIME SCENE/EVIDENCE:
The crime scene was the 4A4L Exercise Yard #1. The crime scene was processed by Investigative Services Unit Officers O. Magallanes who photographed the injuries of the inmates and D Grimsley who collected and processed the video evidence of the exercise yard and placed the evidence into ISU Sub-evidence room, locker #7.

☑ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE: | ID# | BADGE # |
|---|---|---|---|

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

DV-1.5.4

## CRIME / INCIDENT REPORT
### PART A1 - SUPPLEMENT
CDCR 837-A1 (REV. 10/06)

| | | INCIDENT LOG NUMBER |
|---|---|---|
| | Page 3 of 10 | COR-04A-10-06-0353 |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | 06/24/2010 | 11:58 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

MEDICAL/MENTAL HEALTH EVALUATIONS:

LVN T. Lack and T. Davis completed medical evaluations on all three inmates as listed:

LVN T. Lack completed a Medical Report of Injury or Unusual Occurrence, form 7219, on inmate Barkacs, V-75306, 4A3R-56L noting the following injuries:
(1) Scratch to right side of the neck
(2) Shot injury mark on the upper back by shoulder blades
(1) Shot injury mark on left hand located at web between thumb and fore finger
(1) Shot injury mark on the left side of buttocks - waist level
(1) Shot injury mark on right thigh

LVN T. Davis completed a Medical Report of Injury or Unusual Occurrence, form 7219, on inmate Covell, T-80430, 4A3R-54R noting the following injuries:
(1) Abrasion/Scratch on right side of neck
(1) Swollen area located in groin area
(1) Bruised discolored are right thigh
(1) Shot injury area on inner right thigh above the knee
(2) Swollen areas below right knee and shin
(1) Bruised discolored area on right shin
(1) Abrasion/Scratch on right ankle
(1) Reddened area on wrist of left hand
(3) Shot injuries on (2) upper left thigh and (1) left shin
(1) Swollen area on back of neck
(2) Swollen area with Abrasion/Scratch on right upper shoulder with (1) Shot injury located on right upper back
(1) Scratch/Abrasion on right elbow area
(2) Swollen areas located on right rear thigh and lower calf

LVN T. Lack completed a Medical Report of Injury or Unusual Occurrence, form 7219, on inmate Carranza, T-67780, 4A3R-53L noting the following injuries:
Active bleeding from the nose
(1) Scratch/Abrasion to right knee area
(1) Scratch/Abrasion to left knee area
(1) Shot injury area located on left upper arm
(1) Scratch/Abrasion to left elbow
(1) Shot injury area located on upper left arm
(1) Shot injury area located on right lower back at waist area
(2) Abrasion/Scratch on right rear arm next to elbow
(1) Skin Flap on right foot

All three inmates were subsequently escorted to the John D. Klarich Memorial Hospital for further medical evaluation. There was NO Serious Bodily Injury as a result of this incident.

NOTIFICATIONS:
This matter will be referred to the Kings County District Attorney's for possible prosecution. All administrative staff was informed of this incident, the news media was not. All procedural requirements were met.

CONCLUSION:
There were no staff or uninvolved inmates injured. There was no damage to state property as a result of this incident. Inmate Barkacs, Covell, and Carranza will be receiving serious rules violation reports, for violating California Code of Regulations, Title 15, Section 3005 (d) (1), for the specific act of "Battery on an Inmate resulting in the Use of Force".

☑ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID# | BADGE # |

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART A1 - SUPPLEMENT
CDCR 837-A1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

| Page 4 of 10 | INCIDENT LOG NUMBER COR-04A-10-06-0353 |
|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | 06/24/2010 | 11:58 |

TYPE OF INFORMATION:
[✓] SYNOPSIS/SUMMARY OF INCIDENT   [ ] SUPPLEMENTAL INFORMATION   [ ] AMENDED INFORMATION   [ ] CLOSURE REPORT

Inmate Barkacs was cleared for re-housing and was placed back in his original housing. Inmate Covell was cleared for re-housing and was placed back in his original housing. Inmate Carranza was cleared for re-housing and was placed back in his original housing. Due to enemy concerns subsequent to this incident, Inmate Carranza will be re-located to a different cell and different section or housing unit.

Investigative Services Unit Captain C. Rodriguez, contacted the Administrative Officer of the Day for the Bureau of Independent Review and Office of Internal Affairs regarding this incident.

You will be apprised of any further developments via supplemental reports.

This incident report reviewed by:

T. A. Variz
Captain, 4A Facility

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE: | ID# | BADGE # |
|---|---|---|---|

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDCR 837-B1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

Page 5 of 10

| INSTIUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | COR-04A-10-06-0353 |

## INMATE (ENTIRE SHEET)

| NAME: LAST BARKACS | FIRST JAMES | MI R. | CDC # V-75306 | SEX M | ETHNICITY WHI | FBI #: | | CII # |
|---|---|---|---|---|---|---|---|---|
| PARTICIPANT SUSPECT | CLASS SCORE 172 | PVRTC NO | DATE REC'D BY CDC 04/14/2005 | DATE REC'D BY INST 12/13/2006 | ANTICIPATED RELEASE DATE - | RELEASE Date Type LWOP | EXTRACTION NO | DOB 08/30/1985 | HOUSING 4A3R-56L |
| CURRENT INMATE LEVEL IV | ☐ N/A ☑ CCCMS ☐ EOP ☐ DMH ☐ MHCB ☐ DDP ☐ DPP | | COMMITMENT OFFENSE REFER TO C-FILE | | | | COUNTY OF COMMITMENT SAN DIEGO | | |

☐ N/A    DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE
- (1) Scratch to right side of the neck
- (2) Shot injury mark on the upper back by shoulder blades
- (1) Shot injury mark on left hand located at web between thumb and fore finger
- (1) Shot injury mark on the left side of buttocks - waist level
- (1) Shot injury mark on right thigh (Injury Locations: 1. NECK Cause: MUTUAL. - 2. RIGHT SHOULDER - STAFF - 40 MM 3. LEFT HAND - STAFF - 40 MM 4. BUTTOCKS - STAFF - 40 MM 5. RIGHT THIGH - STAFF - 40 MM)

| ☐ N/A   ☑ TREATED AND RELEASED | ☐ HOSPITALIZED | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|
| ☐ DECEASED DATE | ☐ REFUSED TREATMENT   ☐ N/A | JOHN D. KLARICH MEMORIAL HOSPITAL |

| Reason For Death: | Is There ASCA Seious Injur ☑ N/A | PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|---|
| | ◉ No   ○ Yes | | |

| NAME: LAST CARRANZA | FIRST SELVIN | MI NMI | CDC # T-67780 | SEX M | ETHNICITY HIS | FBI #: | | CII # |
|---|---|---|---|---|---|---|---|---|
| PARTICIPANT VICTIM | CLASS SCORE 246 | PVRTC NO | DATE REC'D BY CDC 09/24/2002 | DATE REC'D BY INST 07/06/2007 | ANTICIPATED RELEASE DATE 02/08/2067 | RELEASE Date Type MEPD | EXTRACTION NO | DOB 06/27/1981 | HOUSING 4A3R-53L |
| CURRENT INMATE LEVEL IV | ☐ N/A ☑ CCCMS ☐ EOP ☐ DMH ☐ MHCB ☐ DDP ☐ DPP | | COMMITMENT OFFENSE REFER TO CENTRAL FILE | | | | COUNTY OF COMMITMENT LOS ANGELES | | |

☐ N/A    DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE
- Active bleeding from the nose
- (1) Scratch/Abrasion to right knee area
- (1) Scratch/Abrasion to left knee area
- (1) Shot injury area located on left upper arm
- (1) Scratch/Abrasion to left elbow
- (1) Shot injury area located on upper left arm

| ☐ N/A   ☑ TREATED AND RELEASED | ☐ HOSPITALIZED | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|
| ☐ DECEASED DATE | ☐ REFUSED TREATMENT   ☐ N/A | JOHN D. KLARICH MEMORIAL HOSPITAL |

| Reason For Death: | Is There ASCA Seious Injur ☑ N/A | PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|---|
| | ◉ No   ○ Yes | | |

| NAME: LAST COVELL | FIRST JACK | MI NMI | CDC # T-80430 | SEX M | ETHNICITY WHI | FBI #: | | CII # |
|---|---|---|---|---|---|---|---|---|
| PARTICIPANT SUSPECT | CLASS SCORE 131 | PVRTC NO | DATE REC'D BY CDC 01/27/2003 | DATE REC'D BY INST 06/30/2008 | ANTICIPATED RELEASE DATE 02/16/2014 | RELEASE Date Type EPRD | EXTRACTION NO | DOB 02/28/1983 | HOUSING 4A3R-54R |
| CURRENT INMATE LEVEL IV | ☐ N/A ☑ CCCMS ☐ EOP ☐ DMH ☐ MHCB ☐ DDP ☐ DPP | | COMMITMENT OFFENSE REFER TO C-FILE | | | | COUNTY OF COMMITMENT SAN JOAQUIN | | |

