UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN O. CARRANZA,<br>CDCR #T-67280,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>EDMUND G. BROWN, Jr., Governor,<br>et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　　14cv0773 GPC (BLM)<br><br>**ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>LEAVE TO AMEND**<br><br>**[ECF No. 12]** |

## I.    Procedural History

After he was granted leave to proceed *in forma pauperis* (IFP) in this case almost one year ago on November 14, 2014 (ECF No. 6), and after he received three separate extensions of time in which to file an amended complaint (ECF Nos. 4, 6, 9), Plaintiff, an inmate proceeding pro se and currently incarcerated to the California Correctional Institute (CCI) in Tehachapi, California, filed an eighty-page First Amended Complaint pursuant to 42 U.S.C. § 1983 (FAC), naming no fewer than sixty-three separate Defendants (ECF No. 10).

While Plaintiff's FAC seeks to sue mostly prison officials at Richard J. Donovan Correctional Facility (RJD) in San Diego, it also names the Governor of California, various California Department of Corrections and Rehabilitation (CDCR) officials in

Sacramento, and other named and unnamed prison officials at Kern Valley State Prison (KVSP), where Plaintiff was incarcerated at the time he filed his FAC, as Defendants. *See* FAC (ECF No. 10) at 4, 6, 9.

Plaintiff alleges that in June 2012, RJD officials conspired to set him up for a "gladiator-style" attack by a fellow inmate, used excessive force to break up the fight, failed to adequately treat his medical needs afterward, and committed several subsequent acts of retaliation against him. *See* FAC (ECF Doc. No. 10) at 18, 25-36. Plaintiff refers to all these claims as comprising "Count 1" of his FAC, but he also makes reference to other "Counts 2-6," arising in August 2012 (Counts 2, 3), November 2012 (Count 4), May 2013 (Count 5), and February 2014 (Count 6) on the first page of his pleading, and when identifying individual defendants. *Id.* at 1, 5-8, 10-17. Counts 1 through 5 are alleged to have arisen while Plaintiff was at RJD; Count 6 is alleged to have arisen at KVSP. *Id.* at 1, 4-6, 8-9, 16. However, Plaintiff includes no factual allegations in the body of his FAC which explain the basis for, or describe the acts or omissions upon which Counts 2-6 are based.

Immediately after he filed his FAC, Plaintiff also filed a "Motion for Leave to Amend" his FAC and to file a Supplemental Complaint pursuant to FED. R. CIV. P. 15(d) (ECF No. 12). Plaintiff contends he now needs leave to again amend in order to include claims which occurred prior to the filing of his FAC, but which he failed to include due to the time constraints set by this Court in its January 30, 2015 Order. *See* Pl.'s Mot. (ECF No. 12) at 4, 5, 7. Plaintiff further seeks leave to file a Supplemental Complaint pursuant to FED. R. CIV. P. 15(d) in order to allege separate claims of retaliation arising *after* he initiated this case "regarding new defendants" at KVSP whom he alleges hindered his efforts to timely file his FAC by denying him access to the law library, "trashing his legal property," and conducting retaliatory searches against him for filing this civil action. *Id.* at 4, 7.

In addition, on July 15, 2015, Plaintiff filed a Notice of Change of Address indicating he has since been transferred from KVSP to CCI-Tehachapi, and alleging that

1  he has now exhausted the claims he wishes to include in his Supplemental Complaint.
2  *See* ECF No. 13 at 1; *Rhodes v. Robinson*, 621 F.3d 1002, 1006-07 (9th Cir. 2010)
3  (finding Prison Litigation Reform Act's exhaustion requirement satisfied with respect
4  to new but related claims asserted in a supplemental pleading that "arose after the initial
5  complaint was filed" if the new claims were exhausted prior to the filing of the
6  supplemental pleading).

7  **II.     Plaintiff's Motion for Leave to Amend and Supplement**

8  As this Court noted in its January 30, 2105 Order, Plaintiff has already been
9  granted three previous extensions of time in which to file his FAC. *See* Jan. 30, 2015
10 Order (ECF No. 9) at 3, 5. In fact, the Court explicitly cautioned Plaintiff that no further
11 extensions of time would likely be granted absent a showing of extraordinary
12 circumstances. *Id.* at 3-4 (citing *Jenkins v. Donovan, et al.*, 2012 WL 3039825 at *1 (9th
13 Cir. July 26, 2012) (unpublished table disposition) (finding no abuse of discretion when
14 district court dismissed pro se prisoner's civil rights action without prejudice based on
15 the plaintiff's failure to comply with order requiring amendment after he had been
16 previously granted three extensions of time and warned no further extensions would be
17 granted)).

