UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN O. CARRANZA, CDCR #T-67780,<br><br>                         Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, Jr., Governor, et al.,<br><br>                        Defendants. | Case No.: 3:14-cv-0773-GPC-BLM<br><br>**ORDER:**<br><br>**1) DISCHARGING ORDER TO SHOW CAUSE**<br>**[Doc. No. 15];**<br><br>**2) GRANTING MOTIONS FOR EXTENSION OF TIME**<br>**[Doc. Nos. 18, 20, 24];**<br><br>**AND**<br><br>**3) DENYING MOTIONS TO STOP RETALIATION AND FOR PRELIMINARY INJUNCTION**<br>**[Doc. Nos. 16, 20, 22]** |

     Selvin O. Carranza ("Plaintiff"), a prisoner proceeding pro se and currently incarcerated at California State Prison, in Lancaster, California ("LAC"),[1] initiated this

---

[1] Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") on March 28, 2014 when he first initiated this action claiming that unidentified correctional officials at Richard J. Donovan Correctional

civil action pursuant to 42 U.S.C. § 1983 more than two years ago, on March 28, 2014 (Doc. No. 1). The case remains open, and Plaintiff has recently filed motions seeking extensions of time (Doc. Nos. 18, 20, 24) and repeated motions for injunctive relief (Doc. Nos. 16, 20, 22), but he has yet to file the Second Amended Complaint ("SAC") he was granted leave to file on October 26, 2015. *See* Doc. No. 14.

## I.  Procedural History

On October 26, 2015, after Plaintiff had been granted three previous extensions of time in which to amend, the Court granted Plaintiff a fourth opportunity to amend, and gave him an additional forty-five (45) days in which to file his SAC. *See* Doc. No. 14. The Court further cautioned Plaintiff that his SAC must comply with FED. R. CIV. P. 8(a)(2), directed the Clerk to provide him with a blank copy of its form Civil Rights Complaint in order to assist him in meeting Rule 8's requirements, and limited him to an additional 15 pages of pleading pursuant to S.D. CAL. CIVLR 8.2(a). *Id.* at 6-7. Finally, the Court notified Plaintiff that if he failed to file his SAC within 45 days, which would have been on or about December 12, 2015, his case would be subject to dismissal without prejudice based on his failure to prosecute and/or comply with the Court's Orders permitting amendment. *Id.* at 7-8 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).

---

Facility ("RJD") staged a "gladiator-style fight" between him and another inmate on June 22, 2012, while he was incarcerated there. *See* Doc. No. 1 at 1. On July 15, 2015, Plaintiff filed a Notice of Change of Address indicating he had been transferred from KVSP to the California Correctional Institution ("CCI") in Tehachapi. *See* Doc. No. 13. By the time Plaintiff filed his Response to the Court's OSC on April 13, 2016, he had been transferred to Pleasant Valley State Prison ("PVSP") in Coalinga, where he was placed in "Short Term Restricted Housing" ("STRH"). *See* Doc. Nos. 16, 18. On June 3, 2016, Plaintiff included another change of address, this time to California State Prison in Lancaster ("LAC"), in a Motion that also requests another extension of time, and injunctive relief requiring the "CDCR to stop retaliation" and to return his "property." (Doc. No. 20.) Between PVSP and LAC, Plaintiff also contends he was transferred from PSVP to a "crisis bed" at California Men's Colony ("CMC") in San Luis Obispo on May 4, 2016, until he was "discharged" from suicide watch and ultimately transferred to LAC on May 11, 2016. *See* Doc. No. 20 at 1-2.

December 12, 2015, came and went, and still Plaintiff filed no SAC; therefore, on March 15, 2016, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute and for failing to comply with the Court's Order. (Doc. No. 15.) The OSC ostensibly granted Plaintiff a fifth extension of time and an additional 45 days leave, or until April 26, 2016, in which to file his SAC or face dismissal. (*Id.* at 2.) The Court further cautioned Plaintiff that "no further extensions of time to amend [would] be granted." (*Id.*)

On April 13, 2016, Plaintiff filed a Response to the OSC (Doc. No. 16), from Pleasant Valley State Prison ("PVSP"), blaming prison officials at the California Correctional Institution ("CCI") in Tehachapi, California, for failing to mail his "civil action," which the Court presumes was his SAC, and which he claims to have filed on December 9, 2015, "per the mail box rule" from CCI. (*Id.* at 1-2; Doc. No. 18 at 3-4; Doc. No. 22 at 1.) Plaintiff claims he was not aware that his "civil action" had not been mailed to the Court until March 23, 2016, when it was returned to him "incomplete," with "parts missing," and "without explanation [as to] 'why it hadn't been mailed out.'" (Doc. No. 16 at 2; Doc. No. 18 at 4; Doc. No. 22 at 1.) In his Response, Plaintiff also requests "an immediate preliminary injunction against the Secretary of the CDCR, Warden, [and] Associate Wardens at CCI" to "stop retaliating against [him]," to "stop hindering" his access to this Court, and requiring his transfer to the LAC "Honor Yard." (*See* Doc. No. 16 at 11.)

