XAVIER BECERRA
Attorney General of California
MICHELLE DES JARDINS
Supervising Deputy Attorney General
TIFFANY JOHNSON
Deputy Attorney General
State Bar No. 237309
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9535
  Fax: (619) 645-2581
  E-mail: Tiffany.Johnson@doj.ca.gov
*Attorneys for Defendants*
*D. Arguilez, J. Brown, A. Buenrostro,*
*R. Davis, R. Davis, E. Garcia, J. Gomez,*
*A. Hernandez, C. Hernandez, G. Hernandez,*
*Q. Jackson, R. LaCosta, I. Marquez,*
*C. Meza, E. Pimentel, J. Reyes, S. Rink, L.*
*Romero, J. Rodriguez, G. Savala, N. Scharr,*
*W. Shimko, A. Silva,G, Stratton, W. Suglich,*
*L. Tillman , and L. Vanderweide*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SELVIN O. CARRANZA,** | 3:14-cv-00773-GPC-AGS |
| Plaintiff, | **DECLARATION OF B. SELF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |
| v. | |
| **W. SUGLICH, et al.,** | |
| Defendants. | |

I, B. Self, declare as follows:

1.     I am employed by the State of California, with the California Department of Corrections and Rehabilitation (CDCR). I am the Appeals Coordinator at Richard J. Donovan Correctional Facility (RJDCF) in San Diego, California. The RJDCF Inmate Appeals Office (IAO) receives all inmate grievances (also known as

1

appeals or CDCR Form 602s) submitted by inmates at the institutional level (i.e. first and second levels of review). I am familiar with the processing of inmate grievances at RJDCF. I have access to responses to inmate grievances issued by this office. I make the following declaration of facts based on my own knowledge and review of records kept in the normal course of business by RJDCF, and, if called, I can testify competently thereto.

2. Since January 28, 2011, there have been three formal levels of appeal review. Cal. Code Regs. tit. 15, § 3084.5. In order to be timely, an inmate must submit a CDCR form 602, inmate appeal, within thirty (30) calendar days of the action or decision being appealed. Cal. Code Regs., tit. 15, § 3084.8(b)(1). The inmate must describe the adverse action he or she is appealing, in addition to the specific relief he or she requests. The inmate begins by submitting his grievance at the first level, which is addressed by the First Level Reviewer. If the inmate is not satisfied with the first-level response, he or she may submit the appeal for a second level of review. The second-level review is conducted by the Hiring Authority or his or her designee. If the inmate is not satisfied with the second-level response, he or she may submit it to the Office of Appeals for a third-level review in Sacramento. The third level of review is conducted by the Chief of the Office of Appeals, and completes the exhaustion process. This process was available to all inmates in RJDCF in 2012 and 2013.

3. Once the inmate receives the response to the Third Level review, he or she has exhausted his administrative remedies within the CDCR. Appeals meeting the processing requirements of title 15 of California Code of Regulations, including providing required supporting documents and meeting all time constraints, are assigned for response at the appropriate level. If an appeal does not meet the requirements for processing, which can include a failure to provide required supportive documents or a failure to meet time constraints, the appeal will be

2

1   "screened out" or canceled and returned to the inmate with written instructions on

2   how to correct the deficiencies or appeal the cancelation.

3       4.    Under California Code of Regulations, title 15, § 3084.6(c)(4), an inmate

4   appeal can be canceled and returned to the inmate if the appeal was not submitted

5   within the required time limits.  Inmates are required to submit an appeal within

6   thirty calendar days of the event giving rise to the issue addressed in the appeal.

7   (Cal. Code Regs., tit. 15, § 3084.8(b)(1).)

8       5.    The California Attorney General's Office requested that my office (IAO)

9   search its records and files to ascertain whether inmate Selvin Carranza, CDCR No.

10   T-67780 (Plaintiff), submitted any appeals, beginning June 22, 2012 through May

11   18, 2013, relating to the following allegations: (1) on June 22, 2012, Defendants L.

12   Tillman, S. Rink, E. Pimentel, N. Scharr, J. Rodriguez, J. Reyes, E. Garcia, and W.

13   Suglich conspired to set Plaintiff up to fight another inmate "gladiator style" and

14   then shot him in order to break up the fight; (2) Defendant L. Tillman assaulted him

15   in retaliation for Plaintiff's complaints regarding the June 22, 2012 incident and,

16   Defendant R. Lemon (unserved Defendant) failed to intervene to protect Plaintiff

17   from L. Tillman's alleged assault; (3) on August 15, 2012,  Defendants L. Tillman,

18   S. Rink, A. Buenrostro, R. Davis, L. Vanderweide, W. Shimko, I. Marquez, R.

19   LaCosta, L. Romero, and other unidentified Defendants conspired to beat Plaintiff

20   and attempted to murder him by strangling him while he was in handcuffs and

21   others failed to intervene or provide adequate medical attention and that Defendants

22   L. Vanderweide, R. Davis, W. Shimko, S. Rink, A. Buenrostro, and C. Hernandez

23   left him handcuffed for ten hours, refused to summon medical care, and botched the

24   investigation resulting in Plaintiff being disciplined by Defendants E. Garcia, A.

25   Hernandez, and R. Davis (Lieutenant) resulting in a term in the Security Housing

26   Unit; (4) Defendants G. Savala, G. Stratton, J. Gomez, R. Davis, Q. Jackson, D.

27   Arguillez, J. Brown, C. Meza, and G. Hernandez falsely accused Plaintiff of

28   indecent exposure on November 12, 2012, placed him in administrative

3

1    segregation, resulting in Plaintiff being found guilty of a sex offense for the

2    purposes of damaging his reputation and to retaliate against him; or (5) Defendants

3    D. Arguillez, R. Davis, A. Buenrostro, and A. Silva utilized excessive force while

4    escorting Plaintiff from his cell to be transferred to Kern Valley State Prison and

5    then failed to decontaminate  him after he was pepper sprayed in retaliation for his

6    inmate appeal activity.

7         6.    A thorough search of RJDCF records, which are kept in the ordinary

8    course of business at or near the time that the IAO receives an inmate appeal,

9    revealed that Plaintiff submitted, and this Office received the following appeals

10   from Plaintiff regarding the issues described in paragraph 5 above:

11             a.    On September 4, 2012, this Office received inmate appeal Log No.

12   RJD-B-12-02812, where Plaintiff alleged that Defendants Tillman and Rink were

13   informed that Plaintiff was having problems with another inmate on the yard, but

14   failed to do anything to prevent Plaintiff from getting into an altercation that

15   resulted in the use of force by staff causing Plaintiff injuries.  The first level of

16   review was bypassed, Plaintiff was interviewed, and a second level response was

17   issued informing Plaintiff that an appeal inquiry was conducted and that he may

18   appeal to the third level if dissatisfied.  Additionally, the second level response

19   informed Plaintiff that he does not exhaust administrative remedies on unrelated

20   issues not covered in his initial appeal or concerning staff members not named in

21   his appeal.  A true and accurate copy of the appeal and responses thereto is attached

22   hereto as **Exhibit A.**

23             b.    On March 15, 2013, this Office received inmate appeal Log No.

24   RJD-B-13-01039, where Plaintiff alleged he was denied due process at a Rules

25   Violation Report (RVR) hearing when he was denied witnesses and an investigative

26   employee.  This appeal was canceled under California Code of Regulations, Title

27   15, section 3084.6(c)(4) because the time limits for submitting the appeal were

28   exceeded even though Plaintiff had the opportunity to submit within the prescribed

4

1   time constraints.  Specifically, the final RVR was issued on December 17, 2012,

2   but Plaintiff's appeal wasn't received until March 15, 2013.  The IAO issued

3   Plaintiff a letter informing him that this appeal was canceled on March 25, 2013.

4   This letter informed plaintiff of the reasons for the cancelation as described herein.

5   A true and accurate copy of this letter, with plaintiff's late appeal, is attached hereto

6   as **Exhibit B**.

7          c.     On March 15, 2013, this Office received inmate appeal Log No.

8   RJD-B-13-01040, where Plaintiff alleged that Lieutenant Davis, the Senior Hearing

9   Officer for his RVR related to the August 15, 2012 incident where Plaintiff was

10  shot, violated his due process right by refusing to allow Plaintiff to view the video

11  surveillance which would have exonerated him.  This appeal was canceled under

12  California Code of Regulations, Title 15, section 3084.6(c)(4) because the time

13  limits for submitting the appeal were exceeded even though Plaintiff had the

14  opportunity to submit within the prescribed time constraints.  Specifically, the final

15  RVR was issued on October 23, 2012, but Plaintiff's appeal wasn't received until

16  March 15, 2013.  Additionally, Plaintiff's appeal was also cancelled because he

17  exceeded the allowable number of appeals permitted in a fourteen day period and

18  because he failed to attach necessary documentation.  The IAO issued Plaintiff

19  letters informing him that this appeal was canceled.  True and correct copies of the

20  records of this appeal are attached hereto as **Exhibit C.**

21          d.     Also on March 15, 2013, this Office received inmate appeal Log

22  No. RJD-C-13-01131, where Plaintiff complains that after filing several inmate

23  appeals, he asked the warden, during his committee hearing on September 20, 2012,

24  for an investigation, and that in retaliation for his complaints, he was accused of a

25  sex crime.  This appeal was canceled under California Code of Regulations, Title

26  15, section 3084.6(c)(4) because the time limits for submitting the appeal were

27  exceeded even though Plaintiff had the opportunity to submit within the prescribed

28  time constraints.  Specifically, the appeal complained of incidents with three

5

1   different dates (August 10, 2012 to November 14, 2012), but was not received until

2   March 15, 2013. The IAO issued Plaintiff a letter informing him that this appeal

3   was canceled.  True and correct copies of the records of this appeal are attached

4   hereto as **Exhibit D.**

5         e.    Also on March 15, 2013, this Office received inmate appeal Log

6   No. RJD-B-13-01132, where Plaintiff complains that on August 15, 2012, when he

7   returned to his cell he found his breakfast and lunch dumped into his sink.  He

8   claims he requested to see the Captain but was met with a beating by several

9   officers.  This appeal was canceled under California Code of Regulations, Title 15,

10   section 3084.6(c)(4) because the time limits for submitting the appeal were

11   exceeded even though Plaintiff had the opportunity to submit within the prescribed

12   time constraints.  Specifically, the appeal complained of an incident on August 15,

13   2012, but was not received until March 15, 2013. The IAO issued Plaintiff a letter

14   informing him that this appeal was canceled.  True and correct copies of the records

15   of this appeal are attached hereto as **Exhibit E.**

16         f.    Also on March 15, 2013, this Office received inmate appeal Log

17   No. RJD-B-13-01223, where Plaintiff complains that  Defendant Tillman retaliated

18   against him by assaulting him with an ice pick while Defendant Lemon watched.

19   This appeal was canceled under California Code of Regulations, Title 15, section

20   3084.6(c)(4) because the time limits for submitting the appeal were exceeded even

21   though Plaintiff had the opportunity to submit within the prescribed time

22   constraints.  Specifically, the appeal complained of an incident occurring on August

23   10, 2012, but was not received until March 15, 2013. The IAO issued plaintiff a

24   letter informing him that this appeal was canceled.  True and correct copies of the

25   records of this appeal are attached hereto as **Exhibit F.**

26         g.    On April 19, 2013, this Office received inmate appeal Log No. RJD-

27   B-13-01371, where Plaintiff appealed the cancellation of  appeals 01223, 01132,

28   01131, 01040, and 01039.  This appeal was rejected under California Code of

6

1  Regulations, Title 15, section 3084.6(b)(7) because Plaintiff did not attach the

2  supporting documents, i.e., cancelled appeals, pursuant to California Code of

3  Regulations, Title 15, section 3084.3.  Plaintiff did not resubmit the appeal with the

4  requested documents.  True and correct copies of the records of this appeal are

5  attached hereto as **Exhibit G.**

6        h.  Finally, on May 20, 2013, this Office received inmate appeal Log

7  No. RJD-X-13-01776, where Plaintiff complained that several officers trashed his

8  legal property and beat him.  On June 3, 2013, this appeal was rejected under

9  California Code of Regulations, Title 15, section 3084.6(b)(7) because Plaintiff did

10  not attach the supporting documents, i.e., complete 837/incident package, pursuant

11  to Code of Regulations, Title 15, section 3084.3.  Plaintiff resubmitted the appeal

12  on July 19, 2013; however, the appeal was cancelled pursuant to California Code of

13  Regulations, Title 15, 3084.6(c)(1) because Plaintiff did not resubmit the rejected

14  appeal within thirty days of the rejection. True and correct copies of the records of

15  this appeal are attached hereto as **Exhibit H.**

16        7.  Other than **Exhibit A**, this Office did not receive and accept for review

17  any timely or properly filed appeals from Plaintiff relating to the allegations

18  described in paragraph 5 above.

19        I declare under penalty of perjury under the laws of the United States, that the

20  foregoing is true and correct, and that this declaration was executed on April 13,

21  2017, at San Diego, California.

22  

23                          B. SELF, Appeals Coordinator
                        Richard J. Donovan Correctional Facility

24  

25  

26  SD2017704296
81654172.doc

27  

28  

7

# Exhibit A

Template Date 4/4/2012                                        Attachment E-1
State of California                          Department of Corrections and Rehabilitation

# Memorandum

Date   :   January 16, 2013

To     :   Carranza, S., #T67780
           FB-6-102L
           Richard J. Donovan Correctional Facility

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL #RJD-B-12-02812 SECOND LEVEL**
           **RESPONSE**

APPEAL ISSUE:  Inmate Carranza alleges that the ASU supervisors (Lieutenant, S. Rink and Sergeant L. Tillman) were aware, via Psychiatric Doctor, R. McKnight that Inmate Carranza was having problems with another inmate on the ASU RM-A yard and the ASU supervisor failed to do anything. Their failure to do anything resulted in Inmate Carranza engaging in a fight with Inmate Davis, R., AE-3899, FB-06-129U. Inmate Carranza received injuries in this fight, which he claims were from the use of force, by staff. He claims to still be suffering from pain to his right knee. All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.  You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint.  If you are unable to name all involved staff you may request assistance in establishing their identity.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as an Appeal Inquiry.

You were interviewed on Tuesday, October 30, 2012 by Correctional Lieutenant G. Savala and you stated that Doctor McKnight, your assigned clinician verbally notified Lieutenant Rink and Sergeant Tillman that you had problems with an inmate on your assigned RMA yard and recommended you be placed on a walk alone yard. As proof you gave Lieutenant Savala  a copy of a CDCR-128C, by Dr. McKnight dated June 20, 2012, on day prior to the fight noting you claimed to be having problems with another inmate on the RMA yard and that you did not want to hurt him but you might have to do something about it. Dr. McKnight also recommended that you be considered for walk alone yard. This CDCR-128C also noted that it was Cc to the C-File, CC1, ASU Sgt/Lt, UHR and the writer. You also gave Lieutenant Savala two copies of your CDCR MH-7230A signed by Dr. McKnight. One was dated June 20, 2012 and the second one was dated July 3, 2012. On the one dated June 20, 2012 Dr. McKnight states that the inmate that you were having problems with is a homosexual inmate, who refused to stay away from you and if this continued you would go off on him. Dr. McKnight also stated that you wanted her to notify the sergeant or lieutenant of this and to document this, so you would be covered. On the CDCR MH-7230A Dr. McKnight also states she consulted with Sergeant Tillman about your yard issues.

Carranza, S. T67780
Appeal Log #RJD-B-12-02812                                    Attachment E-1
Page 2

You said the problem with this inmate had been going on for approximately two months. You also said you went to committee at the beginning of the month (per 114A on 6/7/12). Lieutenant Savala asked you if you brought up his yard issue to committee you said you did but they ignored it and did not give you an answer. Per the CDCR-114A it is noted that committee confirmed the RM-A yard. Lieutenant Savala asked you why you didn't refuse to go to yard if you knew you were having problems on the yard. You replied that the ASU staff made you go. Lieutenant Savala then asked you how did they make you go and you said that they verbally coerced you to go out to the yard.

**Your appeal is PARTIALLY GRANTED in that** the **Appeal inquiry** is complete.

The following witness was questioned: Dr. M. Parker.  The following information was reviewed as a result of your allegations of staff misconduct: Mental Health file, your 114 file, C file and the MH-7230A files you submitted.

Staff: **did** ☐ **did not** ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.  A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: _____ Lt. G. Savala _____   Sign: _____   Date: _1 - 16 - 13_
Interviewer

Print: _G. Stratton_   Sign: _GStratton_   Date: _1 - 25 - 13_
Reviewing Authority

Appeal Log No: RJD-B-12-02812

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1



IAB USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, _only_ one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Carranza, Selvin O. | CDC Number: T67780 | Unit/Cell Number: B-7-101 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

"_Sergeant Tilman & Lieutenant Rink Staged My Fight Even More Staged My Shooting_"

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): _On June 22, 12, Sergeant Tilman & Lieutenant Rink "Set Me Up-Staging Up A Fight For Me[ That I Desperately Tried To Avoid Seeking Help] They Even Staged Up My Shooting for I Was Shot Six Times, During The Fight," In B-6-Group Yard. On June 20, 12, I Informed My Psychologist_

B. Action requested (If you need more space, use Section B of the CDCR 602-A): _1) Recommend An Investigation By "Attorney Generals Office; District Attorneys Office [San Diego]; And Internal Affairs Office;" 2) Save & Provide Video Tapes For All 4 Cameras In B-6 Group Yard And For All Cameras Inside Building 6 Dated June 22, 12, Facing A & B Sections; Financial Com-_

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_1) Dr. McKnight's Notes Showing She Informed Custody 2) Dr. McKnight's Notes Dated 7/3/12 Of Safety Concerns/Request For Walk Alone Dated 6/20/12 3) 128 G Dated 6/7/12 Putting Me On Group Yard_

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

Inmate/Parolee Signature: _[signature]_   Date Submitted: _July 07, 12_

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**
This appeal has been:
☑ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☑ Cancelled (See attached letter) Date:
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
                (Print Name)

Reviewer: _____ Title: _____ Signature: _____
             (Print Name)

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___ / ___ / ___

RECEIVED

SEP 04 2012

RJD CCF APPEALS

S/O₂ C 4
7. S/C. Misuse
Of Force

S T A F F   U S E

NOV 26 2012

BYPASS

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

12-2812

Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____    Date Submitted : _____

**E.  Second Level - Staff Use Only**                Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____    Date: _____    Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review
Assigned to: A. HERNANDEZ    Title: AW    Date Assigned: DEC 01 2012    Date Due: OCT 16 2012

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 10-30-12                Interview Location: ASU 6

Your appeal issue is:  ☐ Granted  ☑ Granted in Part  ☐ Denied  ☐ Other: _____
                See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: G. Zavala    Title: CO    Signature: _____    Date completed: 12-6-12
             (Print Name)
Reviewer: G. Stratton    Title: CDW (A)    Signature: _____
          (Print Name)
Date received by AC: JAN 25 2013

AC Use Only
Date mailed/delivered to appellant JAN 25 2013

**F.  If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____    Date Submitted: _____

**G.  Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
      See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant ___/___/___

**Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
Inmate/Parolee Signature: _____    Date: _____
Print Staff Name: _____    Title: _____    Signature: _____    Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**

IAB USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Carranza, Selvin O. | CDC Number: T67780 | Unit/Cell Number: B-7-101 | Assignment: |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only (Explain your issue)** Dr. McKnight, That I Had Safety Concerns & Was Requesting To Inform Sergeant Tillman & Lieutenant Rink That I Needed To Be Removed From "A1c Group Yard [RM-A]" And Placed On Walk Alone. For There Was A Transexual Inmate Davis AE-3899 Who Was Continuously Provoking Me Trying To Shoulder Bump Me, & Talking His Sodomizing Homosexual Ways Loudly Near Me. I Informed Dr. McKnight I Didn't Want To Fight For He Openly Spoke Of Having "HIV" "AIDS" But It Was Already To The Point That I Was Going To Have To Fight Him. But Avoid A Fight I Was Seeking Even Begging For Help. And Be Removed OFF That Group Yard & Be Placed On Walk Alone??" Sgt. Tillman, However, Told Dr. McKnight To Tell Me To Refuse Yard Or "Handle My Business & Fight!" Dr. McKnight, On June 21, 12, Wrote A "Memo/Chrono" About My Desperately Plea For Help & Sgt. Tillman's Response To Handle My Business & Fight!" She Also Spoke To Lt. Rink Who Simply Said, It Was Committee Who Placed Me Back On Group Yard After 2 Weeks Prior He Had Placed Me On Walk Alone, Due To Female Tower & Brenda Informed Him That I Had Safety Concerns On Group Yard, For She Overheard Black Inmates Talking About Jumping Me [Inmate Davis & His Lovers]. Hence, Lt. Rink, Knowing That The Blame Would Fall On Committee And His Supervisors Couldn't Sweat Him, He Staged The Fight Allowing for It To Happen, Refusing To Remove Me OFF Group Yard & Place Me On Walk Alone Once Again. Pressured & Bullied By Yas Tube Coerced To Go To Yard On June 22, 12, Lt. Rink Promised Me Walk Alone Yard If I Could "Handle My Buisi-ness & Be Cool Fighting On Group Yard." I Was Shot 6 Times As My Enemy Attacked Me Violation Of 8th Amend. OF Constitution

