UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Selvin Carranza, | Case No.: 14-cv-0773-GPC-AGS |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND SERVICE ASSISTANCE** |
| v. | |
| Edmund G. Brown, et al. | |
| Defendants. | **[Doc. 90]** |

Plaintiff Selvin Carranza seeks to (1) extend time to effectuate service, (2) order the California Attorney General to accept service for the unserved defendants, and (3) direct the Attorney General to provide the unserved defendants' forwarding addresses in a confidential memo to the U.S. Marshal Service. [Doc. 90.] The 12 unserved defendants are: R. Casper, R. Lopez, C. P. Franco, Morales (first name unknown), R. Lemon, R. Demesas, Michael Stout, L. Brown, R. Thaxton, J. Ojeda, Sanchez (an R.N., first name unknown), and Molina (first name unknown). [Docs. 45-55, 83.]

The Court **GRANTS** Carranza's motion for a 90-day extension to effect service and for service assistance. If the plaintiff shows good cause for the failure to serve, a court may extend the service time for an appropriate period. Fed. R. Civ. P. 4(m); *cf. Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Here Carranza issued summonses on January 24, 2017—within the 90-day time limit for service. The 12 unexecuted

1

summonses were returned on March 9, March 15, and April 5. [Docs. 45-55, 83.] The Court ordered additional service forms be given to Carranza to finish service on April 18, and he requested this extension of time on May 3, 2017. [Docs. 86, 90.] Carranza states he has been unable to receive access to the materials he needed to serve the large amount of defendants in this case and it took him a great deal of time to complete this process. He also collected the information he provided in his motion to help identify the unserved defendants. Because Carranza began service within the time allotted by Rule 4(m), and has given a good faith effort to assist the Attorney General and U.S. Marshal with identifying these individuals, the Court finds Carranza has shown good cause for an extension.

The Court also **GRANTS** Carranza's request for service assistance. When an incarcerated plaintiff proceeds in forma pauperis, he is entitled to rely on the U.S. Marshal to serve defendants. Fed. R. Civ. P. 4(c)(3); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Here the defendants could not be served because there are multiple officers with the same last name as one defendant, another needed verification he is the same person named in the lawsuit, several retired, and several were no longer employed at that location. In his current motion, Carranza provided detailed descriptions of each defendant to assist the litigation coordinator with identifying unknown individuals. For those defendants who retired, presumably one reason the U.S. Marshal Service could not complete service was due to the confidential nature of their forwarding addresses.

To overcome this issue, as long as the privacy of defendants' addresses can be preserved, Carranza may rely on the U.S. Marshal Service to effect service as to all unserved defendants on his behalf. *See Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990). For each defendant in the 12 unexecuted summonses, the Attorney General's office shall obtain from the R.J. Donovan Correctional Facility that person's last known contact information and provide this information to the U.S. Marshal in a *confidential memorandum* stating that the summons and the Second Amended Complaint are to be delivered to the specified address. The Deputy Attorney General assigned to this case

shall provide the U.S. Marshal Service with any such information by **May 26, 2017**. As to the defendants whose first names are not listed, defense counsel shall contact the litigation coordinator at R.J. Donovan Correctional Facility and provide the coordinator with the description and identifying information contained in Carranza's current motion. [*See* Doc. 90, at 6-7.]

Within 45 days of the receipt of any available addresses, the U.S. Marshal Service shall serve the 12 unserved defendants—or as many of them as can be located—a copy of Carranza's Second Amended Complaint and summons. The Court Clerk shall provide a copy of this Order, the Second Amended Complaint, a summons, and a blank U.S. Marshal Form 285 to defense counsel for purposes of re-attempting service. Both defense counsel and the Marshal Service must keep any address provided strictly confidential. Thus, no address shall appear on any U.S. Marshal Form 285, be provided to Carranza, or be made part of the Court's record. In the event that the Correctional Facility does not have updated addresses, or cannot ascertain a defendant's first name, defense counsel shall file a declaration with the Court to that effect by **May 26, 2017**.

Finally, Carranza's request that the Court order Deputy Attorney General Tiffany Johnson to accept service on behalf of the 12 unserved defendants is **DENIED**. [Doc. 90, at 6.] The Deputy's representation of all served defendants thus far is "insufficient to demonstrate that the Attorney General's office is authorized to accept service" for the 12 unserved defendants. *See Laundau v. Voss*, No.1:07-cv-00815 AWI FLB PC, 2009 WL 1010065, *1, *2 (E.D. Cal. Apr. 14, 2009). While the Deputy may ultimately represent the unserved defendants, there has been no appearance on their behalf yet. Thus, the Court cannot order the Deputy to accept service for the unserved defendants.

Dated: May 11, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge