UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN O. CARRANZA,<br>CDCR #T-67780,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN Jr., et al.,<br>　　　　　　　　　　Defendants. | Case No.: 3:14-cv-00773-GPC-AGS<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR JUDGMENT**<br>**ON THE PLEADINGS**<br>**PURSUANT TO**<br>**Fed. R. Civ. P. 12(c)**<br><br>**[Dkt. No. 147]** |

Before the Court is a Motion for Judgment on the Pleadings brought on behalf of J. Ojeda, G. Stratton, A. Hernandez, E. Garcia, G. Savala, J. Gomez, Lt. R. Davis, Q. Jackson, D. Arguillez, J. Brown, C. Meza, and G. Hernandez ("Defendants"). (Dkt. No. 147.) Defendants seek dismissal of the Fourteenth Amendment due process claims alleged in Counts Three and Four of Plaintiff's Second Amended Complaint ("SAC"). (Dkt. No. 33.) Based on a careful review of the pleadings, all exhibits, and the applicable law, the Court GRANTS Defendants' Motion pursuant to Fed. R. Civ. P. 12(c).

## Background

Selvin O. Carranza ("Plaintiff") is currently incarcerated at California State Prison in Corcoran, California, and is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

On January 24, 2017, the Court screened Plaintiff's SAC pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and directed U.S. Marshal service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) as to thirty-nine Defendants, all of whom are alleged to have violated Plaintiff's First, Eighth, and Fourteenth Amendment rights while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego from June 2012 through April 2013. (Dkt. No. 42.)

After most of the named Defendants were served,[1] they filed a motion for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a), but the Court denied it on July 26, 2017. (Dkt. No. 122.) On August 25, 2017, Defendants filed their Answer (Dkt. No. 128), and the parties engaged in discovery. (Dkt. Nos. 129, 131, 136.) On January 8, 2018, a scheduling order issued (Dkt. No. 137), and a few days later, Defendants were granted leave to depose Plaintiff. (Dkt. No. 139). Magistrate Judge Schopler then issued a modified scheduling order, and held a mandatory settlement conference in April 2018; but to date, the case has not settled. (Dkt. Nos. 141-142, 149, 154.)

On June 7, 2018, Defendants filed a motion seeking a partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 147). On June 8, 2018, the Court issued a briefing schedule, and set Defendants' motion for hearing on July 20, 2018. (Dkt. No. 148.) Plaintiff filed his Opposition on July 11, 2018, (Dkt. No. 152), but Defendants have not filed a Reply. On July 17, 2018, the Court vacated its July 20, 2018 hearing date, and Defendants' Motion was submitted for disposition on the papers. (Dkt. No. 153).

## Allegations in SAC

Plaintiff divides his SAC into five separate causes of action or "Counts" (Dkt. No. 33 at 21-25), but Defendants E. Garcia, A. Hernandez, Lt. R. Davis, G. Savala, G.

---

[1] Defendants Stout, Franco, Thaxton, and Casper have been dismissed as parties pursuant to Fed. R. Civ. P. 4(m). (Dkt. No. 122 at 28.)

Stratton. E. Ojeda, J. Gomez, Q. Jackson, D. Arguillez, J. Brown, C. Meza, and G. Hernandez move for judgment on the pleadings only as to the due process claims alleged against them in Counts Three and Four. (Dkt. No. 147-1, Defs.' Mem. of P&As at 2.)

In Count Three, Plaintiff claims L. Tillman, S. Rink, A. Buenrostro, R. Lopez, R. Davis, L. Vanderweide, W. Shimko, I. Marquez, R. La Costa, L. Romero, and other unknown RJD officials conspired to "beat," "mutilate," and attempted to "murder him by strangulation" while he was in handcuffs, and that others failed to intervene or provide him medical attention on August 15, 2012 in violation of the Eighth Amendment and in retaliation for his previous complaints against staff. (Dkt. No. 33, SAC at 23, 43-55, ¶¶ 128-245.) Plaintiff further claims Defendants R. Casper, N. Molina,[2] and RN Sanchez laughed, taunted him, and failed to intervene during the incident, Defendants L. Vanderweide, R. Davis, W. Shimko, S. Rink, A. Buenrostro, and C. Hernandez kept him handcuffed for 10 hours afterward, refused to provide him medical attention. (Id. at 51 ¶¶ 219-222.) Finally, and as relevant to Defendants' current Motion, Plaintiff contends E. Garcia, A, Hernandez, and Lt. R. Davis conducted a "biased" investigation of the August 15, 2012 incident, issued a Serious Rules Violation Report ("RVR") against him, and found him guilty of battery on a peace officer during a disciplinary hearing held on or about September 19, 2012, in violation of due process. (Id. at 53-57 ¶¶ 235-266; Dkt. No. 152, Pl.'s Opp'n, Ex. B at 10-13.)

