UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN O. CARRANZA, CDCR #T-67780,<br><br>                                  Plaintiff,<br>vs.<br><br>EDMUND G. BROWN Jr., et al.,<br>                                 Defendants. | Case No.: 3:14cv00773-GPC-AGS<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596** |

      SELVIN O. CARRANZA ("Plaintiff"), a prisoner currently incarcerated at California State Prison, in Corcoran, is proceeding pro se and in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1983.

      Plaintiff contends that dozens of Defendants, all acting as correctional officials employed at Richard J. Donovan Correctional Facility ("RJD") in San Diego, violated his Plaintiff's First, Eighth, and Fourteenth Amendment rights while he was incarcerated there from June 2012 through April 2013. (*See* Second Amend. Compl. ["SAC"], ECF Dkt. No. 33 at 4-75.)

///

///

## I. Procedural History

More than four years after he initially filed this case, and after he was granted many extensions of time, Plaintiff's SAC survived Defendants' Motion for Summary Judgment based on his alleged failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). (*See* ECF Dkt. No. 122.) The parties then engaged in discovery, Plaintiff was deposed, and later he had the Fourteenth Amendment due process claims as alleged in Counts Three and Four of his SAC dismissed in response to Defendants' Partial Motion for Judgment on the Pleadings. (*See* ECF Dkt. No. 155.) Only after repeated attempts to settle his remaining claims failed, (*see e.g.,* ECF Dkt. Nos. 142, 149, 154), did Plaintiff orally request the appointment of counsel during a pretrial conference held on January 11, 2019. (*See* ECF Dkt. No. 161).

Finding Plaintiff's request suitable, the Court referred the case to its Pro Bono Coordinator in order to ascertain whether a member of the Court's Pro Bono Panel could voluntarily accept a pro bono appointment for purposes of representing Plaintiff during all further proceedings before this Court, up to and including the impending trial. *See* S.D. Cal. Gen. Order 596 ("Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California").

## II. Plaintiff's Request for Appointment of Counsel

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Applying these standards to this case, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has since its January 11, 2019 pretrial conference,

///

located a volunteer pro bono law firm which has graciously agreed to represent Plaintiff pro bono at the Court's request pursuant to S.D. Cal. Gen. Order 596.

The Court's Pro Bono Plan, as adopted by General Order 596, specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See id.* A pre-Answer Summary judgment was denied in this case on July 26, 2017, and a subsequent Motion for Partial Judgment on the Pleadings was granted almost a year later on July 23, 2018, but, as noted above, the case has failed to settle. Therefore, a trial is imminent, and the Court has concluded the ends of justice would be served by the appointment of pro bono counsel under the circumstances. *See* 28 U.S.C. § 1915(e)(1); S.D. Cal. Gen. Order 596.

**III. Conclusion and Order**

Accordingly, the Court hereby **APPOINTS** Charis A.M. Redmond, Esq., SBN 321802, of Morgan, Lewis & Bockius, LLP, One Market, Spear Tower, San Francisco, California, 94105, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel shall file, within fourteen (14) days of this Order, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. Such Notice will be considered approved by the Court upon its filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. CivLR 83.3.f.1, 2. The Court will set a status conference after Pro Bono Counsel's Notice of Substitution is filed.

The Court further **DIRECTS** the Clerk of the Court to serve Ms. Redmond with a copy of this Order at the address listed above upon filing. *See* S.D. Cal. CivLR 77.3.

**IT IS SO ORDERED**.

Dated: March 20, 2019

Hon. Gonzalo P. Curiel
United States District Judge