UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELVIN O. CARRANZA,<br>CDCR #T-67780,<br><br>Plaintiff,<br><br>vs.<br><br>EDMUND G. BROWN, Jr., Governor, et al.,<br><br>Defendants. | Case No.: 3:14-cv-00773-GPC-AGS<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION FOR REIMBURSEMENT OF EXPERT FEES**<br><br>**[Dkt. No. 203.]** |

Plaintiff, Selvin O. Carranza, by and through Morgan, Lewis & Bockius LLP ("Morgan Lewis"), court-appointed pro bono counsel for Mr. Carranza in the above-captioned action, has applied to this Court ex parte for reimbursement of out-of-pocket expert witnesses expenses Morgan Lewis will necessarily incur in the prosecution of this action. Morgan Lewis currently anticipates that expert witness costs in this case will total approximately $29,775.

The Local Civil Rules governing the Pro Bono Fund provides that the "Pro Bono Fund must be used for reimbursement of out-of-pocket expenses, necessarily incurred by court-appointed attorneys representing indigents pro bono in civil cases not covered by

1

the Criminal Justice Act, provided that approval for such expenses is first obtained from . . . the district judge assigned the case. . . Application for such funds must be approved by the court." Local Civ. R. 83.8(a)(2)(a). The Local Rules provide that pro bono counsel obtain prior approval of any request for reimbursement for out-of-pocket expenses necessarily incurred. *Id.* Expert witness fees may be recovered if they are "necessarily incurred" and reasonable. *Roberts v. Hensley*, No. 15cv1871-LAB(BLM), 2019 WL 2618124, at *2 (S.D. Cal. June 25, 2019).

Here Plaintiff's pro bono counsel seeks pre-authorization of $29,775 for out-of-pocket expert witness expenses that will be incurred for two experts. First, Plaintiff seeks reimbursement for expert fees of Dr. July Ho, a licensed and triple board-certified Clinical Neuropsychologist who is a tenured Associate Professor at Pepperdine University and a published author. (Dkt. No. 203-1, Mundell Decl. ¶ 5.) Dr. Ho will administer a psychological evaluation of Plaintiff and provide a written expert report. (*Id.* ¶ 6.) Dr. Ho will also educate the trier of fact about the nature of Plaintiff's relevant mental health issues, and CDCR policies concerning treatment of inmates with mental health issues. (*Id.*) Her consulting rate is $375 per hour for non-testifying work, and $650 per hour for testimony. (*Id.* ¶ 7.) Plaintiff anticipates her fees will total around $18,375[1] which includes one day of trial attendance and testimony (8 hours), deposition preparation (3 hours), one day of deposition testimony (7 hours), and time spent reviewing the case, evaluating Plaintiff and writing and expert report (20 hours). (*Id.*)

Plaintiff has also engaged William Adams, an expert on CDCR policies, procedures and general prison information and has over 25 years of experience working with the CDCR. (*Id.* ¶ 8.) He will provide expert opinion "on performance standards expected of correctional officers, supervisors, managers, and non-peace officer staff

---

[1] According to the Court's calculation based on the number of hours and Dr. Ho's hourly fee, the approximate fees total $16,450, not $18,375.

members, by reference to CDCR's rules, policies." (*Id.* ¶ 9.) His testimony will assist the trier of fact in understanding the standard of conduct required of correctional officers and whether Defendants complied with CDCR policy when interacting with Plaintiff. (*Id.*) Adam's consulting rate is $300 per hour. (*Id.* ¶ 10.) Plaintiff expects his fees will total around $11,400 which includes one day of trial attendance and testimony (8 hours), deposition preparation (3 hours), one day of deposition testimony (7 hours), and time spent reviewing case records, CDCR policies, incident reports, and writing an expert report (20 hours). (*Id.*)

Plaintiff seeks pre-approval of reimbursement of up to $29,775[2] for the costs associated with retaining the two experts. While the Court finds that these experts are necessary, it has concerns that the amount sought is excessive as this large amount is not typically granted to pro bono counsel and the Pro Bono Fund is a limited resource. For example, Dr. Ho's fee of $650 per hour for trial testimony is excessive in light of the fact she typically charges $375 per hour for non-testifying work. *See Roberts*, 2019 WL 2618124, at *2 (reducing hourly rate of dental expert from $475 per hour to $250 per hour).

Thus, the Court DENIES without prejudice Plaintiff's ex parte application for pre-approval of reimbursement of expenses in the amount of $29,775 for out-of-pocket expert witness expenses from the Court's Pro Bono Fund.

IT IS SO ORDERED.

Dated: November 20, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] According to the Court's calculation, the total amounts to $27,850.