☐ N/A    DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE
- (1) Abrasion/Scratch on right side of neck
- (1) Swollen area located in groin area
- (1) Bruised discolored are right thigh
- (1) Shot injury area on inner right thigh above the knee
- (2) Swollen area below right knee and shin
- (1) Bruised discolored area on right shin

| ☐ N/A   ☑ TREATED AND RELEASED | ☐ HOSPITALIZED | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|
| ☐ DECEASED DATE | ☐ REFUSED TREATMENT   ☐ N/A | JOHN D. KLARICH MEMORIAL HOSPITAL |

| Reason For Death: | Is There ASCA Seious Injur ☑ N/A | PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|---|
| | ◉ No   ○ Yes | | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)

DV-1.5.4

Page 6 of 10

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | COR-04A-10-06-0353 |

### STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| CALLOW | J. | NMI | CORRECTIONAL LIEUTENANT | M | WHI | S/M |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| INCIDENT COMMANDER | | | 280180 | 4A FACILITY LIEUTENANT |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY          ☑ N/A          ☐ TREATED AND RELEASED          USED FORCE          PROCESSED EVIDENCE
☐ REFUSED TREATMENT   ☐ HOSPITALIZED          ☐ Yes  ☑ No          ☐ Yes  ☑ No
Reason For Death          ☐ DECEASED DATE          TYPE OF FORCE:
Is There ASCA Serious Injury   ⊙ No  ○ Yes

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| HUBBARD | J. | | CORRECTIONAL SERGEANT | M | WHI | W/TH |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| RESPONDER | | | 280387 | 4A4 BUILDING SERGEANT |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY          ☑ N/A          ☐ TREATED AND RELEASED          USED FORCE          PROCESSED EVIDENCE
☐ REFUSED TREATMENT   ☐ HOSPITALIZED          ☐ Yes  ☑ No          ☐ Yes  ☑ No
Reason For Death          ☐ DECEASED DATE          TYPE OF FORCE:
Is There ASCA Serious Injury   ⊙ No  ○ Yes

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| CATHEY | V. | | CORRECTIONAL OFFICER | M | WHI | M/T |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| PRIMARY | | | 283521 | 4A3R CONTROL BOOTH |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY          ☑ N/A          ☐ TREATED AND RELEASED          USED FORCE          PROCESSED EVIDENCE
☐ REFUSED TREATMENT   ☐ HOSPITALIZED          ☑ Yes  ☐ No          ☐ Yes  ☑ No
Reason For Death          ☐ DECEASED DATE          TYPE OF FORCE:
Is There ASCA Serious Injury   ⊙ No  ○ Yes          HFWRS

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

Page 7 of 10

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | COR-04A-10-06-0353 |

### STAFF (ENTIRE SHEET)

| NAME: LAST GALIMORE | FIRST B. | MI | TITLE CORRECTIONAL OFFICER | SEX M | ETHNICITY WHI | RDO'S S/S |
|---|---|---|---|---|---|---|

| PARTICIPANT RESPONDER | BADGE # | ID # | POST ASSIGN # 283467 | POSITION 4A2L FLOOR OFFICER #2 |
|---|---|---|---|---|

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A
☐ REFUSED TREATMENT
☐ DECEASED DATE

☐ TREATED AND RELEASED
☐ HOSPITALIZED

Is There ASCA Serious Injury  ⦿ No  ◯ Yes

USED FORCE ☐ Yes ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE ☐ Yes ☑ No

| NAME: LAST GONSALVES | FIRST J. | MI E. | TITLE CORRECTIONAL OFFICER | SEX M | ETHNICITY WHI | RDO'S M/T |
|---|---|---|---|---|---|---|

| PARTICIPANT RESPONDER | BADGE # | ID # | POST ASSIGN # 283528 | POSITION 4A3R FLOOR OFFICER #2 |
|---|---|---|---|---|

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A
☐ REFUSED TREATMENT
☐ DECEASED DATE

☐ TREATED AND RELEASED
☐ HOSPITALIZED

Is There ASCA Serious Injury  ⦿ No  ◯ Yes

USED FORCE ☐ Yes ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE ☐ Yes ☑ No

| NAME: LAST GRIMSLEY | FIRST D. | MI J. | TITLE CORRECTIONAL OFFICER | SEX M | ETHNICITY WHI | RDO'S S/S/H |
|---|---|---|---|---|---|---|

| PARTICIPANT RESPONDER | BADGE # | ID # | POST ASSIGN # 272402 | POSITION SQUAD OFFICER #3 |
|---|---|---|---|---|

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A
☐ REFUSED TREATMENT
☐ DECEASED DATE

☐ TREATED AND RELEASED
☐ HOSPITALIZED

Is There ASCA Serious Injury  ⦿ No  ◯ Yes

USED FORCE ☐ Yes ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE ☑ Yes ☐ No

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

Page 8 of 10

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | COR-04A-10-06-0353 |

### STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| HERNANDEZ | R. | NMI | CORRECTIONAL OFFICER | M | HIS | S/S |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| PRIMARY | | | 283523 | 4A3R YARD OBSERVATION |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A <br> ☐ REFUSED TREATMENT <br> ☐ DECEASED DATE | ☐ TREATED AND RELEASED <br> ☐ HOSPITALIZED | USED FORCE <br> ☑ Yes   ☐ No <br> TYPE OF FORCE: | PROCESSED EVIDENCE <br> ☐ Yes   ☑ No |
|---|---|---|---|---|
| Reason For Death | Is There ASCA Serious Injury   ◉ No   ○ Yes | | 40 MM | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| JACKSON | M. | | CORRECTIONAL OFFICER | F | HIS | F/S |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| RESPONDER | | | 283505 | 4A3L FLOOR OFFICER #1 |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A <br> ☐ REFUSED TREATMENT <br> ☐ DECEASED DATE | ☐ TREATED AND RELEASED <br> ☐ HOSPITALIZED | USED FORCE <br> ☐ Yes   ☑ No <br> TYPE OF FORCE: | PROCESSED EVIDENCE <br> ☐ Yes   ☑ No |
|---|---|---|---|---|
| Reason For Death | Is There ASCA Serious Injury   ◉ No   ○ Yes | | | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| MAGALLANES | O. | V. | CORRECTIONAL OFFICER | M | HIS | S/S/H |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| CAMERA | | | 272400 | SQUAD OFFICER #1 |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A <br> ☐ REFUSED TREATMENT <br> ☐ DECEASED DATE | ☐ TREATED AND RELEASED <br> ☐ HOSPITALIZED | USED FORCE <br> ☐ Yes   ☑ No <br> TYPE OF FORCE: | PROCESSED EVIDENCE <br> ☑ Yes   ☐ No |
|---|---|---|---|---|
| Reason For Death | Is There ASCA Serious Injury   ◉ No   ○ Yes | | | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

# CRIME / INCIDENT REPORT
## PART B2 - STAFF
CDCR 837-B2 (REV. 10/06)

Page 9 of 10

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | COR-04A-10-06-0353 |

STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| WOODLEY | R. | S. | CORRECTIONAL OFFICER | M | HIS | S/M |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| RESPONDER | | | 283509 | 4A3L FLOOR OFFICER #2 |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A
☐ REFUSED TREATMENT
☐ DECEASED DATE
☐ TREATED AND RELEASED
☐ HOSPITALIZED

Is There ASCA Serious Injury   ⦿ No   ◯ Yes

USED FORCE   ☐ Yes   ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE   ☐ Yes   ☑ No

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| DAVIS | T. | | LICENSED VOCATIONAL NUR | F | WHI | S/S |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| OBSERVER, MED | | | 28-4052 | 4A FACILITY LVN DESK #2 |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A
☐ REFUSED TREATMENT
☐ DECEASED DATE
☐ TREATED AND RELEASED
☐ HOSPITALIZED

Is There ASCA Serious Injury   ⦿ No   ◯ Yes

USED FORCE   ☐ Yes   ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE   ☐ Yes   ☑ No

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| LACK | T. | | LICENSED VOCATIONAL NUR | F | WHI | V/ARIED |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| OBSERVER, MED | | | 4A LVN DESK #3 | 4A FACILITY LVN DESK #3 |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A
☐ REFUSED TREATMENT
☐ DECEASED DATE
☐ TREATED AND RELEASED
☐ HOSPITALIZED

Is There ASCA Serious Injury   ⦿ No   ◯ Yes

USED FORCE   ☐ Yes   ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE   ☐ Yes   ☑ No

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

**CRIME / INCIDENT REPORT**
**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)

Page 10 of 10

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| COR | 04A - SECURITY HOUSING UNIT | COR-04A-10-06-0353 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| RODRIGUEZ | C. | | CORRECTIONAL CAPTAIN | M | HIS | S/S/H |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| RESPONDER | | | ISU CAPTAIN | I SU CAPTAIN |

☑ N/A    DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A    NAME/ LOCATION OF HOSP/ FACILITY

☑ N/A
☐ REFUSED TREATMENT
☐ DECEASED DATE
☐ TREATED AND RELEASED
☐ HOSPITALIZED

USED FORCE
☐ Yes  ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE
☐ Yes  ☑ No