18 Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his
19 pleading once as a matter of course at any time before a responsive pleading is served.
20 Otherwise, a party may amend only by leave of the court or by written consent of the
21 adverse party. FED. R. CIV. P. 15(a); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir.
22 2015). Here, Plaintiff has already filed one amended complaint, and no party has yet to
23 be served. Therefore, Plaintiff requires leave of court to again amend and/or to file a
24 supplemental pleading pursuant to FED. R. CIV. P. 15(d). *See Owens v. Kaiser*
25 *Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001).

26 However, leave to amend is liberally granted when justice so requires. *See* FED.
27 R. CIV. P. 15(a). Indeed, both Rule 15 and public policy strongly encourage courts to
28 permit amendment, especially when the plaintiff proceeds pro se. *See Waldrip v. Hall*,

548 F.3d 729, 732 (9th Cir. 2008); *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987) (noting pro se litigants are "entitled to procedural protections, including right to amend complaint unless futile."). In addition to the futility of amendment, courts determining whether to grant leave to amend also consider three other factors: (1) bad faith, (2) undue delay, and (3) prejudice to the opposing parties. *In re Korean Airlines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011) (citing *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Waldrip*, 548 F.3d at 732; *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

A supplemental complaint adds allegations to the complaint of events occurring after the original complaint was filed. *See* FED. R. CIV. P. 15(d). Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* A party may only file a supplemental complaint with leave of court. *Id.* In addition to the factors considered in deciding whether to permit leave to file an amended pleading under FED. R. CIV. P. 15(a), the Court must also determine whether permitting the allegation of supplemental claims pursuant to FED. R. CIV. P. 15(d) would serve the interests of judicial economy. *See San Luis & Delta–Mendota Water Authority v. United States Department of the Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988), *Foman*, 371 U.S. 178). *See also Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (noting that while leave to permit supplemental pleading is "favored," it cannot be used to introduce a "separate, distinct and new cause of action.") (citations omitted).

As noted above, Plaintiff filed his FAC on March 13, 2015 (ECF No. 10), which superceded his original Complaint, filed on March 28, 2014 (ECF No. 1). *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). He claims he needs leave to again amend because he was unable to include claims which occurred prior to the filing of his FAC based on the time constraints set by this Court in its January 30,

2015 Order. *See* Pl.'s Mot. (ECF No. 12) at 4, 5, 7.[1] "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge*, 832 F.2d at 1136 (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)). Plaintiff has also been transferred between prisons since filing this action, and he also seeks leave to add supplemental claims arising after the initiation of this suit against "new defendants who [have] hindered [him] throughout this year," by "denying [him] access to the law library," "frequently searching [his] cell," and "trashing [his] legal property" in order to retaliate against him. *See* Pl.'s Mot. (ECF No. 12) at 7.

This action has been pending since March 2014, and if new defendants and claims are added at this stage of the proceedings, the mandatory screening required by both 28 U.S.C. § 1915(e)(2) and § 1915A, and potential service of process via the U.S. Marshal pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3) will be delayed. On the other hand, because no party has yet to be served with any pleading, no party will be prejudiced if Plaintiff amends his pleading and/or adds supplemental claims at this stage of the proceedings. Moreover, while Plaintiff has been granted several previous extensions of time, nothing in Plaintiff's current Motion indicates bad faith or any dilatory motive on his part. *See In re Korean Airlines Co., Ltd.*, 642 F.3d at 701; *Foman*, 371 U.S. at 182.

Plaintiff attests the FAC he has already filed is incomplete, and he also seeks leave to add supplemental retaliation claims, arising after he initiated suit, which he alleges to have exhausted pursuant to 42 U.S.C. § 1997e(a). *See Rhodes,* 621 F.3d at 1006-07. Therefore, allowing Plaintiff to file *one* single Second Amended Complaint, which properly and completely alleges *all* the causes of action he intended to include in his FAC, and includes his proposed supplemental exhausted claims against new parties who are alleged to have retaliated against him at KVSP, would serve the interests of judicial

---

[1] The Court presumes, and grants Plaintiff leave to amend specifically so that he may amend in order to offer additional factual support for "Counts 2-6," as they are already referenced, but not described with any factual detail in his FAC (ECF No. 10).