In several additional Motions, Plaintiff requests extensions of time in which to file his SAC (Doc. Nos. 18, 20, 24), an "update" on the status of his civil action, and injunctive relief requiring the Secretary of the CDCR (Doc. No. 20 at 4), and all "subordinates" to cease all acts of retaliation against him (Doc. Nos. 20, 22). In another "Notice" dated July 21, 2016, Plaintiff claims to have begun a hunger strike at LAC in order to compel the return of his personal property, including the "civil action" he claims to have mailed on December 9, 2015, and quarterly packages from his family and private vendors, including vitamins and a TV (Doc. No. 24). On August 1, 2016, however, Plaintiff filed a second

1  "Notice" informing the Court that while he is "still being deprived of [his] property," he
2  has ended his hunger strike due to its "foolishness." (Doc. No. 26.)

## II.  Motions for Extension of Time to Amend

As noted above, Plaintiff has already been granted five extensions of time in which to amend his pleadings in this case, and has been warned on several of those occasions that no further extensions of time would be granted. *See* Doc. Nos. 4, 6, 9, 14, 15. Because neither his original or his First Amended Complaint ("FAC") complied with Rule 8, and because he sought leave to amend his FAC immediately after he filed it, on October 26, 2015, the Court granted him leave to file "*one* single Second Amended Complaint, which properly and completely allege[d] all the causes of action" he intended to pursue, "name[d] all the parties he intend[ed] to sue," and "include[d] a 'short and plain statement' of any and all grounds upon which he claims entitlement to relief." (Doc. No. 14 at 5.)

Plaintiff has yet to file the SAC that was due more than 6 months ago; instead he has filed three more requests for additional time in which to amend—all after the time for filing his SAC had long lapsed. *See* Doc. Nos. 18, 20, 24.

Rule 6(b) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. FED. R. CIV. P. 6(b)(1). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983)); *see also* FED. R. CIV. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

A plaintiff pursuing a civil rights action without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading, and to do so

within a time certain. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

Plaintiff now claims that he *did* attempt to comply with Court's October 26, 2015 Order when he "timely filed [his] civil action, due diligently prosecuting [his] case," by placing it in a manila envelope and requesting that prison officials at CCI, where he was housed at the time, mail it to the Court. (Doc. No. 18 at 3-4.) Plaintiff further claims it was not until March 23, 2016, while he was in Ad-Seg at CCI that his "civil action was suddenly returned to [him] without explanation [as to] 'why it hadn't been mailed out.'" (Doc. No. 22 at 1.) Plaintiff further claims that he "sought mental health treatment and was placed on suicide watch at PVSP from April 13, 2016, through April 25, 2016 (Doc. No. 18 at 4), and attributes his inability to timely amend to six prison transfers over the last three years, and miscellaneous hindrances and other obstacles posed by various prison officials at CCI, PVSP, and LAC, all of whom are alleged to have either delayed the return of or to have deprived him of his personal property. (Doc. No. 20 at 1-5; Doc. No. 24 at 1-3.)

Therefore, based on these allegations, the Court finds Plaintiff has demonstrated the "good cause" and "excusable neglect" required under Rule 6(b)(1), *Ahanchian*, 624 F.3d

at 1259, and GRANTS his several Motions requesting an extension of time (Doc. Nos. 18, 20, 24). While the Court has already exercised "wide latitude" extending Plaintiff additional time to amend, *id.* at 1255, it will do so one <u>final</u> time in this case. *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (noting the district court's "broad authority to impose reasonable time limits") (citation and internal quotations omitted); *cf. Efau v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that while court has similarly broad discretion to grant extensions of time under FED. R. CIV. P. 4(m), those extensions must end somewhere, for "no court has ruled that the discretion is limitless.").