Inmate/Parolee Signature: _____ [signature]     Date Submitted: July 07, 12

**B. Continuation of CDCR 602, Section B only (Action requested):** Censation of 5 Million Dollars From Sgt. Tillman; $5 Million Dollars From Lt. Rink For Denying My Supplications for Help, Supplications For Walk Alone Yard To Prevent The Fight. For Pressuring Me & Bullying Me Even Forcing/Coercing Me To Fight A Homosexual W/ AIDS, Even Taunting Me To Handle My Buisiness & Fight On The Yard, For The Psychological Trauma & Stress, Sleepless, Hungry Days & Nights, For Setting Me Up, Stagging The Fight And Stagging My Shooting, For Getting Me Shot 6 Times While In Their Words I Lost The Fight For My Right Knee Being Blown Apart With 2 Direct Block Gun Wooden Shots [37mm], Swelling & Infecting My Knee Up, Even Ending Me Hospital/iced. W/Nasty Scar On Right Knee For The "Cruel & Unusual Punishment Violation Of My 8th Amend. Constitutional Right Of America"; 5) $5 Million Dollars From %o Thaxton, K. Who Shot Me A Total Of 6 Times While Defending Myself. Shooting Me Directly 3 Times W/ 37 mm Black Gun When Legally Required To "Richoche't" The Shots From Floor/Wall And Shooting Me 3 Times W/ 40 mm; $5 Million Dollars From %o Sherr , %o Pimentel , %o Rodriguez J For Standing On Side Lines To See The Fight: $5 Million Dollars From W. Suglich CPW (A); $5 Million Dollars From E. Garcia Captain For Ignoring My Safety Concerns Placing Me On RMA Yard. $50 Million From State Of California

Inmate/Parolee Signature: _____ [signature]     Date Submitted: July 07, 12



STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)                                                                          Side 2

12-2812

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____   **Date Submitted:** _____

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CLASSIFICATION CHRONO, CDC-128G

NAME: CARRANZA, S.                    CDCR#: T67780                    HOUSING: 6-208L

| RELEASE DATE | CUSTODY | CS | WG | PG | ANN REV | MHSDS | DDP/DPP |
|---|---|---|---|---|---|---|---|
| MEPD 02-08-2067 | MAX | 280 | D1 | D | 03-13 | CCCMS | NCF/N/A |

**COMMITTEE SUMMARY**

ASU REVIEW/FOUND GUILTY RVR DATED 2-17-12, LOG# FC-12-048, BATTERY ON AN INMATE, 0 DAYS LOC/*ASSESS & IMPOSE 6 MONTH AGGRAVATED SHU TERM, MERD: 7-2-12/REVIEW FOR POSSIBLE INDETERMINATE SHU PLACEMENT—INDETERMINATE SHU TERM NOT ASSESSED/RETAIN ASU DUE TO ENEMY CONCERNS/REFER CSR FOR SHU AUDIT & TX, RX: LAC-IV (270/SNY), ALT: SVSP-IV (270/SNY)/APPROVE DOUBLE CELL HOUSING.*

**COMMITTEE DISCUSSION**

Inmate CARRANZA (I/M) made a personal appearance before the Institution Classification Committee (ICC) for an ASU Review. I/M stated he was in good health and prepared to proceed with committee. 72 hours notice was provided. Inmate is a participant of the MHSDS Program.

Level of care: CCCMS.  DDP: NCF.  Reading GPL: 10.7.  DPP: N/A.  BPH: IPCH 01-2066.  CSRA: Low (1).  PC2933: No. PC2933.05: No.  IHC: RE.

**ASU REASON:**

I/M was placed in ASU on 02-17-12, after he entered cell 14-106 and Battered Inmate Ayala, AB2810 and Inmate Solache, P54161. On 4/30/12, I/M was issued a new 114D retaining him in ASU due to enemy concerns.

**STAFF ASSISTANT**

Mental Health (MH) staff described the I/M's treatment needs and likelihood of decompensation if retained in ASU. Refer to CDC 128-MH10 dated 6-7-12. MH staff noted that I/M is able to comprehend the issues at hand. The previous SA, J. ORTIZ, CC-I was not present at committee. CCII J. Heatherton was assigned as SA. I/M verbally waived 24 hours prior meet and confer with the SA and requested the hearing proceed. I/M has a reading score of 10.7 and indicated he does not need an SA. ICC unassigned the SA for future committees. Effective communication was achieved by speaking clearly and concisely, using simple language, with continuous prompts to the inmate to repeat, in his own words, his understanding of the issues presented.

**ICC DELIBERATION & ACTION**

I/M was charged with RVR, dated 2-17-12, Log # FC-12-048, for Battery on an Inmate. No serious injury resulted from the incident. This RVR has been adjudicated. I/M was found guilty, but no credit forfeiture due to a due procss error. This incident will not be referred to the District Attorney for possible criminal prosecution. The Senior Hearing Officer reviewed and considered the CDC 115-MH during the hearing. ICC also reviewed and considered the CDC 115-MH prior to taking an action in this case. It indicates I/M'S mental disorder does appear to to have contributed to the behavior alleged in the RVR, and there are mental health factors the hearing officer should consider in assessing the penalty. Refer to CDC 115-MH for details. This RVR carries an expected 3 month SHU Term. ICC reviewed for aggravating and mitigating factors and noted a prior RVR dated 2-19-07 for Battery on a Peace Officer, which was within the last 5 years. No mitigating factors noted. *ICC acts to assess and impose a 6 month aggravated SHU Term with a MERD of 7-2-12.*

I/M is designated for SNY housing. As a result of the present RVR, I/M'S Placement Score increased from 270 to 280, Level IV. I/M meets criteria for iIndeterminate SHU Term due to more than 3 SHU Terms on his present CDCR number. Also, I/M meets criteria for 180 degree double housing due to SHU placement and RVR for assaultive behavior in an SNY facility within the last 3 years, Code Factors A-1 and B-1. ICC reviewed for possible Indeterminate SHU Term and also reviewed for possible 270 housing override. ICC notes I/M was received at RJD-IV (270/SNY) on a 270 override despite meeting 180 criteria, after having been released from Indeterminate SHU placement on 3-9-11. ICC notes there is only one 180 SNY institution, KVSP. I/M has enemies at both 180 SNY facilities at KVSP-IV. Further, I/M successfully programmed on a 270 facility at RJDCF since his arrival with no problems, except for the instant RVR. This offense appears to have been perciptated by the other inmates involved and was not necessarily indicative of a propensity for violence by I/M Carranza. This RVR indicated the reporting employee was interviewed during the hearing and stated he saw I/M Solache punch I/M Carranza first. Also, the incident may also have been perciptated in part by I/M Carranza having been given a bed move allegedly against his will at the behest of his former cellie, I/M Solache. ICC notes I/M'S property had reportedly been removed from his cell and placed in the dayroom without I/M'S knowledge. ICC notes I/M Carranza was formerly assessed an Indeterminate SHU Term for excessive violence/disruptive behavior, but was eventually released from COR-SHU on 3-9-11, when ICC determined I/M'S propensity for violence had de-escalated and therefore I/M would be more suitably housed in an appropriate Level IV institution. ICC believes I/M would be able to successfully program in a 270 SNY facility. *ICC acts to not assess an Indeterminate SHU Term and approves I/M for 270 housing.*

Enemy concerns are noted as a result of the instant RVR. Those enemies are housed on Facility C, Level IV (270/SNY), and there are no other housing options available for I/M at RJDCF. I/M requires a gluten free diet per CDC 7410 dated 1-17-12, and is medium Risk Medical Risk. Previous placement options were limited by the dietary needs. However, gluten free diets are now available at many institutions. *Therefore, ICC acts to retain I/M in ASU pending endorsement and transfer. Case referred to the CSR for SHU audit and transfer, RX: LAC-IV (270/SNY), alternate: SVSP-IV (270/SNY. Transfer upon expiration of the MERD.* I/M continued on MAX Custody. WG/PD D1/D (no credit loss) effective 2-17-12. Transfer is adverse. Upon transfer, I/M will be CLO-B Custody and WG/PG A2/B.

**CASE FACTORS**

CDC forms 127, 840, 812 and 812-C have been updated. Confidential file noted and reviewed. Case Factors are noted on CDC 128-G dated 02-03-12, and remain appropriate with the exception of the following: Inmate is 30 years old, TB Code 32 per SOMS, as well as any actions noted in this committee.

**CELL STATUS:**

ICC noted RVRs dated 1/5/03, 4/22/05, 3/2/06 and 11/14/08 for in-cell fighting. I/M was placed in ASU on 2/17/12 after he entered his formerly assigned cell and battered the two occupants. ICC elected to assign single cell status pending completion of the disciplinary action. The disciplinary process has now been completed and ICC notes that although this offense took place inside I/M'S former cell, it does not warrant single cell, based on the circumstances of the offense, as described above. The victim apparently started the violence, although I/M did Batter the victim after the victim had discontinued fighting. ICC also notes prior single cell housing due to pending psychiatric evaluation, threatening to assault cellies, and more recently, due to being the victim of an in-cell Battery, on 9-15-10. I/M does not have any current need for single cell housing. ICC acts to approve for double cell housing at this time. I/M was assigned RM-A yard.

**PARTICIPATION:**

The Use of Force policy was explained to I/M.  MHSDS staff did concur with the committee's decision.  Inmate CARRANZA actively participated in today's hearing and stated he did understand the Committee's actions and was not in agreement.  RJD's behavioral expectations and the inmate's right to appeal have been explained.  There are no other case concerns at this time.

**COMMITTEE MEMBERS**

E. Garcia, FC; E. Garza, FC (A); L. Munoz, CCIII (A); D. Saltzman, Psychologist

Chairperson: W. Suglich, CDW (A)                          Recorder:  R. Olson, CCII

DATE: 6-7-12                (ro)                CLASSIFICATION:  ICC/CSR/ASU                INSTITUTION: RJDCF

State of California
Department of Corrections and Rehabilitation
Interdisciplinary Progress Notes-General
CDCR MH-7230A (Rev. 01/12)

## Comments (Use S.O.A.P.E. Format)

### RJD/ASU Facility B

### Type of Contact: Regular P/C Note   LOC: CCCMS   Clinical Discipline: Psychologist

| | | |
|---|---|---|
| Specify HR NA | Date added to HR: Click here to enter a date. | Reason for HR: Click here to enter text. |
| Inv Med Status: NA | Inv Med Date Exp: Click here to enter a date. ☒ NA | DMH status: Choose an item. |
| RJD ASU Arrival Date: 12/17/2012 | Previous Location: Click here to enter text. | Classification Score: 270 |
| ASU Bldg: Fac B6 | Appointment Time: 10:55 | Duration: 35 |
| Reason for Contact: PC Routine | Other Reason: _____ | Location of Contact: Out of Cell |
| DDP Status: NCF | TABE: none shown | ARDTS LIFE |

S: IP reported that he has been feeling increasingly agitated over being put on group yard yesterday due to the presence of a homosexual inmate whom he cannot stand to be around because is "Christian" and "faggots" really upset him. IP asked this inmate to keep his distance from him to decrease the possibility of trouble, however, he says this inmate has been purposely coming near him and talking to him. IP reported that if this continues, he might "go off" on him. IP wanted me to let custody (Sgt or Lt) know about his issue. He asked this writer to write a "memo" for his chart indicated he had shared this information with me in order to "cover himself." IP also shared his 115 documentation and said that he is hoping he will get transferred soon. IP stated, "I could be better," which he starts most sessions with. IP denies SI/HI/AH/VH.

O: IP is a tall, lean build, 30 year old Hispanic male who presented with adequate grooming and hygiene, and shaved head. His behavior during session was cooperative, with broad affect and congruent mood. IP was oriented x4 and maintained good eye contact when engaged in session. IP was agitated and somewhat labile this session due to recent stressors (mentioned above). Speech was low in volume at times. Thought processes were LL and goal directed. IP's coping ability is deficient in self-soothing behaviors. IP's social maturity can be described as "self-centered" with poor insight and judgment. Difficulty delaying gratification or not reacting to situations.

A: AXIS I: 309.28 Adjustment Disorder, Chronic; AXIS II 301.7 Antisocial Personality Disorder; CLUSTER B TRAITS; AXIS III: food allergies AXIS IV: ASU/Incarceration; AXIS V: 65 Current

P: Continue 1:1 weekly, Group weekly. Consulted with Sgt Tillman about the yard issue. Informed IP of his options. Continue to monitor IP for risk of harm to others.

E: Reminded IP to continue stress reduction strategies during the future. Encouraged IP to evaluate the consequence of his actions i.e. he does not want to get another SHU term so he needs to find a way to stay calm and manage his frustration over the situation.

☐ Page 2 (Note continued on page 2)

| | | | | | |
|---|---|---|---|---|---|
| Date: | 6/20/2012 | Time: | 14:56 | Housing | ASU FAC B-208 |
| Institution: | RJD/ASU | Clinician: | R. McKnight, Psy.D. | Signature: | |

| 1. Disability Code | 2. Accommodations: | 3. Effective Communication | | |
|---|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional Time | ☑ P/I asked questions | Last Name: CARRANZA | |
| ☐ DPH ☐ DPV | ☐ Equipment ☐ SLI | ☑ P/I summed information | First Name: Selvin | |
| ☐ LD | ☐ Louder ☐ Slower | Please check one: | CDC# | T67780 |
| ☐ DPS ☐ DNH | ☐ Basic | ☐ Not reached ☑ Reached | DOB: | 6/27/1981 |
| ☐ DNS ☐ DDP | ☐ Transcribe | *See chrono/notes | | |
| ☐ Not applicable | ☐ Other* | | | |
| Comments: | | | | |

State of California
Interdisciplinary Progress Notes-General                                    Department of Corrections and Rehabilitation
CDCR MH-7230A (Rev. 01/12)

## Comments (Use S.O.A.P.E. Format)

## RJD/ASU Facility B

## Type of Contact: Regular P/C Note   LOC: CCCMS   Clinical Discipline: Psychologist

| Specify HR NA | Date added to HR: Click here to enter a date. | Reason for HR: Click here to enter text. |
|---|---|---|
| Inv Med Status: NA | Inv Med Date Exp: Click here to enter a date. ☒ NA | DMH status: Choose an item. |
| RJD ASU Arrival Date: 12/17/2012 | Previous Location: Click here to enter text. | Classification Score: 270 |
| ASU Bldg: Fac B6 | Appointment Time: 10:30 | Duration: 45min + consult |
| Reason for Contact: PC Routine | Other Reason: _____ | Location of Contact: Out of Cell |
| DDP Status: NCF | TABE: none shown | ARDTS LIFE |

S: IP reported that he is frustrated because he came to me telling me he had a conflict with I/M Davis and tried to get Walk Alone yard back so he could avoid the confrontation. From his perspective, custody denied him walk alone yard and told him to "handle his business" so that's what he did (rather than wait for committee to see about getting walk alone yard then). Explained to IP that the Lt agreed to try to help him get walk alone yard back but the IP still CHOSE to go out to yard that day, knowing it would probably result in a confrontation. IP said repeatedly that he wanted to "handle his business like custody said he should" but when he tried to do that during the fight, they shot him multiple times. IP wanted this writer to give him a copy of the chrono I wrote detailing the issue he was having with I/M Davis and recommending walk alone yard. IP also wanted a statement from this writer detailing what the sergeant and Lt's responses were during this issue. IP fails to see his role in this matter. IP fails to see that was originated this issue was his intolerance of I/M Davis.
O: IP is a tall, lean build, 30 year old Hispanic male who presented with adequate grooming and hygiene, and shaved head.  He had a bandage on his knee and in several places on his back. He is currently on waist chains. His behavior during session was manipulative. He displayed labile affect and frustrated mood.  IP was oriented x4 and maintained intense eye contact.  Speech was low in volume at times. Thought processes were LL and goal directed and perseverative.  IP's fund of knowledge seems average for prison population.  IP's coping ability is deficient in self-soothing behaviors.  IP's insight is poor and he refuses to take responsibility for his actions in situations that played out. IP externalizes blame and tries to coerce clinician into doing things for him.
A: AXIS I: 309.28 Adjustment Disorder, Chronic; AXIS II 301.7 Antisocial Personality Disorder; 301.9 Personality Disorder NOS; strong CLUSTER B TRAITS; AXIS III:  Allergies to peanuts, chocolate, vanilla, gluten; AXIS IV: ASU/Incarceration;  AXIS V:  67 Current
P:  IP was told he could come to group this week as I/M Davis would not be there. IP was told that we could do twice weekly sessions starting next week. Consulted w/ Dr. Beletsis & Lt. Rink.
E:  Encouraged IP to take responsibility for his role. Helped him evaluate pros and cons of complaining about the situation with custody. Set firm boundaries i.e. you can get a copy of the chrono from your C-File. It isn't my role to write a statement about what happened with custody.

| Date: | 7/3/2012 | Time: | 12:36 | Housing | ASU FAC B-208 |
|---|---|---|---|---|---|
| Institution: | RJD/ASU | Clinician: | R. McKnight, Psy.D. | Signature: | _(signature)_ |

☐ Page 2 (Note continued on page 2)

| 1. Disability Code | 2. Accommodations: | 3. Effective Communication | |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional Time | ☑ P/I asked questions | Last Name: CARRANZA |
| ☐ DPH ☐ DPV | ☐ Equipment ☐ SLI | ☑ P/I summed information | First Name: Selvin |
| ☐ LD | ☐ Louder ☐ Slower | Please check one: | CDC#    T67780 |
| ☐ DPS ☐ DNH | ☐ Basic | ☐ Not reached ☑ Reached | DOB:    6/27/1981 |
| ☐ DNS ☐ DDP | ☐ Transcribe | *See chrono/notes | |
| ☐ Not applicable | ☐ Other* | | |
| Comments: | | | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## THIRD LEVEL APPEAL DECISION

Date: JUN 12 2013

In re:  Selvin Carranza, T67780
Kern Valley State Prison
P.O. Box 6000
Delano, CA  93216

**CENTRAL FILE COPY**

TLR Case No.: 1209559          Local Log No.: RJD-12-02812

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. Pool, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**  It is the appellant's position that on June 22, 2012, Correctional Sergeant (Sgt.) L. Tillman and Correctional Lieutenant S. Rink inappropriately "set the appellant up and staged up a fight for him." The appellant asserts that he desperately tried to avoid the incident by seeking "help." The appellant claims that he was "shot six times" during the incident by less than lethal direct impact rounds. The appellant alleges that on June 20, 2012, he informed his assigned psychologist that he had safety concerns and was requesting to inform the Administrative Segregation Unit supervisory staff that he needed to be removed from the "group yard" and placed on the "walk alone yard." The appellant contends that on June 21, 2012, the psychologist wrote a chrono regarding his plea for "help" and to be removed from the "group yard." The appellant claims that "Sgt. Tillman spoke to the psychologist and informed her that the appellant needs to refuse going to the yard or handle his business." The appellant alleges that he was "pressured and bullied" to go to the exercise yard to "handle his business." The appellant contends that he is still suffering pain in his right knee as a result of the incident.

The appellant requests to have an investigation completed by the California Attorney General's Office, the San Diego District Attorney's Office and the Office of Internal Affairs; to have all video tape evidence save for the date of the incident; and to be provided a total of $75,000,000.00 in compensation.

**II   SECOND LEVEL'S DECISION:**  The reviewer found that after a review of the allegations of staff misconduct presented in the written complaint, it was determined that the appellant's appeal would be processed as a staff complaint appeal inquiry. An inquiry was conducted into the appellant's allegations.