As a result of this RVR and conviction (Log No. FB-ASU-12-089), Plaintiff was assessed 150 days forfeiture of credit, 10 days loss of yard, and was referred to an Institutional Classification Committee ("ICC") "with the recommendation that [an] appropriate Security Housing Unit ("SHU") term be assessed." (Dkt. No. 33, SAC at 53-57 ¶¶ 235-266; Dkt. No. 152, Pl.'s Opp'n, Ex. B at 10-13 & Ex. C at 20.)

///

---

[2] L. Godinez was erroneously sued as N. Molina. (Dkt. No. 121.)

In Count Four, Plaintiff claims G. Savala, G. Stratton, J. Gomez, R. Davis, R. Lopez, Ojeda, C. Franco, Morales, Q. Jackson, D. Arguillez, M. Stout, J. Brown, C. Meza, and G. Hernandez falsely accused him of exposing himself to a female officer on November 24, 2012, (Dkt. No. 33, SAC at 62-64. ¶¶ 319-335), "gave [him] a new lock up order retaining [him] in ASU (administrative segregation)… for this sex crime," (id. at 62 ¶ 320, see also Dkt. No. 92-3, Decl. of B. Self in Supp. of Defs.' Mot. for Summ. J., at 34), "label[e]d and treated [him] as a sex offender without any [d]ue process," then charged and found him guilty of a "sex offense" "based only on an officer's word," while denying him access to a "surveillance video" he claims would have exonerated him. (Dkt. No. 33, SAC at 24, 61-68, ¶¶ 295-307, 308-366; Dkt. No. 92-3 at 35-60.)[3]

///

---

[3] Plaintiff's SAC explicitly refers to "Exhibit I," a "CDC 115 RVR, and Incident Reports," (Dkt. No. 33, SAC at 63 ¶ 324), and "Exhibit J," which he describes as the "Guilty Findings" and SHU term recommendation based on his "false sex crime," (id. at 63-64, ¶¶ 327, 333), but no such exhibits were attached to his SAC. A copy of the 11/24/2012 RVR charging Plaintiff with "willful lewd exposure" (Log No. FB-12-163), and a Crime Incident Report CDCR 837-A (Log No. RJD-B06-12-11-0408), also dated 11/24/12 *were* attached to a Declaration submitted on behalf of Defendants' previous Motion for Summary Judgment, however. (Dkt. No. 92-3, Decl. of B. Self, Ex. B at 32-60.) Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss[,]"without converting the motion into a motion for summary judgment (citation omitted); accord Rosenfeld v. Twentieth Century Fox Film, No. CV 07-7040 AHM FFMX, 2008 WL 4381575, at *2 (C.D. Cal. Sept. 25, 2008) (Fed. R. Civ. P. 12(c) motion); Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998) (documents not physically attached to the complaint may be considered if their "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them), superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006); Sams v. Yahoo! Inc., 713 F.3d 1175, 1182 n.5 (9th Cir. 2013) (citing 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1327 (2012) ("[W]hen the plaintiff fails to introduce a pertinent document as part of h[is] pleading ... the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").)

Plaintiff claims that as a result of this RVR, he was also "recommended" for a "SHU term," (Dkt. No. 33, SAC at 64 ¶¶ 333, 338-339),[4] but he later admits the "the remainder of [his] SHU terms for both false accusations of battery on a peace officer dated 8/15/12 (Count Three), and the willful lewd exposure (sex crime) dated 11/24/14 (Count Four)" were "suspended" by Warden Paramo "on the same day Paramo put [him] up for a special transfer out of RJD" on 4/11/13. (Id. at 66 ¶ 352.)