Reason For Death

Is There ASCA Serious Injury  ● No  ○ Yes

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C-STAFF REPORT**
CDCR 837-C (REV. 10/06)

PAGE 1 OF 2

| INCIDENT LOG NUMBER |
|---|
| COR-04A-10-06-0353 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| HUBBARD | J | R | 6/24/2010 | 1158 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 280387 | 4A2 SERGEANT | 4 yrs 11 mo | 6/24/2010 | 4A3R EXERSICE YARD #1 |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| T/W | 0600-1400 | BATTERY ON AN INMATE RESULTING IN USE OF FORCE | 3005 (d)(1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, 0-OHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) R. WOODLEY  C/O | (S) T. DAVIS  LVN | (S) BARKACS  V-75306 |
| ☒ RESPONDER | (S) V. CATHEY  C/O | (S) T. LACK  LVN | (S) COVELL  T-80430 |
| ☐ WITNESS | (S) R. HERNANDEZ  C/O | | (V) CARANZA  T67780 |
| ☐ VICTIM | (S) J. GONZALVES  C/O | | |
| ☐ CAMERA | (S) M. JACKSON  C/O | | |
| ☐ SCRIBE | | | |

| ☐ N/A | | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | |
|---|---|---|---|---|---|---|

| | PHYSICAL: | WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT# | CHEMICAL /TYPE : |
|---|---|---|---|---|---|---|---|
| ☐ PHYSICAL | ☐ EXPANDABLE BATON | ☐ MINI 14 | ___ | ___ | ☐ 37MM | ___ | ☐ OC ___ |
| ☐ CHEMICAL | ☐ RESTRAINT | ☐ 38 CAL | ___ | ___ | ☐ L8 | ___ | ☐ CN ___ |
| ☐ WEAPON | TECHNIQUES | ☐ 9 MM | ___ | ___ | ☐ 40MM | ___ | ☐ CS ___ |
| ☒ NONE | ☐ HANDS | ☐ SHOTGUN | ___ | ___ | ☐ 40 MULTI | ___ | ☐ OTHER ___ |
| | ☐ FEET | | | | ☐ HFWRS | ___ | |

FORCE OBSERVED BY YOU:
| ☐ PHYSICAL |
| ☐ CHEMICAL |
| ☐ WEAPON |
| ☒ NONE |

☐ OTHER FORCE NOT LISTED ABOVE: _____

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | ☒ N/A | ☒ N/A | ☐ YES | ☐ YES |
| ☒ NO | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | ☒ N/A | ☒ N/A | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | | | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER_____ | |

**NARRATIVE:**

On June 24, 2010, at approximately 1158 hours I responded to a personal alarm in 4A3R. Upon arrival I was informed by staff of a yard fight that occurring on the 4A3R exercise yard #1. After all inmates complied with staff orders and maintained a prone position, I instructed Correctional Officer R. Woodley to enter the 4A3R control booth to assist with recalling both exercise yards. I was informed that the yard fight involved two suspects and one victim. I conducted a visual inspection of the Yard Sallyport and instructed Correctional Officers V. Cathey, R. Hernandez, and R. Woodley to order the victim to enter. Inmate Carranza, T-667780, 4A3R-53L entered the sallyport, I ordered Carranza to submit to an unclothed body search and assigned Correctional Officers J. Gonsalves and M. Jackson to escort Inmate Carranza to the rotunda area for a medical evaluation then to the "B" section holding cell. I conducted a visual inspection of the Yard Sallyport and instructed control booth staff to order one of the suspects to enter the sallyport. Inmate Covell, T-80430, 4A3R-54R entered and complied with my orders submit to an unclothed body search.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| J.R. Hubbard | Sergeant | | | 6/24/10 |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1-SUPPLEMENTAL**
CDCR 837-C1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | | |
|---|---|---|
| PAGE 2 OF 2 | INCIDENT LOG NUMBER COR-04A-10-06-0353 | |

| NAME: LAST HUBBARD | FIRST J | MI |
|---|---|---|

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT  ☐ CLARIFICATION OF REPORT  ☐ ADDITIONAL INFORMATION

NARRATIVE:
I instructed Officers Gonsalves and Jackson to escort Inmate Covell to the rotunda are for a medical evaluation then to place him in the rotunda holding cell. I conducted a visual inspection of the Yard Sallyport and instructed control booth staff to order the second suspect to enter. Inmate Barkacs, V-75306, 4A3R-56L entered the sallyport. Barkacs submitted to an unclothed body search and was escorted by Officers Gonsalves and Jackson to the rotunda area for a medical evaluation and was placed in the rotunda holding cell adjacent to Inmate Barkacs. I insured that holding cell logs were initiated and medical evaluations were completed with Licensed Vocational Nurses T. Davis and T. Lack documenting their findings on a CDCR 7219 Medical Report of Injury or Unusual Occurrence. I was informed by staff that the Hydro Force Water Restraint System was unitized with a mixture of water and O.C. Pepper Spray. I asked Inmates Carranza, Barkacs, and Covell if they were in need of decontamination. All three inmates stated they were in needed decontamination. I instructed Officers Gonsalves and Jackson to place Inmate Carranza in the "B" section lower shower. Upon completion of Carranza's escort I instructed Officers Gonsalves and Jackson to escort Inmate Barkacs to the "C" section upper and Inmate Covell to the "C" lower shower. Upon completion of the decontamination process all inmates were returned to their original holding cells. A systematic yard recall was completed by responding staff. Inmates Carranza, Barkacs, and Covell were photographed by ISU officers and escorted to John D. Klarich Memorial Hospital for further medical treatment. Inmates Carranza, Barkacs, and Covell were eventually re-hosed in their assigned cells.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C-1

| SIGNATURE OF REPORTING STAFF J.R. Hubbard | TITLE Sergeant | BADGE # | ID# | DATE 06/24/10 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C-STAFF REPORT**
CDCR 837-C (REV. 10/06)

PAGE 1 OF 2

INCIDENT LOG NUMBER
COR-04A-10-06-0353

| NAME: LAST HERNANDEZ | FIRST R | MI | INCIDENT DATE 6/24/2010 | INCIDENT TIME 1158 Hours |
|---|---|---|---|---|

| POST # 283523 | POSITION 4A3R YARD GUNNER | YEARS OF SERVICE 19 yrs 4 mo | DATE OF REPORT 6/24/2010 | LOCATION OF INCIDENT 4A3R EXERCISE YARD #1 |
|---|---|---|---|---|

| RDO'S S/S | DUTY HOURS 0800-1600 | DESCRIPTION OF CRIME / INCIDENT BATTERY ON AN INMATE W/O WEAPON RESULTING IN USE OF FORCE | CCR SECTION / RULE 3005 (d) (1) |
|---|---|---|---|

**YOUR ROLE**

☒ PRIMARY
☐ RESPONDER
☐ WITNESS
☐ VICTIM
☐ CAMERA
☐ SCRIBE

WITNESSES (PREFACE S-STAFF, V-VISITOR, 0-OHER)
(S) V. CATHEY  C/O
(S) R. WOODLEY C/O

INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)
(S) COVELL T-80430
(S) BARKACS V-75306
(V) CARRANZA T-67780

**FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE**

☐ N/A

☐ PHYSICAL
☐ CHEMICAL
☒ WEAPON
☐ NONE

PHYSICAL:
☐ EXPANDABLE BATON
☐ RESTRAINT TECHNIQUES
☐ HANDS
☐ FEET

| WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT#: |
|---|---|---|---|---|
| ☐ MINI 14 | | | ☐ 37MM | |
| ☐ 38 CAL | | | ☐ L8 | |
| ☐ 9 MM | | | ☒ 40MM | 19 ROUNDS |
| ☐ SHOTGUN | | | ☐ 40 MULTI | |
| | | | ☐ HFWRS | |

CHEMICAL /TYPE :
☐ OC
☐ CN
☐ CS
☐ OTHER

**FORCE OBSERVED BY YOU**
☐ PHYSICAL
☒ CHEMICAL
☐ WEAPON
☐ NONE

☐ OTHER FORCE NOT LISTED ABOVE: _____

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER_____ | ☐ YES ☒ NO |

**NARRATIVE:**
On June 24, 2010 at approximately 1158 hours, during the 4A3R yard recall, yard number 2, I observed inmates Covell T-80430 4A3R 54R, and Barkacs V-75306 4A3R 56L, fighting with inmate Carranza T-67780 4A3R 53L on group yard number 1. I yelled "get down", activated my personal alarm, I grabbed my state issued 40mm gas gun, (D22997) returned to the window and yelled " get down", with negative results. I aimed my 40mm at inmate Covells left calf (zone 1) fired striking Covell, they continued fighting. I reloaded and aimed at Covells right calf (zone 1) striking him, they continued fighting. I reloaded and aimed at Barkacs right leg (zone 1) striking him in the upper right back shoulder area, they continued fighting. I reloaded and aimed at Barkacs right thigh (zone 1) striking him, they continued fighting. I reloaded aimed at Carranza's right buttocks (zone 1) striking him in his lower right back, they continued fighting. Due to the continued fighting I called to my control booth Officer V Cathey that I needed help.   I reloaded my 40mm aimed it at Covell striking him in (zone 1) right inside thigh, they continued fighting.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF R. HERNANDEZ | TITLE C/O | BADGE # | ID# | DATE 6/24/2010 |
|---|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED 6-25-2010 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 6-25-2010 |
|---|---|---|---|---|