1 economy because it will permit Plaintiff to bring all of his related allegations and claims
2 in one pleading, rather than in multiple pleadings or in separate civil actions. *See Keith*,
3 858 F.2d at 476 ("The Supreme Court has expressly approved the addition of new parties
4 under the Rule: '[FED. R. CIV. P. 15(d)] plainly permits supplemental amendments to
5 cover events happening after suit, and it follows, of course, that persons participating in
6 these new events may be added if necessary.'") (quoting *Griffin v. Cnty School Bd.*, 377
7 U.S. 218, 227 (1964)). For these reasons, the Court finds Plaintiff's Motion to Amend
8 and Supplement his FAC (ECF No. 12) is warranted.

9 However, the Court cautions Plaintiff that his Second Amended Complaint will
10 supersede, or replace, the First Amended Complaint he filed on March 13, 2015 (ECF
11 No. 10), and that therefore, his Second Amended Complaint must be is complete by
12 itself, name all the parties he intends to sue, and include a "short and plain statement"
13 of any and all grounds upon which he claims entitlement to relief. *See* FED. R. CIV. P.
14 8(a); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th
15 Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Ferdik v.*
16 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). A pleading which is "argumentative,
17 prolix, replete with redundancy, and largely irrelevant," does not comply with Rule 8.
18 *See Cafasso v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011)
19 (citing *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)). Moreover, the Court
20 will consider "[a]ll causes of action alleged in [Plaintiff's previous] complaint[s] which
21 are not alleged in [his Second] [A]mended complaint [as] waived." *King v. Atiyeh*, 814
22 F.2d 565, 567 (9th Cir. 1987) (citation omitted); *see also Lacey*, 693 F.3d at 928 (noting
23 that "claims voluntarily dismissed . . . will [be] consider[ed] . . . waived if not repled.").

24 Plaintiff is also reminded that his Second Amended Complaint will be subject to
25 the same screening his First Amended Complaint would have received pursuant to 28
26 U.S.C. § 1915(e)(2) and § 1915A(b) had he not first sought leave to amend it. *See Lopez*
27 *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*
28 *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Therefore, he should take care to ensure that his Second Amended Complaint identifies all Defendants by name and contains sufficient "factual matter" to show: (1) how and why he believes his constitutional rights were violated; and (2) what each individual Defendant specifically did to cause him injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Id.* at 676. In other words, Plaintiff's Second Amended Complaint "must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of [his] cause[s] of action.'" *Sheppard v. Evans & Assoc.,* 694 F.3d 1045, 1048 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.   Conclusion and Order

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion for Leave to Amend (ECF No. 12);

2) **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to file his Second Amended Complaint. Plaintiff's pleading must be identified as his Second Amended Complaint, include Civil Case No. 14cv0773 GPC (BLM) in its caption, name the all parties he wishes to sue, and allege all the claims he wishes to pursue in one single, concise pleading. In order to assist him, the Court also **DIRECTS** the Clerk of Court to provide Plaintiff with another copy of its form Civil Rights Complaint pursuant to 42 U.S.C. § 1983, and strongly suggests that he use it. Plaintiff's Second Amended Complaint must also comply with S.D. CAL. CIVLR 8.2(a); therefore, *he must limit any additional pages to no more than fifteen (15)*; and,

3) **CAUTIONS** Plaintiff that no further extensions of time will be granted. Therefore, should he fail to comply with the directions set forth in this Order by filing a Second Amended Complaint within the 45 days provided, the Court will either dismiss his entire civil action without prejudice based on his failure to prosecute and/or comply with the Court's Orders permitting amendment, *see Lira v. Herrera*, 427 F.3d 1164, 1169

1  (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his
2  complaint, a district court may convert the dismissal of the complaint into dismissal of
3  the entire action."), *or* presume he wishes to proceed only with the claims already alleged
4  against the Defendants identified in his First Amended Complaint (ECF No. 10), and will
5  conduct its screening of only that pleading pursuant to 28 U.S.C. § 1915(e)(2) and
6  § 1915A(b).

**IT IS SO ORDERED**.

DATED: October 26, 2015

HON. GONZALO P. CURIEL
United States District Judge