## III.  Motions for Injunctive Relief

In his Response to the Court's OSC, filed on April 13, 2016, and after he had been transferred from both KVSP and CCI, Plaintiff includes a request for a preliminary injunction "order[ing] the Secretary for CDCR and his subordinates, to stop retaliating against [him]," and "hindering [his] access[] [to] this Court." (Doc. No. 16 at 11). Plaintiff has also filed two separate Motions from LAC requesting similar injunctive relief preventing the "Secretary of the CDCR and his subordinates," to stop his "being bounced around from prison to prison," (Doc. No. 20 at 4), and ordering the return of "all [his] property." (Doc. No. 22 at 1-3, 8, 11.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citation omitted). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

To show irreparable harm, the "plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent

or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009) (citing *Friends of Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000)). In sum, an injunction "may only be awarded upon a clear showing that the plaintiff is entitled to relief." *Winter*, 555 U.S. at 22.

Here, Plaintiff's Motions for Injunctive Relief must be denied because he has yet to file a pleading that states a plausible claim for relief against any party. Therefore, he necessarily has not and cannot show that he is "likely to succeed on the merits" of any claim, that "the balance of equities tips in his favor," or that the issuance of an injunction in his case would serve the public interest. *Winter*, 555 U.S. at 20. In addition, to the extent Plaintiff seeks injunctive relief enjoining prison officials at any institution other than LAC, where he is currently incarcerated, his motions have been mooted by his transfer. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (prisoners released from prison or transferred to a different prison may not sue for injunctive relief because they would no longer benefit from having the injunction issued) (citing *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Rupe v. Cate*, 688 F. Supp. 2d 1035, 1043 (E.D. Cal. 2010).

Finally, FED. R. CIV. P. 65(d)(2) provides that an injunction binds only persons who receive actual notice of it by personal service or otherwise: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [them]." FED. R. CIV. P. 65(d)(2)(A)-(C). In general, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985). One "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916).

/ / /

Thus, even if Plaintiff could satisfy all the *Winter* factors justifying extraordinary injunctive relief under Rule 65, at this stage of the proceedings, the Court simply lacks jurisdiction over *any* of the prison officials Plaintiff seeks to enjoin, none of which have been served, and most of which have never even been identified as parties in any pleading. *Zepeda,* 753 F.2d at 727-28.

Therefore, Plaintiff's Motions for Preliminary Injunction (Doc. Nos. 16, 22) and for "Secretary for CDCR to Ensure His Subordinate Stop Retaliating" and to "Provide [Plaintiff] all [his] Property' (Doc. No. 20) are DENIED.

## IV. Conclusion and Orders

For all the reasons discussed, the Court:

1) **DISCHARGES** its March 15, 2016 Order to Show Cause (Doc. No. 15);

2) **DENIES** Plaintiff's Motions for Preliminary Injunction and for CDCR to Stop Retaliating and Provide or Return Property (Doc. Nos. 16, 20, 22);

3) **GRANTS** Plaintiff's Motions for Extension of Time to Amend (Doc. Nos. 18, 20, 24);

4) **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to file his Second Amended Complaint. Plaintiff's pleading must be identified as his Second Amended Complaint, include Civil Case No. 14cv0773 GPC (BLM) in its caption, name the all parties he wishes to sue, and allege all the claims he wishes to pursue in one single, clear, and concise pleading.[2] In order to assist him, and to encourage his timely

---

[2] Plaintiff is reminded that he need not cite case law or make any legal arguments. Instead, he should avoid exaggeration, and use short, plain, declarative sentences to describe, in his own words, what each individual person he names as a defendant did to violate his rights, when, where, and how they did it, and what relief he seeks. *See* FED. R. CIV. P. 8(a)(2); *Iqbal v. Ashcroft*, 556 U.S. 662, 676 (2009) (noting that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). If his SAC fails to comply with Rule 8, or otherwise fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (citation omitted), it will be dismissed sua sponte, and prior to service upon any party pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) ("The purpose of § 1915A is to 'ensure

compliance, the Court also **DIRECTS** the Clerk of Court to provide Plaintiff with *another* copy of its form Civil Rights Complaint pursuant to 42 U.S.C. § 1983, and strongly suggests that he use it. Plaintiff's Second Amended Complaint must also comply with S.D. CAL. CIVLR 8.2(a); therefore, *he may attach no more than fifteen (15) additional pages*; and,

   5) **CAUTIONS** Plaintiff that <u>no further extensions of time or motions requesting leave to exceed page limits will be granted</u>. Therefore, should he fail to comply with the directions set forth in this Order by filing a Second Amended Complaint within the 45 days provided, the Court will dismiss his entire civil action without prejudice based on his failure to prosecute and/or comply with the Court's Orders permitting amendment. *See Lira*, 427 F.3d at 1169 ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indication to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated:  August 17, 2016

                *[signature]*
                Hon. Gonzalo P. Curiel
                United States District Judge

---

that the targets of frivolous or malicious suits need not bear the expense of responding.'") (citation omitted).