The reviewer noted that all staff personnel matters are confidential in nature and the appellant will only be notified whether the actions of staff were, or were not, in compliance with policy. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, the appellant has the right to be notified if after a review of his allegations, it is determined that staff violated CDCR policy. In this case the inquiry has been completed and it has been determined that staff did not violate CDCR policy. The Second Level of Review (SLR) partially granted the appeal in that an inquiry into the appellant's allegations was conducted.

**III   THIRD LEVEL DECISION:**  Appeal is denied.

**A.  FINDINGS:**  Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. In the event that staff conduct was not in compliance with policy, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of the final review, or culmination of an appeal inquiry, the appellant is to be notified by the respective staff that an inquiry has been completed. The appellant was notified of the completion of the inquiry. In this case, the institution has reported to the appellant that an

SELVIN CARRANZA, T67780
CASE NO. 1209559
PAGE 2

inquiry was conducted and concluded that staff did not violate policy.  Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff, or the placement of documentation in a staff member's personnel file, or that the staff members be reprimanded is beyond the scope of the appeals process.  The confidential inquiry was reviewed by the on May 10, 2013.  Information provided in the confidential inquiry supports the determination that staff have complied with the requirements of CDCR policy in the inquiry of the appellant's allegations. Therefore, no further relief is provided at the Third Level of Review.

The appellant has added new issues and requests to his appeal.  The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B.  BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 5058
California Code of Regulations, Title 15, Section: 3000, 3001, 3004, 3005, 3084.1, 3084.2, 3084.3, 3084.5, 3084.6, 3084.7, 3084.8, 3084.9, 3268, 3268.1, 3268.2, 3270, 3271, 3278, 3380, 3391, 3402
CDCR Operations Manual, Section: 31140.14, 54100.4, 54100.8, 54100.13, 54100.13.1, 54100.13.2, 54100.13.3, 54100.14, 54100.15, 54100.25, 54100.25.1, 54100.25.2

**C.  ORDER:**  No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


K. POOL, Appeals Examiner
Office of Appeals

J. D. LOZANO, Chief
Office of Appeals

cc:     Warden, KVSP
        Appeals Coordinator, KVSP
        Appeals Coordinator, RJD

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

**IAB USE ONLY**

1209559

T67780

Institution/Parole Region:  Log #  Category:
RJD-B   12-2812   SC
AAR 11/9/12   VIOLF

FOR STAFF USE ONLY

You m_____ and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, Section (CCR) 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, _only_ one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Carranza, Selvin O. | T67780 | B-7-101 | |

**RECEIVED**
SEP 04 2012
RJDCF APPEALS

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

"Sergeant Tillman & Lieutenant Rink Staged My Fight Even More Staged My Shooting"

A. Explain your appeal (If you need more space, use Section A of the CDCR 602-A): On June 22, 12, Sergeant Tillman & Lieutenant Rink "Set Me Up-Staging Up A Fight For Me [That I Desperately Tried To Avoid Sucking Help] They Even Staged Up My Shooting, For I Was Shot Six Times, During The Fight, In B-6-Group Yard. On June 20,12, I Informed My Psychologist.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): 1) Recommend An Investigation By "Attorney Generals Office; District Attorneys Office (San Diego); And Internal Affairs Office." 2) Save & Provide Vedio Tapes For All 4 Cameras In B-To Group Yard And For All Cameras Inside Building 6, Dated June 22, 12, Facing A & B Sections; Financial Com-

Supporting Documents:  Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Dr. McKnight's Notes, Showing She Informed Custody 3) Dr. McKnight's Notes, Dated 7/3/12 Of Safety Concern & Request For Walk Alone, Dated 6/20/12  3) 128-G, Dated 6/7/12 Putting Me On Group Yard

☐ No, I have not attached any supporting documents.  Reason _____

| Inmate/Parolee Signature: | Date Submitted: Jul, 07, 12 |
|---|---|

☐ By placing my initials in this box, I waive my right to receive an interview.

**RECEIVED**
INMATE APPEALS BRANCH
SEP 14 2013

**RECEIVED**
INMATE APPEALS BRANCH
STAFF

R7
1858

s/02  C4
7.5/C. Misuse
of Force

---

**C. First Level - Staff Use Only**  Staff – Check One: Is CDCR 602-A Attached? ☑ Yes  ☐ No

This appeal has been:
☑ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction) NOV 26 2012 Date: _____ Date: _____ Date: _____
☑ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter.  If dissatisfied with First Level response, complete Section ___

| Interviewer: _____ (Print Name) | Title: _____ | Signature: BYPASS | Date completed: _____ |
| Reviewer: _____ (Print Name) | Title: _____ | Signature: _____ |

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant _____ / _____ / _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

12-2812

Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

Inmate/Parolee Signature: _____  Date Submitted : _____

**E. Second Level - Staff Use Only**     Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review

Assigned to: A. HERNANDEZ   Title: AW   Date Assigned: DEC 01 2012   Date Due: OCT 16 2012

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 10-30-12     Interview Location: A54 6

Your appeal issue is:  ☐ Granted  ☑ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: G Javala   Title: CY   Signature: _____  Date completed : 12-6-12
(Print Name)

Reviewer: G Stratton   Title: CDW (A)   Signature: _____
(Print Name)

Date received by AC: JAN 25 2013

AC Use Only
Date mailed/delivered to appellant JAN 25 2013

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

Dissatisfied/ I'm asking for Compensatory, Punitive & Nominal damages from Sgt L. Tillman, Lt. Riak S, C/O K. Thaxton, C/O J. Reyes, C/O J. Rodriguez, C/O E. Pimentel, C/O N. Sharr, for "premeditating my shooting for job security, creating an incident of violence by staging my fight (which I desparately tried to avoid, continuously begging them on successive dates to permanently remove me off the RM4 Group Yard, and permanently put me on a walk alone yard, see att. chronos) staging my shooting (getting me shot 6 times causing me serious bodily injury). For by showing there's lots of violence in CDCR

Inmate/Parolee Signature: _____   Date Submitted: February 17, 2013

Envelope Served 2/24/13
postmarked 2-25-13

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: MAR 14 2013   Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☑ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted  ☐ Granted in Part  ☑ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant JUN 12 2013

**Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

IAB USE ONLY




*1209559*

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.       **WRITE, PRINT, or TYPE CLEARLY** in black or blue ink.

| Name (Last, First): Carranza, Selvin O. | CDC Number: T67780 | Unit/Cell Number: B-7-101 | Assignment: |
|---|---|---|---|

**A.** Continuation of CDCR 602, Section A only (Explain your issue): Dr. McKnight, That I Had Safety Concerns & Was Requesting To Inform Sergeant Tillman & Lieutenant Riak That I Needed To Be Removed From "B-6 Group Yard [RM-A]" And Placed On Walk Alone for There Was A Transsexual Inmate Davis AE-3899 Who Was Continuously Provoking Me Trying To Shoulder Bump Me, & Talking His Sodomizing Homosexual Ways Lewdly Near Me. I Informed Dr. McKnight I Didn't Want To Fight, For He Openly Spoke Of Having "HIV" "AIDS" But It Was Already To The Point That I Was Going To Have To Fight Him, But To Avoid A Fight I Was Seeking, Even Begging For Help? And Be Removed Off That Group Yard & Be Placed On Walk Alone??" Sgt. Tillman, However, Told Dr. McKnight To Tell Me To Refuse Yard Or "Handle My Buisness & Fight!" Dr. McKnight, On June 21, 12, Wrote A "Memo/Chrono" About My Desperately Plea For Help & Sgt. Tillman's Response To Handle My Buisness & Fight!" She Also Spoke To Lt. Riak Who Simply Said "It Was Committee, Who Placed Me Back On Group Yard After 2 Weeks Prior He Had Placed Me On Walk Alone Due To Female Tower To Blanta Informed Him That I Had "Safety Concerns On Group Yard, For She Over Heard Black Inmates Talking About Jumping Me [Inmate Davis & His Lovers]. Hence, Lt. Riak, Knowing That The Blame Would Fall On Committee, And His Supervisors Couldn't Sweat Him, He Staged The Fight Allowing for It To Happen, Refusing To Remove Me Off Group Yard & Place Me On Walk Alone Once Again, Pressured & Bullied By Gas Labro forced To Go To Yard. On June 22, 12, Lt. Riak Promised Me Walk Alone Yard If I Could "Handle My Buis-ness & Be Cool Fighting On Group Yard." I Was Shot 6 Times As My Enemy Attacked Me Violation of 8th Amend OF Constitution

Inmate/Parolee Signature: _____     Date Submitted: _____
July 07, 12

**B.** Continuation of CDCR 602, Section B only (Action requested): Censation of $5 Million Dollars From Sgt. Tillman, & $5 Million Dollars From Lt. Riak For Denying My Supplications for Help Supplications for Walk Alone Yard To Prevent The Fight. For Pressuring Me & Bullying Me Even Forcing/Coercing Me To Fight A Homosexual W/AIDS, Even Taunting Me To Handle My Buisness & Fight On The Yard. For The Psychological Trauma & Stress, Sleepless, Hungry, Days & Nights, For Setting Me Up, Staging The Fight And Staging My Shooting For Getting Me Shot 6 Times But In Their Words I Lost The Fight. For My Right Knee Being Blowin Impact With 2 Direct Block Gun Wooden Shots[37mm]. Swelling & Infecting My Knee Up, Even Ending Me Hospitalized W/ Nasty Scar On Right Knee. For The "Cruel & Unusual Punishment Violation Of My 8th Amend Constitutional Right Of America," 5) $5 Million Dollars From Yo Thaxtan, K, Who Shot Me A Total Of 6 Times While Defending Myself, Shooting Me Directly, 3 Times W/ 37 mm Black Gun When Legally Required To Richochet The Shots From Floor/Wall And Shooting Me 3 Times W/ 40 mm, & $5 Million Dollars From Yo Sborz N., Yo Pimentel E., Yo Rodriguez J. for Standing On Sidelines To See The Fight. $5 Million Dollars From W. Suglich CPU (A). $5 Million Dollars From E. Garcia Captain For Ignoring My Safety Concerns Placing Me On RMA Yard. $50 Million From State Of California

Inmate/Parolee Signature: _____     Date Submitted: July 07, 12

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

12 - 2812

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** "/as have been "rehired," Job positions that were laid off/released were "rehired/brought back," "At the expense of prisoners hurt & tax payers money; **2)** Compensatory, Punitive & Nominal damages from Captain E. Garcia, &(AW) vs Suglich for disregarding my safety concerns (see att. chrono by 40 N. Sherr dated 6/01/12). And failing to permanently put me on walk alone yard during committee, see chrono 6/7/12. **)** Compensatory, Punitive & Nominal damages from Respondent Supervisors "A. Hernandez (AW)," Lt. G. Savala, G. Stratton CBW(A) Warden D. Paramo," CDCR policy makers including but not limited to secretary Dr. Jeffrey **Beard**," Deborah Hoffman (AS) Communications, Etc., Governor Edmund G. Brown Jr.," CCPOA policy makers & its Union Members including but not limited to President Mike Jimenez, Vice President John Doe, etc., & the above named &/as CCPOA Union Members, for their policy of biased investigations refusing to discipline staff who commit crimes against prisoners; for their policy refusing to order/request an investigation by an outside agency the local "F.B.I," or the "San Diego Police or Sheriffs Departments," for their policy refusing to refer this incident to the San Diego District Attorney's Office for criminal prosecution of the defendants &/or involved; for their policy or failure thereof against "CCPOA Union Members"[&/as] committing fraud, of the state of Califor-nia, by provoking/creating incidents of violence w/prisoners for job security, & insurance purposes. And to benefit "CDCR & "CCPOA." And frauding the state collecting worker's compensation & all other benefits, for their policy false Advertisement to the public, there's lots of violence in "CDCR" getting &/as job positions that were laid off/released "rehired," for their polic retaliation "Assaulting me w/deadly weapon causing me great bodily injury." "Beating me & strangling me near death. And falsely Accusing me of a sex crime. For "everyone" violating my 1st & 8th U.S. Constitutional Rights Cruel & Unusual Punishment & Freedom of Speech.

Inmate/Parolee Signature: _____   Date Submitted: February 17, 2013

# Exhibit B

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*March 26, 2013*

*CARRANZA, T67780*
*B  006 1101001LP*

DISCIPLINARY, , 03/25/2013
Log Number: RJD-B-13-01039
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

***Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4).   Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.***

***\* Final copy of RVR issued 12/27/12***
***\* Appeal received 3/15/13, over 30 days***

R. Olson, CCII / J. Ramirez, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).   Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.   However, a separate appeal can be filed on the cancellation decision.   The original appeal may only be resubmitted if the appeal on the cancellation is granted.

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*March 19, 2013*

***CARRANZA, T67780***
*B  006 1101001LP*

DISCIPLINARY, , 03/15/2013
Log Number: RJD-B-13-01039
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

***Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:***

***\* Original 115/115-A***
***\* Original 837***

R. Olson, CCII / J. Ramirez, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

---

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | |
|---|---|

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance on the appeals process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): _Carranza, Selvin O._ | CDC Number: _T67780_ | Unit/Cell Number: _B-6-101_ | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

_Requesting 115 Log No. FB-12-163 Be Reheard Due Process 14 Amend. Constitutional Violation_

**A.  Explain your issue** (If you need more space, use Section A of the CDCR 602-A): _I was denied my U.S._
_6th & 14th Amendment Constitutional Rights To call [inmate] witnesses on my behalf,_
_due to my adseg housing status. For I was denied my "Due Process Right" to an Invest-_
_-igative Employee [I.E.] who could collect evidence necessary to adequately present_

**B.  Action requested** (If you need more space, use Section B of the CDCR 602-A): _1) Rehear my 115 Log No._
_FB-12-163 granting me my Due Process U.S. 14 Amend. Constitutional Right to view_
_the video that would exonerate me and show that I was falsely Accused of a_
_"sex crime" in retaliation for previous 602 staff complaints; 2) Rehear my 115 granting_

**Supporting Documents:** Refer to CCR 3084.3.

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_1) 115 Log No. FB-12-163; 2) incident Log No. RJD-B06-12-11-0408; 3) CDCR 115 A; 4)_
_CDCR 115 C (SHO report); 5) CDCR 114 D._

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: _____    Date Submitted: _January 7, 2013_

☐ **By placing my initials in this box, I waive my right to receive an interview.**

RECEIVED
MAR 15 2013
RJDCF APPEALS
S/O #27-115, 115A
S 837 orig. that's
1 DISC. DLV

RECEIVED
MAR 25 2013
RJDCF APPEALS
S/O DC4

S
T
A
F
F

**C.  First Level - Staff Use Only**          Staff – Check One:  Is CDCR 602-A Attached?  ☑ Yes  ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review.  Go to Section ___ MAR 15 2013

☑ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____

☑ Cancelled (See attached letter)  Date: MAR 25 2013

☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)   Title: _____   Signature: _____   Date completed: _____

Reviewer: _____ (Print Name)   Title: _____   Signature: _____

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                                                                        Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____    **Date Submitted :** _____

**E.  Second Level - Staff Use Only**                                 Staff – Check One:  Is CDCR 602-A Attached?   ☐ Yes    ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review
Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

                           Date of Interview: _____          Interview Location: _____
Your appeal issue is:  ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____
                           See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ Title: _____ Signature: _____ Date completed : _____
                 (Print Name)

Reviewer: _____ Title: _____ Signature: _____
                (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____/____/____ |

**F.  If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation,  P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____    **Date Submitted:** _____

**G.  Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted    ☐ Granted in Part   ☐ Denied   ☐ Other: _____
          See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____/____/____ |

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____

                 Inmate/Parolee Signature: _____                          Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)
Side 1

IAB USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Carranza, Selvin | CDC Number: T69780 | Unit/Cell Number: B-6-101 | Assignment: |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only** (Explain your issue): My defense of "Not Guilty, being Falsely Accused of a sex crime in retaliation for filing staff complaints. The Complexity of the sexcrime[P.A. referral] charge required further investigation to afford me a fair hearing. But the order to deny me an I.E. came from Captain M. Stout himself [which is retaliatory prosecution]. For he cites Title 15 § 3316 (d)(1) which reads: "(1) Investigative Employee. (A) An investigative employee, as described in section 3318(a) shall be assigned when the staff designated to classify the serious rule violation determines that: (1) The Complexity of the issues require further investigation, 2) The housing status makes it unlikely the charged inmate can collect & present the evidence necessary for an adequate presentation of a defense, 3) A determination has been made that additional information is necessary for a fair hearing." Which are all the reasons for which Captain M. Stout should have granted my signed request for an "I.E. (see attached CDC 115-A)." On Nov. 26, 12, when given the new "lock up order" by Captain M. Stout, I verbally asked him if I may please have the "video [surveillance video] of my cell/dayroom that would exonerate me and reveal that I'm being falsely accused of this sex crime (see att. CDCR 114 D). Captain Stout said he was denying me the video. Which is a Due Process Violation that would exonerate me. For C/O J. Gomez accuses me of committing a sex crime while at my cell window. Video would show I was never even on my window.

Inmate/Parolee Signature: _[signature]_                    Date Submitted: January 7, 2013

**B. Continuation of CDCR 602, Section B only** (Action requested): Me my 6th Constitutional Right to call [inmate] witnesses on my behalf through an "I.E."; 3) Compensatory, Punitive & Nominal Damages from Lt. G. Savala, C/O R. Davis, R. Lopez, C. Meza, J. Gomez,   Morales,   Jackson, Respondeat Superiors Captain M. Stout, Lt. C.P. Franco, A. Hernandez (AW),   Stratton (AW), D. Parramo Warden, CDCR policy makers including not limited to secretary Dr. J. Beard, D. Hoffman (AS) Communications, etc." Governor J. Brown, CCPOA policy makers including not limited to union members & President Mike Jimenez, VPresident J. Doe," etc. for their policies or failure thereof against "CCPOA Union Members [C/O's] committing fraud of the state of California, provoking & creating incidents of violence w/prisoners for job security & to collect workers compensation & all other benefits from the state & CCPOA. And to benefit CDCR & CCPOA." Policy of false Advertisement to the public lots of violence in CDCR "getting job positions that were laid off [hired]." "Policy denying Due Process Constitutional Right to view surveillance videos during 115 hearings [excess of force complaints, Policy of biased investigations [refusing to discipline staff who retaliate for staff complaints. For everyone violating my 1st, 6th, 14th & 8th U.S. Constitutional Rights Cruel/Unusual Punishment

Inmate/Parolee Signature: _[signature]_                    Date Submitted: January 7, 2013

**STAFF USE ONLY** *(vertical, right margin)*

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____ **Date Submitted:** _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____ **Date Submitted:** _____

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| -67780 | CARRANZA | | | FB-6-116L | FB-12- 1163 |

VIOLATED RULE NO(S).

007 Sexual Behavior

DATE 11/24/12    TIME 0640 hrs.

CIRCUMSTANCES

*Handwritten note overlapping text:* Note: This is the "Original 115." Per Captain Stout - B Yard. "IEX" 115s Are Not Type Written By Inmates. Thus they gave me this Copy as the Original. And they Signed it as the Original. Please Accept It As The Original That IEB?!

On Saturday, November 24 [...] le performing my duties as ASU 6 Floor Of [...] howers, Inmate Carranza T-67780 solely [...] m ready for my Shower". Inmate Carranza [...] As I was walking towards I/M Carranza's c[...] front of his cell window making direct eye [...] ll to place him in mechanical restraints, I/M Carr... [...] directly in front of his cell facing my direction exposing his erect penis and stated, "I am ready for you". At no point in time did I/M Carranza attempt to cover his penis or move away from the cell window. I was disturbed and immediately turned around and notified my supervisor. This concludes my involvement.