## Defendants' Motion for Judgment on the Pleadings

Defendants A. Hernandez, E. Garcia, Lt. R. Davis, J. Ojeda, G. Stratton, G. Savala, J. Gomez, Q. Jackson, D. Arguillez, J. Brown, C. Meza, and G. Hernandez move to dismiss Plaintiff's Fourteenth Amendment due process claims against them as alleged in Counts Three and Four of his SAC. (Dkt. No. 147-1, Defs.' Mem. of P&As in Supp. of Judgment on the Pleadings at 3-5.)[5]

### A. Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c). "Judgment on the pleadings is properly granted when ... there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

"Rule 12(c) is functionally identical to Rule 12(b)(6) and ... the same standard of review applies to motions brought under either rule." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (internal quotation

///

---

[4] According to Part C of RVR Log No. FB-12-163 dated 11/24/12, Plaintiff was also assessed 90 days loss of behavioral credit. (Dkt. No. 92-3 at 55.)

[5] As outlined above, Plaintiff also includes Eighth Amendment and retaliation allegations in Counts Three and Four, but Defendants do not seek dismissal of those claims pursuant to Fed. R. Civ. P. 12(c).

marks omitted); Chavez, 683 F.3d at 1108; see also In re BofI Holding, Inc. S'holder Litig., No. 3:15-CV-02722 GPC KSC, 2018 WL 2731954, at *5 (S.D. Cal. June 7, 2018).

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss," Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002), including the exhibits attached to it. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc., 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss); Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000) (courts "may consider facts contained in documents attached to the complaint" to determine whether the complaint states a claim for relief).

B. **Fourteenth Amendment – Due Process**

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The

requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000) (quoting Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." Id. However, these procedural protections "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Id. (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship required to invoke a protected liberty interest must be determined on a case-by-case basis, and "[i]n Sandin's wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," Wilkinson v. Austin, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

Ramirez, 334 F.3d at 861 (quoting Sandin, 515 U.S. at 486-87); see also Chappell v. Mandeville, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts

sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." Ramirez, 334 F.3d at 860.

C. Discussion

Defendants argue that Plaintiff has failed to identify a liberty interest implicating his right to due process as to Counts Three and Four. (Dkt. No. 147-1, Defs.' Mem. of P&As, at 3-5.) Specifically, Defendants contend that while Plaintiff *does* allege to have been charged and found guilty of prison disciplinary violations (battery on a peace officer in Count Three, and willful lewd exposure in Count 4), to have been placed in administrative segregation, lost good time credits, and to have been recommended for SHU placement, (id. at 4; Dkt. No. 33, SAC at 56, 62-64 ¶¶ 251-263, 323-339), none of these restraints are sufficiently "atypical and significant" as a matter of law to "establish a liberty interest requiring due process protections." (Dkt. No. 147-1, Defs.' Mem. of P&As, at 4-5.)

First, Defendants claim that Plaintiff's lost credits have "no effect on the duration of [his] sentence," (id. at 4, citing Sandin, 515 U.S. at 487), because exhibits attached to his First Amended Complaint show he is serving a life sentence with a Minimum Eligible Parole Date ("MEPD") of 02-08-2067. (Dkt. No. 10 at 48.)

As to the duration of his sentence, Plaintiff admits he is serving a term of 67 years to life, (Dkt. No. 152, Pl.'s Opp'n at 1 & Ex. A at 8,) but claims that "because [he] was only eighteen (18) years old when imprisoned," he is now "scheduled for [an] initial youth offender board of parole hearing [date] on February 8, 2019," and the credit forfeiture and serious and/or violent disciplinary convictions ("RVRs") he suffered will "automatically" be considered as "disqualifying factors to deny [him] Youth Offender Parole next year." (Id. at 2 & n.2.)

In California, "[c]redits earned by an inmate serving an indeterminate life sentence with the possibility of parole, … go toward advancing only the inmate's MEPD, i.e., the earliest date on which he could legally be released on parole," Roberts v. Warden, 2017 WL 5956666, at *4 (C.D. Cal. 2017), but they "have no real impact on the actual

8

3:14-cv-00773-GPC-AGS

sentence eventually set … or on [the inmate's] eventual release date on parole, should that time ever come." Roman v. Knowles, 2011 WL 3741012, at *12 n.9 (S.D. Cal. 2011) (noting that the MEPD "does not set an actual parole release date. Rather, [it] determines when [a prisoner] may appear before the Board of Parole Hearings (BPH) for his first parole suitability hearing. The BPH, in turn, has the exclusive authority to grant plaintiff parole and set any actual parole release date."), report and recommendation adopted, 2011 WL 3741007 (S.D. Cal. 2011). The same is true for "youth offenders" eligible for an earlier "youth eligibility parole date" ("YEPD") hearing under California Senate Bill 261. See Nguyen v. Paramo, 2017 WL 3309804 at *2 (S.D. Cal. 2017) ("[While Nguyen's YEPD may be 2027 as opposed to his [MEPD] of April 26, 2047, … the factors that determine his eligibility for parole remain the same.") (citing Cal. Penal Code § 3051).