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT
PART C1-SUPPLEMENTAL**
CDCR 837-C1  (REV. 10/06)

r  RTMENT OF CORRECTIONS AND REHABILITATION

| PAGE 2 OF 2 | INCIDENT LOG NUMBER COR-04A-10-06-0353 | | MI |
| --- | --- | --- | --- |

| NAME: LAST HERNANDEZ | FIRST R | | |
| --- | --- | --- | --- |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT       ☐ CLARIFICATION OF REPORT       ☐ ADDITIONAL INFORMATION

NARRATIVE:
I reloaded and aimed at Covells right hip (zone 1), but due to the continued movement I struck Covell on the upper right back shoulder area, they continued fighting. I reloaded and aimed at Barkacs fired and missed, they continued fighting. I reloaded aimed at Barkacs striking him (zone 1) inside right thigh, they continued to fight. I called to the control booth officer I need more rounds, I need help. The fight continued, I reloaded aimed at Carranza's right buttocks (zone 1), but due to his movement I struck him on the lower right back. I reloaded aimed at Covells left thigh (zone 1) but due to his movement I struck Covell high and inside his left thigh, they continued fighting. I reloaded aimed a Barkacs, fired and missed, they continued to fight. I reloaded aimed at Carranza fired and missed, reloaded aimed at Barkacs fired and missed, reloaded aimed at Covells left thigh (zone 1) due to his movement I struck him on the left wrist, they continued fighting. I reloaded aimed at Covell striking him on his right knee (zone 1), they continued fighting. Officer Cathey placed five more rounds within reach. I reloaded my 40mm aimed at Covell fired and missed. I reloaded and instructed Cathey to use the Hydro Force Water Restraint System (HFWRS), he fired one burst from the HFWRS which caused the inmates to separate, but Covell appeared to be following Carranza so I fired at Covells left upper thigh (zone 1), but due to movement I struck Covell on the inside upper thigh. The affect of the HFWRS and the 40mm caused the desired effect all three inmates laid down in the prone position. With the assistants of Officer Woodley operating the yard sally port door, inmate Carranza was removed from the yard. Followed by Inmate Covell, then inmate Barkacs. Then the remaining unaffected inmates were removed from the yard with no further incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C-1

| SIGNATURE OF REPORTING STAFF R. HERNANDEZ | TITLE C/O | BADGE # | ID# | DATE 6/24/2010 |
| --- | --- | --- | --- | --- |
| NAME AND TITLE OF REVIEWER  (PRINT / SIGNATURE) | DATE  RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C-STAFF REPORT
CDCR 837-C (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

PAGE _1_ OF _2_

INCIDENT LOG NUMBER
COR-04A-10-06-0353

| NAME: LAST Cathey | FIRST V | MI D | INCIDENT DATE 6-24-10 | INCIDENT TIME 1158 |
|---|---|---|---|---|

| POST # 283521 | POSITION 4A3R Control Booth | YEARS OF SERVICE 4 years 0 months | DATE OF REPORT 6-24-10 | LOCATION OF INCIDENT 4A3R Yard One (1) |
|---|---|---|---|---|

| RDO'S M,T | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT Battery on Inmate resulting in the use of force | CCR SECTION / RULE 3005 (d1) |
|---|---|---|---|

**YOUR ROLE**
- [X] PRIMARY
- [X] RESPONDER
- [ ] WITNESS
- [ ] VICTIM
- [ ] CAMERA
- [ ] SCRIBE

**WITNESSES (PREFACE S-STAFF, V-VISITOR, 0-OHER)**
(S) R. Hernandez C/o
(S) R.S. Woodley C/o

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**
(S) Barkaes V-75326
(S) Covell T-80430
(W) Carranza T-67783

- [ ] N/A

**FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE**

- [ ] PHYSICAL
- [X] CHEMICAL
- [ ] WEAPON
- [ ] NONE

**PHYSICAL:**
- [ ] EXPANDABLE BATON
- [ ] RESTRAINT TECHNIQUES
- [ ] HANDS
- [ ] FEET

| WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT#: | CHEMICAL /TYPE : |
|---|---|---|---|---|---|
| [ ] MINI 14 | | | [ ] 37MM | | [ ] OC |
| [ ] 38 CAL | | | [ ] L8 | | [ ] CN |
| [ ] 9 MM | | | [ ] 40MM | | [ ] CS |
| [ ] SHOTGUN | | | [ ] 40 MULTI | | [ ] OTHER |
| | | | [X] HFWRS | | |

**FORCE OBSERVED BY YOU**
- [ ] PHYSICAL
- [ ] CHEMICAL
- [X] WEAPON
- [X] NONE

- [ ] OTHER FORCE NOT LISTED ABOVE: _____

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| [ ] YES [X] NO | [X] N/A | [X] N/A | [ ] YES [X] NO | [ ] YES [X] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
|---|---|---|---|---|
| [ ] YES [X] NO | [X] N/A | [X] N/A | [ ] BODILY [X] N/A [ ] UNKNOWN [ ] OTHER | [ ] YES [X] NO |

**NARRATIVE:**

On June 24, 2010 at approximately 1158 hours while performing my duties as 4A3R Control Booth Officer, during the morning yard recall, Officer R. Hernandez 4A3R Yard Gunner activated his personal alarm, while giving verbal orders for the inmates on the yard to get down. I heard multiple shots fired from his 40 mm launcher, while continuing to give direct orders for the inmates to get down. I opened the yard and hall doors for responding staff to enter. At this time Officer Hernandez said he needed help, while continuing to fire his 40mm launcher. Officer Hernandez said he needed more 40mm rounds as he continued to fire his 40mm launcher, due to the inmates

[X] CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF | TITLE C/o | BADGE # | ID# | DATE 6-24-10 |
|---|---|---|---|---|

STATE OF CALIFORNIA                                                RTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1-SUPPLEMENTAL**
CDCR 837-C1 (REV. 10/06)

PAGE 2 OF 2

INCIDENT LOG NUMBER
COR-04A-10-06-0353

NAME: LAST
Cathey

FIRST
✓

MI
D

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

NARRATIVE:

not responding to his direct orders to get down. As I relinquished five more 40mm rounds to Officer Hernandez, I observed three inmates, later identified as inmate Carranza (T-67780) 4A3R 53L, Covell (T-80430) 4A3R 54B, and Barkacs (V-75306) 4A3R 56L, fighting on the yard while all other inmates were proned out. I requested for responding staff to retrieve additional 40mm rounds from 4A3L. As Officer Hernandez continued to fire his 40mm launcher, he again said I need help, as I arrived to the window were Hernandez was shooting, he instructed me to utilize the Hydro Force Water Restraint System (HFWRS). I aimed the HFWRS at the three inmates who were still fighting on the yard, while Officer Hernandez continued to fire his 40mm launcher. I used one burst from the HFWRS which had the desired effect, at this time I heard Officer Hernandez fire one more round from his 40mm launcher. All inmates complied with staff's orders to get down. Officer R.S. Woodley responded to the 4A3R control booth to assist with the yard recall. All inmates were removed from the yard and rehoused with no further incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C-1

SIGNATURE OF REPORTING STAFF
V. Cathey

TITLE
C/O

BADGE #

ID#

DATE
6-24-10

DATE RECEIVED            APPROVED            CLARIFICATION            DATE

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (REV. 10/06)

Page 1 of 1

INCIDENT LOG NUMBER
COR-04A-10-06-0353

| NAME: LAST Gallemore | FIRST ▓▓▓▓ | MI C | INCIDENT DAT 06-24-10 | INCIDENT TIME 1158 |
|---|---|---|---|---|

| POST # 283467 | POSITION 4A2L FL 2 | YEARS OF SERVICE 15 YR. 11 MO. | DATE OF REPORT 06-24-10 | LOCATION OF INCIDENT 4A3R |
|---|---|---|---|---|

| RDO's S/S | DUTY HOURS 2200-0600 | DESCRIPTION OF CRIME / INCIDENT Battery on inmate without a weapon resulting in use of force | CCR SECTION / RULE 3005(D)(1) |
|---|---|---|---|

### YOUR ROLE
- [x] PRIMARY
- [x] RESPONDER
- [ ] WITNESS
- [ ] VICTIM
- [ ] CAMERA
- [ ] SCRIBE

WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)

(S) Sgt J HUBBARD
(S) V CATHEY 56
(S) R HERNANDEZ 56
(S) R WOODLEY 56

INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESSES)