MHSDS: EOP   TABE: 12.9

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| J. Gomez, Correctional Officer | | 11/24/12 | ASU Officer | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | | |
|---|---|---|---|---|
| G. Savala, Correctional Lieutenant | | 11/24/12 | ☒ INMATE SEGREGATED PENDING HEARING | DATE 11/24/12   LOC H/U 6 |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | | ☐ HO ☒ SHO ☐ SC ☐ |
| ☒ SERIOUS | D | 11/26/12 | M. STOUT, CAPTAIN | |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) | | DATE | TIME |

HEARING

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| | BY: (STAFF'S SIGNATURE) | | | DATE | TIME |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | | | |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-67780 | CARRANZA | CCR 3007 | 11/24/12 | RJDCF | FB-12-163 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☒ YES    ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| ☒ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | |
|---|---|---|

| ☐ I REVOKE my request for postponement. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | | |

| ☒ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|

| ☐ NOT ASSIGNED | REASON DOES meet the criteria pursuant to CCR 3315(d)(2) |
|---|---|

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|

| ☒ NOT ASSIGNED | REASON Does not meet the criteria pursuant to CCR 3315 (d)(1) |
|---|---|

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | | DATE |
|---|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1500 | DATE 11/26/12 |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

DEPARTMENT OF CORRECTIONS

**...TE SEGREGATION UNIT PLACEMENT NOTICE**

CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MANAGER |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| CARRANZA, S. | T67780 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY  [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Saturday, November 24, 2012 you Inmate CARRANZA, S., T67780, are retained on Administrative Segregation status based on the following. On Saturday, November 24, 2012, approximately 0640 hours, while housed in Building 6, Cell 116, you committed the act of WILLFUL LEWD EXPOSURE IN A SEXUAL MANNER TOWARD ANOTHER PERSON. Thus you are deemed a threat to the safety and security of the institution and will remain on ASU status pending adjudication of the disciplinary process and administrative review of your program and housing needs. MHSDS: CCCMS  GPL: 12.9

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)  [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 11/24/12 | G. Savala, Lt. | | Lt. |

| DATE OF NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 11/24/12 | 1605 | J Rodriguez | | C/O. |

[ ] INMATE REFUSED TO SIGN  INMATE SIGNATURE  *Refused to sign*  CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA)  |  INVESTIGATIVE EMPLOYEE (IE)

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| ORTIZ | CC1 | | |

**IS THIS INMATE:**

| | | | | |
|---|---|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO | |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [X] YES [ ] NO | |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [X] YES [ ] NO | |
| FREE OF MENTAL HEALTH SERVICE DELIVERY SYSTEM NEEDS? | [ ] YES [X] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED? | [X] YES [ ] NO | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [X] YES | | | |

Any "NO" requires SA assignment  |  Any "NO" requires IE assignment

[ ] NOT ASSIGNED  [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER  [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE  INMATE SIGNATURE  X  DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY  [X] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [X] SINGLE CELL PENDING ICC

REASON FOR DECISION: Retain ASU Pending Pending RVR IEX. Poses a threat to the safety & security of instit.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| M. Sto... | CAPT | 11/26/12 | 1230 | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

FB-12-163

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A - COVER SHEET**
CDCR 837-A (REV. 10/06)

6401   IM Copy

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

| | Page 1 of 7 | INCIDENT LOG NUMBER RJD-B06-12-11-0408 | INCIDENT DATE 11/24/2012 | INCIDENT TIME 06:40 |
|---|---|---|---|---|

| INSTITUTION RJD | FACILITY B06 - Bravo | FACILITY LEVEL ☐ I ☐ II ☐ RC ☑ III ☐ IV | INCIDENT SITE HOUSING UNIT 6 (ASU) | LOCATION CELL 116 | PROGRAM ASU | AD/SEG YARD N/A | USE OF FORCE: Yes |
|---|---|---|---|---|---|---|---|

| SPECIFIC CRIME / INCIDENT Sexual Misconduct - Willful Lewd Exposure Toward Another Person - Resulting in the use of force | ☑ CCR ☐ PC ☐ N/A 3007 Sexual Behavior | NUMBER / SUBSECTION |
|---|---|---|

| D.A. REFERRAL ELIGIBLE ☑ Yes ☐ No | CRISIS RESPONSE TEAM ACTIVATED ☐ Yes ☑ No | MUTUAL AID ☐ Yes ☑ No | PIO/AA NOTIFIED ☐ Yes ☑ No |
|---|---|---|---|

**RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)**

| DEATH AND CAUSE OF DEATH ☑ N/A | ASSAULT / BATTERY ☑ N/A | TYPE OF ASSAULT / BATTERY ☑ N/A   Other Desc: |
|---|---|---|

| SERIOUS INJURY ☑ N/A | INMATE WEAPONS ☑ N/A | TYPE OF WEAPON / SHOTS FIRED / FORCE ☐ N/A 1. PHYSICAL FORCE - #Warning: 0 #Effect: 0 #Chemical: 0 |
|---|---|---|

ESCAPES ☑ N/A

| CONTROLLED SUBSTANCE ☑ N/A | WEIGHT/ In Grams | PROGRAM STATUS ☑ N/A | EXCEPTIONAL ACTIVITY ☑ N/A   EXTRACTION: ☑ N/A |
|---|---|---|---|

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)
On November 24, 2012, at approximately 0640 hours Inmate Carranza, S., T-67780, call Officer J. Gomez (female) to his door and exposed his genitals to her. Subsequent Inmate Carranza was moved into cell B6-101 at this time Inmate Carranza attempted to keep the handcuff. Staff utilized physical force (pulling back) to maintain control of the handcuffs.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) G. SAVALA | TITLE CORRECTIONAL LIEUTENANT | ID# 1413602 | BADGE # 42367 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 6242 | DATE 11/24/2012 |
| NAME OF WARDEN/AOD (PRINT/SIGN) DANIEL PARAMO | TITLE WARDEN | DATE | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (REV. 10/06)

| | Page 2 of 7 | INCIDENT LOG NUMBER RJD-B06-12-11-0408 |
|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| RJD | B06 - BRAVO | 11/24/2012 | 06:40 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT  ☐ SUPPLEMENTAL INFORMATION  ☐ AMENDED INFORMATION  ☐ CLOSURE REPORT

SYNOPSIS OF EVENT:
On Saturday, November 24, 2012, at approximately 0640 hours, the ASU unit 6 staff were conducting inmate showers, at this time Inmate Carranza T-67780, FB-6-116L called female Correctional Officer J. Gomez to his cell and said he was ready for his shower. Officer Gomez approached his cell to initiate an escort to the showers. As she got close Inmate Carranza stood in front of the cell in plane view, he was exposing his erect penis and said to Officer Gomez "I am ready for you". Officer Gomez immediately turned away and reported this occurrence to her supervisor Sergeant E. Ojeda, who initiated the IEX procedures. At approximately 0740 hours Inmate Carranza complained of having chest pains, the Emergency Transport vehicle was summoned. The ETV transported Inmate Carranza to the RJDCF TTA. Inmate Carranza was cleared to return to H/U 6 Officer R. Davis, ASU 6 Floor Officer and C. Meza ASU 6 S&E #2 escorted Inmate Carranza back during the escort Inmate Carranza stated that he was going to refuse to give up his restraints. Due to this statement by Inmate Carranza Officers Davis and Meza utilized the retention lanyard and applied it to the handcuffs. Just as Inmate Carranza said as soon as the cell door closed he attempted to pull the restraints into the cell. Officers Davis and Meza pulled back on the lanyard and were successful in removing the handcuffs from Inmate Carranza, who was upset because he was not able to keep the handcuff and began to hit the inside of his cell door several times with his fist. A second CDCR-7219 was completed to document his new injuries.

This report is a compilation of the involved staff's reports. For a more detailed descriptive report refer to the appropriate CDCR 837-C C1.

ALARM ACTIVATION: N/A

USE OF FORCE: By Officers C. Meza and R. Davis

SUSPECT (S): Inmate Carranza, T67780

VICTIM(S): N/A

HANDCUFFS (LEGIRONS/SPIT HOOD): Inmate Carranza was placed in handcuffs by Officer Davis without incident.

WITNESS(S): J. Brown H/U 6 Control Officer

EVIDENCE: N/A

ESCORT(S): Officers R. Davis and C. Meza escorted Inmate Carranza to the TTA and back to H/U 6

SEARCHES (HOLDING CELLS/SURROUNDING AREA): N/A

REASONABLE ACCOMODATION: N/A

HOLDING CELL(S): N/A

DECONTAMINATION: N/A

MEDICAL: Licensed Vocational Nurse (LVN) I. Bailey completed Medical Reports of Injury (CDCR-7219)on Inmate Carranza, which noted no visible injuries. At approximately 0930 Psychiatric Technician (PT) T. Brisco completed a second CDCR-7219 after the use of force and Inmate Carranza punching the cell door, this report noted that Inmate Carranza sustained an abrasion/scratch to his right hand and swelling to his right wrist.

INJURIES STAFF: staff sustained no injuries as a result of this incident. Officers Davis and Meza had a CDCR-7219

☑ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) G. SAVALA | TITLE: CORRECTIONAL LIEUTENANT | ID# 1413602 | BADGE # 42367 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 6242 | DATE 11/24/2012 |
| NAME OF WARDEN / AOD (PRINT/SIGN) DANIEL PARAMO | | TITLE WARDEN | DATE |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDCR 837-A1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

| | Page 3 of 7 | INCIDENT LOG NUMBER RJD-B06-12-11-0408 |
|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| RJD | B06 - BRAVO | 11/24/2012 | 06:40 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

completed by PT Brisco, both reports noted no injuries. Officer Gomez was offered EAP/PSP she declined. Officer Gomez and her supervsior completed a Emplyee Report of Sexual Misconduct (CDCR-2152)

INJURIES INMATES: Per the Medical Report of Injury (CDCR-7219) Inmate sustained the following injuries:

MIRANDA: N/A

VIDEOTAPED INTERVIEW OF INMATE (ALLEGATIONS/SBI): N/A

DISCIPLINARY: Inmate will receive a CDCR-115 Rules Violation Report for the charge of CCR Title 15 3007 Sexual Behavior, Specific act of Willful Lewd Exposure.

CONCLUSION: I/M Carranza was moved to cell B6-101L and a yellow placard was placed on the cell window. I/M Carranza was alsoreferred to Mental Heath via a CDCR-128B.

Inmate made no allegations of excessive or unnecessary force.

There were no injuries to staff and no further injuries to any other inmates in connection with this incident.

All appropriate administrative staff were advised of this incident.

The following staff were notified via E-mail:
Warden, Daniel Paramo
Chief Executive Officer, Mary Ann Glynn
Associate Warden, Alan Hernandez
Facility "B" Captain/IEX Cord. Michael Stout
Chief Psychologist, Heather Greenwald
Chief Psychiatrist, Edward Kaftarian
RJD AOD☐Aod.rjd@cdcr.ca.gov
Watch Commander: E. Garza
Senior Psychologist/ IEX cord., Fredic Seldin
Senior Psychologist, Brian Main
Senior Psychologist, ASU, Chris Beletsis
(ASU) Lt. Dion Arguilez

You will be apprised of any further developments should they occur.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) G. SAVALA | TITLE: CORRECTIONAL LIEUTENANT | ID# 1413602 | BADGE # 42367 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 6242 | DATE 11/24/2012 |
| NAME OF WARDEN / AOD (PRINT/ SIGN) DANIEL PARAMO | | TITLE WARDEN | DATE |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDCR 837-B1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

Page 4 of 7

| INSTIUTTION | FACILITY | | INCIDENT LOG NUMBER |
|---|---|---|---|
| RJD | B06 - BRAVO | | RJD-B06-12-11-0408 |

**INMATE (ENTIRE SHEET)**

| NAME: LAST | | FIRST | MI | CDC # | SEX | ETHNICITY | FBI #: | CII # |
|---|---|---|---|---|---|---|---|---|
| CARRANZA | | SELVIN | NMI | T-67780 | M | HIS | 718639JB3 | A12185994 |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | RELEASE Date Type | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | 280 | NO | 09/24/2002 | 01/13/2012 | 02/28/2067 | MEPD | NO | 06/27/1981 | B6-116L |

| CURRENT INMATE LEVEL | ☐ N/A ☑ CCCMS ☐ EOP ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|---|
| IV | ☐ MHCB ☐ DDP ☐ DPP | MURDER 2ND | LOS ANGELES |

☐ N/A  DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE
INMATE CARRANZA SUSTAINED INJURIES TO HIS RIGHT HAND, ABRASION/SCRATCH AND SWELLING TO HIS RIGHT WRIST (INJURY LOCATIONS: 1. RIGHT WRIST CAUSE: UNKNOWN - 2. RIGHT HAND - UNKNOWN - )

| ☐ N/A ☑ TREATED AND RELEASED ☐ DECEASED DATE | ☐ HOSPITALIZED ☐ REFUSED TREATMENT | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|
| | ☐ N/A | RJD TTA |

| Reason For Death: | Is There ASCA Seious Injury ☑ N/A | PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|---|
| | ● No ○ Yes | | |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**

**PART B2 - STAFF**

CDCR 837-B2 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

DV-1.5.4

Page 5 of 7

| INSTITUTION | FACILITY | | INCIDENT LOG NUMBER |
|---|---|---|---|
| RJD | B06 - BRAVO | | RJD-B06-12-11-0408 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|
| OJEDA | | E | | CORRECTIONAL SERGEANT | | M | HIS | S/M |
| PARTICIPANT | BADGE # | | ID # | | POST ASSIGN # | | POSITION | |
| RESPONDER | 66260 | | 1416156 | | 220370 | | ASU SGT. | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A | ☐ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| | ☐ REFUSED TREATMENT   ☐ HOSPITALIZED | | ☐ Yes  ☑ No | ☐ Yes  ☑ No |
| Reason For Death | ☐ DECEASED DATE | | TYPE OF FORCE: | |
| | Is There ASCA Serious Injury   ⦿ No  ○ Yes | | | |

| NAME: LAST | | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|
| BROWN | | J. | | CORRECTIONAL OFFICER | | M | WHI | S/M |
| PARTICIPANT | BADGE # | | ID # | | POST ASSIGN # | | POSITION | |
| OBSERVER | 56887 | | 1413320 | | 221508 | | ASU 6 CONT. | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A | ☐ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| | ☐ REFUSED TREATMENT   ☐ HOSPITALIZED | | ☐ Yes  ☑ No | ☐ Yes  ☑ No |
| Reason For Death | ☐ DECEASED DATE | | TYPE OF FORCE: | |
| | Is There ASCA Serious Injury   ⦿ No  ○ Yes | | | |

| NAME: LAST | | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|
| DAVIS | | R. | | CORRECTIONAL OFFICER | | M | WHI | M/T |
| PARTICIPANT | BADGE # | | ID # | | POST ASSIGN # | | POSITION | |
| RESPONDER | 78533 | | 1414034 | | 221522 | | ASU 6 FLR #2 | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☐ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☐ N/A | ☑ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ASU 6 7219 | ☐ REFUSED TREATMENT   ☐ HOSPITALIZED | | ☑ Yes  ☐ No | ☐ Yes  ☑ No |
| Reason For Death | ☐ DECEASED DATE | | TYPE OF FORCE:   PHYSICAL FORCE | |
| | Is There ASCA Serious Injury   ⦿ No  ○ Yes | | | |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

Page 6 of 7

| INSTITUTION | FACILITY | | INCIDENT LOG NUMBER |
|---|---|---|---|
| RJD | B06 - BRAVO | | RJD-B06-12-11-0408 |

## STAFF (ENTIRE SHEET)

| NAME: LAST GOMEZ | FIRST J. | MI | TITLE CORRECTIONAL OFFICER | SEX F | ETHNICITY HIS | RDO'S S/M |
|---|---|---|---|---|---|---|

| PARTICIPANT PRIMARY | BADGE # 77153 | ID # 1414571 | POST ASSIGN # 220376 | POSITION ASU FLR #1 |
|---|---|---|---|---|

[✓] N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

[✓] N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

[✓] N/A   [ ] TREATED AND RELEASED
[ ] REFUSED TREATMENT   [ ] HOSPITALIZED
[ ] DECEASED DATE
Is There ASCA Serious Injury   (•) No   ( ) Yes

USED FORCE   [ ] Yes   [✓] No
TYPE OF FORCE:

PROCESSED EVIDENCE   [ ] Yes   [✓] No

| NAME: LAST MEZA | FIRST C. | MI | TITLE CORRECTIONAL OFFICER | SEX M | ETHNICITY HIS | RDO'S W/T |
|---|---|---|---|---|---|---|

| PARTICIPANT RESPONDER | BADGE # 62983 | ID # 1414923 | POST ASSIGN # 221526 | POSITION ASU 6 S&E #2 |
|---|---|---|---|---|

[✓] N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

[ ] N/A   NAME/ LOCATION OF HOSP/ FACILITY
ASU 6 7219
Reason For Death

[ ] N/A   [✓] TREATED AND RELEASED
[ ] REFUSED TREATMENT   [ ] HOSPITALIZED
[ ] DECEASED DATE
Is There ASCA Serious Injury   (•) No   ( ) Yes

USED FORCE   [✓] Yes   [ ] No
TYPE OF FORCE:
PHYSICAL FORCE

PROCESSED EVIDENCE   [ ] Yes   [✓] No

| NAME: LAST BAILEY | FIRST I. | MI | TITLE LICENSED VOCATIONAL NUR | SEX F | ETHNICITY BLA | RDO'S T/F |
|---|---|---|---|---|---|---|

| PARTICIPANT OBSERVER, MED | BADGE # N/A | ID # 1415887 | POST ASSIGN # MEDICAL | POSITION ASU 6 LVN |
|---|---|---|---|---|

[✓] N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

[✓] N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

[✓] N/A   [ ] TREATED AND RELEASED
[ ] REFUSED TREATMENT   [ ] HOSPITALIZED
[ ] DECEASED DATE
Is There ASCA Serious Injury   (•) No   ( ) Yes

USED FORCE   [ ] Yes   [✓] No
TYPE OF FORCE:

PROCESSED EVIDENCE   [ ] Yes   [✓] No

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DV-1.5.4

| Page 7 of 7 |
| --- |

| INSTITUTION | FACILITY | | INCIDENT LOG NUMBER | |
| --- | --- | --- | --- | --- |
| RJD | B06 - BRAVO | | RJD-B06-12-11-0408 | |

| STAFF (ENTIRE SHEET) | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| NAME: LAST | | FIRST | MI | TITLE | | SEX | ETHNICITY | RDO'S |
| BRISCO | | T | | LICENSED PSYCHIATRIC TEC | | F | BLA | S/S |
| PARTICIPANT | BADGE # | | ID # | | POST ASSIGN # | | POSITION | |
| OBSERVER, MED | N/A | | 1415046 | | MEDICAL | | ASU 6 LPT | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY

Reason For Death

☑ N/A
☐ REFUSED TREATMENT
☐ DECEASED DATE
☐ TREATED AND RELEASED
☐ HOSPITALIZED
Is There ASCA Serious Injury   ⊙ No   ○ Yes

USED FORCE
☐ Yes   ☑ No
TYPE OF FORCE:

PROCESSED EVIDENCE
☐ Yes   ☑ No

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C  (Rev. 05/08)

Page __1__ of __1__

| INCIDENT LOG NUMBER |
| --- |
| RJD-B06-12-11-0408 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- | --- |
| DAVIS | R | L | 11/24/2012 | 0640 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
| --- | --- | --- | --- | --- |
| 221522 | H.U. 6 FlOOR | 5 YR.  11 MO. | 11/24/2012 | H.U. 6 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
| --- | --- | --- | --- |
| MT | 06-14 | INDECENT EXPOSURE | 3007 |

| YOUR ROLE | WITNESSES (PREFACE  S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
| --- | --- | --- |
| ☒ PRIMARY<br>☒ RESPONDER<br>☐ WITNESS<br>☐ VICTIM<br>☐ CAMERA<br>☐ SCRIBE | (s)  MEZA  C/O | (s)  CARRANZA T-67780 |

| FORCE USED BY YOU | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | |
| --- | --- | --- | --- | --- | --- |
| ☒ PHYSICAL<br>☐ CHEMICAL<br>☐ WEAPON<br>☐ NONE | **PHYSICAL:**<br>☒ EXPANDABLE BATON<br>☒ RESTRAINT TECHNIQUES<br>☒ HANDS<br>☒ FEET<br>☐ OTHER FORCE NOT LISTED | **WEAPON:**<br>☐ MINI 14<br>☐ .38 CAL<br>☐ 9MM<br>☐ SHOTGUN<br>☐ X10 | **WARNING** | **EFFECT:** | **LAUNCHER:**<br>☐ 37MM<br>☐ L8<br>☐ 40MM<br>☐ 40MM MULTI<br>☐ HFWRS | **CHEMICAL / TYPE:**<br>☒ N/A<br>☐ OC<br>☐ CN<br>☐ CS<br>☐ OTHER |

FORCE OBSERVED BY YOU
☒ PHYSICAL
☐ CHEMICAL
☐ WEAPON
☐ NONE

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- |
| ☒ N/A | ☒ N/A | ☐ Yes<br>☒ No | ☐ Yes<br>☒ No |

EVIDENCE COLLECTED BY
☐ Yes
☒ No

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF3301/3067 COMPLETED |
| --- | --- | --- | --- |
| ☒ N/A | ☒ N/A | ☒ BODILY   ☐ N/A<br>☐ UNKNOWN<br>☐ OTHER | ☐ Yes<br>☒ No |