Therefore, the Court finds the lost credits and disciplinary convictions Plaintiff alleges to have suffered in Counts Three and Four do not "invariably affect the duration of [his indeterminate life] sentence," Ramirez, 334 F.3d at 861, and are insufficient as a matter of law to create a protected liberty interest. Sandin, 515 U.S. at 486-87; Nguyen, 2017 WL 3309804 at *2 ("[R]esolving the RVR in [petitioner's] favor would not necessarily reduce the duration of his [life] sentence."). A California prisoner's "concern about future parole hearings based on [the] 'collateral consequences'" of a disciplinary conviction "is speculative and cannot support a liberty interest." Slaughter v. Cate, 2014 WL 5474025, at *5 (N.D. Cal. 2014) (citing Sandin, 515 U.S. at 487). And although a disciplinary conviction may not help a prisoner seeking release on parole, it is only one of a "myriad of considerations" relevant to a parole decision and does not inevitably affect the length of his life sentence. Id.; Ramirez, 334 F.3d at 858-59; Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (citing Cal. Code Regs., tit. 15 § 2281(b)).

Second, Defendants argue Plaintiff's SAC fails to allege facts sufficient to demonstrate that he suffered any "atypical and significant" hardship simply because he was housed in ASU as a result of his disciplinary convictions and referred for SHU

placement as a result. (Dkt. No. 147-1, Defs.' Mem. of P&As, at 4-5, citing Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (finding no protected liberty interest alleged where inmate failed to include allegations describing how SHU conditions differed materially from those in discretionary segregation or how they created any "major disruption" to his environment).) The Court agrees that despite its length and complexity, Plaintiff's SAC fails to allege *any* facts to show how the conditions of his confinement in RJD's ASU or his referral for SHU placement were in any way "materially different" either from the conditions in the general prison population, or even those imposed on inmates in "purely discretionary segregation." Resnick, 213 F.3d at 445.

      Specifically, Plaintiff fails to allege that the restraints imposed upon him in either ASU or the SHU as the result of either disciplinary conviction when "compared with conditions in the general population, created 'a major disruption' in [his] environment." Id. In fact, nothing in Plaintiff's SAC explains how or why his placement in the ASU, or his temporary retention in and/or referral to the SHU,[6] was not "within the range of confinement to be normally expected" by prison inmates "in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 486-87; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (administrative segregation "falls within the terms of confinement ordinarily contemplated by a sentence."); Davies v. Valdes, 462 F. Supp. 2d 1084, 1094 (C.D. Cal. 2006) (citing Cal. Code Regs. tit. 15, § 3335(a) (administrative segregation required for inmates whose presence in the general population present an immediate threat of safety to the inmate or others, endanger institutional security, or jeopardize the

---

[6] Plaintiff admits the SHU terms based on both the August 15, 2012 (Count Three) RVR and the November 24, 2012 (Count Four) RVR were "suspended" by RJD's Warden. (Dkt. No. 147-1, Defs.' Mem. of P&As, at 5; Dkt. No. 33, SAC at 66, ¶ 352.) Thus, the duration of this particular condition of his disciplinary confinement also fails to demonstrate either the "atypical" or "significant" harm required to invoke the procedural protections of the Due Process Clause. Sandin, 515 U.S. at 484; Ramirez, 334 F.3d at 861.

integrity of investigation into serious inmate misconduct or criminal activity); Cal. Code Regs. tit. 15, §§ 3331(a), 3343(a) (providing that confinement conditions for all segregated inmates, including those referred to the SHU as the result of a serious rules violation, must "approximate those of the general population.")).

Thus, without more, the Court finds Plaintiff's SAC fails to allege facts sufficient to show the deprivation of any protected liberty interest, and consequently, pleads no Fourteenth Amendment due process claims upon which relief can be granted as a matter of law. Resnick, 213 F.3d at 448-49; Chavez, 683 F.3d at 1108.

### Conclusion and Order

For the reasons discussed, the Court GRANTS Defendants' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Dkt. No. 147) as to the Fourteenth Amendment due process claims alleged in Counts Three and Four of Plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

Dated: July 23, 2018

Hon. Gonzalo P. Curiel
United States District Judge