(S) BARKACS V-75306
(S) COVELL T-80430
(V) CARRANZA T-67780

### FORCE USED BY YOU
- [x] WEAPON
- [ ] PHYSICAL
- [ ] CHEMICAL
- [x] NONE

FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE

- [x] N/A

FORCE:
- [ ] EXPANDABLE BATON
- [ ] PHYSICAL FORCE
- [ ] X10

WEAPON
- [ ] MINI 14
- [ ] .38 CAL
- [ ] 9MM
- [ ] SHOTGUN

WARNING EFFECT:

LAUNCHER:
- [ ] 37MM
- [ ] LB
- [ ] 40MM
- [ ] 40 MM MULTI
- [ ] HFWRS

EFFECT#:

CHEMICAL/ TYPE:
- [x] N/A
- [ ] OC
- [ ] CN
- [ ] CS
- [ ] OTHER

### FORCE OBSERVED BY YOU
- [ ] WEAPON
- [ ] PHYSICAL
- [ ] CHEMICAL
- [x] NONE

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|
| [x] N/A | [x] N/A | [ ] Yes [x] No | [ ] Yes [x] No |

### EVIDENCE COLLECTED BY
- [ ] Yes
- [x] No

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|
| [x] N/A | [x] N/A | [ ] BODILY [ ] UNKNOWN [ ] OTHER____ [x] N/A | [ ] Yes [x] No |

### REPORTING STAFF INJURED
- [ ] Yes
- [x] No

NARRATIVE:

ON 6-24-10 at APPROXIMATELY 1215 HOURS I WAS WORKING 4A2L, I RESPONDED TO A ALARM AT 4A3R. SGT HUBBARD [CATHEY struck through] REQUESTED THAT I RELIEVE CORRECTIONAL OFFICER WOODLEY IN THE CONTROL BOOTH WHO WAS ASSISTING IN THE YARD RECALL. I TOOK OVER CONTROL OF THE YARD SALLEY, REMOVING THE REMAINING UNINVOLVED INMATES OFF THE YARD. ONCE COMPLETED, MY ASSITANCE WAS NO LONGER NEEDED I RETURNED TO MY ASSIGNED BUILDING. THIS IS MY INVOLVEMENT IN THIS INCIDENT.

[ ] CHECK IF NARRATIVE IS CONTINUED ON PART C1

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CRIME / INCIDENT REPORT
PART C-STAFF REPORT
CDCR 837-C (REV. 10/06)

| PAGE 1 OF 1 | INCIDENT LOG NUMBER COR-04A-10-06-0353 |
|---|---|

| NAME: LAST Gonzalves | FIRST J. | MI E. | INCIDENT DATE 6/24/2010 | INCIDENT TIME 1158 Hours |
|---|---|---|---|---|

| POST # 283528 | POSITION 4A3L Floor #2 | YEARS OF SERVICE 12 yrs 6 mo | DATE OF REPORT 6/24/2010 | LOCATION OF INCIDENT Building 4A3R Yard #1 |
|---|---|---|---|---|

| RDO'S M/T | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT Battery on an Inmate Resulting in the Use of Force | CCR SECTION / RULE 3005 (d)(1) |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, 0-OHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) Gonsalves, J. C/O | (V) I/M Carranza T-67780 |
| ☒ RESPONDER | (S) Hubbard, J. Sgt. | (S) I/M Covell T-80430 |
| ☐ WITNESS | | (S) I/M Barkacs V-75306 |
| ☐ VICTIM | | |
| ☐ CAMERA | | |
| ☐ SCRIBE | | |

☒ N/A

FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE

| | PHYSICAL: | WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT#: | CHEMICAL /TYPE : |
|---|---|---|---|---|---|---|---|
| ☐ PHYSICAL | ☐ EXPANDABLE BATON | ☐ MINI 14 | ___ | ___ | ☐ 37MM | ___ | ☐ OC |
| ☐ CHEMICAL | ☐ RESTRAINT | ☐ 38 CAL | ___ | ___ | ☐ L8 | ___ | ☐ CN |
| ☐ WEAPON | TECHNIQUES | ☐ 9 MM | ___ | ___ | ☐ 40MM | ___ | ☐ CS |
| ☒ NONE | ☐ HANDS | ☐ SHOTGUN | ___ | ___ | ☐ 40 MULTI | ___ | ☐ OTHER |
| | ☐ FEET | | | | ☐ HFWRS | | |

| FORCE OBSERVED BY YOU |
|---|
| ☐ PHYSICAL |
| ☐ CHEMICAL |
| ☐ WEAPON |
| ☒ NONE |

☐ OTHER FORCE NOT LISTED ABOVE: ___

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER | ☐ YES ☒ NO |

NARRATIVE:
On June 24, 2010 at approximately 1158 hours, I responded to a personal alarm in 4A3R yard #1. Correctional Officer M. Jackson and I were directed to escort the combatants as they were coming off the yard by Correctional Sergeant J. Hubbard. C/O Jackson and I escorted Inmate Carranza T-67780, 4A3R-53L to the rotunda area for a medical evaluation. Upon completion of the medical evaluation, Carranza was placed in "B" section holding cell. Jackson and I then escorted Inmate Covell T-80430, 4A3R-54R to the rotunda holding cell for a medical evaluation. I along with Jackson then escoted Inmate Barkacs V-75306, 4A3R-56R to the remaining rotunda holding cell for a medical evaluation. Sgt. Hubbard then instructed Jackson and me to decontaminate Carranza, Covell and Barkacs to "B" and "C" section showers. Officer Jackson and I escorted Carranza to "B" section lower shower from the "B" section holding cell. I removed Carranza's handcuffs and allowed him to decontaminate himself. Jackson and I exited "B" section and went to the rotunda holding cell. We escorted Covell to "C" section lower shower. I removed his handcuffs and allowed him to decontaminate himself. Jackson and I exited "C" section and enter the rotunda once again. We removed Barkacs from the rotunda holding cell and escorted him into "C" section upper shower. I removed his handcuffs and allowed him to decontaminate himself. Jackson and I returned to "B" section lower shower and removed Carranza from the shower and escorted him into "B" section rotunda holding cell. Jackson and I returned to "C" section lower shower, removed Covell and escorted him into the rotunda holding cell. Finally, Jackson and I returned to "C" setion upper shower, removed Barkacs and escorted him into the rotunda holding cell. This concludes my involvement into this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF *Go JE Gonsalves* | TITLE C/O | BADGE # | ID# | DATE 6/24/10 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT /SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |

STATE OF CALIFORNIA
DEPAR...NT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C-STAFF REPORT
CDCR 837-C  (REV. 10/06)

PAGE 1 OF 1

INCIDENT LOG NUMBER
COR-03A-10-06-0353

| NAME: LAST Grimsley | FIRST D. | MI J. | INCIDENT DATE 06-24-10 | INCIDENT TIME 1158 |
|---|---|---|---|---|

| POST # 272402 | POSITION Security Squad  # 3 | YEARS OF SERVICE 06 YEARS 7 MONTHS | DATE OF REPORT 06-25-10 | LOCATION OF INCIDENT 4A3R Yard #1 |
|---|---|---|---|---|

| RDO'S S/S/H | DUTY HOURS 0800-1600 | DESCRIPTION OF CRIME / INCIDENT Battery on an inmate resulting in the use of force | CCR SECTION / RULE 3005 (d) (1) | ☐ N/A |
|---|---|---|---|---|

**YOUR ROLE**

☐ PRIMARY
☒ RESPONDER
☐ WITNESS
☐ VICTIM
☒ CAMERA
☐ SCRIBE

**WITNESSES** (PREFACE S-STAFF, V-VISITOR, O-OHER)

(S) O. Magallanes

**INMATES** (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)

| (S) Carranza | T-67780 |
| (S)Covell | T-80430 |
| (S)Barakacs | V-75306 |

**FORCE USED BY YOU**

☐ N/A
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

**FORCE OBSERVED BY YOU**

☐ N/A
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

**FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE**

☒ N/A
FORCE:

☐ EXPANDABLE BATON
☐ PHYSICAL FORCE
☐ X-10

| WEAPON | WARNING | EFFECT |
|---|---|---|
| ☐ MINI 14 | ___ | ___ |
| ☐ 38 CAL | ___ | ___ |
| ☐ 9 MM | ___ | ___ |
| ☐ SHOTGUN | ___ | ___ |

LAUNCHER
☐ 37MM ___
☐ L8 ___
☐ 40MM ___
☐ 40 MULTI ___
☐ HFWRS ___

N/A

CHEMICAL /TYPE :
☒ N/A
☐ OC ___
☐ CN ___
☐ CS ___
☐ OTHER ___

| EVIDENCE COLLECTED  BY | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES ☐ NO | ☒ DG01: Compact disc containing video recording. | ☒ Processed into the ISU Sub Evidence Room Locker #7. | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF  INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER ___ | ☐ YES ☒ NO |

On Thursday June 25, 2010, at approximately 1300 hours, 4A staff requested the assistance from the Investigative Services Unit (ISU) due to a riot that occurred in Housing Unit 4A3R Exercise Yard #1. Upon my arrival to 4A3R I was informed Inmate Carranza, T-67780, 4A3R cell 53, was involved in an altercation with inmates Covell, T80430, and Barakacs, V-75306. After being informed of the incident I proceeded to the 4A3R control booth and assumed the task of downloading video footage of the yard fight from the 4A3R Digital Video Recorder (DVR) on to a compact disc.