REPORTING STAFF INJURED
☐ Yes
☒ No

Narrative: On Saturday November 24, 2012 at approximately 0640 hours while performing my duties as FB-6 ASU floor officer I was notified that Inmate Carranza T-66770 (FB-6-116L) was to be given a CDCR medical evaluation due to an incident for Indecent Exposure. I escorted LPT  to cell 116L to perform the medical evaluation. Upon arrival to cell 116L Inmate Carranza began to breathe hard and gasp for air. He then began stating he was having chest pains. Subsequently an ETV was called. I placed Inmate Carranza into hand restraints. Due to Inmate Carranza having multiple batteries on Peace Officers, Officer Meza assisted me on the escort. Via the ETV we escorted Inmate Carranza to the TTA. Medical staff completed their evaluation and advised us he was clear to return back to his cell. Officer Meza and I then escorted him back to housing unit 6. During the escort Inmate Carranza stated "I am not going to give you bitches the cuffs back". Due to the fact that Inmate Carranza stated he was not going to relinquish the waist restraints I applied a retention lanyard on Inmate Carranza. Due to the Indecent Exposure Inmate Carranza was move to cell 101L. Officer Meza and I escorted him to cell 101L and Carranza stepped into his cell. As soon as the door closed Inmate Carranza began to pull on the retention lanyard in an attempt to rip it out of our control. Officer Meza and I immediately used upper body strength and our hands pulling back on the restraints

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
| --- | --- | --- | --- | --- |
| | CORRECTIONAL OFFICER | 78533 | 1414034 | 11/24/2012 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| CORRECTIONAL LIEUTENANT | 11/24/2012 | ☒ Yes ☐ No | ☐ Yes ☒ No | 11/24/2012 |

Distribution:      Original: Incident Package      Copy: Reporting Employee      Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**

| PART C1 – SUPPLEMENT | | INCIDENT LOG NUMBER |
|---|---|---|
| CDCR 837-C1 (Rev. 05/08) | Page 2 of 2 | RJD-B06-12-11-0408 |

| NAME: LAST | FIRST | | MI |
|---|---|---|---|
| DAVIS | R | | L |

| TYPE OF INFORMATION | | | |
|---|---|---|---|
| ☒ CONTINUATION OF REPORT | ☐ ADDITIONAL INFORMATION | ☐ CLARIFICATION |

in order to keep control of the restraints, while giving verbal orders to stop pulling the cuffs. Inmate Carranza continued to pull the restraints. Officer Meza and I continued to give verbal orders to Carranza to stop resisting, while again pulling the restraints to keep control. Officer Meza and I were able to pull his hands through the food port and we were able to remove the restraints. Inmate Carranza Immediately began to punch his cell door many times. I advised medical staff that Inmate Carranza needed another CDCR 7219 medical evaluation. Inmate Carranza continued to punch the cell door. Upon completion of the medical evaluation Medical staff gave Inmate Carranza a sick call and some band aids for a scrape on his hands. This concludes my involvement in this report.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | | BADGE # | ID# | DATE |
|---|---|---|---|---|---|
| | CORRECTIONAL OFFICER | | 78533 | 11/24/2012 | 11/24/2012 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| CORRECTIONAL LEIUTENANT | 11/24/2012 | ☐ Yes ☐ No | ☐ Yes ☐ No | 11/242012 |

Distribution:     Original: Incident Package     Copy: Reporting Employee     Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 05/08)

Page 1 of 1

| INCIDENT LOG NUMBER |
|---|
| RJD-B06-12-11-0408 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| GOMEZ | J. | | 11/24/2012 | 0640 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 220376 | ASU Floor #1 | 4 YR. | 11 MO. | 11/24/2012 | FB-ASU 6-CELL 116L |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/M | 06-14 | Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (s) GOMEZ - JJ | (s) CARRANZA   T67780 FB-6-116L |
| ☐ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |
| ☐ SCRIBE | | |

| FORCE USED BY YOU | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|

| FORCE USED BY YOU | PHYSICAL: | WEAPON: | WARNING: | EFFECT: | LAUNCHER: | EFFECT: | CHEMICAL / TYPE: |
|---|---|---|---|---|---|---|---|
| ☐ PHYSICAL | ☒ EXPANDABLE BATON | ☐ MINI 14 | | | ☐ 37MM | | ☒ N/A |
| ☐ CHEMICAL | ☐ RESTRAINT | ☐ .38 CAL | | | ☐ L8 | | ☐ OC |
| ☐ WEAPON | TECHNIQUES | ☐ 9MM | | | ☐ 40MM | | ☐ CN |
| ☒ NONE | ☐ HANDS | ☐ SHOTGUN | | | ☐ 40MM MULTI | | ☐ CS |
| FORCE OBSERVED BY YOU | ☐ FEET | ☐ X10 | | | ☐ HFWRS | | ☐ OTHER |
| ☐ PHYSICAL | ☐ OTHER FORCE NOT LISTED ABOVE: | | | | | | |

| ☐ CHEMICAL | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ WEAPON | ☒ N/A | ☒ N/A | ☐ Yes | ☐ Yes |
| ☒ NONE | | | ☒ No | ☒ No |

| EVIDENCE COLLECTED BY | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ Yes ☒ No | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A | ☐ Yes |
| REPORTING STAFF INJURED | | | ☐ UNKNOWN | ☒ No |
| ☐ Yes ☒ No | | | ☐ OTHER | |

Narrative: On Saturday November 24, 2012 at approximately 0640 hours while performing my duties as Bravo Facility Administrative Segregation Unit (ASU) #6 Floor #1, while I was conducting our morning showers, Inmate (I/M) Carranza T67780 solely housed in cell 116 yelled out; "Gomez I am ready for my shower". Inmate Carranza was aware that he was next for a shower. As I was walking towards I/M Carranza's cell, I observed I/M Carranza standing in front of his cell window making direct eye contact with me. As I approached his cell to place him in mechanical restraints, I/M Carranza stood directly in front of his cell facing my direction exposing his erect penis and stated, " I am ready for you." At no point in time did I/M Carranza attempt to cover his penis or move away from the cell window. I was disturbed and immediately turned around and notified my supervisor. This concludes my involvement.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| | CORRECTIONAL OFFICER | 77153 | 1414571 | 11/24/12 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 11/24/12 | ☒ Yes ☐ No | ☐ Yes ☒ No | 12/7/12 |

Distribution:   Original-Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**

**PART C – STAFF REPORT**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CDCR 837-C  (Rev. 05/08)  Page 1 of 1

INCIDENT LOG NUMBER
RJD-B06-12-11-0408

| NAME: LAST | | FIRST | | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|---|
| MEZA | | C | | | 11/24/2012 | 0640 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 221526 | F-B-06-S&E 2 | 11 YR. | 8 MO. | 11/24/2012 | FB-ASU 6-CELL 116L |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| W/TH | 06-14 | Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE  S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (s) J. GOMEZ | (s) CARRANZA  T67780 FB-6-116L |
| ☒ RESPONDER | (s) R. DAVIS | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |
| ☐ SCRIBE | | |

| FORCE USED BY YOU | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | | |
|---|---|---|---|---|---|---|
| | PHYSICAL: | WEAPON: | WARNING: | EFFECT: | LAUNCHER: | EFFECT: | CHEMICAL / TYPE: |
| ☒ PHYSICAL | ☐ EXPANDABLE BATON | ☐ MINI 14 | | | ☐ 37MM | | ☒ N/A |
| ☐ CHEMICAL | ☒ RESTRAINT TECHNIQUES | ☐ .38 CAL | | | ☐ L8 | | ☐ OC |
| ☐ WEAPON | | ☐ 9MM | | | ☐ 40MM | | ☐ CN |
| ☐ NONE | ☐ HANDS | ☐ SHOTGUN | | | ☐ 40MM MULTI | | ☐ CS |
| FORCE OBSERVED BY YOU | ☐ FEET | ☐ X10 | | | ☐ HFWRS | | ☐ OTHER |

| FORCE OBSERVED BY YOU | | | |
|---|---|---|---|
| ☒ PHYSICAL | ☒ OTHER FORCE NOT LISTED ABOVE:  Physical Strength | | |
| ☐ CHEMICAL | | | |

| | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ WEAPON | ☒ N/A | ☒ N/A | | |
| ☐ NONE | | | ☐ Yes | ☐ Yes |
| EVIDENCE COLLECTED BY | | | ☒ No | ☒ No |

| | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ Yes ☒ No | ☒ N/A | ☒ N/A | ☐ BODILY   ☒ N/A | ☐ Yes |
| REPORTING STAFF INJURED | | | ☐ UNKNOWN | ☒ No |
| ☐ Yes ☒ No | | | ☐ OTHER | |

Narrative: On Saturday November 24, 2012 at approximately 0730 hours while performing my duties as FB-6-ASU-S&E 2, I escorted Inmate Carranza, T67780, FB-6-116L, along with Officer R. Davis via ETV to TTA to be scene for chest pains. Upon being cleared by medical staff Carranza was escorted back to the housing unit. During the escort back to the unit Carranza told Officer Davis "I'm not going to give you bitches the cuffs back." Upon entering the unit Officer Davis retrieved the retention lanyard and applied it to Carranza. Davis and I escorted Carranza to cell 101 due to Carranza exposing himself to Officer J. Gomez earlier in the day. Upon reaching the cell, and the cell door closing, Carranza tensed up started to pull the away from the door, putting his feet on the door tiring to push off in an attempt to keep the cuffs and rip the lanyard out of Davis's hand. I ordered Carranza to give the cuffs up several times with negative results. Davis and I then used our combined physical strength and pulled on the lanyard until his hands were exposed out of the food port. Davis and I both removed the hand restraint without further incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | | BADGE # | ID# | DATE |
|---|---|---|---|---|---|
| | CORRECTIONAL OFFICER | | 62983 | 1414923 | 11/24/12 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| | 11/24/12 | ☒ Yes ☐ No | ☐ Yes ☒ No | 12/7/12 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C – STAFF REPORT**
CDCR 837-C (Rev. 10/06)

Page __1__ of __1__

| INCIDENT LOG NUMBER |
|---|
| RJD-B06-12-11-0408 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Ojeda | Eric | G | 11/24/2012 | 0640 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 220370 | B ASU Sergeant | 12 YR. 10 MO. | 11/24/2012 | B6 cell 116 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| SM | 0600-1400 | Indecent Exposure | 3007 |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. GOMEZ | (S) S. CARRANZA CDC# T67780 |
| ☑ RESPONDER | (S) C. Meza | |
| ☐ WITNESS | (S) R. Davis | |
| ☐ VICTIM | (S) J. Brown | |
| ☐ CAMERA | | |
| ☐ SCRIBE | | |

| FORCE USED BY YOU | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | | | |
|---|---|---|---|---|---|---|---|
| | PHYSICAL: | WEAPON: | WARNING: | EFFECT: | LAUNCHER: | EFFECT: | CHEMICAL / TYPE: |
| ☐ PHYSICAL | ☐ EXPANDABLE BATON | ☐ MINI 14 | | ☐ 37MM | | ☐ N/A | |
| ☐ CHEMICAL | ☐ RESTRAINT | ☐ .38 CAL | | ☐ L8 | | ☐ OC | |
| ☐ WEAPON | TECHNIQUES | ☐ 9MM | | ☐ 40MM | | ☐ CN | |
| ☑ NONE | ☐ HANDS | ☐ SHOTGUN | | ☐ 40MM MULTI | | ☐ CS | |
| FORCE OBSERVED BY YOU | ☐ FEET      ☐ X10 | | | ☐ HFWRS | | ☐ OTHER | |
| ☐ PHYSICAL | ☐ OTHER FORCE NOT LISTED ABOVE: | | | | | | |

| ☐ CHEMICAL | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ WEAPON | ☑ N/A | ☑ N/A | | |
| ☑ NONE | | | ☐ Yes | ☐ Yes |
| EVIDENCE COLLECTED BY | | | ☑ No | ☑ No |

| ☐ Yes | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF3301/3067 COMPLETED |
|---|---|---|---|---|
| ☑ No | ☑ N/A | ☑ N/A | ☐ BODILY      ☑ N/A | ☐ Yes |
| REPORTING STAFF INJURED | | | ☐ UNKNOWN | ☑ No |
| ☐ Yes | | | ☐ OTHER ____ | |
| ☑ No | | | | |

NARRATIVE:

On November 24, 2012 while working as B ASU Sergeant, at approximately 0640 hours, Officer R. Davis reported that inmate Carranza CDC#T67780 exposed his penis to Officer J. Gomez. After contacting Officer J. Gomez, she verified the exposure incident and stated that the inmates' penis was erect when he exposed himself. IEX procedures were initiated. At approximately 0740 inmate Carranza began to complain about having chest pains. Medical staff was notified and the inmate was transported to Central Health via Emergency Transport Vehicle (ETV) for further evaluation and treatment. At approximately 0855 inmate Carranza returned from Central Health and was escorted to his cell by Officer C. Meza and Officer R. Davis gun coverage was provided by Control Booth Officer J. Brown. At approximately 0918 I was notified that inmate Carranza was bleeding in his cell. When I approached the cell there was blood smeared on the cell window. The blood stains looked as if they were made with his hand due to the stains being in the form of a hand at certain places of the cell window. Medical staff was notified and they evaluated and treated inmate Carranza's wound. Employee Assistance Program (EAP) information was provided and explained to Officer J. Gomez. Officer Gomez stated that she did not require EAP at this time.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | | BADGE # | ID# | DATE |
|---|---|---|---|---|---|
| | Correctional Sergeant | | 66260 | 1416156 | 11/24/2012 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 11/24/12 | ☑ Yes  ☐ No | ☐ Yes  ☑ No | 12/7/12 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (REV. 10/06)

Page __1__ of __1__

INCIDENT LOG NUMBER
KJD-B06-12-11-0408

| NAME: LAST Brown | FIRST J | MI J | INCIDENT DATE 11-24-12 | INCIDENT TIME 0640 |
|---|---|---|---|---|

| POST # 221508 | POSITION HU#6 Control Booth | YEARS OF SERVICE 15 YR. 4 MO. | DATE OF REPORT 11-24-12 | LOCATION OF INCIDENT FB-6-101 |
|---|---|---|---|---|

| RDO's SM | DUTY HOURS 0600-1400 | DESCRIPTION OF CRIME / INCIDENT Indecent Exposure | | CCR SECTION / RULE 3007 |
|---|---|---|---|---|

**YOUR ROLE**
- [ ] PRIMARY
- [ ] RESPONDER
- [X] WITNESS
- [ ] VICTIM
- [ ] CAMERA
- [ ] SCRIBE

WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)
R. Davis (S)
C. Meza (S)

INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)
Carranza (S)    T-67780

**FORCE USED BY YOU - TYPE OF WEAPON / SHOTS FIRED / FORCE**

- [X] N/A
- [ ] PHYSICAL
- [ ] CHEMICAL
- [ ] WEAPON
- [ ] NONE

**PHYSICAL:**
- [X] EXPANDABLE BATON
- [ ] RESTRAINT TECHNIQUES
- [ ] HANDS
- [ ] FEET

**WEAPON**
- [ ] MINI 14
- [ ] .38 CAL
- [ ] 9MM
- [X] SHOTGUN

WARNING EFFECT;

**LAUNCHER:**
- [ ] 37MM
- [ ] L8
- [ ] 40MM
- [ ] 40 MM MULTI
- [ ] HFWRS

EFFECT#:

**CHEMICAL/ TYPE:**
- [ ] OC
- [ ] CN
- [ ] CS
- [ ] OTHER

**FORCE OBSERVED BY YOU**
- [ ] PHYSICAL
- [ ] CHEMICAL
- [ ] WEAPON
- [X] NONE

[ ] OTHER FORCE NOT LISTED ABOVE:

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|
| [X] N/A | [X] N/A | [ ] Yes [X] No | [ ] Yes [X] No |

EVIDENCE COLLECTED BY
- [ ] Yes
- [X] No

**REPORTING STAFF INJURED**
- [ ] Yes
- [X] No

| DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|
| [X] N/A | [X] N/A | [ ] BODILY [X] N/A | [ ] Yes |
| | | [ ] UNKNOWN | [X] No |
| | | [ ] OTHER | |

NARRATIVE:

On Saturday November 24, 2012 at approximately 0855 hours
while performing my duties as Housing Unit Six Control Booth Officer
I observed Correctional Officers R. Davis, and C. Meza escorting inmate
Carranza (T-67780, 6-101) to cell 6-101. After inmate Carranza
stepped into the cell I was instructed verbally and by an above the head
wave to close cell 6-101 which I did. Due to the proximity of the supply
storage area, which is surrounded by a steel mesh screen approximately
six foot-six inches tall, my view of the bottom two thirds of the cell door
are obscured, Because of this obscuration I am only able to see the
back of the officers heads when they are standing in front of cell 6-101,
and when they bend down to remove restraints through the food port I
can only see the very tops of their heads.

[ ] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # 56887 | ID# 1413320 | DATE 11-24-12 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT/ SIGNATURE) | DATE RECEIVED 11/24/12 | APPROVED [X] Yes [ ] No | CLARIFICATION NEEDED [ ] Yes [X] No | DATE 12/7/12 |

NAME AND NUMBER  CARRANZA, SELVIN          T67780          CDC 126-B (4/74)

On Nov 24, 2012 , your behavior, specifically, (describe behavior indecent exposure (IE) or sexual disorderly conduct (SDC):
When I, Officer J. Gomez, approached your cell you exposed your genitals.

As referenced in Incident Report dated Nov 24, 2012          Log # RJD-B06-12-11-0408 warrants
the application of a yellow placard outside of your cell, indicating to employees your IEX / SDC (circle one indicating which, IEX or SDC)
offender status. The placard shall be applied for 90 days from the date of the offense. For a second offense within 12 months
from the most recent offense a 6 month period of yellow placard (cell front) placement shall be applied. This period shall run
concurrent with the existing precaution period.


J. GOMEZ                          Signature                          Nov 24, 2012
Reporting Employee Name                                             Date
Print Name


G. SAVALA                         Signature                          Nov 24, 2012
Incident Commander                                                  Date
Print Name

NOTE: If employee does not complete chrono, the Incident Commander is responsible for completion and
     distribution.