Upon completion of recording the video footage I returned to the ISU Office and labeled the compact disc as evidence item DG01. I processed evidence item DG01 into the ISU Sub Evidence Room Locker #7.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF D Grimsley | TITLE C/O | BADGE # | ID# | DATE 06 25 10 |
|---|---|---|---|---|

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CRIME / INCIDENT REPORT
## PART C-STAFF REPORT
CDCR 837-C (REV. 10/06)

PAGE 1 OF 1

INCIDENT LOG NUMBER
COR-04A-10-06-0353

| NAME: LAST Jackson | FIRST M. | MI | INCIDENT DATE 6/24/2010 | INCIDENT TIME 1158 Hours |
|---|---|---|---|---|

| POST # 283505 | POSITION 4A3L Floor #1 | YEARS OF SERVICE 15 yrs 7 mo | DATE OF REPORT 6/24/2010 | LOCATION OF INCIDENT Building 4A3R Yard #1 |
|---|---|---|---|---|

| RDO'S F/S | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT Battery on an Inmate Resulting in the Use of Force | CCR SECTION / RULE 3005 (d)(1) |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, 0-OHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) Gonsalves, J. C/O | (V) I/M Carranza T-67780 |
| ☒ RESPONDER | (S) Hubbard, J. Sgt. | (S) I/M Covell T-80430 |
| ☐ WITNESS | | (S) I/M Barkacs V-75306 |
| ☐ VICTIM | | |
| ☐ CAMERA | | |
| ☐ SCRIBE | | |

☒ N/A

FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE

| | PHYSICAL: | WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT#: | CHEMICAL /TYPE : |
|---|---|---|---|---|---|---|---|
| ☐ PHYSICAL | ☐ EXPANDABLE BATON | ☐ MINI 14 | ___ | ___ | ☐ 37MM | ___ | ☐ OC ___ |
| ☐ CHEMICAL | ☐ RESTRAINT | ☐ 38 CAL | ___ | ___ | ☐ L8 | ___ | ☐ CN ___ |
| ☐ WEAPON | TECHNIQUES | ☐ 9 MM | ___ | ___ | ☐ 40MM | ___ | ☐ CS ___ |
| ☐ NONE | ☐ HANDS | ☐ SHOTGUN | ___ | ___ | ☐ 40 MULTI | ___ | ☐ OTHER ___ |
| | ☐ FEET | | | | ☐ HFWRS | | |

FORCE OBSERVED BY YOU
☐ PHYSICAL
☐ CHEMICAL
☐ WEAPON
☒ NONE

☐ OTHER FORCE NOT LISTED ABOVE: _____

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A ☐ UNKNOWN ☐ OTHER_____ | ☐ YES ☒ NO |

NARRATIVE:
On June 24, 2010 at approximately 1158 hours, I responded to a personal alarm in 4A3R yard #1. Upon my arrival Sergeant J. Hubbard instructed Correctional Officer J. Gonsalves and myself to escort Inmate Carranza T-67780, 4A3R-53L to the rotunda area to be medically evaluated by the License Vocational Nurse (LVN) T. Lack. Upon completion of the evaluation we escorted Carranza to the "B" section holding cell. We then escorted Inmate Covell T-80430, 4A3R-54R from the yard sally port to the rotunda area to be medically evaluated by LVN T. Davis. Upon completion we escorted Covell to the rotunda holding cell. We then escorted Inmate Barkacs V-75306, 4A3R-56R from the yard sallyport to the rotunda area to be medically evaluated by LVN T. Lack. Upon completion we escorted Barkacs to the rotunda holding cell. Sgt. Hubbard instructed us to escort Carranza, Covell and Barkacs to "B" and "C" section showers for decontamination. We escorted Carranza to "B" lower shower, removed his handcuffs and allowed him to decontaminate. We exited the section and escorted Covell to "C" section lower shower, removed his handcuffs and allowed him to decontamintate. We exited the section removed Barkacs from the rotunda holding cell and escorted him to "C" section upper shower. Barkacs handcuffs were removed and allowed him to decontaminate. Officer Gonsalves and I returned back to "B" section lower shower, removed Carranza from the shower and escorted him to the "B" section holding cell. We returned to "C" section lower shower, handcuffed Covell and escorted him to the rotunda holding cell. We returned to "C" section upper shower and removed Barkacs from the shower and escorted him to the rotunda holding cell. This concludes my involvement into this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF *M. Jackson* | TITLE C/O | BADGE # ▓▓▓ | ID# ▓▓▓ | DATE 6/24/10 |
|---|---|---|---|---|

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C-STAFF REPORT**
CDCR 837-C  (REV. 10/06)

DEP/   /ENT OF CORRECTIONS AND REHABILITATION

PAGE 1 OF 3

| INCIDENT LOG NUMBER |
| --- |
| COR-04A-10-06-0353 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- | --- |
| MAGALLANES | O. | V. | 6-24-10 | 1150 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
| --- | --- | --- | --- | --- |
| 272400 | SQUAD # 1 | 12 YRS. 2 MONTHS | 6-25-10 | Housing Unit 4A3R Exercise Yard # 1 |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | |
| --- | --- | --- | --- |
| S/S/H | VARY | Battery on an Inmate Resulting in the Use of Force | CCR SECTION / RULE 3005 (d)(1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, 0-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
| --- | --- | --- |
| ☐ PRIMARY<br>☒ RESPONDER<br>☐ WITNESS<br>☐ VICTIM<br>☒ CAMERA<br>☐ SCRIBE | (s) D. Grimsley | (s) Covell   T-80430<br>(s) Barkacs   V-75306<br>(s) Carranza  F-67780 |

☒ N/A

FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE

| | | WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT#: | CHEMICAL / TYPE: |
| --- | --- | --- | --- | --- | --- | --- | --- |
| ☐ PHYSICAL<br>☐ CHEMICAL<br>☐ WEAPON<br>☐ NONE | **PHYSICAL:**<br>☐ EXPANDABLE BATON<br>☐ RESTRAINT TECHNIQUES<br>☐ HANDS<br>☐ FEET | ☐ MINI 14<br>☐ 38 CAL<br>☐ 9 MM<br>☐ SHOTGUN | | | ☐ 37MM<br>☐ L8<br>☐ 40MM<br>☐ 40 MULTI<br>☐ HFWRS | | ☐ OC<br>☐ CN<br>☐ CS<br>☐ OTHER |

**FORCE OBSERVED BY YOU**
☐ PHYSICAL
☐ CHEMICAL
☐ WEAPON
☒ NONE

☐ OTHER FORCE NOT LISTED ABOVE: _____

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- | --- |
| ☒ YES<br>☐ NO | ☒<br>OM01 Compact disc containing photographs. | ☒<br>Processed into ISU Sub-Evidence Room, Locker # 7. | ☐ YES<br>☒ NO | ☐ YES<br>☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
| --- | --- | --- | --- | --- |
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A<br>☐ UNKNOWN<br>☐ OTHER_____ | ☐ YES<br>☒ NO |

**NARRATIVE:**
On June 24, 2010, at approximately 1300 hours, Facility 4A staff requested assistance from the Investigative Services Unit (ISU) due a "Battery on an Inmate Resulting in the Use of Force" that occurred in Housing Unit 4A3R Exercise Yard # 1.  I proceeded to Housing Unit 4A3R and observed inmates Covell, T-80430, and Barkacs, V-75306, in the Rotunda Holding Cells.  Housing Unit staff informed me that inmates Covell, Barkacs and Carranza, F-67780, were involved in the incident.  Inmate Carranza had also been removed from the exercise yard and placed in "B" Section Holding Cell.  I assumed the task of photographing all three (3) inmates and Exercise Yard # 1.