ORIGINAL: Central File
       cc: Reporting Employee
           Inmate
           Inmate's Housing Unit
           Facility Captain
           Incident Commander
           Sr. Psychologist

DATE  Nov 24, 2012          SECURITY PRECAUTION CHRONO                    RJDCF
                            APPLICATION OF YELLOW PLACARD

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| RJD | 6- B yard | INJURY / USE OF FORCE / UNUSUAL OCCURRENCE | | PRE AD/SEG ADMISSION | 11/24/12 |

| THIS SECTION FOR INMATE ONLY | NAME | LAST Caranza | FIRST Selvin | CDC NUMBER TL7700 | HOUSING LOC. 6-116 | NEW HOUSING LOC. n/A |
|---|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME | LAST N/A | FIRST | BADGE # n/A | RANK/CLASS n/A | ASSIGNMENT/RDOs n/A |
| THIS SECTION FOR VISITOR ONLY | NAME | LAST n/A | FIRST | MIDDLE n/A | DOB n/A | OCCUPATION n/A |
| | HOME ADDRESS n/A | | CITY | STATE n/A | ZIP | HOME PHONE n/A |

| PLACE OF OCCURRENCE Cell - 116 | DATE/TIME OF OCCURRENCE 11/24/12  07:30 | NAME OF WITNESS(ES) R. Davis | | | |
|---|---|---|---|---|---|
| TIME NOTIFIED 07:30 | TIME SEEN 07:30 | ESCORTED BY R. Davis | MODE OF ARRIVAL *(circle)* AMBULATORY / LITTER / WHEELCHAIR / ON SITE | AGE 31 | RACE H | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

Ø statement
Ø injury



| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | 1 | |
| Active Bleeding | 2 | |
| Broken Bone | 3 | |
| Bruise/Discolored Area | 4 | |
| Burn | 5 | |
| Dislocation | 6 | |
| Dried Blood | 7 | |
| Fresh Tattoo | 8 | |
| Cut/Laceration/Slash | 9 | |
| O.C. Spray Area | 10 | |
| Pain | 11 | |
| Protrusion | 12 | |
| Puncture | 13 | |
| Reddened Area | 14 | |
| Skin Flap | 15 | |
| Swollen Area | 16 | |
| Other | 17 | |
| | 18 | |
| | 19 | |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME Torreo R.N. 07:36 am | PHYSICIAN NOTIFIED/TIME |
|---|---|

TIME/DISPOSITION
07:30 am

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) I. Bailey   RN | BADGE # 1415087. | RDOs T/F |
|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

**CDCR 7219 (Rev. 11/05)**   **DISTRIBUTION:**   ORIGINAL - Custody      CANARY - Inmate/Employee      PINK - Health and Safety / RTW Coordinator

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | ON THE JOB INJURY | | DATE |
|---|---|---|---|---|---|---|
| RJD | B-yard Bldg 6 | (INJURY) USE OF FORCE / UNUSUAL OCCURRENCE | | PRE AD/SEG ADMISSION | | 11/24/12 |

| THIS SECTION FOR INMATE ONLY | NAME LAST Carranza | FIRST Velvin | CDC NUMBER T67780 | HOUSING LOC. 6 | NEW HOUSING LOC. |
|---|---|---|---|---|---|

| THIS SECTION FOR STAFF ONLY | NAME LAST n/a | FIRST | BADGE # n/a | RANK/CLASS n/a | ASSIGNMENT/RDOs n/a |
|---|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME LAST n/a | FIRST | MIDDLE | DOB n/a | OCCUPATION n/a |
|---|---|---|---|---|---|
| | HOME ADDRESS n/a | CITY | STATE | ZIP | HOME PHONE n/a |

| PLACE OF OCCURRENCE Yll | DATE/TIME OF OCCURRENCE 11/24/12 09:30 | NAME OF WITNESS(ES) none |
|---|---|---|

| TIME NOTIFIED 09:30 | TIME SEEN 09:30 | ESCORTED BY none | MODE OF ARRIVAL *(circle)* (AMBULATORY) LITTER WHEELCHAIR ON SITE | AGE 31 | RACE H | SEX M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE



| INJURIES FOUND? | YES / NO |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / NO |
|---|---|
| DECONTAMINATED? | YES / NO |
| Self-decontamination instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME RN Perez | PHYSICIAN NOTIFIED/TIME |
|---|---|

| TIME/DISPOSITION 7:30 BRISCO PT (RTC) | REPORT COMPLETED BY/TITLE (PRINT AND SIGN) BRISCO PT | BADGE # 141SD40 | RDOs SAT/SU |
|---|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

**CDCR 7219 (Rev. 11/05)**   DISTRIBUTION:   ORIGINAL - Custody   CANARY - Inmate/Employee   PINK - Health and Safety / RTW Coordinator

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

| NAME OF INSTITUTION KJD | FACILITY/UNIT B-6 | REASON FOR REPORT (circle) (USE OF FORCE) INJURY UNUSUAL OCCURRENCE | ON THE JOB INJURY PRE AD/SEG ADMISSION | DATE 11-24-12 |
|---|---|---|---|---|

| THIS SECTION FOR INMATE ONLY | NAME LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST DAVIS | FIRST K | BADGE # 78533 | RANK/CLASS 40 | ASSIGNMENT/RDOs MT |
| THIS SECTION FOR VISITOR ONLY | NAME LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE HU-6 | DATE/TIME OF OCCURRENCE 11-24-12 | NAME OF WITNESS(ES) | | | | |
|---|---|---|---|---|---|---|
| TIME NOTIFIED 0930 | TIME SEEN 0930 | ESCORTED BY | MODE OF ARRIVAL (circle) LITTER WHEELCHAIR AMBULATORY (ON SITE) | AGE 30 | RACE W | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"NO STATEMENT"

| INJURIES FOUND? YES /(NO) | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES /(NO) |
|---|---|
| DECONTAMINATED? | YES /(NO) |
| Self-decontamination instructions given? | YES /(NO) |
| Refused decontamination? | YES /(NO) |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES /(NO) |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|

TIME/DISPOSITION

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) Brown PT | BADGE # M15040 | RDOs S/T/ |
|---|---|---|

(Medical data is to be included in progress note or emergency care record filed in UHR)

**CDCR 7219 (Rev. 11/05)**    <u>DISTRIBUTION:</u>    ORIGINAL - Custody    CANARY - Inmate/Employee    PINK - Health and Safety, / RTW Coordinator

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | INJURY | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| RID | FB·6-ASU | USE OF FORCE | UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 11 24 12 |

| THIS SECTION FOR INMATE ONLY | NAME   LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|

| THIS SECTION FOR STAFF ONLY | NAME   LAST   MEZA | C FIRST | BADGE #  62983 | RANK/CLASS  C/O | ASSIGNMENT/RDOs  W 7TH |
|---|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME   LAST   ON | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE  HV-6 | DATE/TIME OF OCCURRENCE  11 24 12 @ 0930 | NAME OF WITNESS(ES) | | | |
|---|---|---|---|---|---|

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL *(circle)*   LITTER   WHEELCHAIR   AMBULATORY   ON SITE | AGE  34 | RACE  M | SEX  M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

NO STATEMENT

| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE?   YES / NO | |
|---|---|
| DECONTAMINATED?   YES / NO | |
| Self-decontamination instructions given?   YES / NO | |
| Refused decontamination?   YES / NO | |
| Q 15 min. checks | |
| Staff issued exposure packet?   YES / NO | |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|

TIME/DISPOSITION

| REPORT COMPLETED BY/TITLE   (PRINT AND SIGN)  BRISCO   PT | BADGE #  1415040 | RDOs  S/M S |
|---|---|---|

*(Medical data is to be included in progress note or emergency care record filed in UHR)*

CDCR 7219 (Rev. 11/05)   DISTRIBUTION:   ORIGINAL - Custody   CANARY - Inmate/Employee   PINK - Health and Safety / RTW Coordinator

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-67780 | CARRANZA | | 2/28/2067 | RJDCF | FB-6-116L | FB-12- |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| 3007 Sexual Behavior | | Willful Lewd Exposure | | B6-116 | 11/24/12 | 0640 hrs. |

CIRCUMSTANCES

On Saturday, November 24, 2012, at approximately 0640 hours, while performing my duties as ASU 6 Floor Officer #1, while conducting the morning showers, Inmate Carranza T-67780 solely housed in cell 116 yelled out "Gomez I am ready for my shower". Inmate Carranza was aware that he was next for a shower. As I was walking towards I/M Carranza's cell, I observed I/M Carranza standing in front of his cell window making direct eye contact with me. As I approached his cell to place him in mechanical restraints, I/M Carranza stood directly in front of his cell facing my direction exposing his erect penis and stated, "I am ready for you". At no point in time did I/M Carranza attempt to cover his penis or move away from the cell window. I was disturbed and immediately turned around and notified my supervisor. This concludes my involvement.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| J. Gomez, Correctional Officer | | 11/24/12 | ASU Officer | S/M |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☒ INMATE SEGREGATED PENDING HEARING | | |
| G. Savala, Correctional Lieutenant | 11/24/12 | DATE 11/24/12 | | LOC H/U 6 |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | | | N. STOUT, Lieutenant | | ☐ HO ☒ SHO ☐ SC ☐ |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | |
|---|---|---|---|---|---|---|
| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME | TITLE OF SUPPLEMENT | |
| | | | | 1500 | | |
| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | | | | 1150 | | |
| HEARING | | | | | | |

| REFERRED TO ☐ CLASSIFICATION | ☐ BPT/NAEA | | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| REVIEWED BY: (SIGNATURE) | DATE 12/20/12 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY (STAFF'S SIGNATURE) | | DATE | TIME |

CDC 115 (7/88)

| STATE OF CALIFORNIA<br>RULES VIOLATION REPORT - PART C | | | | DEPARTMENT OF CORRECTIONS<br>Page 1 of 2 |
|---|---|---|---|---|
| CDC NUMBER<br>T67780 | INMATE'S NAME<br>CARRANZA | LOG NUMBER<br>FB-12-163 | INSTITUTION<br>RJDCF | TODAY'S DATE<br>11/24/12 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER _____ |
|---|---|---|---|---|---|

Inmate Carranza, CDCR #T67780, appeared before Senior Hearing Officer Lt C.P. Franco on 12/25/2012 at approximately 0945hours for adjudication of the specific charge of Willful Lewd Exposure.

Effective communication was established by speaking slowly, using simple English. These reports as well as the disciplinary charge of Willful Lewd Exposure were reviewed with the Subject during the hearing. Subject is able to understand and effectively articulates both the nature of the charge and the disciplinary process. This was determined by allowing Subject to the RVR, and then verbally articulates the charge. Subject stated he understood and was prepared to begin. Subject has a TABE score of 12.9 on file. Due to his EOP level of care, the staff assistant was present

Subject states he is in good health and ready to proceed with the hearing. The CDCR 115 was heard in Administrative Segregation.

**Due Process:**
In the hearing, Subject verified that he did received the following documents: CDCR-115, and CDC-115A on November 26,2012, CDCR-837 on December 7, 2012, 2 CDCR 7219s on December 13, 2012 and the Mental Health Assessment (CDCR 115-MH) on December 13, 2012, and the District Attorney referral notice on December 13, 2012, more than 24-hours prior to the hearing. Subject stated he had adequate time to prepare for the hearing and was ready to proceed.

**Mental Health:**
Subject is a participant in the Mental Health Services Delivery System at the EOP level of care. A CDCR 115-MH was completed on December 10, 2012 by M. Anderson, Psy.D. The CDCD 115-MH evaluation indicated Subject's mental disorder did not appear to contribute to the behavior that led to the RVR. Dr. Anderson stated "I/M's mental disorder does not appear to have contributed to the alleged behavior described in the RVR. There are no mental health factors the Hearing Officer should consider in assessing the penalty."

**Investigative Employee:**
An Investigative Employee was not assigned per CCR 3315 (d)(1)(A).

**Staff Assistant:**
Per California Code of Regulations (CCR) 3315(A)(3), a Staff Assistant was assigned because Subject is a participant in the Mental Health Services Delivery System at the EOP level of care. The assigned Staff Assistant, Correctional Officer J. Blaise, was present at the hearing and met with the Subject more than twenty-four (24) hours in prior to the hearing.

**District Attorney Referral:**
This incident was referred to the San Diego County DA's Office for possible felony prosecution on November 27, 2012. Subject elected to not postpone the hearing pending the outcome of the DA referral.

**Inmate's Plea:** Subject entered a plea of **NOT GUILTY** and stated "I am being falsely accused in retaliation for a staff complaint."

| SIGNATURE OF WRITER<br>C.P. Franco | | DATE SIGNED<br>12/26/2012 |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY (Staff's Signature)<br>12/7/12 | DATE SIGNED<br>12/7/12 | TIME SIGNED<br>1450 |

CDC 115-C (5/95)

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
Page 2 of 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T67780 | CARRANZA | FB-12-163 | RJDCF | 11/24/12 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER _____

**Witnesses:**
Subject requested and was granted by the SHO Correctional Officer J. Gomez as a witness.

**Witnesses' Testimony:**
Correctional Officer J. Gomez was asked two questions requested by I/M Carranza.
1. Is the report accurate? C/O Gomez stated the RVR is accurate to the behavior of I/M Carranza CDCR #T67780 on November 24, 2012.
2. Did C/O Gomez see me masturbating? To which she responded, " No, I did not see him masturbate, but I did not write him up for masturbation."

The SHO determined that the two additional questions I/M Carranza wanted asked were irrelevant and denied them.
1. Was I urinating?
2. Who was the first person you saw when you left my cell?

**Findings:**
The evidence submitted at the hearing substantiates the specific charge of Willful Lewd Exposure. The SHO's finding is based on the following evidence:

1. C/O J. Gomez's written RVR, dated 11/24/2012, which states in part, "On Saturday, November 24, 2012, at apporox. 0640 hours. . . Inmate Carranza, T67780. . . yelled out to Gomez "I am ready for my shower". . . I observed I/M Carranza standing in front of his cell window making direct eye contact with me. As I approached his cell to place him in mechanical restraints, I/M Carranza stood directly in front of his cell facing my direction exposing his erect penis and stated, "I am ready for you". . .
2. The MH Assessment on I/M Carranza by Dr. Anderson, completed on 12/10/12, which states I/M's mental disorder does not appear to have contributed to the alleged behavior described in the RVR. There are no mental health factors the hearing officer should consider in assessing the penalty.
3. The SHO notes the described behavior of I/M Carranza was more than likely willful exposure, due to his direct eye contact with C/O Gomez, a female, stating "I am ready for you", while exposing his erect penis. Taken together, the I/M's statement with his erect penis more that meets the criteria of preponderance of evidence standard supporting a guilty finding.

**Disposition:** SHO considered the information contained in the 115 MH that reflected the Subject's mental health factors should not be considered when assessing penalties, if found guilty of the violation. Specifically there are no mental health factors the SHO should consider in assessing the penalty. Subject is found guilty. Subject was warned and counseled with reprimand about future behavioral expectations and assessed the following penalty: 90 days loss of Behavioral Credit Forfeiture pursuant to a Division "D" offense.

Subject is being referred to IC for program review and SHU term consideration.

Procedural requirements/Due Process were/was complied with, the inmate was advised of these findings, his appeal rights and credit forfeiture restoration procedures.

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | C.P. Franco | | 12/26/2012 |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY (Staff's Signature) | DATE SIGNED 12/27/12 | TIME SIGNED 1450 |

CDC 115-C (5/95)

STATE OF CALIFORNIA
## RULES VIOLATION REPORT – PART C

| CDC NUMBER | INMATE NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-67780 | CARRANZA | FB-12-163 | RJDCF | 11/24/12 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☒ OTHER – CDCR 115C EFF. COM.

☒ I ENSURED THE DISABILITY EFFECTIVE COMMUNICATION (DEC) SYSTEM AND/OR CENTRAL FILE WAS REVIEWED AND THE INMATE WAS QUERIED FOR EFFECTIVE COMMUNICATION.

'S' was identified with:

☒ No disabilities or issues requiring effective communication  ☐ TABE 4.0 or lower, 'S' TABE is 12.9
☐ Hearing (DPH, DNH)  ☐ Vision (DPV)
☐ Learning Disability (LD)  ☐ Foreign Language Speaking
☐ Developmental Disability (ensure confidentiality)(DD1, DD2, DD3)  ☐ Speech (DPS, DNS)

Primary method of communication: (Refer to DEC/Central File and query inmate) _____

Print Name _R. Taylor_  Signature _R. T____  Date _11/24/12_
(Person completing the top portion of this form)

Assigned Staff Assistant _J. GAINE_  Signature _J. Shrise_  Date _12-24-12_
Assigned Investigative Employee _____  Signature _____

☒ Staff Assistant was assigned. (Note: If assigned, S.A. must be present and provide assistance during the I.E interview, and the hearing.

## ALL APPLICABLE BOXES SHALL BE INITIALED

| Assistance Provided to Ensure Effective Communication | 1ST Copy/SA | IE | 115 Hearing | Final Copy |
|---|---|---|---|---|
| Use of Text Magnifier | | | | |
| Read Documents to 'S' | | | | |
| Lip Reading | | | | |
| Foreign Language Interpreter | | | | |
| Sign Language Interpreter | | | | |
| Written Notes (see attached notes) | | | | |
| Simple English Spoken Slowly & Clearly | | | | |
| 'S' was wearing his hearing aids | | | | |
| Other | | | | |
| Comments: | | | | |

| Method Used to Determine Communication was Effective | | | | |
|---|---|---|---|---|
| 'S' reiterated in his own words, what was explained. | | | | |
| 'S' provided appropriate, substantive responses to questions asked. | | | | |
| 'S' asked appropriate questions regarding the information provided. | | | | |
| 'S' did not appear to understand the communication, even though the primary method of communication was used. | | | | |
| Other | | | | |
| Date | | | | |
| Comments: | | | | |

| ☒ COPY OF CDC 115C GIVEN TO INMATE WITH FINAL COPIES | GIVEN BY: (STAFF SIGNATURE) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| Revised 2/15/2012 (ATTACHMENT E) | | 12/27/12 | 1450 |

$\frac{1}{m}$ COPY 6-101L

2

F. SELDIN, PhD-RJDCF

NOV 27 2012

## RULES VIOLATION REPORT: MENTAL HEALTH ASSESSMENT REQUEST

### REVIEWING CUSTODY SUPERVISOR

A CDC 115, Rules Violation Report (RVR), has been written on the following inmate, who requires a mental health assessment.

Inmate Name: CARRANZA                    CDC Number: T L7780

RVR Log Number: FB-12-163   Date of Violation: 11/24/12   Housing: 6-116L

Specific Act Charged: WILLFUL LEWD EXPOSURE

The inmate's current Mental Health Level of Care is: (check one)

☐ NOT IN MHSDS PROGRAM*   ☐ CCCMS*   ☒ EOP   ☐ MHCB   ☐ DMH

*CCCMS AND NON-MHSDS PROGRAM PARTICIPANTS WILL BE REFERRED FOR A MENTAL HEALTH ASSESSMENT FOR BEHAVIOR THAT IS BIZARRE OR UNUSUAL FOR ANY INMATE, OR THAT IS UNCHARACTERISTIC FOR THIS INMATE.

Sent to Mental Health: 11/26/12   By: M. STOUT / M.' A
                        Date            Print Name        Signature

Return this form to: M. STOUT   *By: _____
                      Print Name        Date

*(CCCMS and non-MHSDS, 5 working days; EOP/MHCB/DMH, 15 calendar days)

### MENTAL HEALTH CLINICIAN

Conducted non-confidential interview: 11/29/12   (Inmate informed of non-confidentiality).
                                      Date

1. CCCMS/NON-MHSDS only.  Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for the assignment of a Staff Assistant?  ☐ Yes  ☒ No

Explain "yes" response: IM's current LOC is CCCMS, with no record of him being at EOP LOC. Further, staff assistant not indicated based on IM's functioning.

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR?  ☐ Yes  ☒ No  Explain "yes" response: see attached

3. If the inmate is found guilty of the offense, are there any mental health factors that the hearing officer should consider in assessing the penalty?  ☐ Yes  ☒ No  Explain "yes" response: see attached

INSTITUTION: RJD   CLINICIAN NAME (Print): M. Anderson, PsyD   SIGNATURE: M. Anderson, PsyD   DATE: 12/10/12

RECEIVED BY: _____   CUSTODY STAFF NAME (Print): _____   SIGNATURE: _____   DATE: _____

DISTRIBUTION:                                        CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH
Original : Central File With Adjudicated CDCR
Blue   : 115 Unit Health Record
Pink   : Inmate

**RULES VIOLATION REPORT:**
**MENTAL HEALTH ASSESSMENT REQUEST**

Rules Violation Report: Mental Health Assessment Request – CDCR 115-MH
Supplemental Information Form for Hearing Officer

Date:  12/10/12
RVR Log#: FB-12-163
Offense:  Willful Lewd Exposure
Date of Violation: 11/24/12

Sources of Information:
☑Interview with I/P   ☑UHR Review   Interview with PC: YES
Interview with Reporting Staff: NO   C-File Review: YES   Other: POC, DECS

CONCLUSIONS:

IM's Mental Disorder **DOES NOT** appear to have contributed to the alleged behavior described
in the RVR. Explain: If IM is found to be guilty of this offense, then there is no relationship
between any symptoms IM has reported (none prior to the current 115) and the behavior that
resulted in the violation, that being indecent exposure.

There **ARE NO** mental health factors the hearing officer should consider in assessing the
penalty. Explain: None noted

OTHER CONSIDERATIONS:

| Clinician Name & Signature: | *M. Anderson, PsyD* |
| M. Anderson, Psy.D. | |

Inmate Name: Carranza, Selvin
CDC Number: T-67780
DOB: 6/27/81

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS AND REHABILITATION

6-1012

NAME and NUMBER         CARRANZA, SELVIN, T-67780        CDC-128-B (Rev. 4/74)

As per Director's Rule 3316(a), this is a written notification of a referral of conduct to the District Attorney's Office for Criminal Prosecution.

On 11/27/12 the RJDCF Office of Investigative Services Unit received Incident Report #RJD-B06-12-11-0408 indicating you were involved in a violation of California Penal Code Section 314. This matter was referred to the San Diego County District Attorney's Office on November 27, 2012 for criminal prosecution consideration.

cc: C-File (original)
     Associate Warden, Facility
     Investigations
     Inmate

G. HERNANDEZ
CORRECTIONAL LIEUTENANT
INVESTIGATIVE SERVICES UNIT

DATE: November 27, 2012       **RJDCF – D.A. REFERRAL**      **GENERAL CHRONO**

# DETAINER PENDING INVESTIGATION

Richard J. Donovan Correctional Facility
Office of Investigative Services
San Diego, California

Incident Report #   RJD-B06-12-11-0408

**Subject Name:**   CARRANZA, SELVIN          **CDC #**   T-67780

The above Name/Numbered inmate is now under investigation by the San Diego District Attorney's Office:

1. Is not to be released from the Institution until further notification.
2. Is charged with rule violation and is pending possible prosecution under Penal Code 314.