**The following is a list of photographs I took:**

Frame 1: A photograph of inmate Covell, T-80430, with a name card.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
| --- | --- | --- | --- | --- |
| | C/O | | | 6-25-10 |

| NAME AND TITLE OF REVIEWER   (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| | 6-25-10 | ☒ YES ☐ NO | ☐ YES ☒ NO | |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT
PART C1-SUPPLEMENTAL**
CDCR 837-C1 (REV. 10/06)

⬛RTMENT OF CORRECTIONS AND REHABILITATION.

| | |
|---|---|
| PAGE 2 OF 3 | INCIDENT LOG NUMBER |
| | COR-04A-10-06-0353 |

| NAME: LAST | FIRST | MI |
|---|---|---|
| MAGALLANES | O. | V. |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

NARRATIVE:

Frame 2: Overall front view of inmate Covell.
Frame 3: Overall view of inmate Covell's right leg with injuries.
Frame 4: Overall view of inmate Covell's right leg with injuries.
Frame 5: Mid-range view of inmate Covell's right leg with injuries.
Frame 6: Overall view of inmate Covell's back.
Frame 7: Overall view of inmate Covell's right triceps area with discoloration.
Frame 8: Overall view of inmate Covell's upper back with an injury.
Frame 9: Overall view of inmate Covell's lower back.
Frame 10: Overall view of inmate Covell's left leg with an injury.
Frame 11: Overall view of inmate Covell's left leg with an injury.
Frame 12: Overall view of inmate Covell's stomach area.
Frame 13: A photograph of inmate Barkacs, V-75306, with a name card.
Frame 14: Overall front view of inmate Barkacs.
Frame 15: Overall view of inmate Barkacs' neck area with injuries.
Frame 16: Overall view of inmate Barkacs' neck area with injuries.
Frame 17: Overall right side view of inmate Barkacs.
Frame 18: Overall view of suspected blood stains on inmate Barkacs' boxer shorts.
Frame 19: Overall view of inmate Barkacs' right leg with an injury.
Frame 20: Overall back view of inmate Barkacs with injuries to his back.
Frame 21: Overall view of inmate Barkacs' back with injuries.
Frame 22: Overall view of inmate Barkacs left hip area with an injury.
Frame 23: Mid-range view of inmate Barkacs left hip area with an injury.
Frame 24: Overall view of inmate Barkacs' left elbow with an injury.
Frame 25: Overall view of inmate Barkacs' hands.
Frame 26: Overall view of inmate Barkacs' hands.
Frame 27: Overall view of inmate Barkacs' right hand.
Frame 28: Overall view of inmate Barkacs' left knee with an injury.
Frame 29: A photograph of inmate Carranza, F-67780, with a name card.
Frame 30: Overall view of inmate Carranza's right rib cage area with an injury.
Frame 31: Close up view of inmate Carranza's right rib cage area with an injury.
Frame 32: Overall view of inmate Carranza's back.
Frame 33: Overall view of inmate Carranza's right arm with discoloration.
Frame 34: Overall view of inmate Carranza's legs and feet.
Frame 35: Overall view of inmate Carranza's knees with injuries.
Frame 36: Overall view of inmate Carranza's feet with injuries.
Frame 37: Overall view of inmate Carranza's feet with injuries.
Frame 38: Overall view of inmate Carranza's right foot with an injury.

☒ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C-1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| | C/O | ▬▬▬ | ▬▬▬ | 6-25-10 |
| NAME AND TITLE OF REVIEWER   (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION | DATE |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**CRIME / INCIDENT REPORT**
**PART C-STAFF REPORT**
CDCR 837-C (REV. 10/06)

PAGE _1_ OF _1_

| INCIDENT LOG NUMBER |
| --- |
| COR-04A-10-06-0053 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- | --- |
| WOODLEY | ▉▉▉▉ | S | 6-24-10 | 1158 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
| --- | --- | --- | --- | --- |
| 283509 | YA3CFLRF2 | 17 yrs 1 month | 6-24-10 | YA3R EXERCISE YARD #1 |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
| --- | --- | --- | --- |
| S/M | 0600-1400 | BATTERY ON INMATE RESULTING IN USE OF FORCE | 3005(d)(1) |

**YOUR ROLE**

- [ ] PRIMARY
- [x] RESPONDER
- [ ] WITNESS
- [ ] VICTIM
- [ ] CAMERA
- [ ] SCRIBE

| WITNESSES (PREFACE S-STAFF, V-VISITOR, 0-OHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
| --- | --- |
| (S) A. WOODLEY SC RW | (V) COVELL T-80430 |
| (S) J. HUBBARD SGT. | (S) BARKACS V-75306 |
|  | (W) CARRANZA T-67780 |

[x] N/A

**FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE**

- [ ] PHYSICAL
- [ ] CHEMICAL
- [ ] WEAPON
- [ ] NONE

**PHYSICAL:**
- [ ] EXPANDABLE BATON
- [ ] RESTRAINT TECHNIQUES
- [ ] HANDS
- [ ] FEET

| WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT# | CHEMICAL /TYPE : |
| --- | --- | --- | --- | --- | --- |
| [ ] MINI 14 | | | [ ] 37MM | | [ ] OC |
| [ ] 38 CAL | | | [ ] L8 | | [ ] CN |
| [ ] 9 MM | | | [ ] 40MM | | [ ] CS |
| [ ] SHOTGUN | | | [ ] 40 MULTI | | [ ] OTHER |
| | | | [ ] HFWRS | | |

**FORCE OBSERVED BY YOU**
- [ ] PHYSICAL
- [ ] CHEMICAL
- [ ] WEAPON
- [x] NONE

[ ] OTHER FORCE NOT LISTED ABOVE: _____

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- | --- |
| [ ] YES [x] NO | [x] N/A | [x] N/A | [ ] YES [x] NO | [ ] YES [x] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
| --- | --- | --- | --- | --- |
| [ ] YES [x] NO | [x] N/A | [x] N/A | [ ] BODILY [x] N/A [ ] UNKNOWN [ ] OTHER___ | [ ] YES [ ] NO |

**NARRATIVE:**

ON 6-24-10 WHILE PERFORMING MY DUTIES AS YA3L FLOOR OFFICER
#2, I RESPONDED TO AN ALARM IN YA3R. I WAS INSTRUCTED TO
GO UPSTAIRS BY SGT J. HUBBARD YA3 SGT, TO GO UPSTAIRS TO
ASSIST IN RECALLING THE INMATES FROM YARDS 1 AND 2 IN
YA3R UTILIZING THE YARD SALLYPORT CONTROL PANEL IN THE
CONTROL BOOTH OF YA3R. THE VICTIM WAS BROUGHT IN FIRST AND
REMOVED FROM THE SALLYPORT. NEXT THE ASSAILIANTS WERE
BROUGHT IN ONE AT A TIME INTO THE SALLYPORT AND REMOVED. I
WAS RELIEVED BY RESPONDING STAFF WHO BROUGHT IN THE REMAINING
INMATES. THIS CONCLUDES MY INVOLVEMENT IN THIS INCIDENT.

[ ] CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
| --- | --- | --- | --- | --- |
| _A. D. Woodley_ | C/O | ▉▉▉▉ | ▉▉▉▉ | 6-24-10 |

STATE OF CALIFORNIA

DEP/     'ENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C-STAFF REPORT**
CDCR 837-C  (REV. 10/06)

PAGE _1_ OF _1_

| INCIDENT LOG NUMBER |
| --- |
| COR-04A-10-06-0353 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- | --- |
| RODRIGUEZ | C. | | 06/24/2010 | 1158 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
| --- | --- | --- | --- | --- |
| | ISU CAPTAIN | 23 | 06/25/2010 | 4A4L YARD #1 |

| RDO'S | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
| --- | --- | --- | --- |
| SSH | 0730-1630 | BATTERY ON AN INMATE RESULTING IN UOF | 3005(d)(1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, 0-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
| --- | --- | --- |
| ☐ PRIMARY<br>☒ RESPONDER<br>☐ WITNESS<br>☐ VICTIM<br>☐ CAMERA<br>☐ SCRIBE | (s) HERNANDEZ, R<br>(S) CATHEY, V | (S) BARKACS, V75306<br>(S) COVELL, T80403<br>(S) CARRANZA, T67780 |

☒ N/A

FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE

| | | WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT#: | CHEMICAL /TYPE : |
| --- | --- | --- | --- | --- | --- | --- | --- |
| ☐ PHYSICAL<br>☐ CHEMICAL<br>☐ WEAPON<br>☐ NONE | PHYSICAL:<br>☐ EXPANDABLE BATON<br>☐ RESTRAINT<br>TECHNIQUES<br>☐ HANDS<br>☐ FEET | ☐ MINI 14<br>☐ 38 CAL<br>☐ 9 MM<br>☐ SHOTGUN | | | ☐ 37MM<br>☐ L8<br>☐ 40MM<br>☐ 40 MULTI<br>☐ HFWRS | | ☐ OC<br>☐ CN<br>☐ CS<br>☐ OTHER |

| FORCE OBSERVED BY YOU |
| --- |
| ☐ PHYSICAL<br>☐ CHEMICAL<br>☐ WEAPON<br>☒ NONE |

☐ OTHER FORCE NOT LISTED ABOVE: _____

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- | --- |
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ YES<br>☐ NO | ☐ YES<br>☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 /3067 COMPLETED |
| --- | --- | --- | --- | --- |
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A<br>☐ UNKNOWN<br>☐ OTHER_____ | ☐ YES<br>☒ NO |

NARRATIVE:

On Friday, June 25, 2010, at approximately 0941 hrs, I notified Senior Special Agent Jeff Finch, Office of Internal Affairs (OIA) of this incident. On Friday, June 25, 2010, at approximately 0949 hrs, I notified Bob Barton, Administrative Officer of the Day (AOD) for the Bureau of Independent Review (BIR) of this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C-1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
| --- | --- | --- | --- | --- |
| | CAPTAIN | | | 06/25/10 |

| NAME AND TITLE OF REVIEWER  (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| | 6-25-10 | ☒ YES ☐ NO | ☐ YES ☒ NO | 6-25-10 |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| CSATCOR | 4A3R | USE OF FORCE · INJURY / UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | | 6/24/10 |

| THIS SECTION FOR INMATE ONLY | NAME LAST Barias | FIRST | CDC NUMBER V75306 | HOUSING LOC. 4A3R56 | NEW HOUSING LOC NA |
| THIS SECTION FOR STAFF ONLY | NAME LAST NA | FIRST | BADGE # NA | RANK/CLASS NA | ASSIGNMENT/RDOs NA |
| THIS SECTION FOR VISITOR ONLY | NAME LAST NA | FIRST NA | MIDDLE NA | DOB NA | OCCUPATION NA |
| | HOME ADDRESS NA | CITY | STATE | ZIP | HOME PHONE NA |

| PLACE OF OCCURRENCE 4A3R ward | DATE/TIME OF OCCURRENCE 6/24/10 1158 | NAME OF WITNESS(ES) NA | | | |
| TIME NOTIFIED 1158 | TIME SEEN 1223 | ESCORTED BY Custody | MODE OF ARRIVAL (circle) AMBULATORY / ON SITE | LITTER WHEELCHAIR | AGE 24 | RACE W | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"no comment"

| INJURIES FOUND? YES /(NO) | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other Shot area | 17 |
| | 18 |
| | 19 |
| O.C. SPRAY EXPOSURE? YES / NO | |
| DECONTAMINATED? YES / NO | |
| Self-decontamination instructions given? YES / NO | |
| Refused decontamination? YES /(NO) | |
| Q 15 min. checks | ✓ ✓ |
| Staff issued exposure packet? YES / NO | |



| RN NOTIFIED/TIME Joe 1230 | PHYSICIAN NOTIFIED/TIME NA |
|---|---|

TIME/DISPOSITION
1230 to SR for eval

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) T. Lane LVN | BADGE # | RDOs V |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITAT

**MEDICAL REPORT OF INJURY**
**OR UNUSUAL OCCURRENCE**

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| CSPCOR | 4A3R | USE OF FORCE / (INJURY) / (UNUSUAL OCCURRENCE) | | PRE AD/SEG ADMISSION | 6/24/10 |

| THIS SECTION FOR INMATE ONLY | NAME  *LAST* Arrantor | *FIRST* ✓ | CDC NUMBER T67780 | HOUSING LOC. 4A3R53 | NEW HOUSING LOC. NA |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME  *LAST* NA | *FIRST* | BADGE # NA | RANK/CLASS NA | ASSIGNMENT/RDOs NA |
| THIS SECTION FOR VISITOR ONLY | NAME  *LAST* NA | *FIRST*   *MIDDLE* | DOB NA | OCCUPATION NA | |
| | HOME ADDRESS NA | CITY   STATE   ZIP | | HOME PHONE NA | |

| PLACE OF OCCURRENCE 4A3R yard | DATE/TIME OF OCCURRENCE 6/24/10  1158 | NAME OF WITNESS(ES) NA | | | | | |
|---|---|---|---|---|---|---|---|
| TIME NOTIFIED 1158 | TIME SEEN 1215 | ESCORTED BY Custody | MODE OF ARRIVAL *(circle)* AMBULATORY / (ON SITE) | LITTER  WHEELCHAIR | AGE 28 | RACE M | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"no comment"

| INJURIES FOUND? (YES)/NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other Shot-area | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | (YES)/NO |
|---|---|
| DECONTAMINATED? | (YES)/NO |
| Self-decontamination instructions given? | YES/(NO) |
| Refused decontamination? | YES/(NO) |
| Q 15 min. checks | |
| Staff issued exposure packet? YES/NO | |



| RN NOTIFIED/TIME HOlt 1225 | PHYSICIAN NOTIFIED/TIME NA |
|---|---|
| TIME/DISPOSITION via wc 1330 to ER for eval | |

| REPORT COMPLETED BY/TITLE  (PRINT AND SIGN) T. Cook LVN  TCook | BADGE # Reg | RDOs |
|---|---|---|

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS AND REHABILITATIO

| NAME OF INSTITUTION CSP-COR | FACILITY/UNIT 4A | REASON FOR REPORT (circle) (USE OF FORCE) | INJURY (UNUSUAL OCCURRENCE) | ON THE JOB INJURY PRE AD/SEG ADMISSION | DATE 6/24/10 |
| THIS SECTION FOR INMATE ONLY | NAME  LAST  Covell  FIRST | CDC NUMBER  T80430 3R-54 | HOUSING LOC. N/A | NEW HOUSING LOC. N/A |
| THIS SECTION FOR STAFF ONLY | NAME  LAST  N/A  FIRST | BADGE # N/A | RANK/CLASS N/A | ASSIGNMENT/RDOs N/A |
| THIS SECTION FOR VISITOR ONLY | NAME  LAST  N/A  FIRST  MIDDLE | DOB N/A | OCCUPATION N/A |
| | HOME ADDRESS  N/A  CITY  STATE  ZIP | HOME PHONE N/A |

| PLACE OF OCCURRENCE 4A3R Yard | DATE/TIME OF OCCURRENCE 6/24/10  1158 | NAME OF WITNESS(ES) Custody |
| TIME NOTIFIED 1158 | TIME SEEN 1214 | ESCORTED BY Custody | MODE OF ARRIVAL (circle) (AMBULATORY)  LITTER  ON SITE  WHEELCHAIR | AGE 27 | RACE Wht | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

States "NO"

| INJURIES FOUND?  (YES)/ NO | |
| --- | --- |
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | (4) |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | (16) |
| Other  Shot area | (17) |
| | 18 |
| | 19 |

O.C. SPRAY EXPOSURE?  (YES)/ NO

DECONTAMINATED?  (YES)/ NO

Self-decontamination instructions given?  (YES)/ NO

Refused decontamination?  YES /(NO)

Q 15 min. checks ✓ ✓ ✓ ✓

Staff issued exposure packet?  YES / NO

| RN NOTIFIED/TIME 1230 ppe | PHYSICIAN NOTIFIED/TIME N/A |
| TIME/DISPOSITION 1230 to ER for eval | REPORT COMPLETED BY/TITLE  (PRINT AND SIGN)  T. DAVIS LVN | BADGE # 200100 | RDOs |

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS *Carranza, Selvin O.* | DEFENDANTS *Governor Of California Brown, Edmund G, Jr., et. al. Defendants.* |
|---|---|
| (b) County of Residence of First Listed Plaintiff *Sacramento*<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant *Sacramento*<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* *CDCR#T67780*<br>*Kern Valley State Prison, P.O. Box 5104*<br>*Delano CA, 93216* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                         and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>　& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>　Student Loans<br>　(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>　of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>　Liability<br>☐ 320 Assault, Libel &<br>　Slander<br>☐ 330 Federal Employers'<br>　Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>　Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>　Product Liability<br>☐ 360 Other Personal<br>　Injury<br>☐ 362 Personal Injury -<br>　Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>　Product Liability<br>☐ 367 Health Care/<br>　Pharmaceutical<br>　Personal Injury<br>　Product Liability<br>☐ 368 Asbestos Personal<br>　Injury Product<br>　Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>　Property Damage<br>☐ 385 Property Damage<br>　Product Liability | ☐ 625 Drug Related Seizure<br>　of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>　28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>　Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>　Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>　Act<br>☐ 896 Arbitration |
| | | | **LABOR** | **SOCIAL SECURITY** | |
| | | | ☐ 710 Fair Labor Standards<br>　Act<br>☐ 720 Labor/Management<br>　Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>　Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>　Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>　Accommodations<br>☐ 445 Amer. w/Disabilities -<br>　Employment<br>☐ 446 Amer. w/Disabilities -<br>　Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>　Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>　Conditions of<br>　Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>　Actions | ☐ 870 Taxes (U.S. Plaintiff<br>　or Defendant)<br>☐ 871 IRS—Third Party<br>　26 USC 7609 | 　Act/Review or Appeal of<br>　Agency Decision<br>☐ 950 Constitutionality of<br>　State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*<br>*42 U.S.C. § 1983 and 18 U.S.C. § 242*<br>Brief description of cause:<br>*Staged Gladiator Style Shootings/Staged Gladiator Blood Sport Cell Fights/Attempted Murder, et. a* |
|---|---|
| VII. REQUESTED IN<br>COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION<br>　UNDER RULE 23, F.R.Cv.P. | DEMAND $ *Compensatory,*<br>*Punitive & Nominal & Injunctions* | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ☐ No |
| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):*   JUDGE *Honorable Gonzalo P. Curiel* | DOCKET NUMBER *14cv0773GPC(BLM)* |

DATE                                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #　　　　　AMOUNT　　　　　APPLYING IFP　　　　　JUDGE　　　　　MAG. JUDGE



Selvin Comanza, T6-7780
KVSP-D 2-221
PO Box 5104
Delano, CA. 93216

Legal * Confidential
United States District Court
Southern District of California
Office of the clerk
333 West Broadway Suite 420
San Diego CA. 92101

Mail

$ 05.85
MAR 09 2015
MAILED FROM ZIP CODE 93215

KVSP LEGAL MAIL



RT — 3/2/15

MAR 1 3 2015

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RECEIVED