Contact the Office of Investigative Services, RJDCF, at ext. 5565 or 7804.

Date placed:   November 27, 2012

By:

G. HERNANDEZ
Correctional Lieutenant
Investigative Services Unit

# Exhibit C

Appeal Log No. RJD-B-13-01040

REQG 115 LOG # FB-ASU-12-089 BE REHEARD
ON 9-19-12 LT R. DAVIS WAS THE SHO FOR HIS RVR. AT HIS 115
HEARING HE WAS DENIED HIS RIGHT TO VIEW THE SURVEILLANCE VIDEO OF
THE INCIDENT DATED 8-15-12. REQG TO REHEAR HIS 115 AS A VIOLATION
OF HIS RIGHT TO VIEW THE SURVEILLANCE VIDEO OF THE ACTUAL
INCIDENT. THE VIDEO IS EVIDENCE THAT WOULD EXONERATE HIM, SHOWING
C/O'S BEAT AND AND STRANGLED HIM NEAR DEATH. REQG CONPENSATORY,
PUNITIVE, AND NOMINAL DAMAGES.

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Friday, April 12, 2013*

*CARRANZA, T67780*
*B  005 2206001UP*

DISCIPLINARY, Division B, 04/03/2013
Log Number: RJD-B-13-01040
**(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.</u>)**

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4).  Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.*

*FINAL COPY OF RVR BEING APPEALED WAS ISSUED ON 10/23/2012.  THIS APPEAL WAS NOT RECEIVED UNTIL 3/15/2013, MORE THAN 30 DAYS LATER.  THEREFORE, TIME CONSTRAINTS WERE NOT MET.*

☐   R. Olivarria
☐   B. Self, CCII
Appeals Coordinator
RJD

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Tuesday, March 19, 2013*

*CARRANZA, T67780*
*B 005 2206001UP*

DISCIPLINARY, Division B, 03/15/2013
Log Number: RJD-B-13-01040
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(3). You have exceeded the allowable number of appeals filed in a 14 calendar day period pursuant to CCR 3084.1(f). Pursuant to CCR 3084.4 you are advised that this appeal is considered misuse or abuse of the appeals process. Repeated violations may lead to your being placed on appeal restriction as described in CCR 3084.4(g).*

*\* Last appeal received 3-15-13*

☐   R. Olivarria
☐   B. Self, CCII
Appeals Coordinator
RJD

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Tuesday, March 19, 2013*

*CARRANZA, T67780*
*B 005 2206001UP*

DISCIPLINARY, Division B, 03/15/2013
Log Number: RJD-B-13-01040
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:*

*\* Original 115/115-A*

☐    R. Olivarria
☐    B. Self, CCII
Appeals Coordinator
RJD

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

# Exhibit D

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*March 26, 2013*

*CARRANZA, T67780*
*B 006 1101001LP*

STAFF COMPLAINTS, , 03/15/2013
Log Number: RJD-C-13-01131
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4). Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.*

*\* You have three different staff complaints with incidents ranging from August 10, 2012 to November 14, 2012. The appeal was received in the appeals office on March 15, 2013, past 30 days of incident.*

*\* The Hiring Authority reviewed this appeal and determined that it did not meet the requirement for assignment as a staff complaint and was referred for routine appeal processing.*

R. Olson, CCII / J. Ramirez, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-C | 13-1131 | |
| AAR 3/22/13 | | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, or policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Carranza, Selvin O. | CDC Number: T67780 | Unit/Cell Number: B-16-101 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Retaliation False Accusation Of Sex Crime on female C/O w/serious Bodily Injury on Me

**RECEIVED**

MAR 15 2013

RJDOF APPEALS

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): After Filing Several staff complaints: Sgt. Tillman & Lt. Rink staged My fight, staged My shooting (see appeal Log No. RJD-B-12-02812); Retaliation Assault w/Deadly Weapon by Sgt. Tillman w/Traumatizing G.B.I.; Sgt. Tillman, Lt. Rink & Officers Retaliation Beating & Attempt To Strangle Me To Death on Aug.15, 2012.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): 1) Refer this incident to the San Diego's District Attorney's Office for criminal prosecution of Lt. G. Savala, C/o R. Davis, C/o R. Lopez & C/o J. Gomez & all C/os involved; 2) by policy request an investigation by an outside agency local F.B.I. or San Diego Police or Sheriff's Departments; 3) Compensatory, Punitive

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

1) Letter To Warden D. Paramo dated Nov.29,12, Depicting all My staff Complaints & retaliation;
2) Chrono by Dr. McKnight showing my premeditated shooting; 3) 115 Of Sex crime willful lewd exposure

☐ No, I have not attached any supporting documents. Reason : _____

_____
_____
_____

Inmate/Parolee Signature: _Carranza_          Date Submitted: Dec. 17, 2012

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☑ Rejected (See attached letter for instruction) Date MAR 15 2013  Date: ____  Date: ____  Date: ____
☐ Cancelled (See attached letter) Date: ____
☐ Accepted at the First Level of Review MAR 15 2013

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____          Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| | AC Use Only Date mailed/delivered to appellant ___ / ___ / ___ |
|---|---|

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. **If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____    Date Submitted : _____

| E.  Second Level - Staff Use Only | Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No |
|---|---|

This appeal has been:

☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

Second Level Responder:  Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is:   ☐ Granted     ☐ Granted in Part     ☐ Denied     ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____   Title: _____   Signature: _____   Date completed : _____
                  (Print Name)

Reviewer: _____   Title: _____   Signature: _____
                (Print Name)

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

F.  **If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____    Date Submitted: _____

**G.  Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted    ☐ Granted in Part   ☐ Denied   ☐ Other: _____
     See attached Third Level response.

| Third Level Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

**Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____   Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side I

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-C | 13-1131 | |
| | AAR 3/22/13 | | FOR STAFF USE ONLY |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.  **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Carranza, Selvin O. | CDC Number: T67780 | Unit/Cell Number: B-6-101 | Assignment: |
|---|---|---|---|

A. Continuation of CDCR 602, Section A only (Explain your issue): I complained to Warden D. Parramo during my committee on 9-20-12 requesting by policy for an investigation by an outside agency specifically, the F.B.I, or SD Police or Sheriffs Departments. But instead the Warden Subjected me to an internal investigation. On Oct. 30, 12, Lt. G. Savala interviewed me making a video staff complaint of how Sgt. Tillman, Lt. Rink & C/os premeditated my shooting for "job security" for by showing there's lots of violence in CDCR/RJD C/os job positions that were laid off/rid of were "rehired." Lt. Savala immediately opposed me. A ranked official I later spoke to warned me to not tell him to much, for men in suits would come speak to me & to tell them everything. Suddenly, I realized I had revealed to much to Lt. Savala. Suddenly, on 11/24/12 I was falsely accused of a sex crime on a female C/o J. Gomez, w/Lt. Savala's signature on it, after yelling about C/o R. Davis refusing me/prisoners our showers. C/o R. Davis & C/o R. Lopez are primary sus-pects in my staff complaint beating me & strangling me near death Aug. 18, 12 & were working Nov. 24, 12. Suffering hyper tension & chest pain, mad about my showers, unaware of the false Sex Crime Accusation, I went out to TTA for medical attention. Suddenly, R. Davis even at TTA began calling me a rapist, child molester, pedifile, wini wacker saying I have a foul jacket so nurses could here [I never had a sex crime in my life]. R. Davis even told inmates these false things of me. R. Davis & C/o C. Meza escorted me back & for no reason put the retention lanyard on me calling me a pedifile. C/os Morales, & Jackson joined them. All 4 placed me in cell 101 closing the door & yanked me through the tray slot fracturing my right thumb & cutting my hand on sharp tray slot.

Inmate/Parolee Signature: _[signature]_     Date Submitted: Dec. 17, 2012

B. Continuation of CDCR 602, Section B only (Action requested): & Nominal Damages from Lt. G. Savala, C/os R. Davis, R. Lopez, C. Meza J. Gomez, Morales, Jackson. Respondeat Superiors D. Aguillez, Lt. Captain M. Stout, A. Hernandez (AW), Warden D. Parramo "CDCR policy makers including not limited to secretary Dr. J. Beard, D. Hoffman (AS) Communications, etc."; Governor of California J. Brown, "CCPOA policy makers including not limited to union members involved & President Mike Jimenez, V. President J. Doe, etc. for their policies or failure thereof against CCPOA union members [C/os] committing fraud of the state of California, provoking & creating incidents of violence w/prisoners for job security & to collect workers compensation & all other benefits from the state & CCPOA. And to benefit CDCR & CCPOA. "Policy False Advertisement to the public lots of violence in CDCR/RJD so job positions that were laid off be "rehired." Policy of biased invest-gations refusing to discipline staff who commit crimes against prisoners breeding more crimes; Policy Retaliating against prisoners for practicing freedom of speech filing staff complaints; Policy of labeling me as a sex offender putting Sex Placard on my window/door w/out any criminal conviction; Policies of excessive/unnecessary force; tight restrain lanyard; Policy falsely accusing me of sex crime, for everyone violating my 1st, 8th & 14th U.S. Constitutional Rights, for injuring me

Inmate/Parolee Signature: _[signature]_     Date Submitted: Dec. 17, 2012

STAFF USE ONLY

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____ Date Submitted: _____

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|

ATTACHMENT (Number):

(This Attachment may be used with any Judicial Council form.)

Warden Daniel Paramo [Respondeat Superior]

During my last committee, dated "9-20-12," I verbally informed you that "Sergeant Tillman and Lieutenant Rink" had premeditated my shooting, staging my fight, staging my shooting. For when I sought help complaining of "safety concerns," and to be placed on walk alone, and removed off the RMA Group Yard even through my Psychologist Dr. McKnight. They told Dr. McKnight, "tell him to handle his business on the yard." I was shot severely 6 times.

On 9-20-12, I informed you c/os were retaliating on me for filing 602s staff complaints of my "premeditated shooting, and uncovering their corruption." Sgt. Tillman on "8-10-12," even swung an "ice pick [shank/knife]" to my chest, saying, "I should just stab you." Then again, on "8-19-12" Sgt. Tillman physically hauled me out of my cell, in handcuffs, and into her office. Where she immediately called Lt. Rink on the phone. And had nearly 10 c/os beat me down, fracturing my right cheek bone, and nearly "strangled me to death." Attempting to permanently silence ME. And falsely accused me of "battery on an officer [scratching his forearm, struggling to get his hands to release my neck, as I was fighting from losing conscious.

On 9-20-12, I verbally asked you to order an investigation by an outside agency. Specifically, the "F.B.I [Federal Bureau of Investigations]." And from the "San Diego District Attorneys Office ??" Instead, on "Oct. 30, 12," you subjected me to an "internal investigation" by "Lt. Savala, G." And I complied. However, a different ranked official later warned me: "Don't tell me to much, men in suits will come to speak to you, tell them everything." Suddenly, I realized, I had spoken to much to Lt. Savala during the videoed interview. For I had complained how c/os were provoking incidents of violence w/inmates to cause an incident, job security. "Malicious and sadistic," "deliberate indifference," "cruel & unusual punishment" violating my 8th Amendment of the Constitution. Even premeditating my shooting.

Suddenly, I now stand "falsely accused of a 'Sex Crime' [willful lewd exposure] on a female c/o Gomez." With "Lt. G. Savala's signature on it." This is "Retaliatory Malicious Prosecution. c/o R. Lopez, who strangled me near death using a spithood mask, was working that day." Nov. 24, 12" c/o R. Davis told an "RN" in my presence that I was flashing women my privates. In the "ER [TTA]" he kept calling me a rapest, saying, I have a foul jacket, child molestation." c/o R. Davis was even telling inmates these things who are known for stabbing child molester in B-6. Thus, inmates now yell threats at me calling me an "Amber Alert," "Pedifile," "Wini Wacker" etc. An "IEX" yellow sign now covers my cell door window, frightening female staff against me. "Malicious and sadistic," "deliberate indifference" Violation of 8th Amend. of the Constitution.

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Page 1 of 2

(Add pages as required)

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. Jan. 1, 2009]

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

MC-025

| | |
|---|---|
| SHORT TITLE | CASE NUMBER |

ATTACHMENT (Number) _____

(This Attachment may be used with any Judicial Council form.)

In truth, I'll never had a sex crime in my 31 years of life [13 years in prison]. Your policies failing to discipline officers. And failing to provide inmates Due Process Right to see surveillance videos during 115 disciplinary hearings. Altogether allows c/os to get away with crime. Falsely accusing inmates. Violating my 8th Constitutional Right.

— Hand delivered at
   Committee On
   " Nov. 29, 2012 "

Submitted,

Selvin   O.   Carranza

CDC. #
T67780
Housing: B-6-
101

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

Page 2 of 2

(Add pages as required)

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. Jan 1, 2009)

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

5

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION
                                                                CDC-128 C (8-87)

**NAME and NUMBER**        CARRANZA, SELVIN   T67780                    **CELL:**   B6-208L

IP Carranza T67780 was evaluated on 6/20/12. He reported that he is feeling increasingly agitated by the presence of another inmate on the Group yard. He stated, "I asked him to keep his distance but he won't. I'm worried I might do something and I don't want to hurt anyone, I don't want to catch another case and get another SHU term, I just want to stay out of trouble." It is recommended that IP Carranza be considered for Walk Alone yard.

ORIG. : C-File
Cc   :  CC1
        ASU Sgt / Lt                         *R. McKnight Psy.D.*
        UHR
        Writer                               R. McKnight, Psy.D.
**DATE**     6/21/12                          Facility B MHSDS ASU / Bldg 6
                                             **RJDCF**

804 To Records : *1kell* By : M.A

## VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| T67780 | CARRANZA | 2/28/2067 | RJDCF | FB-6-116L | FB-12- 1103 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3007 Sexual Behavior | Willful Lewd Exposure | B6-116 | 11/24/12 | 0640 hrs. |

CIRCUMSTANCES

On Saturday, November 24, 2012, at approximately 0640 hours, while performing my duties as ASU 6 Floor Officer #1, while conducting the morning showers, Inmate Carranza T-67780 solely housed in cell 116 yelled out "Gomez I am ready for my shower". Inmate Carranza was aware that he was next for a shower. As I was walking towards I/M Carranza's cell, I observed I/M Carranza standing in front of his cell window making direct eye contact with me. As I approached his cell to place him in mechanical restraints, I/M Carranza stood directly in front of his cell facing my direction exposing his erect penis and stated, "I am ready for you". At no point in time did I/M Carranza attempt to cover his penis or move away from the cell window. I was disturbed and immediately turned around and notitied my supervisor. This concludes my involvement.

MHSDS   EOP   ADE: 12-9

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. Gomez, Correctional Officer | 11/24/12 | ASU Officer | S/M |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | | |
|---|---|---|---|
| G. Savala, Correctional Lieutenant | 11/24/12 | ☒ INMATE SEGREGATED PENDING HEARING | |

DATE 11/24/12        LOC H/U 6

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☒ ADMINISTRATIVE  ☐ SERIOUS | D | 11/26/12 | M. STOUT, CAPTAIN | ☐ HO  ☒ SHO  ☐ SC  ☐ |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT  LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| | | BY (STAFF'S SIGNATURE) | | DATE | TIME |

☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING

CDC 115 (7/88)

# Exhibit E

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*March 26, 2013*

**CARRANZA, T67780**
*B 006 110100ILP*

STAFF COMPLAINTS, , 03/15/2013
Log Number: RJD-B-13-01132
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4). Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.*

*\* Incident date is August 15, 2012. Appeal was received in the appeals office on March 15, 2013.*

*\* The Hiring Authority reviewed this appeal and determined that it did not meet the requirement for assignment as a staff complaint and was referred for routine appeal processing.*

R. Olson, CCII / J. Ramirez, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-B | 13-1132 | |
| | AAR 3/22/13 | *FOR STAFF USE ONLY* | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, Section (CCR) 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.            WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Carranza, Selvin O. | T67280 | B-6-116 | |

**RECEIVED**

**MAR 15 2013**

**RJDCF APPEALS**

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Sergeant Tillman, Lieutenant Rink & Officers Retoliation Beating & Attempt To Strangle Me To Death

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): On Aug. 15, 12, after seeing the RN, I returned to my cell [B7-101]. And found my breakfast & lunch dumped in the sink. Overwhelmed, I held my handcuffs while cuffed in the front, requesting to see the Lt. or Captain to report Staff's Misconduct & Sgt. Tillman's assault w/deadly weapon a few days earlier. Suddenly Sgt. L. Tillman

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): 1) Refer this incident to the San Diego's District Attorney's Office for criminal prosecution of Sgt. L. Tillman; Lt. S. Rink & all c/os named above involved in beating me & strangling me near death & bystanders who failed to inter-vene; 2) By policy request an investigation by [an outside agency] local F.B.I., or San Diego Police or

7-Staff Complaint

C4-Time Constraint

Supporting Documents: Refer to CCR 3084.3.

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Chrono by Dr. McKnight dated 6/21/12, is evidence revealing my shooting dated 6/23/12, was "premeditated!" And the reason for retaliating against me beating me & attempting to strangle me to death.

☐ No, I have not attached any supporting documents.  Reason : _____

Inmate/Parolee Signature: _____  Date Submitted: Sept 12, 2012

☐ By placing my initials in this box, I waive my right to receive an interview.

STAFF USE

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached? ☑ Yes    ☐ No

This appeal has been:
☑ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: MAR 15 2013
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
            (Print Name)

Reviewer: _____ Title: _____ Signature: _____
          (Print Name)

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. If you are **dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____   Date Submitted : _____

E. Second Level - Staff Use Only                Staff – Check One: Is CDCR 602-A Attached?  ☑ Yes    ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: A[M] Hernandez  Title: AWB  Date Assigned: _____ Date Due: _____

Second Level Responder:  Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____                Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____ Date completed : _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

F. If you are **dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____   Date Submitted: _____

G. Third Level - Staff Use Only

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____  Inmate/Parolee Signature: _____  Date: _____
Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-B | 13-1132 | |
| | APK 3/22/13 | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.          **WRITE, PRINT, or TYPE CLEARLY** in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Carranza, Selvin O. | T67780 | B-6-116 | |

A. Continuation of CDCR 602, Section A only (Explain your issue): C/o W. Shimko against policy, opened my

door & physically hauled me to her office. C/o A. Buenrostro said: "just throw that motherfucker

on the floor so we can fuck him up!" Soon after straddling a chair in Sgt's office Buenrostro

yanked me from behind my shirt. C/o J. Vanderwiede & Shimko slammed me on the floor

about 10 feet in front of Sgt's office. All 3 of them began beating me. **Vanderwiede** then began

**strangling** me w/his **massive strong hands**." C/o R. Lopez, responded by yanking my handcuff-

ed wrists forward, clawing his fingers deep into my **fresh [5]atures** on my **right wrist**. Hold-

ing me by both my wrists. While Vanderwiede was strangling me near death. "I was even "**seeing**

**stars**, unable to **breath or swallow, fighting to remain conscious**; suffering **positional asphyxia**

with C/os A. Buenrostro, W. Shimko, R. Davis, I. Marquez, R. LaCosta, & several [unknown] C/os **On top**

of me beating me to my ribs, kidneys, lungs & legs, my whole body. I struggled for several minutes

to get Vanderwiede to release my throat by pulling on his forearm. By God's Grace, he finally

released my throat. Buenrostro then grabbed the left side of my face & smashed the right side

of my face on the concrete floor. R. Lopez, then proceeded by "**strangling me himself, wrapping**

the spithood mask around my neck, strangling me near death again." For again, "I was seeing

**stars**, unable to **breath or swallow**, still suffering **positional asphyxia, fighting to stay alive**." C/o

R. Davis all along clawed his fingers deep into my **fresh [5]atures** on my right wrist. Through it all

I was in excessively tight restraints, handcuffed, leg shackled & waistchains for 10 hours, chained to

holding cages. Supervisors & C/os watched my beating & strangulation never intervening/helping me.

Inmate/Parolee Signature: _[signature]_          Date Submitted: Sept. 12, 2012

B. Continuation of CDCR 602, Section B only (Action requested): Sheriff's Departments; 3) Compensatory, Punitive & nominal damages

from Sgt. Tillman, Lt & Rink, C/os A. Buenrostro, R. Lopez, R. Davis, J. Vanderwiede, W. Shimko, I. Marquez, R. LaCosta, L. Romero & all

unknown C/os involved. Respondeat Superior's A. Hernandez (AW), Warden D. Paramo, CDCR policy makers including, not lim-

ited to Secretary Dr. J. Beard, D. Hoffman (AS) Communications, Etc. Governor J. Brown, CCPOA policy makers & union members,

including, not limited to President Mike Jimenez, V. President J. Doe, etc. For their policies or failure thereof against CCPOA

union members [C/os] committing fraud of the state of California, provoking & creating incidents of violence w/prisoners for

job security & to collect workers compensation & all other benefits from the state & CCPOA. And to benefit CDCR & CCPOA;

policy False Advertisement to the public; policy of biased investigations refusing to discipline staff who use excessive/unnecess-

ary force against prisoners, breeded C/os to retaliate, beating & strangling me near death w/Great or serious bodily injury

knowing they can get away w/it. For policies "Excessive/unnecessary force-**Misuse of spithood mask**," Excessive tight restraints for

10 hours chained to holding cages w/no water/restroom breaks. For injuring me GBI/SBI, PTSD, emotionally, reputation & family

relations. For bystanders not intervening. For everyone, **violating my 1st/8th U.S. Constitutional Rights Cruel & unusual punishment & freedom of speech**

Inmate/Parolee Signature: _[signature]_          Date Submitted: Sept. 12, 2012

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D.  Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____  Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____  Date Submitted: _____

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC-128 C (8-87)

**NAME and NUMBER**       CARRANZA, SELVIN   T67780       **CELL:**   B6-208L

IP Carranza T67780 was evaluated on 6/20/12. He reported that he is feeling increasingly agitated by the presence of another inmate on the Group yard. He stated, "I asked him to keep his distance but he won't. I'm worried I might do something and I don't want to hurt anyone. I don't want to catch another case and get another SHU term, I just want to stay out of trouble." It is recommended that IP Carranza be considered for Walk Alone yard.

ORIG. :  C-File
Cc    :  CC1
         ASU Sgt / Lt
         UHR
         Writer

**DATE**     6/21/12

R. McKnight, Psy.D.
Facility B MHSDS ASU / Bldg 6
RJDCF

**Exhibit F**

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*April 11, 2013*

*CARRANZA, T67780*
*B 006 1101001LP*

STAFF COMPLAINTS, , 03/15/2013
Log Number: RJD-B-13-01223
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4). Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.*

*~ DATAE OF INCIDENT 8/10/12*
*~ DATE APPEAL RECEIVED IN APPEAL OFFICE 3/15/13*

R. Olson, CCII / J. Ramirez, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).   Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.   However, a separate appeal can be filed on the cancellation decision.   The original appeal may only be resubmitted if the appeal on the cancellation is granted.

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | | |
|---|---|---|
| | Institution/Parole Region: RJD-B | Log #: 13-1223 |

AAR 3/22/13 FOR STAFF USE ONLY

Category:

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, Section (CCR) 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Carranza, Selvin O. | CDC Number: T67780 | Unit/Cell Number: B-6-101 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Retaliation Assault w/ Deadly Weapon By Sergeant Tillman w/ Traumatizing Great Bodily Injury

**A.** Explain your Issue (If you need more space, use Section A of the CDCR 602-A): On Friday Aug 10,12, I was the lost inmate on "Walk alone yard cages behind buildings 7 & 8." C/O R. Lemon made a quick security check by the "B yard fence." And found an "ice pick" looking shank/ Knife. As he came to my cage to handcuff me, he gave Sgt. Tillman the "ice pick/shank/Knife" saying: "look what I found"

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): 1) Refer this incident to the San Diego District Attorney's Office for criminal prosecution of Sgt. L. Tillman "for assaulting me w/ Deadly Weapon w/ Traumatizing Great Bodily Injury; 2) B y policy request an investigation by the "local F.B.I. [an outside agency], or the San Diego Police or Sheriffs Departments;"

Supporting Documents: Refer to CCR 3084.3.

☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Chrono by "my Psychologist Dr. R. McKnight, dated 6/21/12, is evidence showing my shooting dated 6/22/12, was premeditated!" And the "reason Sgt. Tillman retaliated at me" mentioning my Psychologist.

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

_____

| Inmate/Parolee Signature: _____ | Date Submitted: Aug. 27, 2012 |
|---|---|

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**

This appeal has been:

☐ Bypassed at the First Level of Review.  Go to Section E.

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter) Date MAR 1 5 2013

☐ Accepted at the First Level of Review.

Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____

See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name) Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name) Title: _____ Signature: _____

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

RECEIVED

MAR 1 5 2013

RJDCF APPEALS

7-Staff Compla

04-Time Contra

S T A F F   U S E

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____ Date Submitted : _____

| E. Second Level - Staff Use Only | Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No |
|---|---|

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____ (Print Name)  Title: _____ Signature: _____ Date completed : _____

Reviewer: _____ (Print Name)  Title: _____ Signature: _____

Date received by AC: _____

**AC Use Only**
Date mailed/delivered to appellant ___ /___ /___

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature: _____ Date Submitted: _____

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached Third Level response.

**Third Level Use Only**
Date mailed/delivered to appellant ___ /___ /___

Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____ Inmate/Parolee Signature: _____ Date: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-B | B-1223 | |
| | AAR 3/22/13 FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Carranza, Selvin O. | CDC Number: T67780 | Unit/Cell Number: B-6-101 | Assignment: |
|---|---|---|---|

A. Continuation of CDCR 602, Section A only (Explain your issue): On the fence facing B yard." %o R. Lemon then handcuffed me in the front (for I was wounded walking w/a cane due to my premeditated shooting F June 22,'12. When Sgt. L.Tillman, & Lt.S.Rink staged my fight, staging my shooting, getting me shot 6 times (sec 602 Log No. RJD-B-12-02812), Exiting the cage I asked: Sgt.Tillman, are you going to allow me to go back to building 6, where I can have better Mental Health Treatment?" No! I already told you no! And no matter how much you ask, Im not going to move you, So stop asking!" She replied harshly. Even my Psychologist is recomending that I be moved. I inform-ed her. I don't care what your Psychologist says," replied Sgt. L.Tillman Suddenly, mad she charged at me swinging the ice pick" to my chest multiple times. I should just stab you!" said Sgt. Tillman, "I might need to make a handle for better gripping!" she rambled mad. I quickly stopp-ed walking gripping my cane [under Duress] about to react w/violence in self defense to Sgt.Tillman assaulting me w/deadly weapon swinging an "ice pick" [Shank/Knife] to my chest. While %o R. Lemon was holding my right arm, but not tight. Shocked he stopped walking too. But never intervening. On Aug. 14,'12, my Psychologist Dr. Soto responded to my Mental Health Request form. I finally vented myself about Sgt. Tillman's Traumatizing assault w/deadly weapon swinging an "ice pick to my chest." Traumatized w/ "PTSD." I vented myself punching & breaking the Plexi-Glass holding cage. Cutting my right wrist severely, requiring 8[5]atures at Tri-City Hospital!! I believe %o provoke & create incidents of violence w/prisoners for "job security." And to benefit "CDCR & CCPOA" and to "fraud the State Of California collecting workers compensation & all other benefits. Please Investigate?

Inmate/Parolee Signature: [signature]                    Date Submitted: Aug. 27, 2012

B. Continuation of CDCR 602, Section B only (Action requested): 3) Compensatory, punitive & nominal damages from Sgt. L.Tillman, respondeat Superiors: Lt.S.Rink, Captain E. Garcia, A. Hernandez (AW), Warden D. Parramo, CDCR policy makers including of limited to Secretary Dr. Jeffrey Beard, D. Hoffman (AS) Communications, Etc." Governor J. Brown, "CCPOA policy-makers & involved Union members, including not limited to President Mike Jimenez, V. President J. Doe, etc. "For their policies or failure thereof, against "CCPOA Union members" [%o.] committing fraud of the state of California, provoking & creating incidents of violence w/prisoners for "job security" & to collect workers compensation & all other benefits from the state & CCPOA. And to benefit CDCR & CCPOA." Policy of False Advertisement to the public, there's lots of violence in CDCR getting %o's job positions that were laid off/ released/ "rehired." Policy of biased investigations, refusing to discipline staff who use unnecessary/excess of force leaving %o's free to commit crimes [assaults w/deadly weapon] against prisoners. Policy of retaliation for making staff complaints; for injurying me assaulting me w/deadly weapon [provoking violence] w/ PTSD, emotionally, reputation, & family relations, even injurying me physically, for suffering "PTSD," I broke the Plexi-Glass cutting my right wrist severely. For everyone violating my 1st & 8th U.S. Constitutional Rights Cruel & Unusual punishment & freedom of speec

Inmate/Parolee Signature: [signature]                    Date Submitted: Aug. 27, 2012

S T A F F   U S E   O N L Y

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

5

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC-128 C (8-87)

**NAME and NUMBER**      CARRANZA, SELVIN   T67780      **CELL:**   B6-208L

IP Carranza T67780 was evaluated on 6/20/12. He reported that he is feeling increasingly agitated by the presence of another inmate on the Group yard. He stated, "I asked him to keep his distance but he won't. I'm worried I might do something and I don't want to hurt anyone. I don't want to catch another case and get another SHU term, I just want to stay out of trouble." It is recommended that IP Carranza be considered for Walk Alone yard.

ORIG. : C-File
Cc   : CC1
      ASU Sgt / Lt
      UHR
      Writer

**DATE**    6/21/12

R. McKnight Psy.D.

R. McKnight, Psy.D.
Facility B MHSDS ASU / Bldg 6
RJDCF

# Exhibit G

## Appeal Log No. RJD-B-13-01371

```
 APPEALING CANCELLATION DECISION ON 5 OF HIS 602'S STAFF
COMPLAINTS-LIFE AND DEATH
RJD-B-13-01223 INITIALLY FILED/MAILED 8/27/12
RJD-B-13-01132 INITIALLY FILED/MAILED 9/12/12
RJD-C-13-01131 INITIALLY FILED/MAILED 12/17/12
RJD-B-13-01040 INITIALLY FILED/MAILED 10/29/12
RJD-B-13-01039 INITIALLY FILED/MAILED 1/07/13
HE TIMELY FILED/MAILED THESE 602'S TO THE APPEALS COORD OFFICE.
BUT THE C/O'S WERE TRASHING THEM, SHORTSTOPPING THEM, TO NEVER
REACH THE AC OFFICE. THE AC OFFICE ADMITTED IT WAS EXTREMELY
BACKLOG OVER 6 MONTHS, SO HOW DARE THEY DENY HIM FROM
UNTIMELINESS. REQG HIS 5 602'S BE ACCEPTED AS TIMELY. AN
EXCEPTION SHOULD BE MADE AS C/O'S OBSTRUCTED WITH HIS APPEALS
PROCESS. REQG COMPENSATORY, PUNITIVE AND NOMINAL DAMAGES FROM R.
OLSON AND J. RAMIREZ, G. STRATTON, A. HERNANDEZ, D. PARAMO.
```

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Wednesday, April 24, 2013*

*CARRANZA, T67780*
*B  005 2206001UP*

LEGAL, Processing of Appeals, 04/19/2013
Log Number: RJD-B-13-01371
(Note: **Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.**)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7).  Your appeal is missing necessary supporting documents as established in CCR 3084.3.  All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor).  Your appeal is missing:*

*\* Appeals in question  \* You need to appeal your cancelled appeals separately on a different appeal and attach the original copy of the cancelled appeal.*

☐   R. Olivarria
☐   B. Self, CCII
Appeals Coordinator
RJD

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED

# Exhibit H

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*July 22, 2013*

***CARRANZA, T67780***

STAFF COMPLAINTS, Misuse of Force, 07/19/2013
Log Number: RJD-X-13-01776
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

***Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(10). Failure to correct and return a rejected appeal within 30 calendar days of the rejection.***

*\* Date of Form 695: 6/03/13*
*\* Received back in Appeals Office: 7/19/13*
*\* Received 46 days after the occurrance*

R. Olson, CCII / J. Ramirez, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.




STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-X | 13-1776 | s/c |
| | AAR 5/20/13 | | |
| | UOF 5/21/13 | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, (CCR) Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.** **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Carranza, Selvin O. | CDC Number: T67780 | Unit/Cell Number: D-6-132 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Retaliation Beating By Lt. R. Arguillez & Several Officers at RJ Donovan, San Diego.

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): On 4/18/13, I was in the walkalone yard. Suddenly, S/o R. Pemesas informed me transportation was on the way to pick me up for transfer. He then, was escorting me back to my cell. But S/o R. Davis & S/o A. Silva, were already in my cell with a trashcan & bags trashing my legal property.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): 1) Refer this incident to the San Diego District Attorney's Office for criminal prosecution of all invoved S/os frauding the State of California using [U]nnecessary & Excess Of Physical Force & then falsely claim an [I]njury & Collect [W]orkers Compensation; 2) Request investigation by outside agency;

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____    _____    _____

_____    _____    _____

☑ No, I have not attached any supporting documents. Reason: Unnecessary Ia Staff Complaint Retaliation Beating.. be Informed: "I Never Got 837 Package! Thus, Im Hereby Resubmitting On July 8,13

| Inmate/Parolee Signature: _____ | Date Submitted: May/12, 2013 |
|---|---|

☐ By placing my initials in this box, I waive my right to receive an interview.

**RECEIVED**
MAY 2 0 2013
**RJDCF APPEALS**
7. S/c. Misuse
Of Force.
S/o R7 complete
837 Package.

**RECEIVED**
JUL 19 2013
**RJDCF APPEALS**
C-10-Rejected not
30 Days.

---

**C. First Level - Staff Use Only** — Staff – Check One: Is CDCR 602-A Attached? ☑ Yes ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section JUN 0 3 2013
☑ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☑ Cancelled (See attached letter) Date: JUL 22 2013
☐ Accepted at the First Level of Review.
Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
(Print Name)

Reviewer: _____ Title: _____ Signature: _____
(Print Name)

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___/___/___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 2**

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted : _____

---

**E. Second Level - Staff Use Only**                  **Staff – Check One: Is CDCR 602-A Attached?**  ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____  Title: _____  Signature: _____  Date completed : _____
(Print Name)

Reviewer: _____  Title: _____  Signature: _____
(Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____   Date Submitted: _____

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____
_____

_____  Inmate/Parolee Signature: _____  Date: _____
Print Staff Name: _____  Title: _____  Signature: _____  Date: _____



STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log #: | Category: 7 |
|---|---|---|---|
| | RJD X | 13-1776 | S/C |
| | AAR 5/29/13 | | |
| | VOF 5/21/13 | **FOR STAFF USE ONLY** | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Carranza, Selvin O. | CDC Number: 767780 | Unit/Cell Number: D-6-132 | Assignment: |
|---|---|---|---|

**A.** Continuation of CDCR 602, Section A only (Explain your issue) : R. Davis told R. Demesas to put me in a
holding cage. So he did! Davis, then came & was about to open the cage to put the retention lanyard
on my handcuffs for no reason. Thus, I brought the handcuffs forward. And began making
noise hitting my cuffs on the tray slot requesting to talk to Lt. D. Arguillez, who responded!
I asked him "let me pack my own property up!" Lt. Arguillez said, "Fuck that, we're getting you
the Fuck out of here!" I told him I wasn't going nowhere w/out my legal property! He said,
"I Don't give a Fuck! I'll keep you to rot here for another year!" I asked to speak to Captain
M. Stout! Lt Arguillez said, No!" So again, I began making noise. Arguillez closed the tray
slot. So I kicked it open. And S/o R. Davis pepper sprayed me in the face. I turned my back
to them, but they kept spraying me w/3-4 pepper spray cans! I tried to recover my leg
from the tray slot. But Lt. Arguillez ordered, "hold his leg, don't let him pull it back in!" And
used "Unnecessary & Excess Of Physical Force! For I was already in a holding cage, already handcuff-
ed, unable to breath Full of pepper spray! Opening the holding cage door, while R. Davis grabb-
ed & held my leg through the tray slot. Lt. Arguillez slammed me on the concrete floor.
Several S/os responded together beating me severely! Including Lt. Arguillez, S/os R. Davis,
A. Silva, A. Buenrostro, R. Lopez, R. Demesas & Other unknown S/os. Lt. Arguillez said, "I'm
gonna break your Fucken wrists!" And he did! Bending them backwards, engraving the
handcuffs tight to my wrist bones, S/os use "Unnecessary & Excess Of Physical Force for job
security! Falsely Claiming "Injury & collecting "Workers Compensation, Frauding "Tax Payers!

Inmate/Parolee Signature: ⟨signature⟩        Date Submitted: May 12, 2013

**B.** Continuation of CDCR 602, Section B only (Action requested): 3) Compensatory, Punitive & nominal damages from Lt. D. Arguillez,
S/os R. Davis, A. Buenrostro, A. Silva, R. Lopez, R. Demesas & all involved unknown (John Doe) S/os, Respondent Super-
iors Captain M. Stout, Lt.s. Rink, A. Hernandez (AW), CCII R. Olson, CII J. Ramirez, G. Stratton (AW), Warden D. Paramo, CDCR
Policymakers, including not limited to Secretary Dr. Jeffrey Beard, D. Hoffman (AS) Communications, Etc. Governor G.
Brown, CCPOA Policy makers & involved Union members, including not limited to "President Mike Jimenez, vice President
J. Doe, etc. For their policies or failure there of, against "CCPOA Union Members [S/os] Committing fraud of the state
Of California, provoking & creating incidents of violence w/prisoners For job security & to collect workers
Compensation & all other benefits from the state & CCPOA. And to benefit CDCR & CCPOA. "Policy Of False Advertise-
-ment to the public, there's lots of violence in CDCR getting S/os job positions that were previously laid off/
released "rehired." Policy Of biased investigations, failing to File staff complaints into Appeals Coordinator; refusing
to discipline staff who use unnecessary & excess of force leaving them Free to batter prisoners; For S/os beating
me severely using tight restraints. For everyone violating my 1st & 8th U.S. Constitutional Rights Cruel & Unusual Punishment &

Inmate/Parolee Signature: ⟨signature⟩        Date Submitted: May 12, 2013

S T A F F   U S E   O N L Y

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

Inmate/Parolee Signature: _____   Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** _____

Inmate/Parolee Signature: _____   Date Submitted: _____

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

*RECEIVED*
*6-13-13*
*C/o D.Hopp*

RE: Screening at the FIRST Level

*June 03, 2013*

***CARRANZA, T67780***
*KVSP*

STAFF COMPLAINTS, Misuse of Force, 05/20/2013
Log Number: RJD-X-13-01776
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:*

*\* Complete 837 package*

*\* The Hiring Authority reviewed this appeal and determined that it did not meet the requirement for assignment as a staff complaint and was referred for routine appeal processing.*

R. Olson, CCII / J. Ramirez, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

*Return Address*

**Kern Valley State Prison**
Name: Selvin O. Carranza  CDCR#: T62280
Facility: D____ Bldg.: 2____ Cell: 120____
P.O. Box: 5104____
Delano, CA  93216

**Inmate Indigent Mail**

RJ Donovan - Appeals Coordinator
480 Alta Road
San Diego, CA. 92179

— Appeals Coordinator —

9217930002

Return Address

Kern Valley State Prison

Name: _Juan C Gallenza_   CDCR#: _TA7180_

Facility: _D_   Bldg.: _6_   Cell: _132_

P.O. Box: _____

Delano, CA 93216

Inmate Indigent Mail

Legal & Confidential

Kern Valley State Prison
Facility D, Building 6

SB21775+0009

C.S.P - RJDonovan- Appeals
—
Appeals Coordinator
State Prison
480 Alta Road
San Diego CA 92179
—

02 1M
000 42911 956
MAILED FROM ZIP CODE 93215

UNITED STATES POSTAGE
$ 00.460
PITNEY BOWES
MAY 14 2013

## CERTIFICATE OF SERVICE

| Case Name: | **S. Carranza v. E. Brown, Jr., et al.** | Case No. | **3:14-cv-00773-GPC-AGS** |
|---|---|---|---|

I hereby certify that on <u>May 3, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### DECLARATION OF B. SELF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>May 3, 2017</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Selvin O. Carranza
T-67780
High Desert State Prison
P.O. Box 3030
Susanville, CA  96127

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 3, 2017</u>, at San Diego, California.

| E. Tong | | |
|---|---|---|
| Declarant | | Signature |

SD2017704296
81673229.doc